# William M. Windsor

**5013 S Louise Avenue #1134, Sioux Falls, SD 57108 * windsorinsouthdakota@yahoo.com**

**352-661-8472**

*[Stamp:]* U.S. COURT OF APPEALS
RECEIVED
CLERK
FEB 08 2024
ATLANTA, GA

February 7, 20243

22-12038 - JJ
22-12411 - JJ

Clerk of Court
United States Court of Appeals for the Eleventh Circuit
Elbert Parr Tuttle Court of Appeals Building
56 Forsyth Street, N.W.
Atlanta, GA 30303

Dear Clerk:

Please file my Petition for Rehearing and En Banc Consideration. I enclose an original and two copies.

Please file my Appendix. I enclosed one copy. Please advise if you need more or want a Flash Drive with all scanned.

Thank you.

*[signature]*

William M. Windsor

**APPEAL NO. 22-12038 and 22-12411**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---



**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

### APPELLANT'S PETITION FOR REHEARING

### AND EN BANC DETERMINATION

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

## APPELLANT'S PETITION FOR REHEARING
## AND EN BANC DETERMINATION

1.    William M. Windsor ("WINDSOR") hereby requests that the Court

relieve WINDSOR from the Judgment and OPINION dated 1/25/2024 in USCA11

Case No. 22-12038 and USCA11 Case No. 22-12411, pursuant to Rules 35 and 40

of the Federal Rules of Appellate Procedure ("FRAP").

2.    WINDSOR references and incorporates herein the entire dockets and

their contents in 1-11-01923-TWT (”01923”) [APPENDIX 128], USCA11 Case

22-12038 ("22-12038") [APPENDIX 129, and USCA11 Case 22-12411 ("22-

12411") [APPENDIX 130.]

## FIRST PARTICULARITY AS TO POINTS OF LAW AND FACT
## OVERLOOKED OR MISAPPREHENDED BY THE SECOND PANEL

3.    The decisions of the "SECOND PANEL" of the Eleventh Circuit

(Judges Robin Rosenbaum, Elizabeth Branch, and Britt Grant) conflict with

decisions of every U.S. Court of Appeals, recent decisions in this case

[APPENDICES 131 and 132], and *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-

88 (11th Cir. 1993); *Procup v. Strickland*, 792 F.2d 1069, 1079 (11th Cir. 1986);

*Riccard v. Prudential,* 307 F.3d 1277, 1295 n.15 (11th Cir. 2002); *Klay v. United,*

376 F.3d 1092, 1099-1102 (11th Cir. 2004); *Dinardo v. Palm Beach Judge*, 199

Fed.Appx. 731 (11th Cir. 07/18/2006). Consideration by the full Court is therefore necessary to secure and maintain uniformity of the Court's decisions.

4.      The one Appealed Order in 22-12411 is APPENDIX 135. It purports to place restrictions on state courts, so the Appeal must be granted.

5.      The four appealed orders in 22-12038 are APPENDICES 137, 4, 138, and 135. Each purports to place restrictions on state courts, so the Appeals must be granted.

6.      Article Three of the U.S. Constitution empowers the courts to handle cases or controversies arising under federal law. Article 3 grants no powers over state courts; a federal order for filing restrictions cannot apply to states.

7.      WINDSOR has researched "filing restrictions" referencing the three key federal precedents. The decisions in all eleven Circuits appear to be unanimous in providing that federal courts are unable to approve federal courts issuing orders that apply to state courts.

8.      **BUT, there is one and only one circuit that has allowed a federal judge to approve federal courts issuing orders that apply to state courts. It's the 11TH CIRCUIT, <u>but only in appeals involving WINDSOR.</u>**

9.      WINDSOR could find NO OTHER CASE to support the actions of JUDGE THOMAS W. THRASH. There has never been another appellate decision that disagrees with ***Baum v. Blue Moon Ventures, LLC***, 513 F.3d 181, 191-92

3

(5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien,* 737 F.2d 1254, 1263 (2d Cir. 1984). See also *Procup v. Strickland*, 760 F.2d 1107 (11th Cir. 05/20/1985). APPENDIX 21 is a Memorandum of Law on 137 applicable federal cases as of 08/08/2020.

## SECOND PARTICULARITY AS TO POINTS OF LAW AND FACT

10.    The SECOND PANEL violated the September 7, 2022 Order of this Court [APPENDIX 131] and ignored the Law of the Case Doctrine.

11.    The SECOND PANEL has outrageously dismissed WINDSOR's appeals [APPENDIX 133] and [APPENDIX 134] falsely claiming he abandoned them.

12.    WINDSOR has been pursuing the corrupt acts of JUDGE THOMAS W. THRASH, the U.S. District Court for the Northern District of Georgia, and the Eleventh Circuit, for 15 years. He has never abandoned anything.

13.    From the first sentence in the OPINIONS, the SECOND PANEL has shown they have a complete bias against WINDSOR.

14.    The STATEMENTS REGARDING APPEAL [APPENDIX 139] and [APPENDIX 140] were required to establish that the Appeals were not frivolous, and it was determined by Eleventh Circuit Judges Adalberto Jordan, Jill A. Pryor, and Andrew L. Brasher ("FIRST PANEL") on 9/7/2022 that the appeals were not

frivolous. [APPENDIX 133] and [APPENDIX 134]. They ruled:

> "With respect to both the appeal statement associated with appeal no. 22-12038 and the appeal statement associated with appeal no. 22-12411, the Court finds that **Appellant has raised a non-frivolous issue**, specifically whether a pre-filing injunction may be extended to filings in state court. *See, e.g., Baum v. Blue Moon Ventures, LLC,* 513 F .3d 181, 192 (5th Cir. 2008). Accordingly, these appeals survive the frivolity screening required by this Court's December 21, 2011 order." [**emphasis added**.] [22-12038-Docket-13-ORDER-Not-Frivolous-Stay-Consolidated-2022-09-07.] [APPENDIX 131.]

15.    *Baum v. Blue Moon Ventures, LLC,* 513 F .3d 181, 192 (5th Cir.

2008) was cited by the FIRST PANEL. It says:

> "The district court abused its discretion in extending the pre-filing injunction to filings in state courts, state agencies, and this Court.

> "Baum argues that even if the injunction is proper for federal courts, '[a]buse of state judicial process is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests.' *Martin-Trigona,* 737 F.2d at 1263.

> "In *Martin-Trigona,* the Second Circuit concluded that the district court 'erred in its blanket extension of the [pre-filing] injunction to state courts....' [737 F.2d 1254 (2d Cir. 1984).]

> "*Blue Moon* does not cite to any authority that upholds a federal court's pre-filing injunction against state court and state agency filings.

> "The Tenth Circuit held that (2) a district court's pre-filing injunction may not extend to filings in any federal appellate court, and (3) a district court's pre-filing injunction may not extend to filings in any state court. S*ieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1344 (10th Cir.2006)."

16.    Yet in the first sentence of the OPINIONS, the SECOND PANEL

stated: "This appeal is the latest in a line of frivolous litigation pursued by William

Windsor." There is no evidence of this. This violates Federal Rules of Evidence ("FRE") Rule 602. This DIRECTLY contradicts the 9/7/2022 Order of the Eleventh Circuit [APPENDIX 131.]

17.    There is absolutely NO EVIDENCE that WINDSOR has ever filed anything in any court anywhere that was frivolous. This SECOND PANEL cannot show evidence to the contrary.

18.    The Eleventh Circuit decided that issue in these cases on 9/7/2022. The "law of the case doctrine" provides that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent retrial or appeal involving the same case and substantially the same facts. The appellate court's holdings on the questions presented to it on review become the "law of the case." The purpose of the doctrine is to promote finality and judicial economy by minimizing unnecessary relitigation of legal issues once they have been resolved by the appellate court. Instead, the SECOND PANEL thumbed its nose at judicial economy and created unnecessary litigation.

19.    WINDSOR will file Judicial Complaints against Robin Rosenbaum, Elizabeth Branch, and Britt Grant.

## THIRD PARTICULARITY AS TO POINTS OF LAW AND FACT

20.    The Second Panel did not issue an Opinion on one of the Appealed

6

Orders.

21.    On Page 6 of [APPENDICES 133 and 134] in the next to last paragraph of the "Background" section, each states: "… his appeals were allowed to proceed as to the district court's May 21, 2022, and June 30, 2022, orders."

22.    There is no May 21, 2022 Order as proven by the dockets. [APPENDICES 128, 129, 130.]  Therefore, one of the orders appealed has not been addressed, and this PETITION must be granted.

## FOURTH PARTICULARITY AS TO POINTS OF LAW AND FACT

23.    The SECOND PANEL's Opinions cause significant confusion as to what in the world they are pretending to say.

24.    On January 25, 2024, an OPINION was docketed in USCA11 Case 22-12038 ("22-12038") – DOCKET 50 [APPENDIX 133] and USCA11 Case 22-12411 ("22-12411") [APPENDIX 134] by this SECOND PANEL

25.    A JUDGMENT was also docketed in both cases as shown on the Dockets. [APPENDICES 129 and 130.]

26.    The File Stamp at the top of each page docketed in 22-12038 on APPENDIX 129 says "USCA11 Case 22-12038."

27.    The File Stamp at the top of each page docketed in 22-12411 on APPENDIX 130 says "USCA11 Case 22-12038."

28.     The Case Numbers on both APPENDICES 132 and 133 show BOTH

Case Numbers on Page 2 of USCA11 Document 51-1.

## FIFTH PARTICULARITY AS TO POINTS OF LAW AND FACT

29.     Only two cases were cited by the SECOND PANEL in the

OPINIONS.  Neither is applicable to the instant case.

30.     One of the two cases was cited by the Appellees in the BRIEF OF

APPELLEE. [USCA11 Case 22-12038 – DOCKET 39.] [APPENDIX 141]

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) appears

on PP.6–7 of the OPINION [APPENDIX 133] and on P.12 of the BRIEF OF

APPELLEE [APPENDIX 141].  The *Sapuppo* Order [APPENDIX 142] briefly

references *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir.2008) [APPENDIX

143,P.3.]

31.     None of WINDSOR's authority was cited by the SECOND PANEL.

WINDSOR cited 58 cases, eight statutes, and other authorities in his NOTICE OF

APPEAL [APPENDICES 17 and 25]; 88 cases, 13 statutes, and nine other

authorities in his APPELLANT'S BRIEF [APPENDIX 146]; 36 cases, three

statutes, and three other authorities in his APPELLANT'S REPLY BRIEF

[APPENDIX 144.]

32.     *Timson v. Sampson* was cited by the SECOND PANEL [OPINION,

PP.7-8] APPENDIX 143] as purported authority that WINDSOR abandoned his

claims:

> "Although "we read briefs filed by *pro se* litigants liberally," we
> nonetheless deem "issues not briefed on appeal by a *pro se* litigant . . .
> abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)
> (internal citations omitted). "Moreover, we do not address arguments raised
> for the first time in a *pro se* litigant's reply brief." *Id.* "

33.     But the SECOND PANEL misrepresented the facts and what *Timson*

actually provides that is relevant to the instant case.

34.     *Timson v. Sampson* [APPENDIX 143] actually says:

> "While we read briefs filed by *pro se* litigants liberally, *Lorisme v. I.N.S.*,
> 129 F.3d 1441, 1444 n. 3 (11th Cir. 1997, issues not briefed on appeal by a
> *pro se* litigant are deemed abandoned. *Horsley v. Feldt*, 304 F.3d 1125,
> 1131 n. 1 (11th Cir. 2002)   Moreover, we do not address **arguments raised
> for the first time** in a *pro se* litigant's reply brief.  ***Lovett v. Ray*, 327 F.3d
> 1181, 1183 (11th Cir. 2003)**.  Timson, thus, abandoned this issue."
> **[emphasis added.]**

35.     *Lovett v. Ray*, says: "Because he raises that argument for the first

time in his reply brief, it is not properly before us." **[emphasis added.]** [APPENDIX

145.]

36.     WINDSOR raised this issue from Day 1.  In WINDSOR's 420-page

APPELLANT'S REPLY BRIEF [APPENDIX 144], he begins by saying "This

Court must base its analysis on the 2011 and 2018 orders, and he explains why.

The SECOND PANEL ignored all of this.

37.     WINDSOR PLAINLY AND PROMINENTLY RAISED ISSUES IN

HIS REPLY BRIEF IN ALL CAPS, BOLD TYPE, AND UNDERLINED:

- **THERE WAS NO FACTUAL BASIS FOR THE ORDERS EXHIBIT-1 1-026 AND EXHIBIT-11-048 ("APPEALED ORDERS" THE APPELLEE'S BRIEF MUST BE DISREGARDED AS TO ANYTHING THAT APPEARS TO BE CLAIMS OF FACT**.  But, Factual Basis was raised on P.8 of the NOTICE OF APPEAL [APPENDIX 25].  This violates FRE Rule 602.

- **AS THE BRIEF IS UNSWORN, AND THERE IS NO FACTUAL SUPPORT FOR ANY CLAIMS OF FACT.**  Factual Basis was raised on P.8 of the NOTICE OF APPEAL [APPENDIX 25].  This violates FRE Rule 602.

- **EXHIBITS TO THE APPELLEE'S BRIEF MUST BE DISREGARDED AS THEY ARE UNAUTHENTICATED**.  Factual Basis was raised on P.8 of the NOTICE OF APPEAL [APPENDIX 25].  This violates FRE Rule 901.

- **THIS COURT INCORRECTLY HELD THAT IT LACKS JURISDICTION OVER WINDSOR'S CHALLENGES TO DISTRICT COURT'S 2011 AND 2018 ORDERS.**  See STATEMENT REGARDING APPEAL PP.7-8; APPELLANT'S BRIEF [APPENDIX 146], P.xv.

- **APPELLEE'S BRIEF ISSUE #1: THIS COURT DOES NOT LACK JURISDICTION OVER WINDSOR'S APPEAL OF THE 2022**

**ORDERS AS THE APPELLEES HAVE FALSELY CLAIMED.**

- **APPELLEE'S BRIEF ISSUE #2: THIS COURT HAS JURISDICTION OVER WINDSOR'S APPEAL OF THE 2022 ORDERS.** See APPELLANT'S BRIEF [APPENDIX 146], P.xv.

- **APPELLEE'S BRIEF ISSUE #3: WINDSOR DID NOT ABANDON A CHALLENGE TO THE 2022 ORDERS BY FAILING TO IDENTIFY ANY LEGAL ERRORS SPECIFIC TO THOSE ORDERS AS THE APPELLEES HAVE FALSELY STATED.** See APPEENDIX 141, PP.1-12.

38.    WINDSOR identified all the legal errors that applied to the 2022 orders.

39.    The terms are very clear "...filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding [APPELLANT'S BRIEF] [APPENDIX 146-P.13-¶99.]

40.    The APPEALED ORDERS have nothing to do with filing a complaint, filing a new lawsuit, or filing an administrative proceeding. A Texas application for guardianship in an existing probate court matter is not the filing of a lawsuit and is not an administrative proceeding. And it is a matter over which JUDGE THRASH has no jurisdiction.

41.    Contrary to the outlandish claim of the APPELLEES, this clearly explains why the 2022 Orders are void. WINDSOR explained that the so-called permanent injunctions do not restrict a Texas application for guardianship in an

11

existing probate court matter as it is not the filing of a lawsuit and is not an administrative proceeding.

42.    See APPELLANT'S BRIEF [APPENDIX 146], P.xxvii, P.l,¶¶25-26. See P.3,¶38: Neither the motion to deny removal nor jurisdiction were ever addressed by JUDGE THRASH in 01923.

43.    WINDSOR has never filed anything frivolous, and he has not abused the federal judicial system.

44.    The U.S. Attorney continues to violate the Constitution and the law by claiming a federal judge has jurisdiction over state court matters.

**SIXTH PARTICULARITY AS TO POINTS OF LAW AND FACT**

**THE DISTRICT COURT'S ORDERS ARE VOID AND INVALID.** See STATEMENT REGARDING APPEAL P.7; APPELLANT'S BRIEF [APPENDIX 146], P.xv.

**SEVENTH PARTICULARITY AS TO POINTS OF LAW AND FACT**

**WINDSOR AND HIS ACQUAINTANCES WERE DENIED PROCEDURAL DUE PROCESS.** See STATEMENT REGARDING APPEAL P.9; APPELLANT'S BRIEF [APPENDIX 146],P.xvi.

**EIGHTH PARTICULARITY AS TO POINTS OF LAW AND FACT**

## WINDSOR ABSOLUTELY, POSITIVELY, MORE THAN ADEQUATELY BRIEFED HIS CLAIM. HE PLAINLY AND PROMINENTLY RAISED IT BY DEVOTING DISCRETE SECTIONS OF HIS ARGUMENT.

45.    This SECOND PANEL either didn't review the filings or corruptly invented an issue that does not exist. [OPINION – APPENDICES 133 and 134, P.6, II. Discussion, ¶1.]

46.    The FRAP requires that an APPELLANT'S BRIEF be filed, and on 6/7/2023, WINDSOR filed 65 pages verified under penalty of perjury in accordance with 28 USC 1746. [USCA11 Case 22-12038 DOCKET 34 APPENDIX 146], P.65.]  It identifies and attaches a copy of the Order Appealed. [USCA11 Case 22-12038 DOCKET 34] [APPENDIX 146, P.45,¶¶98,100.]  It is titled "APPEAL NO. 22-12038-J AND 22-12411-J."

47.    The APPELLANT'S BRIEF TABLE OF CONTENTS [USCA11 Case 22-12038 DOCKET 34, P.xv] [APPENDIX 146] has a major heading "ARGUMENT" and five arguments PLAINLY AND PROMINENTLY identified:

- A FEDERAL COURT JUDGE DOES NOT HAVE JURISDICTION TO PLACE RESTRICTIONS ON THE OPERATION OF STATE COURTS, SO ALL OF THE APPEALS MUST BE GRANTED. [USCA11 Case 22-12038 DOCKET 34 [APPENDIX 146], P.xv.]

- ALL ORDERS OF JUDGE THRASH MUST BE DECLARED VOID

13

BECAUSE FEDERAL COURT ORDERS ARE VOID WHEN
JURISDICTION IS NEVER DETERMINED. [USCA11 Case 22-
12038 DOCKET 34 [APPENDIX 146], P.xv.]

- JUDGE THRASH'S FEDERAL COURT ORDERS PLACING
RESTRICTIONS ON THE OPERATION OF STATE COURTS ARE
VOID ORDERS. [USCA11 Case 22-12038 DOCKET 34
[APPENDIX 146], PP.xv-xvi.]

- IN GEORGIA, A PARTY APPLYING FOR IN FORMA PAUPERIS
IS NOT REQUIRED TO MAKE FINANCIAL DISCLOSURES OF
THE SEPARATE PROPERTY OF A SPOUSE.  SO DENIAL OF IN
FORMA PAUPERIS STATUS TO WINDSOR WAS UNLAWFUL.
[USCA11 Case 22-12038 DOCKET 34 [APPENDIX 146], P.xvi.]

- WINDSOR'S CONSTITUTIONAL DUE PROCESS RIGHTS HAVE
BEEN VIOLATED, SO THE APPEALS MUST BE GRANTED.
[USCA11 Case 22-12038 DOCKET 34 [APPENDIX 146, P.xvi.]

48.    WINDSOR has filed detailed information with this Court in the
Statement of Appeal, Notice of Appeal, Responses to Questions from the Clerk,
Appellant's Brief, and Appellant's Reply Brief.  Virtually everything he has filed
has been sworn under penalty of perjury.

49.    As to the June 30, 2022 Order of Judge Thomas W. Thrash [1-11-CV-

14

01923-TWT DOCKET 278 [APPENDIX 17] is the "NOTICE OF APPEAL."

FRAP Rule 3 requires that such a Notice must be filed to initiate an appeal, and

WINDSOR filed it on 7/18/2022. It identifies and attaches a copy of the Order

Appealed. [1-11-CV-01923-TWT DOCKET 278, P.1.] [APPENDIX 17.] It lists

the Constitutional rights violated. [1-11-CV-01923-TWT DOCKET 278

[APPENDIX 17], PP.1-2.]

50.    It raised the following:

a. **THE DISTRICT COURT'S ORDER IS VOID AND INVALID**. [1-

11-CV-01923-TWT DOCKET 278 [APPENDIX 17], PP.4-5.]

b. **WINDSOR AND HIS ACQUAINTANCES WERE DENIED**

**PROCEDURAL DUE PROCESS**. [1-11-CV-01923-TWT DOCKET

278 [APPENDIX 17], PP.6-8.]

c. **THERE WAS NO FACTUAL BASIS FOR THE ORDER**. [1-11-CV-

01923-TWT DOCKET 278 [APPENDIX 17], P.8.]

d. **THE ORDER IS VAGUE, AND IT IS TOO BROAD**. [1-11-CV-

01923-TWT DOCKET 278 [APPENDIX 17], PP.8-10.]

e. **JUDGE THOMAS W. THRASH MUST NOT BE ALLOWED TO**

**ISSUE ORDERS ON STATE COURT MATTERS**. [1-11-CV-01923-

TWT DOCKET 278 [APPENDIX 17], PP.10-12.]

f. **JUDGE THOMAS W. THRASH MUST NOT BE ALLOWED TO**

**ISSUE ORDERS DENYING LEGAL RIGHTS TO**

**ACQUAINTANCES OF WINDSOR** [1-11-CV-01923-TWT DOCKET

278 [APPENDIX 17], PP.12-13.]

51.    The 7/26/2022 "STATEMENT REGARDING APPEAL"

[APPENDIX 147] was required to establish that the Appeal was not frivolous, and

it was so determined.  It identified and attached a copy of the Order Appealed.

[APPENDIX 147, P.13.]  APPENDIX 147 provided a concise summary of the

issues.

52.    It raised the following:

- **JUDGE THOMAS W. THRASH'S ORDER IS VOID AND
  INVALID**. [APPENDIX 147, P.7,¶¶4-5.]

- **FEDERAL COURTS HAVE NO JURISDICTION OVER STATE
  COURTS.** [APPENDIX 147, PP.7-8,¶¶ 6-7.]

- **WINDSOR WAS DENIED PROCEDURAL DUE PROCESS.**
  [APPENDIX 147, P.8,¶¶8-10.]

- **THERE WAS NO FACTUAL BASIS FOR THE ORDER**.
  [APPENDIX 147, P.8,¶¶11-12.]

- **THIS COURT MUST MAKE IT CLEAR THAT JUDGE THOMAS
  W. THRASH DOES NOT HAVE THE AUTHORITY TO ISSUE
  ORDERS OR INJUNCTIONS THAT RESTRICT STATE**

COURTS. [APPENDIX 147, P.9,¶¶13-14.]

- **JUDGE THOMAS W. THRASH HAS NO RIGHT TO DENY ACQUAINTANCES OF WINDSOR FROM PURSUING THEIR LEGAL MATTERS**. [APPENDIX 147, P.9,¶¶15-16.]

- **JUDGE THOMAS W. THRASH HAS EXTREME BIAS AGAINST WINDSOR. HE WILL DO ANYTHING TO DAMAGE WINDSOR**. [APPENDIX 147, P.10,¶17.]

## NINTH PARTICULARITY AS TO POINTS OF LAW AND FACT

53.    The Judgment is VOID.

54.    A court must have jurisdiction to enter a valid, enforceable judgment on a claim. Where jurisdiction is lacking, litigants may retroactively challenge the validity of a judgment. [https://www.law.cornell.edu/wex/subject_matter_jurisdiction.]

55.    WINDSOR has consistently denied jurisdiction for 12+ Years. [APPENDIX 128.]

56.    The requirement that a court have subject-matter jurisdiction means that the court can only assume power over a claim that it is authorized to hear under the laws of the jurisdiction. All Federal courts have limited jurisdiction. They only have the power to hear cases that arise under federal law, The instant

17

case was brought in state court for violation of Georgia statutes and has no grant of subject matter jurisdiction. [APPENDIX 19.] *See* U.S. Const. Art. III, Sec. 2.

57.    A threshold concern for all federal courts is the presence, or absence, of Constitutional standing. The standing requirement does not exist in the instant case.  Subject-matter jurisdiction does not exist in the absence of constitutional standing. This restriction prevents courts—whose members are not elected and are therefore not politically accountable—from influencing the law in a legislative capacity. In this sense, the standing doctrine and subject-matter jurisdiction facilitate the separation of powers.

58.    Under federal question jurisdiction, a litigant—regardless of the value of the claim—may bring a claim in federal court if it arises under federal law, including the U.S. Constitution. *See* 28 USC 1331. Federal question jurisdiction requires that the federal element appears on the face of a well-plead complaint, and it does not

59.    The jurisdictional division between state and federal tribunals is an essential component of American federalism.  Federalism is the Constitutional division of power between state governments and the federal government of the United States.

60.    Article Three of the U.S. Constitution establishes the judicial branch of the U.S. federal government. Article Three empowers the courts to handle cases

or controversies arising under federal law. There is no federal law regarding

guardianship of state citizens.

61.    Federal case law establishes that a federal judge has no jurisdiction

over state courts, and a federal order for filing restrictions cannot apply to state

courts.  There are many 11TH CIRCUIT precedents.  See Paragraph 3 above.


## TENTH PARTICULARITY AS TO POINTS OF LAW AND FACT

62.    Applying the Judgment prospectively is no longer equitable.

63.    In addition to the many other issues, WINDSOR is in Chapter 13

Bankruptcy and has no access to funds required by the purported Injunction.

64.    The JUDGMENT closes the courthouse doors to WINDSOR, which is

a significant violation of Constitutional rights.


## ELEVENTH PARTICULARITY AS TO POINTS OF LAW AND FACT

65.    The SECOND PANEL appears to WINDSOR to be totally corrupt.

66.    The U.S. Constitution does not give federal judges jurisdiction over

state courts.  This SECOND PANEL has pretended this isn't one of the most-

notable Constitutional provisions.  Unless they didn't bother to read the file, the

FIRST PANEL did this work for them and ordered as they did in APPENDICES

133 and 134.

67.    Each justice or judge of the United States is required to take the following oath or affirmation before performing the duties of his or her office:

> "I, _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God." [28 USC 453.]

68.    JUDGE THOMAS W. THRASH and judges with the Eleventh Circuit have chosen to ignore the Constitution for 15 years when it comes to **WINDSOR**, and no one else.  EVERY Federal Circuit has established precedents on this specific issue, including the Eleventh Circuit.  JUDGE THOMAS W. THRASH and judges with the Eleventh Circuit have all violated their Oath of Office.

## TWELFTH PARTICULARITY AS TO POINTS OF LAW AND FACT

69.    When there is no legal basis for jurisdiction or an Injunction, the fact that a judge issues void orders does not make them lawful.

70.    The Appellate Courts have the power to correct such overwhelming violations of the Constitution and the law at any time.

71.    The SECOND PANEL is wrong in ignoring the VOID Injunctions that are the basis for the APPEALED ORDERS.

## THIRTEENTH PARTICULARITY AS TO POINTS OF LAW AND FACT

20

72.    Judge Thomas W. Thrash's basis for denying WINDSOR's APPEALS is to falsely and maliciously claim that WINDSOR did something in the past, so he no longer has his Constitutional right to file anything in any legal matter.

## FOURTEENTH PARTICULARITY AS TO POINTS OF LAW AND FACT

73.    The SECOND PANEL falsely claimed on P.4. of the OPINIONS [APPENDICES 133 and 134] that the case was removed from state court.

74.    JUDGE THOMAS W. THRASH never ruled on jurisdiction, and he never issued an order in response to WINDSOR's reply and objection [APPENDICES 19 and 128.]

## FIFTEENTH PARTICULARITY AS TO POINTS OF LAW AND FACT: MOM IS DEAD

75.    Wanda Dutschmann is dead.  She was known as MOM, and WINDSOR is writing a book titled "KILLING MOM."

76.    WINDSOR believes JUDGE THOMAS W. THRASH and the SECOND PANEL contributed to her death by denying WINDSOR the opportunity to save her and her Estate through Guardianship in Texas.  This is one of the APPEALED ORDERS [01923 – Docket 264.] [APPENDIX 135].

## **PRAYER FOR RELIEF**

WHEREFORE, WINDSOR requests that this PETITION is granted; relieve

WINDSOR from the JUDGMENTS and OPINIONS dated 1/25/2024; grant

WINDSOR's APPEALS; and grant such other and further relief as is deemed just

and proper.

Respectfully submitted this 7th day of February, 2024,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

## VERIFICATION OF WILLIAM M. WINDSOR

I, William M. Windsor, swear that I am authorized to make this verification and that the facts alleged in the foregoing PETITION are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

In accordance with 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

This 7th day of February, 2024,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this pleading has been prepared in Times New Roman 14-point font, one of the font and point selections required by the Rules.  There are 3891 words.

This 7th day of February, 2024,



**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing to each Defendant by

Federal Express to:

RYAN K. BUCHANAN – GABRIEL A. MENDEL
UNITED STATES ATTORNEY -- ASSISTANT U.S. ATTORNEY
600 United States Courthouse
75 Ted Turner Drive, S.W., Atlanta, Georgia 30303
Telephone: (404) 581-6000 -- Facsimile: (404) 581-6181
Email: gabriel.mendel@usdoj.gov

This 7th day of February, 2024,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

**APPEAL NO. 22-12038 and 22-12411**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

**APPELLANT'S PETITION FOR REHEARING
AND EN BANC DETERMINATION**

# APPENDIX

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

**APPELLANT'S PETITION FOR REHEARING**

**AND EN BANC DETERMINATION**

# APPENDIX 4

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

    Plaintiff,

       v.

JAMES N. HATTEN, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-1923-TWT

## ORDER

This is a pro se civil action against the Clerk of this Court and various judges

of this Court and the Eleventh Circuit Court of Appeals and others. It is before the

Court on the Defendant United States' Motion for Modification of Protective Order

[Doc. 40]. The Court notes that in a related case where the Plaintiff's appeal was

dismissed as frivolous, the Court of Appeals described the Plaintiff's abuse of the

judicial system as follows:

> [The Plaintiff's ] litigious behavior [has] undermined the integrity of the
> judgments and orders in this case. Although the case is closed, Windsor
> has repeatedly filed unsubstantiated, duplicative pleadings, many after
> the district court issued an order denying them. Moreover, his pleadings
> are long and repetitive, and the volume of his filings poses a burden to
> clerical and judicial operations and is an impediment to the
> administration of justice.

T:\ORDERS\11\Windsor\11cv1923\tmj.wpd

The Defendant United States' Motion for Modification of Protective Order [Doc. 40]
is GRANTED  It is necessary to issue an injunction in this case because of the
Plaintiff's extraordinary abuse of the federal judicial system by repeatedly filing
frivolous, malicious and vexatious lawsuits against the judges assigned to his many
cases, because of the burden to clerical and judicial operations caused by his
voluminous frivolous filings, and because his continuing course of conduct has
become an impediment to the administration of justice. The administration of justice
will suffer irreparable harm if the Plaintiff is allowed to continue filing frivolous,
malicious and vexatious lawsuits against the judges and others involuntarily involved
in his litigious campaigns. The balance of the harms and the public interest demands
that the Plaintiff be stopped.

    IT IS HEREBY ORDERED that the Plaintiff, William M. Windsor, and any
parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED
from filing any complaint or initiating any proceeding, including any new lawsuit or
administrative proceeding, in any court (state or federal) or agency in the United
States without first obtaining leave of a federal district court in the district in which
the new complaint or proceeding is to be filed.  In seeking such leave, the Plaintiff
must present any such court with a copy of this Order.  If the lawsuit or administrative
proceeding names federal judges or court employees, the Plaintiff must also tender a

$50,000.00 cash bond or a $50,000.00 corporate surety bond sufficient to satisfy an award of Rule 11 sanctions since such actions are presumably frivolous. Failure to obey this Order, including by attempting to avoid or circumvent the intent of this Order, will be grounds for sanctions including contempt.

SO ORDERED. this 15 day of July, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 17

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 18 2022

[ ]MER, Clerk
By: [signature] Deputy Clerk

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA -- ATLANTA DIVISION

WILLIAM M. WINDSOR,  )
      Plaintiff  )
  )
  )
v.  )    CIVIL ACTION NO.
  )
James N. Hatten, Anniva Sanders, J. White,  )    1:11-CV-01923-TWT
B. Gutting, Margaret Callier, B. Grutby,  )
Douglas J. Mincher, Jessica Birnbaum,  )
Judge William S. Duffey, Judge Orinda D.  )
Evans, Judge Julie E. Carnes, John Ley  )
Judge Joel F. Dubina, Judge Ed Carnes,  )
Judge Rosemary Barkett, Judge Frank M.  )
Hull,  )
      Defendants.  )
_____ )

## NOTICE OF APPEAL

1.    Notice is hereby given that William M. Windsor ("Windsor" or

"Plaintiff") in the above-named case hereby appeals to the United States Court of

Appeals from the ORDER issued on 6/30/2022 in Civil Action No. 1:11-CV-

01923-TWT ("ORDER"). [EXHIBIT 2293.]

2.    This appeal is necessary due to the violation of Windsor's

Constitutional rights and the rights of acquaintances of WINDSOR by Judge

1

Thomas Woodrow Thrash ("JUDGE THOMAS W. THRASH"), abuse of

discretion, denial of due process, errors of law, violation of statutes, errors of fact,

violations of various statutes, extreme bias, and more.

## THE COURT OF APPEALS HAS JURISDICTION
## OVER THIS APPEAL.

3.     The Court of Appeals has jurisdiction pursuant to 28 U.S.C. §

1292(a)(l) because the district court's ORDER (1) imposed an injunction; or (2)

had the practical effect of an injunction; or (3) worked a modification of an

injunction.  The ORDER denies rights to WINDSOR and his acquaintances and

implicitly enjoins WINDSOR and his acquaintances from future exercise of rights.

4.     Injunctions are appealable pursuant to 28 U.S.C. § 1292(a).  A court

order prohibiting someone from doing some specified act is an injunction.  The

ORDER prohibits WINDSOR from filing a civil rights complaint against Texas

state court personnel who have denied WINDSOR the right to pursue legal actions

in regard to his attempt to obtain guardianship of an elderly disabled woman.  The

ORDER prohibits people who are acquainted with WINDSOR from filing their

own personal legal motions and actions.  The ORDER prohibits 83-year-old

disabled Wanda Dutschmann from filing motions for judicial review of

instruments filed by her sons purporting to create a lien on her property.  The

bogus basis claimed was "the well-documented history of frivolous filings by

William Windsor and his abuse of the federal judicial system." [EXHIBIT 2293.]

> See Black's Law Dictionary 784 (6th ed. 1990) (defining "injunction" as "[a] court order prohibiting someone from doing some specified act or commanding someone to undo some wrong or injury"). *(Nken v. Holder,* 129 S.Ct. 1749, 173 L.Ed.2d 550 (U.S. 04/22/2009).) (See also *KPMG, LLP v. SEC,* 289 F.3d 109, 124 (D.C. Cir. 2002); *Lundberg v. United States,* No. 09-01466 (D.D.C. 07/01/2010).)

> "... we have jurisdiction under 28 U.S.C. § 1292(a)(1) (1982), which permits an immediate appeal from the issuance of a new or modified injunction. *Szabo v. US. Marine Corp.,* 819 F.2d 714, 718 (7th Cir. 1987); see also *I.A.M Nat'l Pension Fund Benefit Plan Av. Cooper Indus.,* 252 U.S. App. D.C. 189, 789 F.2d 21, 23-24 (D.C. Cir.), cert. denied, 479 U.S. 971, 107 S. Ct. 473, 93 L. Ed. 2d 417 (1986). Accordingly, we have jurisdiction over Eastern's appeal under 28 U.S.C. § 1292(a)(1)." (06/07/88 *International Association v. Eastern Airlines, Inc.,* No. 88-7079, UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT.)

> Under 28 U.S.C. § 1292(a)(1), the court has jurisdiction to review "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions .... "28 U.S.C. § 1292(a)(1). Although the provision is typically invoked to appeal preliminary injunctions, it can be invoked to appeal permanent injunctions that are interlocutory in nature. *Smith v. Vulcan Iron Works,* 165 U.S. 518 (1897); see also *Ty, Inc. v. Publ'ns Int'l Ltd.,* 292 F.3d 512, 516 (7th Cir. 2002), cert. denied, 123 S. Ct. 892 (2003); *Cohen v. Bd. Of Trs. of Univ. of Med. & Dentistry,* 867 F.2d 1455, 1464 n.7 (3d Cir. 1989); *CFTC v. Preferred Capital Inv. Co.,* 664 F.2d 1316, 1319 n.4 (5th Cir. 1982); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3924 (2d ed. 1996). *(National Railroad Passenger Corporation v. ExpressTrak, L.L.C.,* 330 F.3d 523 (D.C.Cir. 06/06/2003).)

> Under 28 U.S.C. § 1292(a)(1), circuit courts have jurisdiction to review "[i]nterlocutory orders ... granting, continuing, modifying, refusing or

dissolving injunctions." Regardless of how the district court may choose to characterize its order, **section 1292(a)(l) applies to any order that has "the practical effect of granting or denying an injunction,"** so long as it also "might have a serious, perhaps irreparable, consequence, and ... can be effectually challenged only by immediate appeal." *I.A.M Nat'l Pension Fund Benefit Plan Av. Cooper Indus., Inc.,* 789 F.2d 21, 23-24 (D.C. Cir. 1986) (internal quotation marks omitted). **[emphasis added.]**

5.      WINDSOR has never filed anything frivolous, and he has not abused the federal judicial system.

## THE DISTRICT COURT'S ORDER IS VOID AND INVALID.

6.      JUDGE THOMAS W. THRASH's ORDER is void. The U.S. Supreme Court has stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them." *(Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).)

7.      It is well-established law that a judge must first determine whether the judge has jurisdiction before hearing and ruling in any case. JUDGE THOMAS W. THRASH failed to do so when he issued a purported injunction on 7/15/2011 and failed to address the 6/14/11 MOTION TO DENY REMOVAL. [DOCKET 7.]

8.      The ORDER of JUDGE THOMAS W. THRASH is void. *(Adams v. State,* No. 1 :07-cv-2924-WSDCCH (N.D.Ga. 03/05/2008).) *(See Steel Co. v.*

4

*Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); see also *University of S. Ala. v.*

*The Am. Tobacco Co.,* 168 F.3d 405,410 (11th Cir. 1999) ("[O]nce a federal court

determines that it is without subject matter jurisdiction, the court is powerless to

continue."). *(Jean Dean v. Wells Fargo Home Mortgage,* No. 2:10-cv-564-FtM-

29SPC (M.D.Fla. 04/21/2011).) *(Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir.

1994).)

9.     The ORDER issued by JUDGE THOMAS W. THRASH is invalid. It

was not issued under seal or signed by the Clerk of the Court in violation of 28

U.S.C. 1691.

> The word "process" at 28 U.S.C. 1691 means a court order. See *Middleton*
> *Paper Co. v. Rock River Paper Co.,* 19 F. 252 (C.C. W.D. Wisconsin 1884);
> *Taylor v. U.S.,* 45 F. 531 (C.C. E.D. Tennessee 1891); *U.S. v. Murphy,* 82 F.
> 893 (DCUS Delaware 1897); *Leas & Mc Vitty v. Merriman,* 132 F. 510
> (C.C. W.D. Virginia 1904); *U.S. v. Sharrock,* 276 F. 30 (DCUS Montana
> 1921); *In re Simon,* 297 F. 942, 34 ALR 1404 (2nd Cir. 1924); *Scanbe Mfg.*
> *Co. v. Tryon,* 400 F.2d 598 (9th Cir. 1968); *and Miles v. Gussin,* 104 B.R.
> 553 (Bankruptcy D.C. 1989).

10.     JUDGE THOMAS W. THRASH has no authority to deny

acquaintances of WINDSOR the right to file their own legal actions. These nice

people have their own legal issues, and they are doing nothing in consort with

WINDSOR to file things for him. These people are being unlawfully enjoined.

There is no legal basis for what JUDGE THOMAS W. THRASH is doing.

5

## WINDSOR AND HIS ACQUAINTANCES WERE DENIED PROCEDURAL DUE PROCESS.

11.    There was no basis for issuing INJUNCTIONS because the only evidence and the only facts before JUDGE THOMAS W. THRASH were from WINDSOR. There wasn't a single affidavit or word of testimony from the Defendants. The INJUNCTION fails to set forth any valid reasons (as there are none). There was no notice or an opportunity to be heard. There is no legal basis for a federal judge to interfere with a state guardianship effort. Statutes and case law firmly establish that federal judges have no jurisdiction over state court matters and may not deny a party the right to appeal.

> The requirements for a valid injunction are found in Rule 65(d) of the Federal Rules of Civil Procedure, which provides, so far as pertinent here, that "every order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." *(International Longshoremen's Ass 'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 74-76 (1967); *Schmidt v. Lessard*, 414 U.S. 473 (1974) (per curiam); *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 619-20 (7th Cir. 1998); *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir.1991); *Imageware, Inc. v. US. West Communications*, 219 F.3d 793 (8th Cir. 07/25/2000); *Sanders v. Air Line Pilots Ass 'n, Int'l*, 473 F.2d 244,247 (2d Cir. 1972); *EFS Marketing, Inc. v. Russ Berrie & Co.*, 76 F.3d 487,493 (2d Cir. 1996) (internal quotation marks omitted).)

> Amendment V of the U.S. Constitution provides: "No person shall be ... deprived of life, liberty, or property, without due process of law .... "Article l of the Georgia Constitution provides: "No person shall be deprived of life, liberty, or property except by due process of law."

6

12.    JUDGE THOMAS W. THRASH improperly foreclosed WINDSOR's

access to courts and the access of people with whom he is acquainted. JUDGE

THOMAS W. THRASH issued an injunction without giving WINDSOR the

opportunity to be heard at a hearing. Procedural due process requires notice and an

opportunity to be heard before any governmental deprivation of a property or

liberty interest. *(Zipperer v. City of Fort Myers*, 41 F.3d 619,623 (11th Cir. 1995).)

13.    Meaningful access to the courts is a Constitutional right that has been

denied by JUDGE THOMAS W. THRASH, and his ORDER denies significant

rights.

> (See *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per
> curiam) (en banc); *Christopher v. Harbury*, 536 U.S. 403,415 & n.12, 122
> S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002).)

14.    There was no Show Cause order issued to WINDSOR or his

acquaintances as required by Eleventh Circuit law. Neither WINDSOR nor his

acquaintances had proper notice.

> Upon these findings and **consistent with Eleventh Circuit law, this Court
> required Plaintiff to show cause within ten days ... why a Martin
> Trigona injunction should not be entered.** (See *Procup v. Strickland*, 792
> F.2d 1069 (11th Cir. 1986); *Torres v. McCoun*, No. 8:08-cv-1605-T-33MSS
> (M.D.Fla. 09/10/2008); *Western Water Management, Inc. v. Brown*, 40 F.3d
> 105, 109 (5th Cir. 1994).) **[emphasis added.]**

7

15. WINDSOR will suffer irreparable harm if the ORDER is allowed to stand and WINDSOR and his acquaintances lose legal rights.

16. The courthouse doors have been closed to WINDSOR and his acquaintances in violation of extensive case law. WINDSOR and his acquaintances have been denied the right to petition the government for redress of grievances. WINDSOR and his acquaintances have been denied rights pursuant to the Constitution and Bill of Rights.

17. JUDGE THOMAS W. THRASH issued an ORDER that had immediate and irreparable impact on WINDSOR and his acquaintances.

## THERE WAS NO FACTUAL BASIS FOR THE ORDER.

18. The basis for the ORDER was alleged "the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system." But there was no evidence presented in this matter to support such a statement in the ORDER, the 6/30/2022 INJUNCTION, or previously.

## THE ORDER IS VAGUE, AND IT IS TOO BROAD.

19. The order is vague. It is not specific as required by law.

8

20.    The ORDER does not identify how JUDGE THOMAS W. THRASH's orders are binding on state court judges or how a judge can deny third parties the right to pursue their own legal matters.

21.    The basis for the 7/15/2011 INJUNCTION, the 2/18/2018 MODIFIED INJUNCTION, and the 5/26/2022 INJUNCTION was alleged "abuse of the federal judicial system" by "repeatedly filing frivolous, malicious and vexatious lawsuits against the judges assigned to his many cases .... "

22.    The alleged basis was lawsuits against federal judges, but the ORDER encompasses the filing of anything on any matter in state or federal court.

23.    Federal Circuit Court decisions state again and again that filing restrictions must be very limited. They must be narrowly tailored. (See *Blaylock v. Tinner*, 13-3151 (10th Cir. 11/04/2013).)

> Courts have ample authority to curb abusive and repetitive litigation with the imposition of a number of filing restrictions, so long as the restrictions imposed are narrowly tailored to the nature and type of abuse and do not pose an absolute bar to the courthouse door. See *In re Anderson,* 511 U.S. 364, 365-66 (1994); *Miller* v. *Donald,* 541 F.3d 1091, 1096-98 (11th Cir. 2008); *In re Chapman,* 328 F.3d 903, 905 (7th Cir. 2003); *In re Davis,* 878 F.2d 211, 212-213 (7th Cir. 1989). *(Henry* v. *United States,* No. 09-2398 (7th Cir. 01/14/2010).)

> We have repeatedly held that a district court has the discretion to enter narrow, carefully tailored filing restrictions to prevent repetitive and abusive filings, all after notice and an opportunity to respond. See *Sieverding* v. *Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006); *Stafford* v. *United*

9

*States,* 208 F.3d 1177, 1179 (10th Cir. 2000); *Winslow* v. *Hunter,* 17 F .3d 314, 315-16 (10th Cir.1994) (per curiam); *Tripati* v. *Beaman,* 878 F.2d 351,354 (10th Cir. 1989). *(Hutchinson* v. *Hahn,* No. 09-5144 (10th Cir. 11/24/2010).)

## JUDGE THOMAS W. THRASH MUST NOT BE ALLOWED TO ISSUE ORDERS ON STATE COURT MATTERS.

24.    Meaningful access to the courts is a Constitutional right that has been denied by the ORDER. The ORDER must be declared VOID as it violates every federal appellate decision ever issued.

25.    WINDSOR has researched "filing restrictions" referencing the three key federal precedents in every, federal circuit court. There has never been one single appellate decision that disagrees with the three cases -- ***Baum v. Blue Moon Ventures, LLC,*** 513 F.3d 181, 191-92 (5th Cir. 2008); ***Sieverding v. Colo. Bar Ass'n,*** 469 F.3d 1340, 1344 (10th Cir. 2006); ***and Martin-Trigona v. Lavien,*** 737 F.2d 1254, 1263 (2d Cir. 1984). WINDSOR has attempted to review every federal appellate decision regarding filing restrictions. He can find NO CASE to support the frivolous Motion to Dismiss filed by the Defendants. EXHIBIT 2294 is a Memorandum of Law that WINDSOR prepared in 2020 addressing these three federal opinions and 140 others.

26.    WINDSOR has gone through the time-consuming process to obtain

10

approval of federal courts for the filing of civil actions. In a defamation action in

Missouri, federal judge Fernando J. Gaitan approved WINDSOR's filing of a

petition against Allie Overstreet. A federal court ruling in Missouri rejected an

attempt to deny WINDSOR the right to pursue a civil action when Overstreet's

attorney tried to claim JUDGE THOMAS W. THRASH's order prohibited it. A

federal court ruling in Montana granted WINDSOR the right to pursue a civil

action for defamation while expressing that the federal judge may not have

jurisdiction to issue such an approval. A federal judge in Kansas refused to issue

an order granting leave for WINDSOR to file a defamation action because she said

she did not have jurisdiction over state court matters. It took almost a year to

obtain an email from the judge's clerk stating that she did not have jurisdiction to

grant leave to file in a state court. A federal judge in Texas granted leave to file a

negligence action but expressed doubts as to jurisdiction to do so. A state court

judge in Texas ordered that WINDSOR's defamation case could proceed despite

the failure of federal judges there to respond to requests for leave. Judge Bob

Carroll stated in an order that this Court's INJUNCTION was overly broad in

applying to state courts and was not necessary to protect federal courts. Judge

Carroll also noted that it was overly broad in containing no exception for allowing

WINDSOR to defend himself in a criminal action or seeking affirmative relief and

15

in failing to state an exception for allowing WINDSOR access to appellate courts.

(*Windsor v. Joeyisalittlekid*, et al, Case #88611, Ellis County Texas, Trial Court

Order No. 1 dated August 11, 2014). (Exhibit 4, P.5.)

27. Federal case law provides that such an injunction may not apply to

state court cases. *Sieverding v. Colorado Bar Association*, 469 F.3d 1340 (2006);

*Deel en v. City of Kansas City, Missouri*, No. 06-1896 (8th Cir. 10/19/2007);

*Martin-Trigona v. Lavien*, 737 F.2d 1254 (2d Cir.1984). In *Martin-Trigona*, the

Second Circuit concluded that the district court "erred in its blanket extension of

the [pre-filing] injunction to state courts ...."

> " ... the Tenth Circuit held that (1) a district court's pre-filing injunction may
> extend to filings in lower federal courts within the circuit that the issuing
> court is located, (2) a district court's pre-filing injunction may not extend to
> filings in any federal appellate court, and (3) a district court's pre-filing
> injunction may not extend to filings in any state court. *Sieverding v. Colo.
> Bar Ass;'n*, 469 F .3d 1340, 1344 (10th Cir. 2006). Based on the facts of this
> case, we find that the district court abused its discretion in extending the
> prefiling injunction to filings in state courts, state agencies, and this Court.*
> fn3 In the words of Sieverding, 'those courts [or agencies] are
> capable of taking appropriate action on their own.' Id. We uphold those
> provisions of the pre-filing injunction that prevent Douglas Baum from
> filing claims in federal bankruptcy courts, federal district courts, and federal
> agencies in the state of Texas without the express written permission of
> Judge Hughes." *(Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir.
> 01/03/2008).)

## JUDGE THOMAS W. THRASH MUST NOT BE ALLOWED
## TO ISSUE ORDERS DENYING LEGAL RIGHTS TO

12

## ACQUAINTANCES OF WINDSOR

28.    Judge Thomas W. Thrash has no jurisdiction over acquaintances of WINDSOR.  Yet he enjoined them.

29.    WINDSOR has hundreds of thousands of acquaintances.  Each has his or her own legal and Constitutional rights.  The ORDER is an outage to one and all.

Submitted, this 14th day of July, 2022.

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this pleading has been prepared in Times New Roman 14-point font, one of the font and point selections approved by this Court in Local Rule 5.IB, N.D. Ga.

This 14th day of July, 2022.

13

William M. Windsor
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing NOTICE OF APPEAL by

email and addressed as follows:

CHRISTOPHER J. HUBER
ASSISTANT U.S. ATTORNEY, Georgia Bar No. 545627
600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W. -- Atlanta, Georgia 30303
Telephone: (404) 581-6292 -- Facsimile: (404) 581-6181
Email: chris.huber@usdoj.gov

This 14th day of July, 2022,

William M. Windsor
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

# EXHIBIT
# 2293

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

Plaintiff,

v.

B. GRUTBY, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-1923-TWT

## ORDER

This is a pro se civil action. It is before the Court on the Motion for Leave to File Motions [Doc. 269], Motion for Leave to File [Doc. 270] and Motion for Leave to File Civil Rights Complaint [Doc. 271] which are DENIED based upon the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system.

SO ORDERED, this _____30th_____ day of June, 2022.

THOMAS W. THRASH, JR.
United States District Judge

# EXHIBIT
# 2294

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

WILLIAM WINDSOR,                                CASE NO. 2018-CA-010270-O

Plaintiff,

vs.

ROBERT KEITH LONGEST, an individual, and BOISE CASCADE BUILDING MATERIALS
DISTRIBUTION, L.L.C., a Foreign Limited Liability Company,

Defendants.

## MEMORANDUM OF LAW

1.      William M. Windsor ("Windsor") files Memorandum of Law in support of his

Response to the Defendants' Motion to Dismiss. Windsor has researched "filing restrictions"

referencing the three key federal precedents in every federal circuit court. There has never been

one single appellate decision that disagrees with the three cases -- *Baum v. Blue Moon*

*Ventures, LLC*, 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d

1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1263 (2d Cir.

1984). Windsor has attempted to review every federal appellate decision regarding filing

restrictions. He can find NO CASE to support the frivolous Motion to Dismiss filed by the

Defendants. Emphasis has been added in the use of bold face and yellow highlight.

## FEDERAL COURTS MAY NOT ISSUE FILING RESTRICTIONS THAT ARE
## BINDING ON STATE COURTS

2.      Federal case law establishes that a federal judge has no jurisdiction over state

courts, and a federal order for filing restrictions cannot apply to state courts.

1

3.    This Court has been previously asked to take judicial notice of *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 191-92 (5th Cir. 2008). [EXHIBIT 532.]

A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court, to deter vexatious filings) (citing *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 737 F.2d 1254, 1261-62 (2d Cir. 1984)). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. This Court will review the district court's decision to grant or modify an injunction under the abuse of discretion standard. *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) (grant of injunction); *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 850 (5th Cir. 2006) (modification of injunction). A district court clearly has the power to impose a pre-filing injunction in the appropriate factual circumstances. *Farguson*, 808 F.2d at 360; see also *Collum v. Edwards*, 578 F.2d 110, 112 (5th Cir. 1978) ("The Judge's broad and flexible equitable powers govern the granting and dissolution of permanent as well as temporary injunctions.").

Notice and a hearing are required if the district court sua sponte imposes a pre-filing injunction or sua sponte modifies an existing injunction to deter vexatious filings. In *Western Water Management, Inc. v. Brown*, the defendants complained of the district court's sua sponte modification of a permanent injunction, which imposed additional restrictions on the defendants. 40 F.3d 105, 109 (5th Cir. 1994). Without addressing whether the district court had the authority to sua sponte modify the injunction, we vacated the injunction as an abuse of discretion because the modification "was not preceded by appropriate notice and an opportunity for hearing." Id. *Brown* implies that the district court may sua sponte modify a permanent injunction if the parties are given prior notice and an opportunity for hearing.

A district court's modification of an injunction is reviewed for an abuse of discretion. *ICEE Distribs.*, 445 F.3d at 850. "Modification of an injunction is appropriate when the legal or factual circumstances justifying the injunction have changed." Id. Federal courts have the power to enjoin plaintiffs from future filings when those plaintiffs consistently abuse the court system and harass their opponents. See *Farguson*, 808 F.2d at 359-60. However, an "injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." Id. at 360. Based on this principle, this Court previously limited the December 2002 Injunction to only enjoin Baum from filing any additional claims against the Mortenson defendants and related parties. However, this Court cautioned Baum that "[i]f the Baums persist in a widespread practice that is deserving of such a broad injunction, then [a broader] injunction could be appropriate." *Mortenson*, 93 F. App'x at 655.

2

The District Court Abused its Discretion in Extending the Pre-Filing Injunction to Filings in State Courts, State Agencies, and This Court. Baum argues that the district court abused its discretion in extending the injunction to prohibit Baum from filing any claims in state courts or with state agencies. Baum argues that even if the injunction is proper for federal courts, "[a]buse of state judicial process is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests." *Martin-Trigona*, 737 F.2d at 1263. In *Martin-Trigona*, the Second Circuit concluded that the district court "erred in its blanket extension of the pre-filing injunction to state courts," but it upheld those provisions of the injunction requiring Martin-Trigona to alert state courts of his history of vexatious filings in the federal courts. Id. Blue Moon does not cite to any authority that upholds a federal court's pre-filing injunction against state court and state agency filings. Furthermore, in Baum's prior appeal, this Court noted that "a broader injunction, prohibiting any filings in any federal court without leave of that court may be appropriate." *Mortenson*, 93 F. App'x at 655 (emphasis added). Recently, the Tenth Circuit held that (1) a district court's pre-filing injunction may extend to filings in lower federal courts within the circuit that the issuing court is located, (2) a district court's pre-filing injunction may not extend to filings in any federal appellate court, and (3) a district court's pre-filing injunction may not extend to filings in any state court. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). Based on the facts of this case, we find that the district court abused its discretion in extending the pre-filing injunction to filings in state courts, state agencies, and this Court. In the words of Sieverding, "those courts [or agencies] are capable of taking appropriate action on their own." Id. We uphold those provisions of the pre-filing injunction that prevent Douglas Baum from filing claims in federal bankruptcy courts, federal district courts, and federal agencies in the state of Texas without the express written permission of Judge Hughes.

It was an abuse of discretion for the district court to extend the injunction to filings in state courts, state agencies, and this Court. The pre-filing injunction is amended as follows: Douglas Baum is enjoined from directly or indirectly filing claims in federal bankruptcy courts, federal district courts, and federal agencies in the state of Texas without the express written permission of Judge Lynn N. Hughes.

4.    This Court has been previously asked to take judicial notice of *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). [EXHIBIT 533.]

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Id. at 352 (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)). We agree with the district court that filing restrictions were appropriate in this case. We conclude, however, that the restrictions were not carefully tailored as required by our case law and that a portion of the filing restrictions order must be modified.

3

The substance of the filing restriction states: Kay Sieverding and David Sieverding are hereafter prohibited from commencing any pro se litigation in any court in the United States on any subject matter unless they meet the requirements of Paragraph 2 below.

R., Vol. I, Doc. 788 at 7 ¶ 1. Paragraph 2 explains that the Sieverdings must seek approval from the District of Colorado before commencing any pro se litigation in any court in the United States on any subject matter. Id. at ¶ 2. The order does not apply if the Sieverdings are represented by a licensed attorney. Id. at ¶ 3.

This filing restrictions order is unlike other filing restrictions orders that have been reviewed by this court because it extends to any court in this country as opposed to being limited to the jurisdiction of the court issuing the order. The order thereby includes every state court, every federal district court and every federal court of appeal. Appellees cite to only one case that involved similarly broad filing restrictions, *Martin-Trigona v. Lavien*, 737 F.2d 1254 (2d Cir. 1984), to support their argument that the breadth of the district court's order was appropriate.

In *Martin-Trigona*, the Second Circuit was reviewing an order imposing restrictions that enjoined the filing of any action in any state or federal court in the United States arising out of plaintiff's bankruptcy proceedings, unless certain conditions were met. The order did, however, include an exception for certain types of filings, including filings in the federal appellate courts. See id. at 1259 ("Nothing in this order shall be construed as denying [plaintiff] access to the United States Courts of Appeals."). The Second Circuit upheld the portion of the filing restrictions order that prohibited the plaintiff from filing an action in any federal district court in the country without prior permission. See id. at 1262. The court determined, however, that the district court erred by extending the filing restrictions to include state courts, although the court left intact the requirement that Mr. Martin-Trigona notify the state courts regarding his prior litigation history. See id. at 1262-63.

We disagree with the Second Circuit's decision to uphold the broad filing restriction limiting access to any federal district court in the country and we will not uphold such a broad filing restriction in this case. We think it is appropriate for the District of Colorado to impose filing restrictions that include other federal district courts within the Tenth Circuit, but that it is not appropriate to extend those restrictions to include federal district courts outside of this Circuit. It is not reasonable for a court in this Circuit to speak on behalf of courts in other circuits in the country; those courts are capable of taking appropriate action on their own.

We agree with the Second Circuit's determination that it is not appropriate for a federal district court to restrict access to the state courts. The district court erred in this case by imposing filing restrictions limiting access to any court in the country. Finally, we note that the district court's broad order, unlike the order at issue in *Martin-Trigona*, fails to include an exception for filings in the federal appellate courts. This was error.

4

USCA1 Case: 22-1923 Document 54 Date Filed 02/08/2024 Page 53 of 451
Case 1:14-cv-01923-TWT Document 278 Filed 07/18/22 Page 22 of 26

██████████████████████████. We are capable of deciding if filing restrictions are appropriate in this court.

██████████████████████████████████████████████████. The district court's March 2004 filing restrictions order was properly limited by subject matter and defendant because it prohibited filings based on the series of transactions described in that initial federal action, case number 02-cv-1950. Given Ms. Sieverding's continued filings after that restriction was entered, the district court was justified in expanding the scope of the filing restrictions, but there is no apparent basis for extending the restriction to include any subject matter and any party. Ms. Sieverding has not filed litigation against random persons or entities. Instead, she has focused her efforts on filing actions against the persons, entities, counsel, and insurance companies of the parties involved in 02-cv-1950. We believe the district court's intention, to restrict further abusive filings by Ms. Sieverding, is best accomplished by modifying its order to create a carefully-tailored restriction limiting her ability to file actions against those persons and entities, but without limitation to subject matter. See, e.g. *Martin-Trigona v. Lavien*, 737 F.2d at 1263 (instructing district court on remand to craft injunction restricting abusive litigant from filing any actions against parties, counsel, and court personnel involved in prior litigation).

For the foregoing reasons, we affirm the district court's order as modified by this opinion. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. The district court's order is MODIFIED IN PART, and, as modified, is AFFIRMED. All outstanding motions are DENIED.

5.  This Court has been previously asked to take judicial notice of *Martin-Trigona v. Lavien*, 737 F.2d 1254 (2d Cir. 1984): [EXHIBIT 534]

We regard the restrictions placed upon Martin-Trigona's bringing of new actions in all federal district courts as necessary and proper. The district court is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system. The order does not prohibit Martin-Trigona from seeking access to other federal district courts; it merely requires that he inform the court in question of pertinent facts concerning the action he seeks to bring, including the existence of the injunction order and of outstanding litigation against the named defendants, and that he obtain leave of that court to file the action. These conditions are hardly unreasonable.

5

However, the protection of federal jurisdiction does not necessarily require extension of each provision of the injunction to actions brought in state courts. It is our independence from other branches of government within the source of our power to enjoin Martin-Tregona, but that very independence militates against extension of the terms of the injunction to state courts. Abuse of state judicial processes is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests. We therefore believe that the district court erred in its blanket extension of the injunction to state courts.

… "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."

6.      *Tso v. Murray*, 19-1021, 19-1352 (10th Cir. 07/22/2020):

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). A filing restriction is appropriate when (1) "the litigant's abusive and lengthy history is properly set forth"; (2) the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action"; and (3) the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam). The district court satisfied these conditions.

It was not an abuse of discretion to conclude that Mr. Tso's federal litigation history establishes a sufficiently abusive pattern to merit filing restrictions. See *Andrews*, 483 F.3d at 1073, 1077 (affirming filing restrictions where the plaintiff filed three federal suits involving the same circumstances). Further, the district court sufficiently tailored the restrictions. They apply only in the United States District Court for the District of Colorado, see *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); they address only the subject matter of Mr. Tso's previous federal suits, see *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Sieverding*, 469 F.3d at 1345; they allow Mr. Tso to file suit if he is represented by a licensed attorney or if he obtains the court's permission to proceed pro se; and they explain the steps that he must take if he does wish to proceed pro se, see *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992). Mr. Tso's objections to the order-that it is impermissibly ex post facto; that the district court was required (and failed) to find that he acted in bad faith; that his filings were not so numerous as to be abusive; and that the district court should have imposed some less restrictive means-are meritless.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)).

7.      *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007):

6

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. See *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. See *Tripati*, 878 F.2d at 353-54.

As part of his order dismissing Mr. Andrews's consolidated lawsuit, Judge Downes enjoined Mr. Andrews from filing any further lawsuits pro se in the Western District of Oklahoma without first obtaining permission of the Chief Judge; the order, by its terms, does not affect Mr. Andrews's right to pursue actions of any kind with the benefit of counsel. Still, although it is beyond cavil that Mr. Andrews has a history of vexatious pro se filings and the district court provided a mechanism by which Mr. Andrews may receive approval for future pro se filings, we are inclined to think the district court's order might be more narrowly tailored, at least in the first instance. Mr. Andrews's abusive pro se filing history is limited to pleadings filed in relation to state, and then federal, court proceedings regarding the care and custody of his child(ren), and against state and federal government officials and private attorneys related to these matters. This history does not (at least as yet) suggest that Mr. Andrews is likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting Mr. Andrews's access to the courts in all future pro se proceedings pertaining to any subject matter and any defendant. See, e.g., *Sieverding*, 469 F.3d at 1345 ("[T]here is no apparent basis for extending [a similar advance review of pro se filings] restriction to include any subject matter and any party [because] Ms. Sieverding has not filed litigation against random persons or entities."). The filing restrictions imposed on Mr. Andrews by the district court are therefore modified to cover only filings in these or future matters related to the subject matter of Mr. Andrews's three federal lawsuits. See id. (approving of similar restrictions as a first response to abusive filings); see also generally *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (prohibiting the filing of complaints that "contain the same or similar allegations as those set forth in his complaint in the case at bar"); *Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.)*, 681 F.2d 895, 897-98 (2d Cir. 1982) (barring further pleadings in that case or in future litigation with regard to the same claims or subject matter); *Judd v. Univ. of N.M.*, 149 F.3d 1190, 1998 WL 314315, at * 5 (10th Cir. June 2, 1998) (unpub.) ("[T]his court will not accept any further appeals or original proceedings relating to the parties and subject matter of this case filed by appellant.").

## 8.  *Gaiters v. City of Catoosa*, No. 06-5168 (10th Cir. 05/22/2007):

We have examined the filing restrictions and note that they are not unreasonable, nor do they prevent the filing of meritorious pleadings. Further, they pertain only to further pleadings in this case, which was dismissed by the parties with prejudice in 2004. We hold that the district court did not abuse its discretion in imposing these narrowly-tailored restrictions.

7

9.  *Punchard v. United States Government*, No. 08-2041 (10th Cir. 08/25/2008):

The order does not specify whether the enjoinment applies only to filings in the district court of New Mexico or to other courts. It is settled in this circuit, however, that a district court can only limit access to its court. See *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006).

10. *Ford v. Pryor*, 552 F.3d 1174 (10th Cir. 12/19/2008):

This court has ordered comprehensive filing restrictions on litigants who have repeatedly abused the appellate process. See, e.g., *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 316 (10th Cir. 1994) (per curiam) (noting Winslows had filed seventeen matters in appellate court, imposing blanket filing restriction unless specified conditions met). But a distinction has been made between indiscriminate filers and those who have limited their repetitive filings to a particular subject. See, e.g., *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006). Under those circumstances, the filing restrictions have been limited to the subject matter of the previous lawsuits. See *Andrews*, 483 F.3d at 1077 (noting appellant filed five frivolous appeals in three separate cases, restricting plaintiff from filing future matters related to the subject matter of his earlier federal lawsuits). In *Andrews*, this court determined that the plaintiff-appellant's litigation history did not "(at least as yet) suggest that [he was] likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting [his] access to the courts in all future pro se proceedings pertaining to any subject matter and any defendant." Id. In *Sieverding*, this court noted that the plaintiff-appellant "has not filed litigation against random persons or entities," and modified the filing restrictions to apply only to the subject matter of her previous litigation. *Sieverding*, 469 F.3d at 1345.

11. *Hutchinson v. Hahn*, No. 09-5144 (10th Cir. 11/24/2010):

We have repeatedly held that a district court has the discretion to enter narrow, carefully tailored filing restrictions to prevent repetitive and abusive filings, after notice and an opportunity to respond. See *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000); *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315-16 (10th Cir.1994) (per curiam); *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

12. *Blaylock v. Tinner*, 13-3151 (10th Cir. 11/04/2013):

The district court's imposition of filing fees is reviewed for abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). Injunctions that assist the district court in curbing a litigant's abusive behavior "are proper where the litigant's abusive and lengthy history is properly set forth." *Id.* at 353; *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). But

8

██████████████████████████████████. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 352.

The restrictions apply only in the United States District Court for the District of Kansas, *Sieverding v. Colorado Bar Association*, 469 F.3d at 1344, and they are not excessively burdensome because they allow Tinner to file suit if he is represented by a licensed attorney or receives the court's permission. The district court even lays out the steps that Tinner must take in order to obtain permission to proceed. *Tripati*, 878 F.2d at 354. Thus, the filing restrictions imposed here are the type of carefully tailored restrictions that the district court may rely on to protect the justice system from abuse by vexatious litigants, and we will not disturb them.

13.     *Lundahl v. Halabi*, 773 F.3d 1061, 90 Fed.R.Serv.3d 261 (10th Cir. 12/03/2014):

The district court did not abuse its discretion in concluding that Ms. Lundahl's history of litigation establishes a sufficiently abusive pattern to merit filing restrictions. We also conclude that ██████████████████████████████████████████████████. The restrictions apply only in the United States District Court for the District of Wyoming, *see Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); they are not excessively burdensome, because they allow Ms. Lundahl to file suit if she is represented by a licensed attorney; and they explain the steps that Ms. Lundahl must take if she does wish to proceed pro se, *see Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).

14.     This Court has been previously asked to take judicial notice of *In re Martin-Trigona*, 737 F.2d 1254 (2nd Cir. 06/18/1984). [EXHIBIT 534.]

15.     *Midamines SPRL Ltd. v. KBC Bank N.V.*, 16-1048 (L), 16-3427 (Con) (2d Cir. 12/06/2017):

Judge Sullivan then entered an order enjoining Abbas from "making any future filings in this Court in this case or in any action involving the allegations set forth in the related *Midamines* Action" without leave. *Id.* When Abbas sought leave to file the declaratory judgment asserting possession of the disputed bank funds in his original action, the district court denied the request:

The district court did not abuse its discretion in enforcing its own injunction. *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)(per curiam). It is the duty and power of district courts to enforce filing injunctions against plaintiffs that "abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive" litigation. *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).

16.     *Armatas v. Maroulleti*, 16-2507 (2d Cir. 05/17/2017):

9

APPEAL NO. 22-12038 and 22-12411

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

**APPELLANT'S PETITION FOR REHEARING**

**AND EN BANC DETERMINATION**

# APPENDIX 19

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA -- ATLANTA DIVISION

| | |
|---|---|
| WILLIAM M. WINDSOR,<br>      Plaintiff<br><br>v.<br><br>James N. Hatten, Anniva Sanders, J. White,<br>B. Gutting, Margaret Callier, B. Grutby,<br>Douglas J. Mincher, Jessica Birnbaum,<br>Judge William S. Duffey, Judge Orinda D.<br>Evans, Judge Julie E. Carnes, John Ley<br>Judge Joel F. Dubina, Judge Ed Carnes,<br>Judge Rosemary Barkett, Judge Frank M.<br>Hull,<br>      Defendants. | CIVIL ACTION NO.<br><br>1:11-CV-01923-TWT<br><br>**EXPEDITED TREATMENT<br>REQUESTED** |

## MOTION TO DENY REMOVAL,
## AND EMERGENCY MOTION FOR DISCOVERY AND HEARING

William M. Windsor ("Windsor" or "Plaintiff") hereby moves for an

emergency hearing and immediate denial of the NOTICE OF REMOVAL and

issuance of an order placing jurisdiction of this matter to the Superior Court of

Fulton County, Georgia. The Plaintiff seeks this relief on several procedural and

substantive grounds. Windsor shows the Court as follows:

### FACTUAL BACKGROUND

1.    On May 20, 2011, Windsor filed the Verified Complaint in the

Superior Court of Fulton County against Defendants stating claims for violation of

1

Georgia statutes. There are no claims involving federal statutes in the Verified Complaint. The Civil Action was assigned No. 2011CV200971.

2.      Plaintiff and Defendants are citizens of the State of Georgia.

3.      Only 11 of the 16 Defendants have been served with the Summons and Verified Complaint.

4.      On June 13, 2011, the U.S. Attorney filed a NOTICE OF REMOVAL that alleges to seek to remove Civil Action 2011CV200971 from Fulton County Georgia Superior Court to this Court. The NOTICE OF REMOVAL mentions seven (7) Defendants in the opening paragraph, but the NOTICE OF REMOVAL identifies no Defendants in the signature block, and there are no affidavits from any of the Defendants. The NOTICE OF REMOVAL is referenced and incorporated herein as if attached hereto.

5.      This so-called NOTICE OF REMOVAL is based on 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679. *See* NOTICE OF REMOVAL ¶7.

6.      On June 14, 2011, Windsor filed this MOTION TO DENY REMOVAL.

## I.      THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE, AND THIS MOTION TO DENY REMOVAL MUST BE GRANTED.

7.      The NOTICE OF REMOVAL has procedural defects that make it void on its face.

2

8.      There is a presumption against removal jurisdiction, and this Court

must strictly construe the removal statute. (***Fajen v. Foundation Reserve Ins. Co.***,

683 F.2d 331, 333 (10th Cir.1982).)  The party seeking removal has the burden of

proving the jurisdictional and procedural requirements for removal. (***Laughlin v.***

***Prudential Ins. Co.***, 882 F.2d. 187 (5th Cir. 1989).)

9.      The NOTICE OF REMOVAL fails on all accounts, so this MOTION

TO DENY REMOVAL must be granted.

## II.      THE REMOVAL IS PROCEDURALLY DEFECTIVE
## FOR FAILURE TO COMPLY WITH THE REQUIREMENT THAT
## DEFENDANTS MUST MAKE AN APPEARANCE,
## AND THIS MOTION TO DENY REMOVAL MUST BE GRANTED.

10.     None of the Defendants have made an appearance.

11.     None of the Defendants have filed  a CERTIFICATE OF

INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT as

required by N.D.Ga Local Rule 3.3 and FRCP 7.1, which was due to be filed with

the Clerk "at the time of first appearance.  The Docket is attached as Exhibit A.

12.     The U.S. Attorneys, Sally Quillian Yates and Christopher Huber, have

no authority to appear for the Defendants.

13.     Christopher Huber is representing one of the Defendants in two legal

actions before Defendant Judge Duffey.  There are an assortment of other conflicts

3

that make it impossible for Christopher Huber to represent many of the Defendants.

14.     Nothing has been filed with any court giving the U.S. Attorneys the authority to appear for any of the Defendants.

15.     None of the Defendants are identified in the signature block on the NOTICE OF REMOVAL, so the Petition has not been filed on behalf of any of the Defendants

16.     There is no indication that any of the Defendants have signed a sworn affidavit in regard to representation or the NOTICE OF REMOVAL.

### III.     THE REMOVAL IS PROCEDURALLY DEFECTIVE BECAUSE THE ACTION IS NOT YET PENDING IN FULTON COUNTY SUPERIOR COURT AS 28 U.S.C. § 1442 REQUIRES, SO THIS MOTION TO DENY REMOVAL MUST BE GRANTED.

17.     The removal statute requires service prior to removal in the state of Georgia. The removal statute states that an action must be "pending" in a state court before it may be removed. See 28 U.S.C. § 1442(a) (noting that civil action may be removed to the district court "embracing the place wherein it is pending").

18.     According to *Black's Law Dictionary*, the word pending means "remaining undecided" or "awaiting decision." *Black's Law Dictionary* 1154 (7th ed. 1999). An action must have "commenced" before it can be "pending." A

4

determination of whether the action was pending in a Georgia court at the time of removal requires reference to Georgia law. Under Georgia law, "there is a substantial difference between the commencement of an action and its being a suit pending between the parties." (*McClendon v. Hernando Phosphate Co.*, 28 S.E. 152, 153 (Ga. 1897).) Georgia law preserves this distinction, as filing a suit "is still not the commencement of suit unless followed by service within a reasonable time." (*Franek v. Ray*, 236 S.E.2d 629, 632 (Ga. 1977).) Thus, under Georgia law, "an action is not a 'pending' suit until after service of process is perfected." (*Steve A. Martin Agency, Inc. v. PlantersFIRST Corp.*, 678 S.E.2d 186, 188 (Ga. Ct. App. 2009); see also *Jenkins v. Crea*, 656 S.E.2d 849, 850 (Ga. Ct. App. 2008) ("An action is not a pending suit until service is perfected.")

19.    Defendants Judge Julie E. Carnes, Judge Joel F. Dubina, Judge Ed Carnes, Judge Rosemary Barkett, and B. Grutby have not been served with process. Windsor also filed a motion with the Fulton County Superior Court seeking to add six additional Defendants.

20.    Since the Civil Action is not yet "pending" in Fulton County Georgia Superior Court, the text of the removal statute prevents removal prior to service on Judge Julie E. Carnes, Judge Joel F. Dubina, Judge Ed Carnes, Judge Rosemary Barkett, and B. Grutby. (28 U.S.C. § 1446(b).)

5

## IV.    THE REMOVAL IS PROCEDURALLY DEFECTIVE
## FOR FAILURE TO COMPLY WITH THE RULE OF UNANIMITY,
## AND THIS MOTION TO DENY REMOVAL MUST BE GRANTED.

21.    Another defect in the NOTICE OF REMOVAL is its failure to

comply with the rule of unanimity.

22.    28 U.S.C. § 1446(a) states that "**defendants desiring to remove any**

**civil action** . . . shall file in the district court of the United States . . . a notice of

removal." There are 16 Defendants in this Civil Action, and all 16 Defendants

have not filed the NOTICE OF REMOVAL.  .

23.    28 U.S.C. § 1446 requires the unanimous consent of *all* defendants to

the removal. (***Russell Corp. v. American Home Assurance Co.***, 264 F.3d 1040

(11th Cir. 09/06/2001); ***Loftis v. U.S. Parcel Serv., Inc.***, 342 F.3d 509, 516 (6th

Cir. 2003).) The NOTICE OF REMOVAL fails to claim the consent of ANY

Defendant, and it clearly fails to explain the absence of consent to the removal by

at least nine of the Defendants, so it is defective for violating the rule of unanimity.

Since some of the Defendants did not join in the notice of removal and the

NOTICE OF REMOVAL failed to account for the lack of their consent, the

NOTICE OF REMOVAL is procedurally defective and cannot withstand this

MOTION TO DENY REMOVAL.

"... all of the defendants must consent to removal." (*Wisc. Dep't of Corr. v. Schacht*, 524 U. S. 381, 393 (1998) (Kennedy, J., concurring).)

"The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. Am. Home Assur. Co*., 264 F.3d 1040, 1044 (11th Cir. 2001) (citing *Chicago R. I. & P. Ry. Co v. Martin*, 178 U.S. 245, 247-48, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900) (deriving from a removal statute the rule that all defendants must join in removal)). (See also *In re Federal Savings and Loan Insurance Corp*., 837 F.2d 432 (11th Cir. 01/19/1988); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd*., 3 F.3d 353, 355-56 (11th Cir. 1993); *Marano Enters. of Kan. v. Z-Teca Rests., L.P*., 254 F.3d 753, 754 (8th Cir. 2001); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272-73 (7th Cir.1982); *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981); 11C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3731 (3d. ed. 1998); *Esposito v. Home Depot U.S.A., Inc*., 590 F.3d 72 (1st Cir. 12/30/2009).)

## V.    THE REMOVAL IS DEFECTIVE BECAUSE THIS COURT LACKS JURISDICTION, SO THIS MOTION TO DENY REMOVAL MUST BE GRANTED.

24.    This Court lacks federal-question jurisdiction because there is no dispute as to the validity, construction or effect of a federal statute with a cause of action "arising under" the laws of the United States.

25.    This Civil Action is pursuant to the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-1 et seq.  No federal statute has been included in the causes of action.

7

26.    There is no federal question presented on the face of the Verified

Complaint.  Windsor intends this Civil Action to be solely based on Georgia law.

Windsor specifically excluded federal statutes that could have been raised so this

action would remain in Georgia courts.

> Federal courts use the "well-pleaded complaint" rule to determine "arising
> under" jurisdiction. *Long*, 201 F.3d at 758. That rule provides that "'federal
> jurisdiction exists only when a federal question is presented on the face of
> the plaintiff's properly pleaded complaint.'" Id. (quoting *Caterpillar Inc. v.*
> *Williams*, 482 U.S. 386, 392 (1987)). "[T]he party who brings the suit is
> master to decide what law he will rely upon." *The Fair v. Kohler Die &*
> *Specialty Co*., 228 U.S. 22, 25 (1913).

> This court has held that for a paper to fall within the removal statutes, it
> must be unambiguous. Cf. *Akin v. Ashland Chem. Co*., 156 F.3d 1030,
> 1035-36 (10th Cir. 1998)

## VI.    THE REMOVAL IS DEFECTIVE PURSUANT TO 28 U.S.C § 1442 (a)(1) BECAUSE FEDERAL OFFICERS HAVE NOT RAISED A FEDERAL DEFENSE, SO THIS MOTION TO DENY REMOVAL MUST BE GRANTED.

27.    The U.S. Attorney erroneously cites 28 U.S.C. § 1442(a)(1) as a basis

for the removal.

> 28 U.S.C. § 1442(a)(1) provides that "a civil action or criminal prosecution
> commenced in a State court against any of the following may be removed by
> them to the district court of the United States for the district and division
> embracing the place wherein it is pending: The United States or any agency
> thereof or any officer (or any person acting under that officer) of the United
> States or of any agency thereof, sued in an official or individual capacity for

8

any act under color of such office or on account of any right, title or
authority claimed under any Act of Congress...."

28.     28 U.S.C. § 1442(a)(1) does not apply because the Verified Complaint

is not about suing "in an official or individual capacity for any act under color of

such office or... under any Act of Congress...."

> The U.S. Supreme Court holds that the jurisdictional provision found in 28
> U.S.C. § 1442(a)(1) required federal officers to raise a federal defense
> before removing to federal court. *Mesa v. California*, 489 U.S. 121, 109 S.
> Ct. 959, 103 L. Ed. 2d 99 (1989).

29.     None of the other Defendants have raised any defense whatsoever to

the Civil Action. The ONLY statement made by the U.S. Attorney in the NOTICE

OF REMOVAL is: "This action is one that may be removed to the United States

District Court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679."

30.     There is no citation of case law to support such a claim. 28 U.S.C. §

1442(a)(1) has nothing to do with defenses this Civil Action, so no defense has

been raised.

> The Supreme Court has held that "the right of removal [under § 1442(a)(1)]
> is absolute for conduct performed under color of federal office," *Arizona v.*
> *Manypenny*, 451 U.S. 232, 242, 101 S. Ct. 1657, 1664, 68 L. Ed. 2d 58
> (1981), and that 28 U.S.C. § 1442(a)(1) "is broad enough to cover all cases
> where federal officers can raise a colorable defense arising out of their duty
> to enforce federal law." *Willingham v. Morgan*, 395 U.S. 402, 406-07, 89 S.
> Ct. 1813, 1816, 23 L. Ed. 2d 396 (1969). The Court agreed with the
> government that "the removal statute is an incident of federal supremacy,
> and that one of its purposes [is] to provide a federal forum for cases where

9

federal officials must raise defenses arising from their official duties."
***Willingham***, 395 U.S. at 405, 89 S. Ct. at 1815.

The purpose of section 1442(a)(1) is to "permit[ ] the removal of those
actions commenced in state court that expose a federal official to potential
civil liability or criminal penalty for an act performed ... under color of
office." ***Murray v. Murray***, 621 F.2d 103, 107 (5th Cir.1980). In
***Willingham***, the Supreme Court noted that "the removal statute is an
incident of federal supremacy, and that one of its purposes was to provide a
federal forum for cases where federal officials must raise defenses arising
from their official duties." 395 U.S. at 405, 89 S. Ct. at 1815. "The test for
removal should be broader, not narrower, than the test for official
immunity." Id.

31.    The U.S. Attorney has failed to meet the Supreme Court's stated

requirements for removal pursuant to 28 U.S.C. § 1442(a)(1) that are binding

precedents recognized by the Eleventh Circuit.

Proper removal of an action under section 1442(a)(1) has historically
required the satisfaction of two separate requirements. **First, the defendant
must advance a "colorable defense arising out of [his] duty to enforce
federal law."** ***Mesa v. California***, 489 U.S. 121, 133, 109 S. Ct. 959, 966-
67, 103 L. Ed. 2d 99 (1989) (quoting ***Willingham***, 395 U.S. at 406-07, 89 S.
Ct. at 1816). That defense need only be plausible; its ultimate validity is not
to be determined at the time of removal. Id. at 129, 109 S. Ct. at 964.
However, absent the assertion of a federal defense, a state court action
against a federal officer is not removable. Id. [**emphasis added**.]

**Second, the defendant must establish that there is a "causal connection
between what the officer has done under asserted official authority"
and the action against him.** ***Maryland v. Soper***, 270 U.S. 9, 33, 46 S. Ct.
185, 190, 70 L. Ed. 449 (1926) (interpreting predecessor statute); see also
***Willingham***, 395 U.S. at 409, 89 S. Ct. at 1817. However, the Supreme
Court has held that, in a civil suit such as this, it is sufficient for the
defendant to show that his relationship to the plaintiff "derived solely from
[his] official duties." ***Willingham***, 395 U.S. at 409, 89 S. Ct. at 1817. In such

10

a case, the causal connection requirement "consists, simply enough, of the undisputed fact that [the defendant was] on duty, at [his] place of federal employment, at all the relevant times." Id. If the question raised by the plaintiff is whether the defendant was engaged in "some kind of frolic," or acting in contravention of his official duties, the parties will have the opportunity to present their versions of the facts to a federal court. Id. (*Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 08/15/1996).) [**emphasis added**.]

32.    It is impossible for a Defendant to raise a colorable defense to charges

of racketeering as racketeering is not something that one may do under their

federal employment.

33.    The federal interest in this matter is insubstantial, and the exercise of

federal-question jurisdiction would disrupt the Congressionally-approved balance

of federal and state judicial responsibilities.

> "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. Those advantages are "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

> More recently, in *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290 (C.A. 11, Dec. 19, 2008), plaintiffs brought, *inter alia*, a defamation claim based on the defendants' statements that the plaintiffs had violated federal gun laws. *See* 552 F.3d at 1293-94. The Eleventh Circuit reversed the district court's conclusion that federal question jurisdiction was appropriate, concluding that the federal interest involved was insubstantial. *See id.* at 1301-03.

> *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000) serves to illustrate this point.  In *Ayres*, the plaintiff brought suit under Georgia's civil RICO statute, alleging that the defendant had violated the federal National

Traffic and Motor Vehicle Safety Act and, by so doing, had committed federal mail and wire fraud, which were predicate offenses constituting racketeering. *See* 234 F.3d at 516-17. The Eleventh Circuit found federal question jurisdiction was appropriate because "this case requires that we decide whether or not a breach of the disclosure duty under the [National Traffic and Motor Vehicle] Safety Act constitutes a federal mail and wire fraud crime." *Id.* at 519. In other words, because the **meaning** of a federal statute was at issue, a substantial federal question was involved. *See id.*

("[F]ederal question jurisdiction exists where a plaintiff's cause of action has as an essential element the existence of a right under federal law which will be supported by a construction of the federal law concluding that the federal crime is established, but defeated by another construction concluding the opposite"). <u>**Where, however, "allegations of violations of federal law as predicate acts under a state RICO act" do not "require the court to interpret an independent federal statute," federal question jurisdiction is inappropriate**</u>. *See **Austin v. Ameriquest Mortgage Co.***, 510 F. Supp. 2d 1218, 1227-28 (N.D. Ga. 2007); *accord, e.g.*, ***Neighborhood Mortgage, Inc. v. Fegans***, No. 1:06-CV-1984-JOF, 2007 WL 2479205, at *4 (N.D. Ga. Aug. 28, 2007) ("Unlike *Ayres* where the court had to decide whether the federal mail and wire fraud statutes would also constitute a breach of the National Traffic and Motor Vehicle Safety Act, where there is no other federal question, . . . the mere citation of federal mail and wire fraud as predicate acts to a state RICO action is not sufficiently substantial to confer federal jurisdiction"). [**emphasis added**.]

As the Eleventh Circuit explained in ***Adventure Outdoors***: *Ayres* involved two levels of federal questions. The need to construe independent bodies of federal law and to determine the legal effect of the interaction of those two bodies of law made the federal question in *Ayres* far more substantial than the one presented by Adventure Outdoors's defamation claim. 552 F.3d at 1302. The same is also true here because this matter has nothing to do with the construction of federal regulations. Consequently, this Court should decline to exercise federal-question jurisdiction over Plaintiffs' state-law claim and remand this matter to the Superior Court of Gwinnett County, Georgia.

34.    This Court's exercise of federal-question jurisdiction over this state-

law claim would be inappropriate because there is no dispute as to any federal

statute.

> "'A removing defendant bears the burden of proving proper federal
> jurisdiction.'" *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294
> (11thCir. 2008) (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972
> (11th Cir. 2002)). "All doubts about the propriety of federal jurisdiction
> should be resolved in favor of remand to state court." *Id.* (citing *Diaz v.
> Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *accord Burns v. Windsor
> Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here a plaintiff and
> defendant clash about jurisdiction, uncertainties are resolved in favor of
> remand").

> The test for whether federal jurisdiction should be exercised over embedded
> federal issues in state-law claims between non-diverse parties is whether "a
> state law claim necessarily raise[s] a stated federal issue, actually disputed
> and substantial, which a federal forum may entertain without disturbing any
> congressionally approved balance of federal and state judicial
> responsibilities." *Grable & Sons Metal Prods., Inc v. Darue Eng'g & Mfg.*,
> 545 U.S. 308, 314 (2005).

35.    In this matter, NO federal issue exists.  There is no disputed question

of federal law.

> Federal-question jurisdiction over state-law claims is confined to those
> claims that "'really and substantially involv[e] a dispute or controversy
> respecting the validity, construction or effect of [federal] law.'" *Grable*, 545
> U.S. at 313 (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)). (See
> also *Fed. Trade Comm'n v. Tashman*, 318 F.3d 1273, 1279 (11th Cir.
> 2003) (Vinson, J., dissenting).)

36.    This Civil Action does not seek to hold an officer of the United States

in violation of state law while simultaneously executing his duties as prescribed by

13

federal law. In this Civil Action, federal employees ignored the limitations on their

powers. They intentionally committed acts that violate the George RICO Act, and

they knowingly participated in an enterprise designed to damage Windsor. It is

well established that a federal employee's actions lie outside the scope of his or her

authority when he or she fails to comply with the affirmative requirements of the

law.

> we look to (1) whether the officers were acting "within the outer perimeter
> of [their] line of duty" as defined by federal statutory and regulatory law,
> ***Barr v. Matteo***, 360 U.S. 564, 575, 79 S.Ct. 1335, 3 L.Ed. 2d 1434 (1959)
> (plurality opinion), and (2) whether "in doing [those acts, they] did no more
> than what was necessary and proper for [them] to do" as demarcated by the
> Constitution, see ***Neagle***, 135 U.S. at 57, 10 S.Ct. at 666. As the Supreme
> Court explained, "a federal official may not with impunity ignore the
> limitations which the controlling law has placed on his powers." ***Butz v.***
> ***Economou***, 438 U.S. 478, 489, 98 S.Ct. 2894, 2902, 57 L.Ed. 2d 895
> (1978). Indeed, it is a tautology that a federal officer's actions lie outside the
> scope of his authority when the officer fails to comply with the affirmative
> requirements of federal statutory or regulatory law, see id. at 489--91, 98
> S.Ct. at 2902--03; ***Castro v. United States***, 560 F.3d 381, 390--91 (5th Cir.
> 2009); ***United States Fid. & Guar. Co. v. United States***, 837 F.2d 116, 120
> (3d Cir.1988), and his actions fail to qualify as "necessary and proper" if
> committed in violation of the negative injunctions of the Constitution, see
> ***Butz***, 438 U.S. at 489--91, 98 S.Ct. at 2902--03; ***Castro***, 560 F.3d at 389;
> ***Medina***, 259 F.3d at 225; ***Red Lake Band of Chippewa Indians***, 800 F.2d at
> 1196; see also ***Larson v. Domestic & Foreign Commerce Corp.***, 337 U.S.
> 682, 689--90, 69 S.Ct. 1457, 1461, 93 L.Ed. 1628 (1949); ***Marbury v.***
> ***Madison***, 5 U.S. (1 Cranch) 137, 170--71 (1803).

VII.   **THE REMOVAL IS DEFECTIVE PURSUANT TO 28 U.S.C §2679**
**BECAUSE FEDERAL EMPLOYEES WERE NOT ACTING WITHIN THE**

## SCOPE OF THEIR OFFICIAL DUTIES WHEN THEY PARTICIPATED IN THE VIOLATION OF CRIMINAL STATUTES TO DAMAGE WINDSOR, SO THIS MOTION TO DENY REMOVAL MUST BE GRANTED.

37.    The Defendants were not acting within the scope of their official duties when they committed acts of racketeering against Windsor.

38.    The Verified Complaint specifies violation of the following Georgia statutes as the sole basis for the RICO claim: Obstruction of Justice and Tampering with Evidence pursuant to O.C.G.A. 16-10-94; Perjury – Violation of O.C.G.A. 16-10-70; Subornation of Perjury – Violation of O.C.G.A. 16-10-72, and O.C.G.A.16-10-93; Theft by Deception - O.C.G.A.16-8-3.

> In *Mesa v. California*, the Supreme Court denied removal under the federal officer removal statute to two postal employees, 28 U.S.C. § 1442(a)(1), because they failed to establish that they were acting within the scope of their official duties and therefore, had no colorable federal defense to the state law charges of reckless driving and related offenses. 489 U.S. 121, 127--28, 109 S.Ct. 959, 963--64, 103 L.Ed. 2d 99 (1989). Because the federal employees' actions fell outside the scope of their federal duties, California's interest in vindicating the rights of its citizens did not frustrate any valid federal interest. (*Denson v. United States*, 574 F.3d 1318 (11th Cir. 07/15/2009).)

> The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

15

39.     The question of whether an employee's conduct was within the scope of his employment "is governed by the law of the state where the incident occurred." See S.*J. & W. Ranch*, 913 F.2d at 1542; ***Williams v. United States***, 350 U.S. 857, 76 S. Ct. 100, 100 L. Ed. 761 (1955) (per curiam), vacating 215 F.2d 800 (9th Cir. 1954); 28 U.S.C. § 1346(b).  Georgia law does not permit anyone to violate the Georgia RICO Act.  Georgia law says the conduct must be within the general duties of employment for which the employee was hired, and none of the Defendants were hired with duties to violate criminal statutes and commit racketeering.

40.     The U.S. Attorney is not impartial; the U.S. Attorneys are "interested parties."  The U.S. Attorneys are representing some of the Defendants in related matters against Windsor.

> Moreover, the statutory interpretation urged by defendant Lehtinen is
> particularly suspect because it leaves the determination of a dispositive issue
> in FTCA cases to an interested party. Under 28 U.S.C. § 2679(c), the
> Attorney General is required to "defend any civil action or proceeding
> brought in any court against any employee of the Government . . . for any
> such damage or injury." Id. We do not believe Congress intended to entrust
> the party responsible for providing the federal employee's defense with the
> power to make a scope determination that will have the result of dismissing
> the plaintiff's suit for lack of jurisdiction. *Nasuti*, 906 F.2d at 812-13;
> *Petrousky*, 728 F. Supp. at 894; see *Gogek*, 729 F. Supp. at 933. Our
> concern with the impartiality of the scope determination is especially acute
> in a situation like the one in this case where the authority to make scope
> certifications has been delegated to the federal employee defendant or his

16

colleagues. (*S.J. & W. Ranch Inc. v. Lehtinen*, 913 F.2d 1538 (11th Cir. 10/10/1990).)

41.    This Civil Action is about the corrupt practices of the Defendants, using the federal court system in Fulton County Georgia to commit criminal acts against Windsor and others.  Windsor must argue that under these circumstances, this Civil Action must not be moved to the same federal court system that Windsor is suing.  The very clerks that Windsor has charged with racketeering are the clerks who will be handling the various filings in this matter.  The judges named as Defendants are friends of this Court.  Windsor can be treated fairly and impartially only if he is on the neutral turf of the Fulton County Superior Court.

VIII.  **THE POSITION OF THE U.S. ATTORNEYS IN THE NOTICE OF REMOVAL IS SUBJECT TO LITIGATION, AND IF THIS COURT DOES NOT DENY REMOVAL FOR THE REASONS SPECIFIED ABOVE, WINDSOR DEMANDS DISCOVERY AND AN EVIDENTIARY HEARING.**

42.    Should this Court fail to deny removal on the grounds specified above, the district court must conduct a de novo hearing on whether the Defendants were not acting within the scope of their official duties when they committed acts that Windsor complains of in the Verified Complaint.  This Court must permit Windsor full discovery on the scope question. (*S.J. & W. Ranch Inc. v. Lehtinen*, 913 F.2d 1538 (11th Cir. 10/10/1990).)

17

## **CONCLUSION**

43.    This Court must deny removal of this Civil Action and confirm that

jurisdiction must remain with the Superior Court of Fulton County, Georgia.

28 U.S.C. § 1446 (c )(4) provides: The United States district court in which
such notice is filed shall examine the notice promptly. If it clearly appears
on the face of the notice and any exhibits annexed thereto that removal
should not be permitted, the court shall make an order for summary remand.

44.    The burden of establishing federal jurisdiction rests upon the party

seeking removal, and Defendants have failed to carry this burden.

45.    For the aforementioned reasons, this Court should order that removal

is not permitted and that this case should remain with the Superior Court of

Gwinnett County in the State of Georgia.

WHEREFORE, Windsor respectfully requests:

      a.  order that Windsor may immediately conduct discovery;

      b.  schedule an evidentiary hearing on the scope issue;

      c.  order that removal is not permitted;

      d.  order that jurisdiction for this Civil Action remains with the

         Superior Court of Fulton County Georgia; and

      e.  grant any other relief this Court deems just and proper.

Respectfully submitted this 14th day of June, 2011.

18

**WILLIAM M. WINDSOR**
**Pro Se**
PO Box 681236
Marietta, GA 30068
Telephone: 770-578-1094
Facsimile: 770-234-4106
Email: williamwindsor@bellsouth.net

## VERIFICATION OF WILLIAM M. WINDSOR

I, William M. Windsor, swear that I am authorized to make this verification and that the facts alleged in the foregoing MOTION are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

This 14th day of June, 2011.

**William M. Windsor**

20

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this pleading

has been prepared in Times New Roman 14-point font, one of the font and point

selections approved by this Court in Local Rule 5.1B, N.D. Ga.

**WILLIAM M. WINDSOR**

P.O. Box 681236
Marietta, GA 30068
Telephone: 770-578-1056
Fax: 770-234-4106
williamwindsor@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing MOTION to each

Defendant by mail with sufficient postage addressed with the addresses for service

shown in the Verified Complaint and to:

CHRISTOPHER J. HUBER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 545627
600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W. -- Atlanta, Georgia 30303
Telephone: (404) 581-6292 -- Facsimile: (404) 581-6181
Email: chris.huber@usdoj.gov

This 14th day of June, 2011.

**WILLIAM M. WINDSOR**
**Pro Se**

PO Box 681236
Marietta, GA 30068
Telephone: 770-578-1094
Facsimile: 770-234-4106
Email: williamwindsor@bellsouth.net

22

APPEAL NO. 22-12038 and 22-12411

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

**APPELLANT'S PETITION FOR REHEARING**

**AND EN BANC DETERMINATION**

# APPENDIX 21

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

WILLIAM WINDSOR,                            CASE NO. 2018-CA-010270-O

Plaintiff,

vs.

ROBERT KEITH LONGEST, an individual, and BOISE CASCADE BUILDING MATERIALS
DISTRIBUTION, L.L.C., a Foreign Limited Liability Company,

Defendants.

## MEMORANDUM OF LAW

1.      William M. Windsor ("Windsor") files Memorandum of Law in support of his
Response to the Defendants' Motion to Dismiss. Windsor has researched "filing restrictions"
referencing the three key federal precedents in every federal circuit court. There has never been
one single appellate decision that disagrees with the three cases -- ***Baum v. Blue Moon
Ventures, LLC***, 513 F.3d 181, 191-92 (5th Cir. 2008); ***Sieverding v. Colo. Bar Ass'n***, 469 F.3d
1340, 1344 (10th Cir. 2006); and ***Martin-Trigona v. Lavien***, 737 F.2d 1254, 1263 (2d Cir.
1984). Windsor has attempted to review every federal appellate decision regarding filing
restrictions. He can find NO CASE to support the frivolous Motion to Dismiss filed by the
Defendants. Emphasis has been added in the use of bold face and yellow highlight.

## FEDERAL COURTS MAY NOT ISSUE FILING RESTRICTIONS THAT ARE
## BINDING ON STATE COURTS

2.      Federal case law establishes that a federal judge has no jurisdiction over state
courts, and a federal order for filing restrictions cannot apply to state courts.

1

3.    This Court has been previously asked to take judicial notice of *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 191-92 (5th Cir. 2008). [EXHIBIT 532.]

A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court, to deter vexatious filings) (citing *Martin-Trigona v. Lavien* (*In re Martin-Trigona*), 737 F.2d 1254, 1261-62 (2d Cir. 1984)). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. This Court will review the district court's decision to grant or modify an injunction under the abuse of discretion standard. *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) (grant of injunction); *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 850 (5th Cir. 2006) (modification of injunction). A district court clearly has the power to impose a pre-filing injunction in the appropriate factual circumstances. *Farguson*, 808 F.2d at 360; see also *Collum v. Edwards*, 578 F.2d 110, 112 (5th Cir. 1978) ("The Judge's broad and flexible equitable powers govern the granting and dissolution of permanent as well as temporary injunctions.").

Notice and a hearing are required if the district court sua sponte imposes a pre-filing injunction or sua sponte modifies an existing injunction to deter vexatious filings. In *Western Water Management, Inc. v. Brown*, the defendants complained of the district court's sua sponte modification of a permanent injunction, which imposed additional restrictions on the defendants. 40 F.3d 105, 109 (5th Cir. 1994). Without addressing whether the district court had the authority to sua sponte modify the injunction, we vacated the injunction as an abuse of discretion because the modification "was not preceded by appropriate notice and an opportunity for hearing." Id. *Brown* implies that the district court may sua sponte modify a permanent injunction if the parties are given prior notice and an opportunity for hearing.

A district court's modification of an injunction is reviewed for an abuse of discretion. *ICEE Distribs.*, 445 F.3d at 850. "Modification of an injunction is appropriate when the legal or factual circumstances justifying the injunction have changed." Id. Federal courts have the power to enjoin plaintiffs from future filings when those plaintiffs consistently abuse the court system and harass their opponents. See *Farguson*, 808 F.2d at 359-60. However, an "injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." Id. at 360. Based on this principle, this Court previously limited the December 2002 Injunction to only enjoin Baum from filing any additional claims against the Mortenson defendants and related parties. However, this Court cautioned Baum that "[i]f the Baums persist in a widespread practice that is deserving of such a broad injunction, then [a broader] injunction could be appropriate." *Mortenson*, 93 F. App'x at 655.

2

The District Court Abused its Discretion in Extending the Pre-Filing Injunction to Filings in State Courts, State Agencies, and This Court. Baum argues that the district court abused its discretion in extending the injunction to prohibit Baum from filing any claims in state courts or with state agencies. Baum argues that even if the injunction is proper for federal courts, "[a]buse of state judicial process is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests." *Martin-Trigona*, 737 F.2d at 1263. In Martin-Trigona, the Second Circuit concluded that the district court erred in its blanket extension of the pre-filing injunction to state courts," but it upheld those provisions of the injunction requiring Martin-Trigona to alert state courts of his history of vexatious filings in the federal courts. Id. Blue Moon does not cite to any authority that upholds a federal court's pre-filing injunction against state court and state agency filings. Furthermore, in Baum's prior appeal, this Court noted that "a broader injunction, prohibiting any filings in any federal court without leave of that court may be appropriate." *Mortenson*, 93 F. App'x at 655 (emphasis added). Recently, the Tenth Circuit held that (1) a district court's pre-filing injunction may extend to filings in lower federal courts within the circuit that the issuing court is located, (2) a district court's pre-filing injunction may not extend to filings in any federal appellate court, and (3) a district court's pre-filing injunction may not extend to filings in any state court. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). Based on the facts of this case, we find that the district court abused its discretion in extending the pre-filing injunction to filings in state courts, state agencies, and this Court. In the words of Sieverding, "those courts [or agencies] are capable of taking appropriate action on their own." Id. We uphold those provisions of the pre-filing injunction that prevent Douglas Baum from filing claims in federal bankruptcy courts, federal district courts, and federal agencies in the state of Texas without the express written permission of Judge Hughes.

It was an abuse of discretion for the district court to extend the injunction to filings in state courts, state agencies, and this Court. The pre-filing injunction is amended as follows: Douglas Baum is enjoined from directly or indirectly filing claims in federal bankruptcy courts, federal district courts, and federal agencies in the state of Texas without the express written permission of Judge Lynn N. Hughes.

4.      This Court has been previously asked to take judicial notice of *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). [EXHIBIT 533.]

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Id. at 352 (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)). We agree with the district court that filing restrictions were appropriate in this case. We conclude, however, that the restrictions were not carefully tailored as required by our case law and that a portion of the filing restrictions order must be modified.

3

The substance of the filing restriction states: Kay Sieverding and David Sieverding are hereafter prohibited from commencing any pro se litigation in any court in the United States on any subject matter unless they meet the requirements of Paragraph 2 below.

R., Vol. I, Doc. 788 at 7 ¶ 1. Paragraph 2 explains that the Sieverdings must seek approval from the District of Colorado before commencing any pro se litigation in any court in the United States on any subject matter. Id. at ¶ 2. The order does not apply if the Sieverdings are represented by a licensed attorney. Id. at ¶ 3.

This filing restrictions order is unlike other filing restrictions orders that have been reviewed by this court because it extends to any court in this country as opposed to being limited to the jurisdiction of the court issuing the order. The order thereby includes every state court, every federal district court and every federal court of appeal. Appellees cite to only one case that involved similarly broad filing restrictions, *Martin-Trigona v. Lavien*, 737 F.2d 1254 (2d Cir. 1984), to support their argument that the breadth of the district court's order was appropriate.

In *Martin-Trigona*, the Second Circuit was reviewing an order imposing restrictions that enjoined the filing of any action in any state or federal court in the United States arising out of plaintiff's bankruptcy proceedings, unless certain conditions were met. The order did, however, include an exception for certain types of filings, including filings in the federal appellate courts. See id. at 1259 ("Nothing in this order shall be construed as denying [plaintiff] access to the United States Courts of Appeals."). The Second Circuit upheld the portion of the filing restrictions order that prohibited the plaintiff from filing an action in any federal district court in the country without prior permission. See id. at 1262. The Court determined, however, that the district court erred by extending the filing restrictions to include state courts, although the court left intact the requirement that Mr. Martin-Trigona notify the state courts regarding his prior litigation history. See id. at 1262-63.

We disagree with the Second Circuit's decision to uphold the broad filing restriction limiting access to any federal district court in the country and we will not uphold such a broad filing restriction in this case. We think it is appropriate for the District of Colorado to impose filing restrictions that include other federal district courts within the Tenth Circuit, but that it is not appropriate to extend those restrictions to include federal district courts outside of this Circuit. It is not reasonable for a court in this Circuit to speak on behalf of courts in other circuits in the country; those courts are capable of taking appropriate action on their own.

We agree with the Second Circuit's determination that it is not appropriate for a federal district court to restrict access to the state courts. The district court erred in this case by imposing filing restrictions limiting access to any court in the country. Finally, we note that the district court's broad order, unlike the order at issue in *Martin-Trigona*, fails to include an exception for filings in the federal appellate courts. This was error. It is unreasonable for the District of Colorado to attempt to limit access to this

court or any other court of appeal. We are capable of deciding if filing restrictions are appropriate in this court.

Finally, we conclude that the district court's decision to restrict Ms. Sieverding's filings on any subject matter and as to any defendant is overbroad. The district court's March 2004 filing restrictions order was properly limited by subject matter and defendant because it prohibited filings based on the series of transactions described in that initial federal action, case number 02-cv-1950. Given Ms. Sieverding's continued filings after that restriction was entered, the district court was justified in expanding the scope of the filing restrictions, but there is no apparent basis for extending the restriction to include any subject matter and any party. Ms. Sieverding has not filed litigation against random persons or entities. Instead, she has focused her efforts on filing actions against the persons, entities, counsel, and insurance companies of the parties involved in 02-cv-1950. We believe the district court's intention, to restrict further abusive filings by Ms. Sieverding, is best accomplished by modifying its order to create a carefully-tailored restriction limiting her ability to file actions against those persons and entities, but without limitation to subject matter. See, e.g. *Martin-Trigona v. Lavien*, 737 F.2d at 1263 (instructing district court on remand to craft injunction restricting abusive litigant from filing any actions against parties, counsel, and court personnel involved in prior litigation).

For the foregoing reasons, we affirm the district court's order as modified by this opinion. The portion of the order that states "Kay Sieverding and David Sieverding are hereafter prohibited from commencing any pro se litigation in any court in the United States on any subject matter," R., Vol. 1, Doc. 798 at ¶ 1, is modified to prohibit the Sieverdings from commencing any pro se litigation in any federal district court within the Tenth Circuit against the persons, entities, counsel, and insurance companies of the parties involved in 02-cv-1950. The district court's order is MODIFIED IN PART, and, as modified, is AFFIRMED. All outstanding motions are DENIED.

5.    This Court has been previously asked to take judicial notice of ***Martin-Trigona v.***

***Lavien***, 737 F.2d 1254 (2d Cir. 1984): [EXHIBIT 534]

We regard the restrictions placed upon Martin-Trigona's bringing of new actions in all federal district courts as necessary and proper. The district court is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system. The order does not prohibit Martin-Trigona from seeking access to other federal district courts; it merely requires that he inform the court in question of pertinent facts concerning the action he seeks to bring, including the existence of the injunction order and of outstanding litigation against the named defendants, and that he obtain leave of that court to file the action. These conditions are hardly unreasonable.

However, the protection of federal jurisdiction does not necessarily require extension of each provision of the injunction to actions brought in state courts. It is our independence from other branches of government which is the source of our power to enjoin Martin-Trigona, but that very independence militates against extension of the terms of the injunction to state courts. Abuse of state judicial processes is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests. We therefore believe that the district court erred in its blanket extension of the injunction to state courts.

... "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."

6.    *Tso v. Murray*, 19-1021, 19-1352 (10th Cir. 07/22/2020):

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). A filing restriction is appropriate when (1) "the litigant's abusive and lengthy history is properly set forth"; (2) the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action"; and (3) the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam). The district court satisfied these conditions.

It was not an abuse of discretion to conclude that Mr. Tso's federal litigation history establishes a sufficiently abusive pattern to merit filing restrictions. *See Andrews*, 483 F.3d at 1073, 1077 (affirming filing restrictions where the plaintiff filed three federal suits involving the same circumstances). Further, the district court sufficiently tailored the restrictions. They apply only in the United States District Court for the District of Colorado, *see Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); they address only the subject matter of Mr. Tso's previous federal suits, *see Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Sieverding*, 469 F.3d at 1345; they allow Mr. Tso to file suit if he is represented by a licensed attorney or if he obtains the court's permission to proceed pro se; and they explain the steps that he must take if he does wish to proceed pro se, *see Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992). Mr. Tso's objections to the order-that it is impermissibly ex post facto; that the district court was required (and failed) to find that he acted in bad faith; that his filings were not so numerous as to be abusive; and that the district court should have imposed some less restrictive means-are meritless.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)).

7.    *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007):

6

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. See *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. See *Tripati*, 878 F.2d at 353-54.

As part of his order dismissing Mr. Andrews's consolidated lawsuit, Judge Downes enjoined Mr. Andrews from filing any further lawsuits pro se in the Western District of Oklahoma without first obtaining permission of the Chief Judge; the order, by its terms, does not affect Mr. Andrews's right to pursue actions of any kind with the benefit of counsel. Still, although it is beyond cavil that Mr. Andrews has a history of vexatious pro se filings and the district court provided a mechanism by which Mr. Andrews may receive approval for future pro se filings, we are inclined to think the district court's order might be more narrowly tailored, at least in the first instance. Mr. Andrews's abusive pro se filing history is limited to pleadings filed in relation to state, and then federal, court proceedings regarding the care and custody of his child(ren), and against state and federal government officials and private attorneys related to these matters. This history does not (at least as yet) suggest that Mr. Andrews is likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting Mr. Andrews's access to the courts in all future pro se proceedings pertaining to any subject matter and any defendant. See, e.g., *Sieverding*, 469 F.3d at 1345 ("[T]here is no apparent basis for extending [a similar advance review of pro se filings] restriction to include any subject matter and any party [because] Ms. Sieverding has not filed litigation against random persons or entities."). The filing restrictions imposed on Mr. Andrews by the district court are therefore modified to cover only filings in these or future matters related to the subject matter of Mr. Andrews's three federal lawsuits. See id. (approving of similar restrictions as a first response to abusive filings); see also generally *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (prohibiting the filing of complaints that "contain the same or similar allegations as those set forth in his complaint in the case at bar"); *Shuffman v. Hartford Textile Corp.* (*In re Hartford Textile Corp.*), 681 F.2d 895, 897-98 (2d Cir. 1982) (barring further pleadings in that case or in future litigation with regard to the same claims or subject matter); *Judd v. Univ. of N.M.*, 149 F.3d 1190, 1998 WL 314315, at * 5 (10th Cir. June 2, 1998) (unpub.) ("[T]his court will not accept any further appeals or original proceedings relating to the parties and subject matter of this case filed by appellant.").

8.    ***Gaiters v. City of Catoosa***, No. 06-5168 (10th Cir. 05/22/2007):

We have examined the filing restrictions and note that they are not unreasonable, nor do they prevent the filing of meritorious pleadings. Further, they pertain only to further pleadings in this case, which was dismissed by the parties with prejudice in 2004. We hold that the district court did not abuse its discretion in imposing these narrowly-tailored restrictions.

7

9.     *Punchard v. United States Government*, No. 08-2041 (10th Cir. 08/25/2008):

The order does not specify whether the enjoinment applies only to filings in the district court of New Mexico or to other courts. It is settled in this circuit, however, that a district court can only limit access to its court. See *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006).

10.     *Ford v. Pryor*, 552 F.3d 1174 (10th Cir. 12/19/2008):

This court has ordered comprehensive filing restrictions on litigants who have repeatedly abused the appellate process. See, e.g., *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 316 (10th Cir. 1994) (per curiam) (noting Winslows had filed seventeen matters in appellate court, imposing blanket filing restriction unless specified conditions met). But a distinction has been made between indiscriminate filers and those who have limited their repetitive filings to a particular subject. See, e.g., *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006). Under those circumstances, the filing restrictions have been limited to the subject matter of the previous lawsuits. See *Andrews*, 483 F.3d at 1077 (noting appellant filed five frivolous appeals in three separate cases, restricting plaintiff from filing future matters related to the subject matter of his earlier federal lawsuits). In *Andrews*, this court determined that the plaintiff-appellant's litigation history did not "(at least as yet) suggest that [he was] likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting [his] access to the courts in all future pro se proceedings pertaining to any subject matter and any defendant." Id. In *Sieverding*, this court noted that the plaintiff-appellant "has not filed litigation against random persons or entities," and modified the filing restrictions to apply only to the subject matter of her previous litigation. *Sieverding*, 469 F.3d at 1345.

11.     *Hutchinson v. Hahn*, No. 09-5144 (10th Cir. 11/24/2010):

We have repeatedly held that a district court has the discretion to enter narrow, carefully tailored filing restrictions to prevent repetitive and abusive filings, all after notice and an opportunity to respond. See *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000); *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315-16 (10th Cir.1994) (per curiam); *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

12.     *Blaylock v. Tinner*, 13-3151 (10th Cir. 11/04/2013):

The district court's imposition of filing fees is reviewed for abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). Injunctions that assist the district court in curbing a litigant's abusive behavior "are proper where the litigant's abusive and lengthy history is properly set forth." Id. at 353; *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). But the injunction must be carefully tailored and may not be so burdensome

8

as to deny the litigant meaningful access to the courts. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 352.

The restrictions apply only in the United States District Court for the District of Kansas, *Sieverding v. Colorado Bar Association*, 469 F.3d at 1344, and they are not excessively burdensome because they allow Tinner to file suit if he is represented by a licensed attorney or receives the court's permission. The district court even lays out the steps that Tinner must take in order to obtain permission to proceed. *Tripati*, 878 F.2d at 354. Thus, the filing restrictions imposed here are the type of carefully tailored restrictions that the district court may rely on to protect the justice system from abuse by vexatious litigants, and we will not disturb them.

13.    *Lundahl v. Halabi*, 773 F.3d 1061, 90 Fed.R.Serv.3d 261 (10th Cir. 12/03/2014):

The district court did not abuse its discretion in concluding that Ms. Lundahl's history of litigation establishes a sufficiently abusive pattern to merit filing restrictions. We also conclude that the restrictions crafted by the district court were sufficiently tailored. The restrictions apply only in the United States District Court for the District of Wyoming, *see Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); they are not excessively burdensome, because they allow Ms. Lundahl to file suit if she is represented by a licensed attorney; and they explain the steps that Ms. Lundahl must take if she does wish to proceed pro se, *see Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).

14.    This Court has been previously asked to take judicial notice of *In re Martin-Trigona*, 737 F.2d 1254 (2nd Cir. 06/18/1984). [EXHIBIT 534.]

15.    *Midamines SPRL Ltd. v. KBC Bank N.V.*, 16-1048 (L), 16-3427 (Con) (2d Cir. 12/06/2017):

Judge Sullivan then entered an order enjoining Abbas from "making any future filings in this Court in this case or in any action involving the allegations set forth in the related *Midamines* Action" without leave. *Id.* When Abbas sought leave to file the declaratory judgment asserting possession of the disputed bank funds in his original action, the district court denied the request:

The district court did not abuse its discretion in enforcing its own injunction. *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)(per curiam). It is the duty and power of district courts to enforce filing injunctions against plaintiffs that "abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive" litigation. *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).

16.    *Armatas v. Maroulleti*, 16-2507 (2d Cir. 05/17/2017):

9

"We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012). A district court may, in its discretion, impose a filing injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation or a failure to comply with sanctions imposed for such conduct." *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995) (citation and internal quotation marks and alteration omitted). A district court may issue such sanctions pursuant to its inherent authority, even if there are other procedural rules available. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49-50 (1991); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984).

We consider the following factors when reviewing a lower court's filing injunction: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

As discussed above, Armatas has repeatedly attempted to relitigate his claims of fraud in both this Court and the district court. Those claims have been repeatedly rejected. At this point, Armatas cannot have any objective good faith expectation of prevailing. And as the district court correctly observed, despite repeated warnings, Armatas continued undeterred to file motions raising the same issues. **Accordingly, we conclude that the district court's limited filing injunction, which enjoined Armatas only from filing new papers in this case, did not exceed the bounds of its discretion.**

17.    *In re Neroni*, 14-4765 (2d Cir. 12/18/2015):

Neroni also argues that the filing injunction orders him to provide a "full-blown background check" every time he files a pleading in the Northern District and is therefore overbroad and unduly burdensome. To be sure, the injunction requires Neroni to furnish the District Court with a good deal of information - including his litigation history, a description of his involvement in each of his lawsuits, and a statement indicating whether he is attempting to sue a party who was involved in one of his earlier cases - whenever he files a pleading. But the decision to impose these requirements was not an "abuse of discretion." They are tailored to address the types of lawsuits Neroni has filed in the past and are no broader than is necessary to protect the Court and would-be defendants from similar vexatious litigation in the future. Furthermore, the injunction is limited to filings in the Northern District: it covers neither any other federal district nor any state court. *See Iwachiw*, 396 F.3d at 529 ("The District Court's injunction is measured; it does not extend to filings in other federal district courts or the New York state courts.") (That said, we do not foreclose the possibility that the injunction can be broadened to include additional jurisdictions, including all United States courts. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (approving filing injunction that required

10

the enjoined party to obtain leave of court before filing an action in any federal district). We also do not foreclose the possibility that the District Court may, in the exercise of its informed discretion, amend or modify its injunction in the light of changed circumstances or a felt need to streamline or expand its requirements. *See id.* at 1262-63 (requiring vexatious litigant to attach to any complaint filed in federal or state court a copy of the Court's injunction).)

18.  *In re Martin-Trigona*, 763 F.2d 140 (2nd Cir. 06/04/1985):

Appeal from a September 13, 1984, order of the District Court for the District of Connecticut (Jose M. Cabranes, Judge), upon remand from this Court, 737 F.2d 1254, issuing a revised injunction imposing restrictions on a pro se litigant's opportunity to file pleadings and other documents in federal courts and other forums, 592 F. Supp. 1566, and an April 23, 1984, ancillary order concerning files in the office of the District Court Clerk. Injunction and ancillary order affirmed.

This appeal returns to this Court the efforts of the District Court for the District of Connecticut to protect the adjudication process from the relentless efforts of a pro se litigant to disrupt the process by vexatious and harassing litigation. A year ago this Court substantially affirmed an injunction issued by Judge Cabranes barring Anthony R. Martin-Trigona from initiating litigation in federal courts except in compliance with specified conditions. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). We remanded to the District Court for modifications of the injunction. Upon remand, the District Court, on September 13, 1984, vacated the original injunction and entered a new injunction, which is the principal subject of this appeal. *In re Martin-Trigona*, 592 F. Supp. 1566, 1569-76 (D. Conn. 1984) (text of injunction). The appeal also seeks review of an ancillary order, entered April 23, 1984, concerning maintenance of files in the office of the Clerk of the District Court in connection with papers sought to be filed by Martin-Trigona. We affirm the September 13 order of injunction and the April 23 order concerning court files.

Our prior decision directed two basic changes in the original injunction. First, we determined that the requirement that Martin-Trigona seek leave of the court in which he wishes to file new actions should not apply to suits initiated in state courts; however, the requirement that Martin-Trigona append to his state court pleadings pertinent informational materials alerting state courts to his prior history of vexatious litigation was to be retained in the revised injunction. 737 F.2d at 1262-63. Second, because we narrowed the limitations upon litigation in state court, we instructed the District Court to include a new provision designed to afford protection against harassing litigation in any courts to litigants and their lawyers, families, and associates who have encountered Martin-Trigona in litigation in the District of Connecticut or this Court. Id. at 1263. We also made clear that our decision was not to be construed as limiting the power of the District Court "to prevent harassing and vexatious conduct by Martin-Trigona." Id.

11

The revised injunction complies faithfully with our prior decision. Though somewhat more elaborate and precise than the original injunction, the new injunction contains no provision that is not fully warranted in light of the litigation history of Martin-Trigona. We turn, then, to the specific claims advanced on this appeal.

19.     *United States v. Martin-Trigona*, 759 F.2d 1017 (2nd Cir. 04/03/1985):

On appeal we noted that Judge Cabranes' findings as to the adverse effects of Martin-Trigona's tactics on the administration of justice were "abundantly supported by the record," *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984), and held that in taking steps to deal with abuses of the judicial system federal courts act "in defense of the means necessary to carry out [their] constitutional function. In such circumstances, the power to act against vexatious litigation is clear." Id. at 1262. Except for a restriction on Martin-Trigona's ability to file lawsuits in any state court without prior permission, we affirmed Judge Cabranes' order, broadening it to encompass relief against his multiplication of appeals. The district court then issued a new order of Permanent Injunction in accord with our ruling, see *In re Martin-Trigona*, 592 F. Supp. 1566 (D. Conn. 1984), after receiving several uncontradicted affidavits setting forth "Martin-Trigona's well-documented practice of abusing his imagined enemies through legal process." Id. at 1569.

20.     *Mac Truong v. Hung Thi Nguyen, Alphonse Hotal Corp., Elaine*, No. 11-3248

(2d Cir. 11/20/2012):

We also conclude that the district court's leave-to-file injunction — which bars Truong from filing any lawsuit on any claim in any court against any party without first obtaining, in writing, the express permission of the court in which he wishes to proceed — is too broad. See *Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996) (per curiam) ("[Filing] injunctions must be appropriately narrow."); see also *In re Martin-Trigona*, 737 F.2d 1254, 1262-63 (2d Cir. 1984).

Finally, "[i]mposition of [financial] sanctions under a court's inherent powers requires a specific finding that [a party] acted in bad faith." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Moreover, inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." Id. "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." Id. Additionally, "when a court awards defendants attorney's fees, it must take into account the financial circumstances of the plaintiff." *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992). Here, the district court did not make a specific finding of bad faith. Moreover, although the district court explained that Truong had a history of contempt for court orders, it neither explicitly found that Truong had brought the current suit for any improper purpose nor identified the "clear evidence" of such a purpose. Furthermore, the district court did not consider, as it should have, Truong's financial circumstances when imposing attorney's fees. See id. These

12

procedural errors require us to vacate and remand the district court's order. But we leave to the sound discretion of that court the question of whether leave-to-file and monetary sanctions are appropriate here upon proper notice and an opportunity to be heard. For the foregoing reasons, the orders of the district court are hereby VACATED and the proceeding is REMANDED.

21.    ***Anthony Viola v. United States of America***, 481 Fed.Appx. 30 (2d Cir.

09/28/2012):

Following an independent review of the record, we find that the district court did not abuse its discretion in imposing a leave-to-file sanction. As this Court has noted previously in this case, the "procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order." See *Viola v. United States*, 307 F. App'x 539, 539 (2d Cir. 2009) (Summary Order). The record reveals that, after this Court's January 2009 order remanding to the district court, the district court: (1) held a hearing in May 2009, at which Viola was notified that future frivolous filings could result in sanctions; (2) entered an order in August 2009, instructing Viola to show cause why leave-to-file sanctions should not be imposed; (3) received Viola's response to the order to show cause; (4) held a conference in April 2010 to discuss Viola's response to the order to show cause; and (5) entered an order, in March 2011, imposing leave-to-file and monetary sanctions. Consequently, the record establishes that the district court properly followed the procedure for imposing leave-to-file sanctions. Further, in light of Viola's frequent filings in the district court, many of which sought to upset the district court's 2004 judgment, it cannot be said that the district court abused its discretion in imposing a leave-to-file sanction. See *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); see also *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (stating that a district court may "impose sanctions against litigants who abuse the judicial process").

With respect to the imposition of a monetary sanction, however, a review of the record reveals that Viola was not provided with notice or an opportunity to be heard until after this sanction was imposed. Specifically, a review of the record reveals that, in its August 2009 order, the district court directed Viola to "show cause . . . why leave-to-file sanctions should not be imposed," and did not mention the possibility of a monetary sanction. Such an order provided no notice that the district court contemplated imposing monetary sanctions against Viola. Moreover, because Viola had no reason to address the possibility of monetary sanctions, his response to the August 2009 order cannot qualify as an opportunity to be heard on that possibility. Finally, because the district court's March 2011 order did not cite to any statute or rule providing for the imposition of monetary sanctions, this Court cannot determine whether the district court

"invoked and set forth" the source of its authority in its earlier communications with Viola. See *Schlaifer Nance & Co.*, 194 F.3d at 334. Consequently, to the extent the district court's March 2011 order imposed a monetary sanction, that portion of its order is vacated. Id. We have considered Viola's remaining arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED in part and VACATED in part and the case is REMANDED for further proceedings in accordance with this order.

22.    ***Charles Robert v. Department of Justice, et al***, No. 09-4684-cv (2d Cir.

09/06/2011):

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996); see also *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). However, a district court "may not impose a filing injunction on a litigant . . . without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)). We review for abuse of discretion a district court's decision to impose a filing injunction, or "leave-to-file" sanctions, under the All Writs Act, 28 U.S.C. § 1651. See *United States v. Int'l Bhd. of Teamsters*, 266 F.3d 45, 49 (2d Cir. 2001) (injunction under the All Writs Act reviewed for abuse of discretion); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (imposition of sanctions reviewed for "abuse of discretion"); cf. *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining term of art "abuse of discretion").

Here, the District Court did not err or abuse its discretion in enjoining Robert from filing further complaints raising FOIA claims without leave of the court, given Robert's history of filing vexatious, burdensome, and meritless FOIA complaints. See *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (describing the factors district courts should consider in determining whether to restrict a litigant's future access to the courts). To the extent that Robert argues that he did not receive sufficient notice and an opportunity to be heard, his argument is belied by the record. Robert was explicitly placed on notice of the possibility of a filing injunction during a pre-motion conference, was served the defendants' motion to impose a filing injunction, and responded to the defendants' motion. There is no support for Robert's argument that he was entitled to an evidentiary hearing and an opportunity to cross-examine witnesses.

However, we appreciate Robert's concern that the December 2005 non-final "judgment" entered by the Clerk of Court subsequent to the District Court's filing injunction could be construed as inconsistent with that injunction. Although the District Court's opinion of December 12, 2005, ordered that "[a]ny future FOIA complaint(s) by Robert . . . must be submitted to my attention as a Motion for Leave to File," *Robert*, 2005 WL 3371480, at *16 (E.D.N.Y. Dec. 12, 2005), ECF No. 16 (emphasis added), the subsequent order

entered by the Clerk of Court granted defendants' motion "to enjoin plaintiff from further FOIA request [sic] without prior leave of the Court," Clerk's Judgment, id. (E.D.N.Y., Dec. 15, 2005), ECF No. 22 (emphasis added).

It is clear that the District Court intended only to enjoin Robert from filing further FOIA complaints without leave of the court and not to enjoin Robert from filing FOIA requests with appropriate government agencies or officials. Therefore, we exercise our authority under 28 U.S.C. § 2106 to modify the District Court's final judgment, dated October 13, 2009, to clarify that the filing injunction entered on December 15, 2005, applies only to complaints raising FOIA claims filed in district court, and not to FOIA requests directed to a government agency or official. In doing so, we do not address, much less preclude or comment upon, any requests that may be made in the future, upon an appropriate record, to broaden the reach of the District Court's injunction to include matters other than FOIA complaints (including, inter alia, FOIA requests directed to government agencies or officials). We have considered Robert's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is hereby MODIFIED, and, as modified, is AFFIRMED.

23.    *Lipin v. Sawyer*, No. 09-3961-cv (2d Cir. 10/12/2010):

We have already dismissed Lipin's previous appeal from the imposition of the August 2008 filing injunction pursuant to our inherent authority to dismiss an appeal that "presents no arguably meritorious issue for our consideration." *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995); see *Lipin v. Hunt*, No. 08-1514-cv (2d Cir. Nov. 14, 2008). In this appeal, however, Lipin challenges the application of the district court's filing injunction to a lawsuit she filed in state court that was removed to federal court. In *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), we held that the district court erred in issuing a filing injunction to the extent it included a "blanket extension of the injunction to state courts," because "[a]buse of state judicial processes is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests." Id. at 1263. We upheld the injunction to the extent it required Martin-Trigona "to append pertinent informational materials to pleadings in state courts" and recommended that the district court fashion an injunction prohibiting Martin-Trigona from bringing new actions in any tribunal without leave from the district court against persons who have encountered him in any capacity in litigation in the District of Connecticut or in this court, including, but not necessarily limited to, court personnel, counsel, and the families and professional associates of such persons.

24.    *Lee v. City of New York*, No. 05-6255 (2d Cir. 05/11/2006):

The record reflects that Lee is a profligate filer of pro se complaints eventually dismissed for failure to state a claim or for other, similar defects. See id. at *1 (collecting examples). Nothing in the record suggests that the District Court erred in finding that Lee has yet again filed a complaint worthy of dismissal. The District Court's injunction should prevent needless further litigation-with its accompanying expense for the defendants-until such time as Lee presents the District Court with cause to grant him

15

leave to file. See generally, e.g., *In re Martin-Trigona*, 737 F.2d 1254, 1264 (2d Cir. 1984) (affirming similar, broader, injunction imposing "leave to file" requirement upon serial filer of frivolous litigation).

25.    ***Horoshko v. Citibank, N.A.***, 373 F.3d 248 (07/01/2004):

We further instruct the District Court to provide the Horoshkos with a reasonable opportunity to show cause as to why a filing injunction should not be imposed against them, and if the District Court deems such action warranted, to fashion an appropriate injunction. That injunction might, for example, prohibit the Horoshkos from filing any future complaints related to, or arising out of, their foreclosure action in any United States District Court without first obtaining leave from the District Court below. See *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining five factors for district court to consider in determining whether to impose a filing injunction); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).

26.    ***Wynn v. AC Rochester General Motors Corp.***, No. 03-7358 (2d Cir.

05/11/2004):

Wynn further contends that the district court abused its discretion by issuing an injunction barring him from further litigation against AC Rochester and Whiteside. We disagree.

The district court identified relevant facts, as set forth in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), showing that Wynn, despite his pro se status, should be subject to an injunction against further litigation. See *Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 (2d Cir. 2003); *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984) (affirming an injunction limiting a litigant's access to the federal courts and imposing a notice requirement on a litigant's access to state courts in light of a record of repetitious litigation). We therefore affirm the imposition of the permanent injunction that requires Wynn to seek leave from the court before commencing any lawsuit against AC Rochester General Motors Corporation, General Motors Corporation or its subsidiaries or any agent or employee of those entities concerning Wynn's layoff and subsequent separation from General Motors in 1986-1987. Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

27.    ***Lipko v. Christie***, No. 02-9099 (2d Cir. 04/06/2004):

Plaintiff's history of litigation against defendant eventually incited defendant to file suit against plaintiff in Connecticut state court, which yielded (1) a permanent injunction prohibiting plaintiff from filing further litigation delaying resolution of the probate of his father's estate, and (2) a damages judgment for vexatious litigation. See *Christie v. Lipko*, No. CV96 0053297S (Conn. Super. Ct. Aug. 17, 1997).

In view of plaintiff's history of vexatious litigation, and the fact that he has not been deterred from further filings in the District Court and this court by our earlier judgments declaring our lack of jurisdiction to review state court decisions, at oral argument of this matter we ordered plaintiff to show cause by letter to the Court why he should not be prohibited from pursuing any further appeals before this Court without first obtaining leave of the Court. See, e.g., *In re Martin-Trigona*, 737 F.2d 1254, 1264 (2d Cir. 1984); *In re Bill Saunders*, No. 02-3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros v. Goettel*, No. 96-6169 (2d Cir. Nov. 12, 1998). Because plaintiff has failed to show cause why he should not be subject to such an order, and because existing injunctions and sanctions in state court have not deterred him from initiating frivolous complaints and appeals in the federal courts, we now impose a leave-to-file requirement in the Court of Appeals for the Second Circuit.

It is hereby ORDERED that the Clerk refuse to accept for filing any further submission signed by the plaintiff unless he first obtains the leave of the Court to file such papers. See, e.g., *In re Martin-Trigona*, 737 F.2d at 1264; *In re Bill Saunders*, No. 02-3097 (2d Cir. Mar. 20, 2003); *Tsimbidaros*, No. 96-6169 (2d Cir. Nov. 12, 1998); see also *In re Martin-Trigona*, 9 F.3d 226 (2d Cir. 1993) (upholding the Court's power to impose "leave-to-file" requirements).

28.    ***Bridgewater Operating Corp. v. Feldstein***, 346 F.3d 27 (2d Cir. 10/02/2003):

Plaintiffs also challenge the District Court's issuance of a permanent injunction prohibiting them and their affiliates from (i) pursuing further federal litigation concerning the Premises without first obtaining the authorization of the District Court, and (ii) pursuing further state litigation with respect to the Premises without appending the District Court's opinion and order of injunction to their first filings. The District Court identified facts demonstrating that plaintiffs possess all five indicators set forth by this Court in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), for determining whether a plaintiff should be subject to an injunction against further litigation. See *Ulysses I & Co.*, 2002 WL 1813851, at *13-14. We agree with the District Court that these factors establish that plaintiffs are "likely to continue to abuse the judicial process and harass other parties." See id. at *13 (quoting *Safir*, 792 F.2d at 24) (internal quotation marks omitted); see also, e.g., *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984) (affirming an injunction limiting a litigant's access to the federal courts and imposing a notice requirement on a litigant's access to state courts in light of a record of repetitious litigation). Therefore, for substantially the reasons stated by the District Court, we affirm the District Court's imposition of a permanent injunction requiring plaintiffs (i) to seek authorization from the United States District Court for the Southern District of New York before pursuing further federal litigation with respect to the Premises, and (ii) to inform all state courts in which they file claims regarding the Premises of the Court's judgment and injunction.

29.    ***Lau v. Meddaugh***, 229 F.3d 121 (2d Cir. 10/05/2000):

The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a "history of litigation entailing `vexation, harassment and needless expense to [other parties]' and `an unnecessary burden on the courts and their supporting personnel.'" *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (quoting *Matter of Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)). The issuance of a filing injunction is appropriate when a plaintiff "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) (per curiam); see also *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events).

However, "[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam). The "chance to respond is an empty opportunity if the party is not given adequate time to prepare his response." *Schlesinger Inv. Partnership v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir. 1982) (reversing sua sponte dismissal entered without prior notice).

In advance of the pretrial conference at which the injunction was considered, Lau was entitled to notice sufficient to allow him to prepare a response. See *Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir. 1990) (holding that, in absence of notice prior to hearing at which district court issued sua sponte order freezing party's assets, the order was entered in violation of due process).

30.    ***Moates v. Barkley***, 147 F.3d 207 (2d Cir. 06/22/1998):

The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard. See *Moates v. Rademacher*, 86 F.3d at 15; *Board of Managers of 2900 Ocean Ave. Condominium v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984); *In re Hartford Textile Corp.*, 613 F.2d 388, 390-91 (2d Cir. 1979) (per curiam). Indeed, we strictly enforced this rule when a district court in our circuit had earlier imposed a filing ban on this very litigant without providing him with notice or a hearing. See *Moates v. Rademacher*, 86 F.3d at 15.

Judge Glasser, in his order imposing the injunction on future challenges by Moates to his 1975 conviction, recognized the existence of this rule, but nonetheless chose not to comply with it because "[t]he observance of a requirement, in this case, that Moates be given notice and an opportunity to be heard would only compound the abuse of the judicial process and further needlessly tax the resources of the court." *Moates v. Barkley*, 927 F. Supp. at 598. But since such sanctions are, by hypothesis, imposed on litigants whom the court believes have a penchant for filing frivolous or vexatious claims, the rule requiring a hearing must be designed for precisely those cases. If we were to hold that the

18

danger that a litigant will misuse his or her opportunity to be heard excuses the district court's failure to respect the litigant's right to such a hearing, the exception would swallow the rule.

As we stated in our decision reversing the earlier ban on filings by Moates, "Moates has clearly abused the judicial process, and we sympathize with [the district court's] attempt to prevent any misconduct by Moates in the future. However, Moates was not given notice or an opportunity to be heard before the injunction against further filings was imposed." *Moates v. Rademacher*, 86 F.3d at 15. We therefore held that the imposition of the injunction could not stand.

The case now before us is similar. We share Judge Glasser's obvious frustration at the duplicative and frivolous filings by Moates, and we think it is extremely likely that, had the correct procedures been followed, sanctions of the sort imposed would have been entirely proper under the standards enunciated by this court in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). **But, under governing precedents, this fact does not absolve the district court of its responsibility to afford Moates the procedural safeguards due him.**

31.    *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984*); In re Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (per curiam). But we have ruled that such an injunction must be vacated if it was entered without notice and an opportunity to oppose. Id.

32.    *In re Martin-Trigona*, 9 F.3d 226 (2nd Cir. 11/05/1993):

As a result of an extraordinary pattern of vexatious and harassing litigation pursued over several years by Martin and Sassower as pro se litigants, each was enjoined by this Court from filing any papers in this Court unless leave of court was first obtained. See *In re Martin-Trigona*, 737 F.2d 1254, 1263-64 (2d Cir. 1984) (preliminary injunction), injunction made permanent, 795 F.2d 9, 12 (2d Cir. 1986), modified sub nom. *Martin-Trigona v. Cohen*, 876 F.2d 307, 308 (2d Cir. 1989); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989) (warning of injunction); *Sassower v. Mahoney*, No. 88-6203 (2d Cir. Dec. 3, 1990) (permanent injunction).

Thereafter, the Court determined the procedure that would be followed for considering applications for leave to file pursuant to these and all other injunctions imposing "leave to file" requirements. The procedure has several components: (1) all applications of any sanctioned litigant who is subject to a "leave to file" requirement are submitted for decision by one Judge of this Court; (2) a particular Judge is assigned to consider all the applications submitted by any one sanctioned litigant; (3) the Judge to whom applications from a particular sanctioned litigant are assigned is selected by a procedure related to the seniority of the Judges, further details of which will not be disclosed for reasons set forth in this opinion; and (4) the ruling of the assigned Judge granting or denying leave to file

is entered by the Clerk as an order of the Court, without disclosure of the identity of the Judge who made the ruling.

33.   ***Polur v. Raffe***, 912 F.2d 52 (2nd Cir. 08/22/1990):

Judge Stanton enjoined Polur from filing further suits in the federal courts against Schneider and FKMF relating to the matters at bar. "The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute." *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam), cert. denied, 459 U.S. 1206, 75 L. Ed. 2d 439, 103 S. Ct. 1195 (1983); see 28 U.S.C. § 1651(a) (1988). "The traditional standards for injunctive relief, i.e. irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984); see *Hartford Textile*, 681 F.2d at 897. Although sanctioned by Judge Lowe in FKMF II, Polur has continued to file frivolous, repetitious suits. Judge Stanton's order was proper, since the imposition of other sanctions has failed to impress upon Polur the impropriety of his actions. See *Martin-Trigona*, 737 F.2d at 1262; Hartford Textile, 681 F.2d at 897.

**Our only concern is that the parameters of the injunction are not adequately defined.** We therefore modify the order to enjoin Polur from filing without leave of the district court further suits in the federal district courts of New York against FKMF, its attorneys or employees arising out of or relating to the dissolution and receivership of Puccini Clothes, Ltd. The order does not have the effect of denying Polur complete access to the New York federal district courts. Similar orders have been imposed by this court to maintain the integrity of the judicial process. See *Martin-Trigona*, 737 F.2d at 1262-63; *Sassower v. Sans verie*, 885 F.2d 9, 10-11 (2d Cir. 1989) (per curiam).

34.   ***Richardson Greenshields Securities Inc. v. Lau***, 825 F.2d 647 (2nd Cir.

07/30/1987):

Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation, see *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984), or a failure to comply with sanctions imposed for such conduct, *Johl v. Johl*, 788 F.2d 75 (2d Cir. 1986)(per curiam), a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure. The actions of the district court effectively prevented the Laus from filing a motion for leave to amend. The refusal to permit a motion to be filed without a prior conference, followed by a failure to hold such a conference until nearly five months after one was first requested, and then by a denial of the motion for having been filed too late, are actions so "at odds with the purpose and intent of [the Federal Rules]," *Padovani v. Bruchhausen*, 293 F.2d 546, 548 (2d Cir. 1961), as to warrant mandamus relief.

35.   ***Safir v. United States Lines***, 792 F.2d 19 (2nd Cir. 05/27/1986):

That the district court possessed the authority to enjoin Safir from further vexatious litigation is beyond peradventure. 28 U.S.C. § 1651(a); *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam), cert. denied, 459 U.S. 1206, 75 L. Ed. 2d 439, 103 S. Ct. 1195 (1983); *Ward v. Pennsylvania New York Central Transportation Co.*, 456 F.2d 1046, 1048 (2d Cir. 1972). "A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Abdullah*, 773 F.2d at 488 (citing *Martin-Trigona* 737 F.2d at 1262).

As our prior cases have indicated, the district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Accordingly, we hold that the district court was fully justified in permanently enjoining Safir from instituting further vexatious, harassing or repetitive proceedings arising out of the 1965-1966 pricing practices of defendants.

Nevertheless, the injunction which precludes Safir from instituting any action whatsoever is overly broad. Although we are unable to divine any relief still available to Safir arising out of, or relating to, those events, we do not wish to foreclose what might be a meritorious claim. Consequently, we modify the injunction to provide that Safir is prevented only from commencing additional federal court actions relating in any way to defendants' pricing practices or merchant marine subsidies during the 1965-1966 period without first obtaining leave of the district court. Cf. *Abdullah*, 773 F.2d at 488; *Martin-Trigona*, 737 F.2d at 1262.

36.    *Nathaniel Abdullah v. Joan Gatto and Georgeanne White*, 773 F.2d 487

(10/04/85):

A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).

We believe that the district court was within its discretion in limiting Abdullah's ability to bring in forma pauperis actions at will. We believe, however, that the order is overbroad in effectively blocking any action whatsoever relating to his arrest, conviction

21

and imprisonment in that it precludes Abdullah from filing even a meritorious claim. Whatever overbreadth exists, however, can be easily cured by modifying the injunction to require Abdullah to seek leave of the district court before filing such actions.

37.    *United States v. Martin-Trigona*, 756 F.2d 260 (2nd Cir. 02/28/1985):

The events leading up to the issuance of the injunction have been fully detailed, see *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir.), on remand, 592 F. Supp. 1566 (D. Conn. 1984) (injunction issued), aff'd, 763 F.2d 140 (2d Cir. 1985), and need not be repeated here, except to say that appellant's unprecedented abuse of the legal system to attack and harass whoever crosses his path necessitated this injunction to limit his interference with the fair and efficient administration of justice within the federal system. 737 F.2d at 1261-64.

38.    *United States v. Gracia*, 755 F.2d 984 (2nd Cir. 02/14/1985):

Indeed, courts have a "constitutional obligation" to protect themselves from conduct that impairs their ability to carry out Article III functions, *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984), and this obligation implies the power to set appropriate sentences for contempt.

39.    *Malley v. New York City Board of Education*, 112 F.3D 69 (2d Cir. 04/23/1997):

Malley has amply demonstrated that neither the lack of success of his actions nor the warnings of the district court will cause him to cease his abuse of the judicial process. We therefore affirm the injunction as granted. See *In Re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (injunction is appropriate where plaintiff "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings" (internal quotation and citation marks omitted)).

Appellees advise us that Malley has filed two other actions of the same nature in the District of New Jersey, although they were subsequently withdrawn. They also inform us that Malley, faced with the injunction issued in the instant case, has now filed yet another repetitious action, but this time in the Eastern District of New York. They ask us to broaden the injunction beyond the Southern District to all federal courts. We see no barrier to a broader injunction in light of the warnings previously issued to Malley and of his persistence in pursuing the same meritless claims wherever his papers are accepted by a clerk of court. See id. at 1262 (approving injunction restricting new actions in all federal courts). However, we believe that such an order should be considered and fashioned in the first instance by the district court. We therefore remand the request to broaden the injunction.

40.    *Moates v. Rademacher*, 86 F.3D 13 (2d Cir. 06/03/1996):

On February 15, 1995, Judge Arcara dismissed Moates's action with prejudice and ordered the Clerk of the Court not to accept for filing "any complaint by or on behalf of

Robert Moates unless such complaint is accompanied by an affidavit of Robert Moates stating that he investigated the matter and that the representations made in the complaint are true and correct." The judge also warned Moates that any similar misconduct in the future would result in "an order enjoining him from filing any further lawsuits in this District against the New York State Department of Corrections or any of its employees or prison officials." Thereafter, apparently not in response to any further filing by Moates and without notice to him, Judge Telesca sua sponte entered the order, dated March 28, 1995, that occasioned this appeal. The order directed the Clerk of the Court "to not accept for filing any further complaints, pleadings or documents [from Robert Moates] unless he first obtains leave to file from a judge in this district." Moates then appealed to this court, challenging Judge Arcara's dismissal order and Judge Telesca's injunction against filings. In November 1995, this court granted Moates in forma pauperis status for the limited purpose of appealing Judge Telesca's injunction and dismissed the remainder of the appeal as untimely. II.

While a district court may impose, sua sponte, an injunction on a party who abuses the judicial process, such a party must be given notice and an opportunity to respond. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984); *In re Hartford Textile Corp.*, 613 F.2d 388 (2d Cir. 1979), cert. denied, 447 U.S. 907 (1980). Moates has clearly abused the judicial process, and we sympathize with Judge Telesca's attempt to prevent any misconduct by Moates in the future. However, Moates was not given notice or an opportunity to be heard before the injunction against further filings was imposed.

41.   ***Cook v. Baca***, 14-2075 (10th Cir. 08/26/2015):

Though we affirm the use of filing restrictions to deter Mr. Cook from abusing the court system, these restrictions must be "carefully tailored." *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal quotation marks omitted). The district court's order is overbroad in two respects.

First, the order is overly broad in terms of subject-matter. The district judge prohibited "Mr. Cook, individually, as a representative of Yolanda Cook, deceased, as representative of any corporate entity . . . or as successor in interest to Philip J. Montoya, the Chapter 7 Trustee in Mr. Cook's bankruptcy case . . . from filing any pleadings, motions, or other documents against any of the parties named as defendants in Case No. 11 CV 1173 JP/KBM or in Case No. 13 CV 669 JP/KBM in the United States District Court for the District of New Mexico without the signature of an attorney licensed to practice before the Court." R. at 2161. This restriction entails an outright bar on pro se litigation against these defendants, unlimited by subject-matter.

The scope of this bar is not justified by the findings concerning Mr. Cook's abusive filings regarding the subject-matter of the current dispute. Therefore, we remand with instructions to modify the filing restrictions order to prohibit Mr. Cook's pro se filings against these defendants with respect to the subject-matter of these cases. *See Sieverding*, 469 F.3d at 1345 (holding that a filing restriction was too broad in restricting filings on any subject-matter); *see also Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007)

23

(modifying filing restrictions to cover only filings in future cases relating to the subject-matter of the federal suits).

Second, the order is overbroad in terms of the individuals and entities that Mr. Cook is restricted from suing. The district judge enjoined Mr. Cook "from filing *any* pleadings, motions, or other documents *pro se* in the United States District Court for the District of New Mexico without leave of court." R. at 2161 (emphasis added). This broad restriction against filing any further pro se pleadings against anyone without court permission is not justified by the district court's findings concerning Mr. Cook's abusive filings against the parties named as defendants in this case. *See Sieverding*, 469 F.3d at 1345 (holding that a filing restriction was too broad in restricting future filings as to any defendant).

For both reasons, we remand to the district court to limit the filing restrictions to claims against the parties who were defendants in Case No. 11-CV-117-JP/KBM and Case No. 13-CV-669-JP/KBM. But the district court can continue to serve as a gatekeeper for pro se filings by Mr. Cook against these defendants, even where such filings are ostensibly unrelated to the current dispute.

42.    *Lornes v. No Named Defendant*, 17-1315 (10th Cir. 11/24/2017):

The district court is able to control its own docket and to impose filing restrictions as appropriate. "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Plaintiff may not make an end-run around the filing restrictions by appealing the district court order and then arguing the merits of his appeal. Further, Plaintiff had ample opportunity to contest the filing restrictions before the district court imposed them, but he never did.

43.    *Pinson v. Oliver*, 14-1260 (10th Cir. 02/12/2015):

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (brackets omitted) (internal quotation marks omitted). We "have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* (internal quotation marks omitted). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the court in curbing the particular abusive behavior involved, except that they cannot be so burdensome as to deny a litigant meaningful access to the courts." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (per curiam) (ellipsis omitted) (internal quotation marks omitted), *cert. denied*, 134 S.Ct. 1037 (2014). Litigiousness by itself is insufficient to warrant filing restrictions, but restrictions are appropriate where we (1) set forth a litigant's abusive and lengthy history; (2) provide guidelines for what the litigant must do to obtain our permission to file an action; and (3) give the litigant notice and an opportunity to oppose our filing-restrictions order before it is instituted. *Id.*

Based on Mr. Pinson's filing history, we conclude that filing restrictions are necessary to curb abuse of the appellate process. Mr. Pinson is therefore restricted from filing any further pro se § 2241 appeals or original proceedings concerning § 2241 applications, unless he (1) is represented by an attorney who is admitted to practice before this court or (2) obtains permission to proceed pro se.

44.    *Springer v. Internal Revenue Service*, No. 05-6387 (10th Cir. 05/01/2007):

Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. See *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam). Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. See *Tripati*, 878 F.2d at 353-54.

Our filing restrictions must be narrowly tailored. See *Tripati*, 878 F.2d at 352. But as our review indicates, Springer has not limited the scope of his baseless attacks to the tax arena or a particular set of defendants. Thus, Springer's litigation history does not present circumstances similar to those we recently considered in *Sieverding v. Colorado Bar Association*, 469 F.3d 1340, 1345 (10th Cir. 2006), where we modified a district court's filing restrictions by limiting them to filings against only those persons and entities against whom the plaintiff had a history of proceeding, without regard to subject matter. Therefore, subject to Springer's opportunity to object, as described below, we propose the following reasonable filing restrictions on future filings by Springer "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction." *Winslow*, 17 F.3d at 315 (quoting 28 U.S.C. § 1651(a)).

Springer is ENJOINED from proceeding in this court as a petitioner in an original proceeding or as an appellant in a civil matter (except in these combined appeals) unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se.

45.    *Ombe v. State of New Mexico*, 18-2031 (10th Cir. 11/08/2018):

In his briefing and other supplementary materials, Mr. Ombe has provided us with a great deal of information concerning his autism disorder and depression and how both affect his cognitive functions, and we appreciate his efforts to inform the court on these subjects. We also note that Mr. Ombe provided much of this information to the district court as well in an effort to educate it on his conditions. But Mr. Ombe is mistaken in believing that the district court was required to disregard the legal rules that govern civil lawsuits in response to his cognitive and mental health issues or his pro se status. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 543 (1991) ("The applicability

of rules of law is not to be switched on and off according to individual hardship.");
*Garrett*, 425 F.3d at 840 ("[T]his court has repeatedly insisted that pro se parties follow
the same rules of procedure that govern other litigants." (internal quotation marks and
brackets omitted)). These rules are not mere technicalities or legal nonsense, as Mr.
Ombe contends, but rather serve to bring order, consistency, and predictability to legal
proceedings. And while Mr. Ombe insists that the district court was required to modify or
ignore otherwise applicable procedural and substantive rules as an accommodation to his
cognitive and mental health issues, he cites no legal authority that supports this
proposition and we are aware of none. Nor was it "the proper function of the district court
to assume the role of advocate" for Mr. Ombe, as he apparently assumes. *See Garrett*,
425 F.3d at 840 (internal quotation marks omitted). In short, Mr. Ombe's report that he
"[s]imply . . . could not handle" the applicable legal rules as a result of his autism and
severe depression does not make the district court's adherence to them "completely
wrong or unfair" as Mr. Ombe claims. Opening Br. at 23 & n.60; *cf. Sieverding v. Colo.
Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("[T]he right of access to the courts is
neither absolute nor unconditional." (internal quotation marks omitted)).

46.     *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 322 Fed.Appx. 630 (10th Cir.

04/23/2009):

Turning to Mr. Lipari's appeal of the court's order sanctioning him by prohibiting him
from submitting any further pro se filings in the 2005 Case, we note that "[f]ederal courts
have the inherent power to regulate the activities of abusive litigants by imposing
carefully tailored restrictions under the appropriate circumstances." *Sieverding v. Colo.
Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quotation omitted). We review a
district court's imposition of filing restrictions for an abuse of discretion. *Tripati v.
Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam).

47.     *Norman v. Social Security Administration*, No. 10-1192 (10th Cir. 08/20/2010):

Because Mr. Norman's filings before the district court failed to comply with the district
court's filing-restriction order, we conclude the district court properly dismissed Mr.
Norman's current civil actions. "[T]he right of access to the courts is neither absolute nor
unconditional and there is no constitutional right of access to the courts to prosecute an
action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343
(10th Cir. 2006) (alternation in original) (internal quotation marks omitted). Thus, when a
litigant repeatedly abuses the judicial process, the district court possesses the inherent
power to impose filing restrictions necessary to aid its jurisdiction, as it did in these
cases. Id. "This court approves restrictions placed on litigants with a documented lengthy
history of vexatious, abusive actions, so long as the court publishes guidelines about what
the plaintiff must do to obtain court permission to file an action, and the plaintiff is given
notice and an opportunity to respond to the restrictive order." *Werner v. Utah*, 32 F.3d
1446, 1448 (10th Cir. 1994) (per curiam).

Here, we need not reach the merits of Mr. Norman's arguments because the district court's filing restrictions barred him from bringing these actions. Mr. Norman makes no argument as to why the filing restriction in fact does not bar his complaints. Rather, his briefs on appeal focus on the merits of his claims. Because he does not dispute this independent basis for the district court's decision, his appeal is frivolous, and there is no reason to reverse the district court. See *Cedrins v. U.S.C.I.S.*, No. 10-2048, 2010 WL 2511543, at *1--2 (10th Cir. June 23, 2010) (dismissing an appeal as frivolous when an IFP litigant ignored the district court's filing restrictions); *Greenlee v. U.S. Postal Serv.*, 351 F. App'x 263, 265 (10th Cir. 2009) (same).

48.   *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 08/30/1990):

Steven M. De Long, an in forma pauperis litigant, appeals from a sua sponte order of the district court which enjoined De Long from filing any further actions or papers with the federal district court without first obtaining leave of the court's general duty judge.

However, we vacate the order enjoining further filings and remand for reconsideration of that order because: (1) the record does not show that De Long was provided with an opportunity to oppose the order before it was entered; (2) the district court did not create an adequate record for review; (3) the district court failed to make a substantive finding as to the frivolous or harassing nature of De Long's actions; and (4) the district court's order was overly broad.

We recognize that "there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take. Id. See also *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) (scope of All Writs Act includes district court's issuance of order restricting meritless cases); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (§ 1651(a) empowers court to give injunctive relief against vexatious litigant), cert. denied 459 U.S. 1206; 75 L. Ed. 2d 439, 103 S. Ct. 1195 (1983).

Nonetheless, we also recognize that such pre-filing orders should rarely be filed. See, e.g., Oliver, 682 F.2d at 445 (an order imposing an injunction "is an extreme remedy, and should be used only in exigent circumstances"); *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.) ("The use of such measures against a pro se plaintiff should be approached with particular caution."), cert. denied, 449 U.S. 829, 66 L. Ed. 2d 34, 101 S. Ct. 96 (1980); In re Powell, 271 U.S. App. D.C. 172, 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam) (such orders should "remain very much the exception to the general rule of free access to the courts") (quoting *Pavilonis*, 626 F.2d at 1079).

Keeping in mind the particular caution with which such orders should be issued, we remand this case to the district court to apply the guidelines we set forth below before ordering pre-filing restrictions.

27

The first problem we see with the instant order is that De Long was not provided with an opportunity to oppose the order before it was entered. See, e.g., *Oliver*, 682 F.2d at 446 (concluding that the district court has the power to issue such injunctive pre-filing orders in appropriate cases, but remanding so that the district court could provide plaintiff with notice and an opportunity to be heard in opposition to the order); *Powell*, 851 F.2d at 431 (before issuing a pre-filing injunction, the plaintiff should be provided with an opportunity to oppose the entry); *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984) (plaintiff's assertion that he was denied due process by the district court's issuance of a pre-filing injunction against his litigation activities was upheld when the party was given adequate notice and opportunity to be heard at a hearing on issuance of the pre-filing injunction).

"Due process requires notice and an opportunity to be heard." *Powell*, 851 F.2d at 431. Here, the record does not indicate that De Long was provided with adequate notice and a chance to be heard before the order was filed. Therefore, we remand so the court can provide De Long with an opportunity to oppose the entry of the order.

Next, we find that before a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Powell*, 851 F.2d at 431; see also *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984) (pre-filing injunction could not stand because magistrate stated that "petitioner has been a constant litigator" but failed to state that petitioner's claims were frivolous or brought in bad faith). To make such a finding, the district court needs to look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *Powell*, 851 F.2d at 431. See also *Moy*, 906 F.2d at 470 (A pre-filing "injunction cannot issue merely upon a showing of litigiousness.").

49.    *Kent Norman, A/K/A Robert Ketchum, A/K/A Robert H. Ketchum, A/K/A R. v.*

*Dr. Primer, Md; Six Other Unknown Physicians, Does One Through Six*, No. 10-1191 (10th

Cir. 01/18/2011):

In this case, Mr. Norman failed to comply with the 1991 filing restriction, and the district court dismissed the action for his failure to comply with its prior order. We conclude the district court's dismissal was proper. "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted). We "approve restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order." *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

28

Mr. Norman's only argument disputing any basis for the filing restriction is a citation to *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992), in which the Eighth Circuit allowed one of Mr. Norman's complaints to survive a motion to dismiss.

50.    *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 02/09/1993):

To determine the appropriateness of an injunction barring a litigant from bringing without advance permission any action in the district court, we look to the degree to which indicia supporting such a comprehensive ban are present in the record. We have said that the use of broad filing restrictions against pro se plaintiffs "should be approached with particular caution." *Pavilonis*, 626 F.2d at 1079. We have also required, like other jurisdictions, that in such situations a sufficiently developed record be presented for review. See, e.g., Castro, 775 F.2d at 409 & n.11; see also *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied, 498 U.S. 1001, 111 S. Ct. 562, 112 L. Ed. 2d 569 (1990); *In re Powell*, 271 U.S. App. D.C. 172, 851 F.2d 427, 431 (D.C. Cir. 1988).

An initial problem with the present injunction is that Cok was not warned or otherwise given notice that filing restrictions were contemplated. She thus was without an opportunity to respond before the restrictive filing order was entered. Adequate notice may be informal but should be afforded. For example, in *Pavilonis*, 626 F.2d at 1077, a magistrate's report recommended that the district court impose filing restrictions and the plaintiff filed objections to that report. In *Castro*, 775 F.2d at 402, the defendants tried to enjoin the plaintiffs from relitigating matters arising out of the case at hand or any earlier litigation between the parties. Where recommendations or requests like this do not come first, courts have issued show cause orders to errant pro se litigators, *Cofield v. Alabama Pub. Serv. Comm.*, 936 F.2d 512, 514 (11th Cir. 1991), or have entered a cautionary order to the effect that filing restrictions may be in the offing in response to groundless litigation. See, e.g., *Martin v. District of Columbia Court of Appeals*, 121 L. Ed. 2d 305, 113 S. Ct. 397, 398 (1992); *Ketchum v. Cruz*, 961 F.2d 916, 918 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 678 (D. Colo. 1991) (plaintiff repeatedly "informed" that a litigant may not collaterally attack a state court judgment or order in federal court, or unilaterally declare such judgments or orders void, and then use that proclamation as the basis for an action against court or government officials, attorneys, or other parties). Here, as in *Sires*, 748 F.2d at 51, the defendants did not seek an injunction nor did they maintain that they had been harassed by Cok's conduct. We think, therefore, that Cok should have been given an opportunity by the court to oppose the entry of so broad an order placing restrictions on court access. Accord *De Long*, 912 F.2d at 1147; *Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989); *In re Powell*, 851 F.2d at 431; *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); *In re Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979), cert. denied, 447 U.S. 907, 64 L. Ed. 2d 856, 100 S. Ct. 2991 (1980) (district court, in entering sua sponte order curtailing pro se litigant's future access to the courts, must give notice and allow litigant to be heard on the matter).

A second question is whether the record is sufficiently developed to show that an injunction as sweeping as this one is warranted. Plaintiff is enjoined, inter alia, from "commencing any actions in this court, pro se, without prior approval. . . ." It would have been helpful had the court identified what previously filed frivolous cases or other abuses caused it to issue this injunction. See, e.g., *Castro*, 775 F.2d at 409 n.11; see also *Martin*, 113 S. Ct. at 397 nn.1 & 2; *In re Sindram*, 498 U.S. 177, 112 L. Ed. 2d 599, 111 S. Ct. 596 n.1 (1991); *De Long*, 912 F.2d at 1147-48; *Tripati*, 878 F.2d at 353; *In re Martin-Trigona*, 737 F.2d 1254, 1264-74 (2d Cir. 1984) (reciting history of extensive filings).

We emphasize that it is the breadth of the instant order that causes us some concern. Had the court, after notice and opportunity to respond, merely enjoined Cok from further frivolous removals from the family court, we would have doubtless approved. The present record supports such a limited order. We have not hesitated to uphold injunctions that were narrowly drawn to counter the specific offending conduct. Castro, 775 F.2d at 410; cf. *Pavilonis*, 626 F.2d at 1079 (upholding issuance of injunction but narrowing its scope). But this order is not limited to restricting improper conduct of the type which the present record indicates plaintiff has displayed in the past. If the "specific vice" sought to be curtailed is simply the appellant's propensity, as here and in 1984, to attempt improper removals to federal court of matters based on her state court divorce proceeding, the district court may, after notice, wish to enter an order limiting such conduct. See *Castro*, 775 F.2d at 410. On the other hand, if the court means to issue a more generalized injunction aimed at preventing the bringing of any and all unpermitted pro se actions in the district court, it must develop a record showing such widespread abuse of the judicial system as to warrant such a broadcast prohibition. Id. at 410 n.13.

Plaintiff's appeal from the remand order is dismissed for lack of jurisdiction. The order as now worded enjoining the plaintiff, pro se, from removing family court matters and commencing any actions in the district court, pro se, without prior approval, is vacated and remanded to the district court for further proceedings not inconsistent with this opinion.

51.  **Tempelman v. Beasley**, 43 F.3d 1456 (1st Cir. 12/21/1994):

We think it obvious, under the circumstances, that the district court intended to restrict the filing of any new actions against the IRS or its agents (as indicated in the oral order), rather than to restrict court access across the board (as suggested in the written order). Even as so construed, the injunction raises several concerns. An initial problem is that plaintiffs were not "warned or otherwise given notice that filing restrictions were contemplated," and thus were not afforded "an opportunity to respond" before entry thereof. *Cok*, 985 F.2d at 35. In Cok, just as in the instant case, the court entered an injunction on a sua sponte basis at the close of a motion hearing. We noted that where the plaintiff had been deprived of even "informal" notice--such as might be provided by way of a defendant's request for an injunction or a magistrate's recommendation thereof--the customary route was to issue a show cause order or a "cautionary" edict. Id. Nothing of the sort occurred here.

Second, we are unconvinced that the circumstances here--at least as developed on the present record--were as yet so "extreme" as to warrant such a measure. ***Castro***, 775 F.2d at 408.

Finally, several aspects of the injunction as drafted give us pause. The restriction on state court filings is problematic inasmuch as "abuse of state judicial processes is not per se a threat to the jurisdiction of Article III courts." *In re Martin-Trigona*, 737 F.2d 1254, 1263 (2d Cir. 1984) (vacating extension of injunction to state courts); accord, e.g., *Anderson v. Mackall*, 128 F.R.D. 223, 226 (E.D. Va. 1988). We understand that plaintiffs' propensity to sue in state court, combined with the automatic right of removal available to the United States and its employees, provided the impetus for such a measure. Yet as other courts have indicated, a narrower restriction ordinarily should suffice. See, e.g., *Sassower v. Abrams*, 833 F. Supp. 253, 271, 274 (S.D.N.Y. 1993) (issuing injunction directing that, upon removal to federal court of any case brought by plaintiff, leave of court would be required before action could continue). We also observe that no guidelines have been provided explaining what plaintiffs must do to obtain permission to file, see, e.g., *Werner v. State of Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994)--a matter worthy of note here given the broad category of actions embraced by the injunction.

The dismissal of plaintiffs' complaint is affirmed, as is the imposition of monetary sanctions. The injunction barring further court filings is vacated.

52.   ***In re Chapman***, 328 F.3d 903 (7th Cir. 05/08/2003):

The matter numbered as 02 C 6581, entitled *In the Matter of Lamar Chapman III*, is not a new civil suit, as Mr. Chapman contends, but rather is an administrative file created by the district court as a repository for his submissions deemed unacceptable for filing, as well as any further orders issued by the Committee. Indeed, the Committee's action, rather than being a new civil lawsuit commenced against Mr. Chapman, is nothing but an extension of one of his numerous civil suits (which subjected him to the personal jurisdiction of the court) and an exercise of the court Committee's inherent power to manage and control the litigation coming before the district court. See *In re McDonald*, 489 U.S. 180, 184 n.8 (1989) (" 'Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.' " (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984))); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Davis*, 878 F.2d at 212-13. The Executive Committee, like an individual district judge, has the power to enter judicial orders, *Palmisano*, 70 F.3d at 485, such as injunctions, see *Steele* 323 U.S. at 207. We hold that the Committee was acting within its power to impose filing restrictions against Mr. Chapman, and his challenge to the Committee's jurisdiction is without merit.

Mr. Chapman also appears to assert that the Committee's order violates his right to access the courts. However, the right of access to the federal courts is not absolute, *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 674 (7th

Cir. 1995); rather, an individual is only entitled to meaningful access to the courts, see *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, the Committee's order does not bar the courthouse door to Mr. Chapman but, rather, allows him meaningful access while preventing repetitive or frivolous litigation. The order provides that the Committee will only deny Mr. Chapman leave to file "new civil cases" that "are legally frivolous or are merely duplicative of matters already litigated;" it does not affect his ability to defend himself in civil lawsuits brought against him. The order further provides that it is not to be construed to affect Mr. Chapman's ability to defend himself in a criminal action, to file a habeas corpus petition or other extraordinary writ, or to access this court or the Supreme Court of the United States. We have previously upheld an order imposing almost identical restrictions on a frequent filer, see *Davis*, 878 F.2d at 212-13, and Mr. Chapman has offered no reason to believe that the injunction will impede his ability to file non-frivolous suits in the district court.

53.    ***Chapman v. Executive Committee of the United States District Court for the***

***Northern District of Illinois***, No. 08-2781 (7th Cir. 03/31/2009):

On appeal, Chapman generally challenges this order, characterizing it as an absolute filing bar that denies him meaningful access to the courts. The Committee's order is judicial rather than administrative, and so we have jurisdiction to review it. *In re Chapman*, 328 F.3d at 904. We review a district court's filing restrictions for an abuse of discretion. See *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

As we noted in Chapman's appeal of the Executive Committee's earlier filing bar, the right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d at 905; see also *United States ex rel. Verdone v. Cir. Ct. for Taylor County*, 73 F.3d 669, 674 (7th Cir. 1995). Courts have ample authority to curb abusive filing practices by imposing a range of restrictions. See *In re Anderson*, 511 U.S. 364, 365-66 (1994); *Baum*, 513 F.3d at 187; *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *In the Matter of Davis*, 878 F.2d 211, 212 (7th Cir. 1989); *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986). A filing restriction must, however, be narrowly tailored to the type of abuse, see *Miller*, 541 F.3d at 1096-1100; Andrews, 483 F.3d at 1077; *Support Sys. Int'l*, 45 F.3d at 186, and must not bar the courthouse door absolutely, see *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Davis*, 878 F.2d at 212; *Procup*, 792 F.2d at 1071. Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices. See *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007), cert. denied, 129 S.Ct. 594 (2008) (upholding order that prevented plaintiff from filing complaints under the ADA without prior approval from district court); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1299 (11th Cir. 2002) (approving district court's order that enjoined plaintiff from filing suits against a particular defendant without first obtaining leave from court); *Davis*, 878 F.2d at 212-13 (upholding order restricting

plaintiff from filing any suit without permission from district court); see also *Support Sys. Int'l*, 45 F.3d at 186 (noting that "perpetual orders are generally a mistake" and enjoining plaintiff, with some exceptions, from filing papers until he paid sanctions). On the other hand, courts have rejected as overbroad filing bars in perpetuity: See *Miller*, 541 F.3d at 1096-99 (injunction permanently preventing plaintiff from obtaining in forma pauperis status was overbroad); *Cromer*, 390 F.3d at 819 (striking down as overbroad order preventing plaintiff from ever again filing documents in a particular case); *Ortman*, 99 F.3d at 810-11 (order permanently preventing plaintiff from filing civil suits arising from same facts as current suit was overbroad); *Cok v. Fam. Ct. of Rhode Island*, 985 F.2d 32, 34-35 (1st Cir. 1993) (finding overbroad injunction preventing plaintiff from ever again filing pro se suits); *Delong*, 912 F.2d at 1148 (order permanently preventing plaintiff from filing any papers in a particular district court was overbroad); *Procup*, 792 F.2d at 1071 (injunction preventing plaintiff from filing suits pro se in perpetuity was overbroad).

Reviewing the Committee's order deferentially, we believe that its filing bar-albeit more restrictive than the bars we have previously examined, see *Chapman*, 328 F.3d at 905-06; *Davis*, 878 F.2d at 212-is in line with bars approved by other courts. Under the Committee's order, Chapman may request review of the filing bar in six months. The order is thus not an absolute bar, since it contains a provision under which the restriction may be lifted. See, e.g., *Support Sys. Int'l*, 45 F.3d at 186 (barring plaintiff from filing new suits unless he paid sanctions and permitting him to request review of filing bar in two years); *Verdone*, 73 F.3d at 674-75 (same). The filing bar is also narrowly tailored to Chapman's abuse of the courts. The Committee was justified in imposing a more restrictive filing bar because previous, less stringent filing restrictions have failed to deter Chapman from filing frivolous and repetitive lawsuits. See *Baum*, 513 F.3d at 188 (sua sponte modification of filing injunction was permissible where litigant continued to engage in abusive litigation practices after initial injunction was issued); *Riccard*, 307 F.3d at 1298-99 (district court properly expanded scope of injunction where plaintiff had tried to evade filing restrictions). We therefore conclude that the Executive Committee did not abuse its discretion in imposing a more restrictive filing bar.

54.   *Deelen v. City of Kansas City, Missouri*, No. 06-1896 (8th Cir. 10/19/2007):

Van Deelen also appeals the district court's order imposing sanctions for his conduct during trial of the matter. We affirm, but we modify the sanctions order. We find that the district court did not abuse its discretion in imposing the monetary sanction of $6,000. See *Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (standard of review of court's sanctions under inherent authority); *MHC Investment Co. v. Racom Corp.*, 323 F.3d 620, 624 (8th Cir. 2003) (standard of review for sanctions under Fed. R. Civ. P. 11). After finding that Van Deelen had filed the lawsuit maliciously to vex and annoy the City, the court also enjoined Van Deelen from filing any future pro se litigation against the City, or its agents and employees, and ordered him to obtain counsel within 30 days in any pending litigation against the City or its agents and employees arising out of his termination or any related matter, or to dismiss the matter. While we agree with the district court that some filing restrictions were appropriate, see *Ruderer v. United*

*States*, 462 F.2d 897, 899 (8th Cir. 1972) (per curiam), ~~we modify the injunction to apply only to actions filed in federal district courts within this circuit~~. See *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1344-45 (10th Cir. 2006) (district court erred in placing filing restrictions on federal district courts outside Tenth Circuit, state courts, and courts of appeals).

55.     *Clemmons v. United States*, No. 08-4012 (6th Cir. 05/05/2010):

We first observe that we reject the Government's argument that "[r]efusal to permit a particular motion to be filed, due to filing restrictions, is not itself a final, appealable order" under 28 U.S.C. § 1291, and conclude that this post judgment order is appealable because it "disposes of all issues raised in the motion." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010); see also *Solis v. Current Dev. Corp.*, 557 F.3d 772, 776 (7th Cir. 2009) ("[A]n order that addresses all the issues raised in the motion that sparked the post judgment proceedings is treated as final for purposes of section 1291."); *United States v. Gonzales*, 531 F.3d 1198, 1202 (10th Cir. 2008) (although finding of contempt not "final" pre-judgment, it is "final" post-judgment); *Roose v. Patrick*, 98 F. App'x 719, 723 (10th Cir. 2004) (where district court order struck documents from docket for not complying with filing restrictions, there was "no question that the order fully disposed of all the issues raised in [the] motion.").

The district court imposed filing restrictions because it found Clemmons had "abused the judicial process by his repeated meritless filings and refusal to comply with the clear directions of the Court and applicable statutes, as well as, the Rules of Civil Procedure." The filing restrictions the district court imposed required Clemmons to obtain prior approval of the court for "further filings under this case number in collateral attack upon his conviction and/or sentence." This description encompasses the Rule 36 motion Clemmons sought to file here.

56.     *In re Phillips*, 19-1635 (7th Cir. 07/30/2019):

Courts have ample authority to curb abusive and repetitive litigation by imposing filing restrictions, so long as the restrictions are narrowly tailored to the nature and type of abuse. *See In re Anderson*, 511 U.S. 364, 365-66 (1994). The Executive Committee's filing restriction does not preclude or unduly burden Phillips from submitting new, nonfrivolous filings. *See Davis*, 878 F.2d at 213. It requires merely that the Clerk's Office screen her new civil filings. And it allows her to defend herself in criminal actions, file a habeas corpus petition or other extraordinary writ, or appeal to this court or the Supreme Court of the United States. *See, e.g., Chapman*, 328 F.3d at 905-06; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Given Phillips's past litigation history, her misconduct after the Executive Committee's 2011 order, *see Phillips*, 18-2164, and the absence of any assurance that her misconduct will stop, we see no flaw with the Committee's 2019 decision to reject Philip's motion to lift these filing restrictions.

57.     *Stebbins v. Stebbins*, 14-1845 (8th Cir. 09/26/2014):

David Stebbins appeals following the district court's[1] pre-service dismissal of his pro se action, in which he alleged that defendants, his parents, improperly listed him as a dependant on their tax returns.

In dismissing Stebbins's complaint, the district court concluded that Stebbins had a history of frivolous litigation and had abused the privilege of proceeding in forma pauperis; the court thus imposed restrictions on Stebbins's future filings. Specifically, the court limited the number of cases that Stebbins could file in the Western District of Arkansas to no more than one case every three months, and only upon payment of a $50 bond, refunded if the complaint was adjudged not frivolous. The court added that nothing in its order prohibited Stebbins from proceeding with counsel, from defending himself in a lawsuit brought against him, or from filing a claim in which he alleged immediate, extraordinary, and irreparable physical harm. Stebbins challenges the dismissal of the action, and the imposition of filing restrictions.

Upon careful de novo review, *see Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we conclude that the district court properly dismissed the complaint for failure to state a claim. We also conclude that the court did not abuse its discretion in imposing the filing restrictions, because it is undisputed that Stebbins has proceeded in forma pauperis on at least sixteen complaints that proved meritless, and has filed numerous frivolous motions, since May 2010; and he had the opportunity to, and did, file objections to the magistrate judge's report recommending the restrictions. *See Day v. Day*, 510 U.S. 1, 2 (1993) (per curiam) (court may impose filing restrictions where individual has filed numerous frivolous pleadings); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988) (per curiam) (standard of review); *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981) (in imposing pre-filing review procedure, appellant's opportunity to respond to materials and arguments was sufficient). Further, in these circumstances, we conclude that the restrictions are not unduly harsh. *Cf. Tyler*, 839 F.3d at 1292-93 (affirming order that prospectively limited plaintiff to filing one in forma pauperis complaint per month); *Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980) (per curiam).

58.    ***Phox v. Virtuoso Sourcing Group, LLC***, 17-3254 (8th Cir. 07/02/2018):

Given Phox's history of filing frivolous lawsuits, we also find no abuse of discretion in the district court's imposition of the filing restrictions. *See In re Tyler*, 839 F.2d 1290, 1290-95 (8th Cir. 1988) (per curiam) (noting that courts have discretion to place reasonable restrictions on litigant who abuses judicial process); *see also Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981) (per curiam) (reviewing filing restriction for abuse of discretion).

59.    ***Akins v. Nebraska Court of Appeals and Supreme Court Justices***, 15-1247 (8th Cir. 06/18/2015):

Samar Akins appeals the district court's[1] preservice dismissal of his pro se complaint, and the district court's imposition of filing restrictions. Upon careful review, we conclude

35

that the dismissal of Akins's complaint was proper because, among other reasons, he failed to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (although legal conclusions can provide framework of complaint, they must be supported by factual allegations that plausibly give rise to entitlement to relief); *see also Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (28 U.S.C. § 1915(e)(2)(B)(ii) dismissal is reviewed de novo). We further conclude that the district court did not abuse its discretion by imposing the filing restrictions. *See In re Tyler*, 839 F.2d 1290, 1290-91, 1294 (8th Cir. 1988) (per curiam) (affirming restrictions that limited litigant to single monthly pro se filing, and required him to provide certain documentation related to other filings); *see also Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (imposition of sanctions under court's inherent authority is reviewed for abuse of discretion). Accordingly, we affirm. *See* 8th Cir. R. 47B. We also deny Akins's pending motion.

60.    ***Henry v. United States***, No. 09-2398 (7th Cir. 01/14/2010):

Courts have ample authority to curb abusive and repetitive litigation with the imposition of a number of filing restrictions, so long as the restrictions imposed are narrowly tailored to the nature and type of abuse and do not pose an absolute bar to the courthouse door. See *In re Anderson*, 511 U.S. 364, 365-66 (1994); *Miller v. Donald*, 541 F.3d 1091, 1096-98 (11th Cir. 2008); *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003); In re Davis, 878 F.2d 211, 212-213 (7th Cir. 1989). We review filing restrictions under the abuse of discretion standard. *Miller*, 541 F.3d at 1096. In this case, the Executive Committee issued an order that was narrowly tailored to prevent Henry from continuing to file suits regarding his 1999 tax liability and stop his repetitive abusive conduct in the Northern District. Furthermore, the order is not an absolute bar as it also provides a provision under which the restriction may be lifted. Without this order, it is clear that Henry would continue to file new lawsuits regarding his 1999 tax liability as evidenced by the factual situation presented. "[T]he right of access to the federal courts is not absolute; rather, an individual is only entitled to meaningful access to the courts." *In re Chapman*, 328 F.3d at 905 (internal citations omitted). Thus, the court properly exercised its discretion in restricting Henry's ability to file and the trial judge correctly applied the order in dismissing this case.

61.    ***Stone v. Roseboom***, 19-3093 (7th Cir. 03/19/2020):

On appeal, Stone argues that the filing restriction is unreasonable and violates his right to due process because he "cannot file any more lawsuits" or conduct "any business" in the Northern District of Indiana. We will put to the side whether Stone has forfeited a challenge to the merits of the filing restriction by forgoing his earlier appeal; he loses anyway. On the merits, *meaningful* access to the courts is the only legal interest he may invoke. See *Lewis v. Casey*, 518 U.S. 343, 351 (1996). And courts have ample authority to restrict meaningless-that is, frivolous-suits through filing restrictions, *see In re Anderson*, 511 U.S 364, 365-66 (1994); *see also Support Sys. Int'l, Inc.*, 45 F.3d at 186, as long as the restrictions are narrowly tailored to the litigant's conduct and do not bar the litigant from the courthouse completely. *See In re Chapman*, 328 F.3d 903, 906 (7th Cir.

2003); *see also* 45 F.3d at 186. That qualification is met here. The filing restriction arose because three warnings failed to deter Stone from ignoring the court's order to desist from frivolous filings, it is time-limited, and it excludes appeals, criminal actions, or other filings necessary to contest imprisonment or confinement.

62.    *Williams v. Preckwinkle*, 19-2214 (7th Cir. 11/04/2019):

The Executive Committee of the Northern District of Illinois designated Williams as a restricted filer after she filed 10 lawsuits in that district between June 19, 2018 and July 31, 2018. The order enjoined Williams from filing *pro se* any new civil cases in the district without first obtaining leave. The order set forth clear instructions for how Williams could obtain permission to file a new lawsuit and explained that leave would not be granted to file a legally frivolous complaint or one that duplicated existing cases. Williams appealed, but her appeal was dismissed for failure to prosecute. She continued to file lawsuits in the Northern District, and the Executive Committee eventually modified its order to require that her filings be returned to her unopened.

63.    *Mustafa v. NSI International Inc.*, 16-4270 (7th Cir. 05/15/2017):

The district court also granted the defendants' motion for sanctions. It reasoned that Mustafa's claims were frivolous and likely intended to harass the defendants. After Mustafa mailed Monopoly money to the court as "payment" for the sanctions, the defendants also moved to enjoin her from initiating further litigation. The district court referred the defendants' motion to the district court's Executive Committee, which granted the motion and barred her from filing new civil suits without its prior approval.

Mustafa also challenges the constitutionality of the Executive Committee prohibition against filing new civil actions without prior approval. We repeatedly have rejected constitutional challenges to filing restrictions so long as the restriction does not "bar the courthouse door" entirely. *See In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003). Because the restriction here merely requires Mustafa to receive court approval before launching a new suit, the courthouse door remains open to her.

64.    *Hurt v. Ferguson*, 15-2814 (7th Cir. 01/20/2016):

Tyrone Hurt, a resident of Washington, D.C., is a serial filer of frivolous and indecipherable lawsuits. In this latest illegible complaint, Hurt has sued a swath of defendants, including the cities of Ferguson, Missouri; Cleveland, Ohio; and Baltimore, Maryland; "forty-seven (47) states"; the federal government; and "all law enforcement officials within this nation." The district court screened Hurt's complaint under 28 U.S.C. § 1915(e)(2) and dismissed the case as frivolous. After noting that Hurt previously had filed eight other frivolous suits in the Southern District of Indiana and been warned that further frivolous filings risked sanctions, the court imposed a bar prohibiting Hurt from filing any new cases in the district without prepaying the filing fee. The district court noted that other courts had also imposed filing restrictions on Hurt. *See, e.g., Hurt v. Soc.*

37

*Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008); *Hurt v. United States*, 2013 WL 6489951 (D. Mass. Dec. 5, 2013).

This appeal is frivolous. We agree with the district court's dismissal in this case and think the imposition of sanctions against Hurt was proper. In addition to the eight frivolous lawsuits filed in the Southern District of Indiana, Hurt also has filed two suits in the Western District of Wisconsin and ten appeals to this court.

65.    *Kolosky v. State of Minnesota*, No. 06-2182 (8th Cir. 12/06/2007):

We also conclude that the imposition of filing restrictions on Kolosky was warranted, see *In re Tyler*, 839 F.2d 1290, 1290-95 (8th Cir. 1988) (per curiam)....

66.    *In re Taylor*, 417 F.3d 649 (7th Cir. 07/29/2005):

In a third action filed that day, Taylor sued two of the same defendants-Paul Logli and the City of Rockford- and added Gloria Lind, Winnebago County Clerk, and a state judge, Judge Penniman, as defendants. Taylor claimed that Lind and Judge Penniman participated in the marriage scam created by Paul Logli. Judge Reinhard dismissed the case as frivolous and malicious under 28 U.S.C. § 1915A. He also held that Taylor had used up his allotted three strikes under 28 U.S.C. § 1915(g) and would be subject to future filing restrictions.

67.    *McPherron v. District Attorney of County of Chester*, 14-4336, 15-1415 (3d Cir. 07/29/2015):

We will also vacate the filing restrictions. By way of further background, McPherron has filed six other actions in the District Court, five of which are summarized in the margin.[4] In E.D. Pa. Civ. No. 2-13-cv-04477, McPherron filed another habeas petition along with a series of motions virtually identical to those at issue here. By order entered September 23, 2013, the District Court summarily dismissed that petition and directed McPherron to show cause "why he should not be hereafter enjoined from filing further complaints in this Court without first obtaining Court approval." (ECF No. 11.) McPherron filed a response, but the District Court took no action on the show cause order at that time and has taken none in that case. McPherron did not appeal from that ruling.

After McPherron continued to file motions in this proceeding, the District Court then imposed the two filing restrictions at issue here. The District Court ordered its Clerk "to reject and return any and all future filings which Plaintiff endeavors to file in this matter." (ECF No. 147 at 2.) The District Court also ordered that "Petitioner is now HEREBY ENJOINED FROM FILING ANY new action or proceeding in the [District Court] without first obtaining leave of this Court in accordance with the procedures specified hereafter[.]" (*Id.*)

Filing injunctions "are extreme remedies and should be . . . sparingly used." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). They are not appropriate "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Brow*, 994 F.2d at 1038. Such injunctions require prior notice and "must be narrowly tailored to fit the particular circumstances of the case before the District Court." *Id.* We assume for present purposes that the order to show cause entered over one year earlier in E.D. Pa. Civ. No. 2-13-cv-04477 gave McPherron adequate notice that he faced imposition of a filing injunction for his conduct in this case. Under the circumstances, however, neither restriction can stand.

Taking them in reverse order, McPherron has been an abusive litigant in the relatively small number of actions he has filed thus far, but his institution of those actions does not warrant a restriction on his ability to file future actions of any kind. The District Court appears to have concluded that it does because McPherron repeatedly raised "matters that have been fully and finally adjudicated to conclusion in this Court in this Civil Action and in Civil Action Nos. 10-3851, 10-4125, 13-4010, 13-4477, 14-1177, 14-4010 and 14-4125." (ECF No. 147 at 1.)

The District Court's reliance on most of these actions, however, was misplaced. McPherron's habeas proceeding at No. 13-4477 was indeed duplicative of this case because it sought to assert the same habeas claims, but those claims have not been "fully and finally adjudicated to conclusion." All that has been "fully and finally adjudicated to conclusion" is that McPherron may not proceed with his habeas claims without first exhausting his state-court remedies, and several of McPherron's motions were based on new developments in state court legitimately suggesting that the exhaustion requirement should be deemed satisfied. Thus, these circumstances do not warrant a blanket restriction on his ability to file any future actions of any kind. *See Chipps v. U.S. Dist. Ct.*, 882 F.2d 72, 73 (3d Cir. 1989).[6]

Nor is there a basis to preclude McPherron from filing any further documents in this proceeding because, in light of our remand, he may be entitled to file additional documents depending on how the District Court elects to proceed. We recognize that, some legitimate arguments regarding exhaustion aside, his motions appear largely delusional and incoherent. Their number and repetitive nature also make them vexatious and abusive. We certainly do not condone McPherron's repetitive filings, and we understand both the District Court's frustration and its need to ensure that he ceases to consume an inordinate amount of its time. Now that we are remanding, however, the District Court will need to reconsider how best to do so. McPherron is cautioned that, if he persists in filing repetitive motions on remand, the District Court may well be within its discretion in imposing future filing restrictions.[7]

68.  *In re Judd*, No. 05-8000 (3d Cir. 07/20/2007):

In a case in the Fifth Circuit imposing monetary sanctions against Mr. Judd for failing to comply with filing restrictions, the Court ordered, "The clerk of this court and the clerks of all the district courts within this Circuit are hereby DIRECTED to refuse to file any

action, appeal, motion, or pleading by Judd unless Judd submits proof of the satisfaction of his monetary sanctions." *Judd v. Winn*, 81 Fed. Appx. 479, 480 (5th Cir. 2003). We will impose a similar restriction on Mr. Judd's ability to file any type of complaints, motions, pleadings, amendments, appeals, petitions, applications or any other type of action or filings in the courts of this Circuit until such time that the monetary sanction for his contempt has been paid.

69.    ***Cowhig v. West***, 181 F.3d 79 (1st Cir. 04/02/1999):

Having scrutinized the record and the parties' submissions, we affirm the order of dismissal and the injunction against further filings essentially for the reasons recited by the district court. We add only the following comments.

It is well established that courts have the power to issue injunctions "barring a party ... from filing and processing frivolous and vexatious lawsuits." *Gordon v. United States Dep't of Justice*, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam). While such measures are "the exception to the general rule of free access to the courts," *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980), the district court was justified here in concluding that injunctive relief was warranted. Plaintiff has now filed five meritless actions in the District of Massachusetts, and at least two others elsewhere, pertaining to the same incident--his 1962 discharge from the Army. Where a litigant has demonstrated a "propensity to file repeated suits ... involving the same or similar claims" of a "frivolous or vexatious nature," a bar on further filings is appropriate. *Castro v. United States*, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam); accord, e.g., *Pavilonis*, 626 F.2d at 1078 (noting that "plaintiffs bent on reopening closed cases" fit into "classic mold" for injunctive relief).

Nor does the injunction here suffer from any of the deficiencies that have been cited in other cases. **Plaintiff was given ample "notice that filing restrictions were contemplated."** *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) (per curiam). **The court made adequate findings demonstrating the need for an injunction, and the record was "sufficiently developed" to support those findings.** Id. **And the injunction was "narrowly drawn to fit the specific vice encountered."** Castro, 775 F.2d at 410. For example, it pertains only to filings in the local district court, brought against the United States or an agency or employee thereof, involving the 1962 discharge. And it allows plaintiff, with leave of court, to make new filings upon a showing that they are not barred by res judicata.

70.    ***In Re: Jerome***, No. 10-1993 (4th Cir. 02/28/2011):

Jerome Julius Brown, Sr. appeals the district court's standing order imposing pre-filing restrictions on Brown. We have reviewed the record and find no abuse of discretion or reversible error. Accordingly, we affirm for the reasons stated by the district court. See *In re Jerome Julius Brown*, No. 3:10- mc-00010-REP (E.D. Va. July 28, 2010).
*In re Ross*, 15-2222 (3d Cir. 06/08/2017):

Here, three aspects of the filing injunction, none of which were explained by the Bankruptcy Court, together suggest the Bankruptcy Judge abused his discretion in issuing the broad and indefinite filing injunction. First, **the filing injunction went beyond what AmeriChoice requested**. AmeriChoice only asked that the Bankruptcy Court either restrict Raymond's filings for 180 days or bar the application of the automatic stay to AmeriChoice's attempts to sell the Rosses' property. The Bankruptcy Court, however, barred Raymond from making any bankruptcy filings anywhere for the indefinite future-there was no temporal or geographic limitation-except when the court grants its express permission.

We will vacate the Bankruptcy Court's filing-injunction order and remand the case to the Bankruptcy Court for further proceedings consistent with this opinion.

71. *Robinson v. State of New Jersey Mercer County Vicinage-Family Division*, 13-2357, 13-3638 (3d Cir. 04/04/2014):

We also conclude that the District Court did not abuse its discretion in enjoining Robinson from filing any new case, proceeding, motion, or other litigation document without written permission. A District Court has broad power under 28 U.S.C. § 1651 to issue an injunction to restrict the filing of meritless pleadings. But such an injunction is an extreme measure that must be narrowly tailored and sparingly used." *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). Accordingly, we have held that "[t]he broad scope of the District Court's power . . . is limited by two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Neither of those tenets has been abridged here. In the order entered on April 23, 2013, the District Court noted that, in the two months following our remand, Robinson had filed at least seven motions.[2] In addition, the District Court recognized a letter from the defendants, which stated that they could not "present a complete cross-motion for summary judgment when Robinson bombards this Court and defendants with motions that would clearly have an impact on a motion for summary judgment." Notably, the District Court later clarified, and effectively narrowed, its April 23, 2013 order, stating that it was intended "to allow Defendants an opportunity to respond to pending motions and file a cross-motion for summary judgment." The District Court also specifically provided that Robinson was not "preclude[d] . . . from filing opposition or reply papers in accordance with the Federal Rules of Civil Procedure." Thereafter, Robinson opposed the filing injunction, as well as the defendants' cross-motion for summary judgment. Under the circumstances, we are satisfied that there has been no abuse of discretion.

72. *Tommie H. Telfair; Catrina R. Gatling v. Office of the U.S. Attorney, Agent(S) For the Government, and*, No. 10-4193 (3d Cir. 09/01/2011):

Tommie Telfair appeals pro se and in forma pauperis from the United States District Court for the District of New Jersey's dismissal of his cause of action, the denial of his

41

motion for reconsideration, and the issuance of limitations on his right to file documents and future civil actions in the District Court. For the reasons that follow, we will summarily affirm the District Court's August 9, 2010 order. We will also summarily affirm the October 10, 2010 order to the extent that it denies Telfair's motion for reconsideration, but we will vacate the filing restrictions and remand for further proceedings on that issue.

We also consider the District Court's decision to restrict Telfair's right to file documents and future suits in the District of New Jersey. Orders restricting the filing of documents from certain litigants are within a district court's power under the All Writs Act, 28 U.S.C. § 1651. In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). A "district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute. *"Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (emphasis omitted). We have, however, held that a district court must comply with certain procedural requirements before issuing this type of injunction against a pro se litigant. Significantly for purposes of this case, we have explained that "the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (citations omitted).

We agree with the District Court that Telfair's litigation practices likely constitute an abuse of the judicial system, warranting a limitation on his access to the courts. However, Telfair is entitled to notice before such an injunction is issued so that he may have an opportunity to show cause why he should not be enjoined. See id. Given the absence of proper notice here, we will vacate the injunction imposed and remand so that Telfair can be afforded an opportunity to respond.

73.    ***Steven Jude Hoffenberg v. Judge Renee Marie Bumb Named Defendant, In Prospective Injunctive***, No. 11-1268 (3d Cir. 06/09/2011):

Steven Jude Hoffenberg, proceeding pro se and in forma pauperis, appeals the District Court's sua sponte dismissal with prejudice of his fourth amended complaint. The District Court also imposed limitations upon Hoffenberg's right to file future civil actions in the District Court for the District of New Jersey. For the reasons set forth below, we will summarily affirm the dismissal of the fourth amended complaint, but we will vacate the filing restrictions and remand for further proceedings on that issue.

==District Court did not afford notice of the particular order that it intended to enter== ==placing restrictions upon Hoffenberg's right to file== suit. As a result, Hoffenberg did not have an opportunity to object before the order was entered. As we have explained, "[i]f the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. This ensures that the litigant is provided with the opportunity to oppose the court's order before it is instituted." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (citation omitted, emphasis added); see In re Oliver, 682 F.2d at 446 (concluding that a

42

remand was warranted where the district court failed to provide litigant with notice and an opportunity to oppose an order restricting future filings).

Given the absence of proper notice here, we will vacate the injunction imposed and remand so that Hoffenberg can be afforded an opportunity to respond. We express no view on whether Hoffenberg's conduct, in this case or in the others cases cited by the District Court, would support entry of an order restricting his right to file future litigation. That issue is best left to the District Court in the first instance, in the sound exercise of its discretion, after it considers Hoffenberg's objections and weighs them against the record and the need to curtail potentially abusive future litigation.

74.    ***Sires v. Fair***, 107 F.3D 1 (1st Cir. 02/10/1997):

In respect to the injunction, federal courts do "possess discretionary powers to regulate the conduct of abusive litigants." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993). Accordingly, "in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious [motions] may be appropriate." *Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1984). Nevertheless, any bar must be "narrowly tailored." *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984), lest it "impermissibly infringe upon a litigator's right of access to the courts," Castro, 775 F.2d at 410. Such an injunction must "remain very much the exception to the general rule of free access to the courts" and must be used with particular caution against a pro se plaintiff. *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980). This court reviews entry of such injunctions for abuse of discretion. Id. at 408.

The injunction in this case is more problematic. Sires was not "warned or otherwise given notice that filing restrictions were contemplated," *Cok*, 985 F.2d at 35; he had not been afforded "an opportunity to respond" before entry of the injunction, see id.; and there was no request from the defendants for such an order, see *Pavilonis*, 626 F.2d at 1079 ("Generally, this kind of order should not be considered absent a request by the harassed defendants."). While no one of these factors, standing alone, would necessarily invalidate the injunction, they are fatal here because it is unclear that the record supports the injunction. Denial of routine access to the courts is an "extreme" measure, and "[l]itigiousness alone will not support [such] an injunction." Id. Here, however, the district court made no findings that Sires' filings had been frivolous, vexatious, or otherwise of a type and kind that would justify injunctive relief. Therefore, the fairest course here is to vacate the injunction and remand the case for such further proceedings, if any, as the district court desires to undertake.

75.    ***Cok v. Forte***, 69 F.3D 531 (1st Cir. 11/07/1995):

We are also persuaded that the imposition of a narrow, well-defined injunction against plaintiff Cok was justified. The basis for the injunction is well supported in the record. The filing restrictions set out in the order are grounded in a comprehensive history of Cok's ten-years of litigation, were entered after notice, hearing and the opportunity to

object, and are unambiguously "tailored to the specific circumstances presented." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993).

76.    ***Hart v. United States***, 21 F.3d 419 (1st Cir. 03/22/1994):

Hart alleges a violation of his due process rights by virtue of the fact that the injunction was not requested by the government, but was entered by the court sua sponte. Sua sponte entry of such an injunction, however, is improper only where the plaintiff is "not warned or otherwise given notice that filing restrictions were contemplated." Id. at 35. Here, by contrast, Hart was given ample notice of the issue and ample opportunity to respond before the court finalized the injunction on June 23, 1992.

77.    ***Dinardo v. Palm Beach County Circuit Court Judge***, 199 Fed.Appx. 731 (11th Cir. 07/18/2006):

To the extent the Dinardos are contending that the dismissal was erroneous by contesting the validity of the injunctive order, under the All Writs Act, "[t]he Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A court's power to protect its jurisdiction under this Act includes: the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (citing *Procup v. Strickland*, 792 F.2d 1069, 1079 (11th Cir. 1986) (en banc)); see also *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099-1102 (11th Cir. 2004) (discussing in detail the All Writs Act).

In issuing the instant injunctive order, the prior federal court explained that the order was in response to "the history of facially deficient complaints filed by the pro se plaintiffs in the federal district court for the Southern District of Florida." The Dinardos have not challenged the court's finding in the injunctive order that the Dinardos, appearing individually or in combination, had filed seven different pro se lawsuits in the District Court for the Southern District of Florida against various public officials and judicial officers over the preceding year, including a suit arising out of their disagreement with a property-foreclosure judgment entered by the defendant in the instant case.

Furthermore, although the Dinardos are asserting that this injunctive order exceeded the issuing court's powers under the All Writs Act by depriving them of their First Amendment right to access the courts, and they are contending that their access is blocked because the district court generally does not review pleadings in unopened cases, they have failed to cite to supporting authority for this argument. To the contrary, in *Prokup*, we explained, in an en banc decision, that, although the district court's injunction at issue in that case was overbroad, district courts generally have "[c]onsiderable discretion" in designing these injunctions, including authority to impose serious

44

restrictions on a defendant bringing matters before the court without an attorney, as long as the defendant is not completely foreclosed from "any access to the courts." See Prokup, 792 F.2d at 1073-74. Thus, we have upheld dismissals of pro se actions where the plaintiffs, who were frequent litigators, violated injunctions prohibiting them from filing or attempting to initiate any new lawsuits in any federal court without first obtaining leave of the court. See Martin-Trigona v. Shaw, 986 F.2d 1384, 1387-88 (11th Cir. 1993) (listing cases where this Court has upheld pre-filing restrictions on litigious plaintiffs). Because the injunctive order the Dinardos are challenging similarly did not completely foreclose them from "any access to the courts," the prior court had authority under the All Writs Act to issue it and the district court did not err in relying on this order in dismissing the instant act.

78.  *In re Lloyd*, No. 03-20710 (5th Cir. 02/12/2004):

This appeal is the latest in a series of frivolous filings by Appellants Claude Hugh Lloyd and Cassondra Jean Lloyd. Over the past several years, Mr. and Mrs. Lloyd have burdened this court and the district court with numerous motions and briefs apparently designed to obstruct the seizure of their real property for nonpayment of property taxes. This strategy finally forced the district court to dismiss all pending cases filed by the Lloyds in the bankruptcy and district courts of the Southern District of Texas and to impose pre-filing restrictions requiring the Lloyds to obtain the court's permission before filing any new letters or pleadings. A panel of this court affirmed that order, dismissed the Lloyds' appeal as frivolous, and imposed sanctions. The panel also ordered the clerk not to accept any further filings from the Lloyds until they had paid the sanctions. Although the Lloyds have failed to pay the sanctions, the clerk's office accepted the Lloyd's latest brief and motions because they had filed the notice of appeal in the present appeal prior to the imposition of sanctions.

79.  *In re Erde*, CC-18-1321-FLS, Bk. 2:18-bk-20200-VZ (9th Cir. 06/06/2019):

The Ninth Circuit has held that, before courts can declare a litigant vexatious and impose pre-filing restrictions, they must:

(1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)). In evaluating the final two factors, courts must consider: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

whether other sanctions would be adequate to protect the courts and other parties. *Id.* (quoting *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1058 (9th Cir. 2007).

80.    ***In re Erde***, CC-19-1022-GTaS, CC-19-1139-GTaS, Bk. 2:18-bk-20200-VZ (9th Cir. 12/03/2019):

The Ninth Circuit has held that, before courts can declare a litigant vexatious and impose pre-filing restrictions, they must:

(1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart,* 761 F.3d at 1062 (quoting *De Long v. Hennessey,* 912 F.2d 1144, 1147-48 (9th Cir. 1990)). In evaluating the final two factors, courts must consider: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* (quoting *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1058 (9th Cir. 2007).

The bankruptcy court gave Mr. Erde notice and an opportunity to oppose the vexatious litigant order by issuing the order to show cause and conducting a hearing. It also compiled a list of prior actions initiated by Mr. Erde against the Bodnar Parties and attached two rulings which meticulously described his litigation history.

The bankruptcy court then made substantive findings that Mr. Erde's litigation was frivolous and harassing because Mr. Erde's effort to obtain 50% of the alleged partnership assets had been previously ruled upon in several prior cases and was barred by claim preclusion.

Finally, the bankruptcy court limited its pre-filing order to causes of action against the Bodnar Parties and permitted Mr. Erde to obtain permission to file actions that were demonstrably not vexatious and not barred by claim preclusion or issue preclusion.

81.    ***Caruso v. Washington State Bar Association 1933***, 18-35557 (9th Cir. 03/19/2019):

The district court gave Eugster notice and an opportunity to be heard, created an adequate record for review, and made substantive findings as to the frivolous or harassing nature of

Eugster's prior actions. However, the district court's order is not narrowly tailored to Eugster's abuses because it imposes pre-filing restrictions on lawsuits "against the WSBA, its employees, or agents" and facial challenges to "Washington State's attorney bar system," without limiting the types of claims or challenges to those that Eugster had been filing vexatiously. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-67 (9th Cir. 2014) (discussing procedural and substantive standards for a federal pre-filing order based on a vexatious litigant determination). We vacate entry of the pre-filing order and remand for the district court to enter a pre-filing order that is narrowly tailored to the claims that Eugster has previously brought.

82.    *Hiramanek v. Judicial Council of California*, 16-17119 (9th Cir. 02/22/2019):

The district court did not abuse its discretion by declaring Hiramanek a vexatious litigant and imposing pre-filing restrictions because the district court gave Hiramanek notice and the opportunity to oppose the pre-filing order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-58 (9th Cir. 2007) (setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant). Contrary to Hiramanek's contention, the district judge did not lack authority to impose pre-filing restrictions on Hiramanek after issuing an order to show cause.

83.    *Moore v. Wells Fargo Bank, N.A.*, 18-55768 (9th Cir. 01/23/2019):

The district court did not abuse its discretion in declaring Moore to be a vexatious litigant and imposing pre-filing restrictions **because the district court gave Moore notice and the opportunity to oppose the pre-filing order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct.** *See Molski*, 500 F.3d at 1056-58 (setting forth factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant). Contrary to Moore's contentions, the magistrate judge did not act without jurisdiction because the district judge entered the final order, *see* 28 U.S.C. § 636(b)(1); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)), and the district court's pre-filing restrictions on Moore's future filings are specific and clear.

84.    *In re Hunt*, 15-56225 (9th Cir. 07/05/2017):

The district court did not abuse its discretion in declaring Hunt a vexatious litigant and imposing pre-filing restrictions because **the court gave Hunt notice and the opportunity to oppose the order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct.** *See Molski*, 500 F.3d at 1057.

85.    *Little v. State of Washington*, 14-35815 (9th Cir. 11/07/2016):

47

The district court did not abuse its discretion by declaring the Maxwells vexatious litigants and entering a pre-filing order against them after **providing them with notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding their frivolous litigation history, and tailoring the restriction narrowly.** *See id.* at 1057, 1058-61 (discussing factors to consider before imposing pre-filing restrictions).

86.  *Maxwell v. Moab Investment Group, LLC,* 14-17334 (9th Cir. 01/28/2016):

The district court did not abuse its discretion by declaring the Maxwells vexatious litigants and entering a pre-filing order against them after **providing them with notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding their frivolous litigation history, and tailoring the restriction narrowly.** *See id.* at 1057, 1058-61 (discussing factors to consider before imposing pre-filing restrictions).

87.  *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d 1057 (9th Cir. 08/04/2014):

Out of regard for the constitutional underpinnings of the right to court access, " pre-filing orders should rarely be filed," and only if courts comply with certain procedural and substantive requirements. *De Long,* 912 F.2d at 1147. When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and " an opportunity to oppose the order before it [is] entered" (2) compile an adequate record for appellate review, including " a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed" (3) make substantive findings of frivolousness or harassment, and (4) tailor the order narrowly so as " to closely fit the specific vice encountered." *Id.* at 1147-48.

88.  *Arthur Scott West, I, State Ex Rel v. Marti Maxwell; et al,* No. 10-35909 (9th Cir. 09/25/2012):

The district court did not abuse its discretion by ordering pre-filing restrictions against West based on his history of bringing frivolous and harassing litigation. See *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (setting forth standard of review and discussing four factors for ordering pre-filing restrictions)

89.  *In re Erde,* BAP CC-19-1043-LSTa, Bk. 2:18-bk-20200-VZ (9th Cir. 11/15/2019):

Before a court can declare a litigant vexatious and impose pre-filing restrictions, it must: (1) give the litigant notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases

and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)).

In evaluating the final two factors, courts must consider: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* (citing *Molski*, 500 F.3d at 1058).

90.    ***Bernier v. Travelers Property Casualty Insurance Co.***, 18-55146 (9th Cir. 08/22/2018):

The district court did not abuse its discretion by declaring plaintiffs vexatious litigants and imposing a pre-filing order against them because it gave plaintiffs notice and an opportunity to be heard, developed an adequate record for review, made findings regarding their frivolous litigation history, and narrowly tailored the restrictions in the pre-filing order. *See Molski*, 500 F.3d at 1056-61 (discussing factors to consider before imposing pre-filing restrictions).

91.    ***In re Bertran***, BAP AK-17-1139-LBF, Bk. 4:12-bk-501-FC (9th Cir. 04/06/2018):

The All Writs Act, 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Ninth Circuit Court of Appeals has not explicitly held that bankruptcy courts are "courts established by Congress" such that they are authorized to issue writs under the All Writs Act. But it is beyond dispute that federal courts, including district courts, "have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) ("We recognize that there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."). Relying on these authorities, bankruptcy courts in the Ninth Circuit have concluded that they have the power to regulate vexatious litigation under § 105(a) and 28 U.S.C. § 1651(a). *See Stanwyck v. Bogen (In re Stanwyck)*, 450 B.R. 181, 200 (Bankr. C.D. Cal. 2011); *Goodman v. Cal. Portland Cement Co. (In re GTI Capital Holdings, LLC)*, 420 B.R. 1, 11 (Bankr. D. Ariz. 2009).

49

This power includes the power to issue restrictive pre-filing orders against vexatious litigants.

Because such orders constrain a litigant's fundamental right of access to the courts, they should rarely be used, and only if courts comply with certain procedural and substantive requirements. *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014). Therefore, before imposing pre-filing restrictions, the court must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered. *Id.* (quoting *DeLong*, 912 F.2d at 1147-48). The bankruptcy court made explicit findings as to all of the relevant factors, and Mr. Tangwall does not contend that any of those findings were erroneous. Taking each in turn: The bankruptcy court's order was narrowly tailored. The bankruptcy court found that an appropriate order was one which required Mr. Tangwall to obtain leave of the court before filing any further documents in this court other than a notice of appeal of this memorandum decision and the related vexatious litigant order. The court assures Mr. Tangwall that it will approve for filing any complaint, pleading or other document if such document adequately demonstrates a basis in law, and conforms to the federal and local rules.

92. **Williams v. National Default Servicing Corp.**, 17-15152 (9th Cir. 12/26/2017):

The district court did not abuse its discretion in declaring plaintiffs to be vexatious litigants and imposing pre-filing restrictions because the court gave plaintiffs notice and the opportunity to oppose the order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-58 (9th Cir. 2007) (setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

93. **Hampton v. Steen**, 14-36025 (9th Cir. 05/12/2017):

We vacate the pre-filing order entered against the plaintiffs. "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citation, alterations, and internal quotation marks omitted). The district court entered the order without giving the plaintiffs notice and an opportunity to oppose. In addition, the order made no substantive findings of frivolousness or harassment, and was insufficiently tailored to the perceived vice, because it applied to all filings by the plaintiffs against

Trackwell, and not merely those arising out Trackwell's allegedly harassing "debt collection" efforts.

94. *Stephens v. Multnomah County*, 12-35672 (9th Cir. 02/23/2017):

The district court did not abuse its discretion by entering a pre-filing review order because the court gave plaintiffs notice and an opportunity to be heard, developed an adequate record for review, made findings regarding their frivolous litigation history, and narrowly tailored the restrictions in the order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (standard of review; factors to consider before imposing pre-filing restrictions).

95. *Leon v. Boeing Co.*, 14-17009 (9th Cir. 10/05/2016):

The district court did not abuse its discretion by declaring Leon a vexatious litigant and imposing a pre-filing order against him because it gave Leon notice and an opportunity to be heard, developed an adequate record for review, made findings regarding his frivolous litigation history, and tailored the restrictions in the pre-filing order narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir. 2007) (setting forth standard of review and discussing factors to consider before imposing pre-filing restrictions). However, to the extent that Leon wishes to apply for in forma pauperis status for any "future filings in the United States District Court for the District of Arizona" or seeks to file a claim "for relief under Title VII, the ADA, or the FCA", we direct the district court to add the following sentence to its order: If Leon wishes to file an action alleging claims under the False Claims Act, the Americans with Disabilities Act, or Title VII, or seeks in forma pauperis status for future filings in this District, Leon may seek permission from the magistrate judge.

96. *Hernandez v. Federal Home Loan Mortgage Corp.*, 14-56309 (9th Cir. 08/25/2016):

The district court did not abuse its discretion by imposing a pre-filing restriction against appellants after giving them notice and an opportunity to be heard, developing an adequate record for review, making findings regarding their frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir. 2007) (setting forth standard of review and discussing factors to consider before imposing pre-filing restrictions).

97. *Cunningham v. Singer*, 15-15166 (9th Cir. 08/04/2016):

The district court did not abuse its discretion by declaring Cunningham a vexatious litigant and entering a pre-filing order against Cunningham after providing him with notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir.

2007) (setting forth standard of review and discussing factors to consider before imposing pre-filing restrictions).

98.    ***Endsley v. State***, 14-56902 (9th Cir. 12/17/2015):

The district court did not abuse its discretion by declaring Endsley a vexatious litigant and entering a pre-filing order against him. *See Molski*, 500 F.3d at 1057-61 (discussing factors for imposing pre-filing restrictions). Provision (6) of the pre-filing order is not consistent with the requirement that a pre-filing order be narrowly tailored, and we hereby excise it. As construed without provision (6), the pre-filing order is narrowly tailored, and the district court did not abuse its discretion in entering it.

99.    ***In re Melcher***, NC-14-1573-TaDJu (9th Cir. 12/07/2015):

In this respect, in order to impose pre-filing restrictions, a federal court must: (1) give the litigant notice and "an opportunity to oppose the order" prior to its entry; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the [] court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1062. The first two requirements are procedural in nature; the third and fourth, constitute "substantive considerations." *Id.* In addition, a "pre-filing order[] must be narrowly tailored to the vexatious litigant's wrongful behavior."

*Ringgold-Lockhart*, 761 F.3d at 1066 (internal quotation marks and citation omitted). In *Ringgold-Lockhart*, the Ninth Circuit determined that the pre-filing order was too broad where the order provided that the district court would first deem the action "meritorious." The Ninth Circuit determined that by adding this qualifier, "the district court added a screening criteria that is not narrowly tailored to the problem before it, and is in fact unworkable." *Id.*

Here, the Pre-Filing Order provides that the bankruptcy court "will permit the filing of the pleading only if it appears that the pleading has merit and is not duplicative of matters previously ruled upon by this Court and/or an appellate court, and has not been filed for the purposes of harassment or delay." With one exception, we conclude that the order is not overly broad.

First, the screening criteria are substantively narrowly tailored. The order refers to criteria as: "not duplicative of matters previously ruled upon by" the bankruptcy court or an appellate court, and which has not been filed for the purposes of harassment or delay; these are appropriate screening criteria. The order, however, contains one form of inappropriate criterion: that the bankruptcy court will determine whether the pleading "appears to have merit." As stated in *Ringgold-Lockhart*, this type of criterion is overly broad for a pre-filing restriction. *See* 761 F.3d at 1066. Nonetheless, the offensive language may be stricken from the order without issue.

Second, the Pre-Filing Order is appropriately limited to actions involving the Trustee. Again, the record clearly shows that the Debtor has fought the Trustee at every step both in and out of the bankruptcy court, thereby exhausting significant estate assets and prejudicing the interests of creditors and the Debtor alike. There is no danger that this portion of the order could extend to factual scenarios entirely unrelated to the Trustee in his capacity as the estate representative.

100.  ***Sconiers v. Judicial Council of California***, 12-15176 (9th Cir. 12/02/2015):

The district court did not abuse its discretion by entering a pre-filing order against Sconiers because she had notice and an opportunity to be heard, and the district court developed an adequate record for review, made findings regarding her frivolous litigation history, and narrowly tailored the restriction. *See De Long*, 912 F.2d at 1147-48 (discussing factors to consider before imposing pre-filing restrictions on a vexatious litigant).

101.  ***Dydzak v. Cantil-Sakauye***, 12-56960 (9th Cir. 05/18/2015):

The district court did not abuse its discretion by entering a pre-filing order against Dydzak after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056, 1057-61 (9th Cir. 2007) (per curiam) (setting forth standard of review and discussing factors to consider before imposing pre-filing restrictions).

102.  ***DeRock v. Sprint-Nextel***, 12-35849 (9th Cir. 03/12/2015):

Moreover, the pre-filing restriction that the district court entered against DeRock was not narrowly tailored to DeRock's vexatious filing of lawsuits regarding his rental dispute and his re-litigation of previously dismissed claims. *See De Long v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (setting forth standard of review and discussing the four factors for imposing pre-filing restrictions). On remand, the district court may enter another pre-filing order consistent with this disposition.

103.  ***Tyler v. Knowles***, 14-15480 (9th Cir. 02/27/2015):

The district court did not abuse its discretion by entering a pre-filing order against Tyler after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski*, 500 F.3d at 1057-61 (discussing factors for imposing pre-filing restrictions).

104.  ***Shek v. Children Hospital Research Center in Oakland***, 14-15405 (9th Cir. 01/30/2015):

The district court did not abuse its discretion by declaring Shek a vexatious litigant and entering a pre-filing order against him after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding Shek's harassing litigation history, and tailoring the restriction narrowly. *See Molski*, 500 F.3d at 1057-61 (discussing factors for imposing pre-filing restrictions).

105. ***Shalaby v. Bernzomatic***, 12-56415 (9th Cir. 08/01/2014):

The district court did not abuse its discretion by imposing a pre-filing restriction against Shalaby after giving him notice and an opportunity to be heard, developing an adequate record for review, making findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir. 2007) (per curiam) (setting forth standard of review and discussing the four factors for imposing pre-filing restrictions).

106. ***In re West***, 11-35918 (9th Cir. 01/02/2014):

The district court did not abuse its discretion by imposing a pre-filing restriction against West after giving him notice and an opportunity to be heard, developing an adequate record for review, making findings regarding his frivolous litigation history, and tailoring the restriction to the specific vices encountered. *See id.* at 1057-61 (discussing the four factors for imposing pre-filing restrictions).

107. ***Elonza Jesse Tyler v. Mike Knowles; Lori Johnson***, No. 11-16673 (9th Cir. 09/21/2012):

Although the district court found that Tyler met the definition of a vexatious litigant under California law and the local rules of court, see Cal. Civ. Proc. Code § 391(b)(1)(i) (West 2012); E.D. Cal. R. 65.1-151(b), federal law requires that pre-filing review orders imposed on vexatious litigants must be "narrowly tailored to the plaintiff's claimed abuses," and before entering such an order, the district court is required to make "explicit substantive findings as to the frivolousness or harassing nature of the plaintiff's filings." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990) (reversing pre-filing review order that was not narrowly tailored and where district court failed to make necessary findings). In this case, the pre-filing review order is not narrowly tailored; it requires Tyler to "seek leave of the presiding judge before filing new litigation." The record does not provide a sufficient basis to affirm either the imposition of such a broad pre-filing review order, or the district court's determination that plaintiff had no reasonable probability of prevailing in the context of imposing security. See *De Long*, 912 F.2d at 1147-49 (noting that pre-filing orders should be applied only in exigent circumstances, and setting forth procedural and substantive guidelines to apply before ordering pre-filing restrictions); *Moran v. Muraugh Miller Meyer & Nelson, LLP*, 152 P.3d 416, 418-19 (Cal. 2007) (security may be required if the trial court, after weighing the evidence, determines that there is no reasonable probability plaintiff will prevail).

Accordingly, we vacate the district court's imposition of a pre-filing review order and security, as well as its order of dismissal that was premised on Tyler's failure to provide security. We remand for the district court to make the requisite findings in the first instance.

108. *Debbs v. California Workers' Compensation Appeals Board*, 87 F.3d 1318 (9th Cir. 06/14/1996):

> The Debbses also contend that the district court erred by declaring them to be vexatious litigants. We review for abuse of discretion a district court's vexatious litigant order. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 498 U.S. 1001, 111 S. Ct. 562, 112 L. Ed. 2d 569 (1990). Here, the district court warned the Debbses that any further attempts to relitigate their claims would constitute vexatious litigation. The district court created a record for review by listing all of the Debbses' previous cases which involved the same claims. The district court also made substantive findings on the frivolousness of their claims. Finally, the district court's order was narrowly tailored to the Debbses' specific situation. Accordingly, the district court did not abuse its discretion by declaring the Debbses to be vexatious litigants. Cf. id. at 1147-48 (setting forth guidelines regarding pre-filing restrictions).

109. *Yakich v. Municipal Court of San Jose*, 992 F.2d 1221 (9th Cir. 04/27/1993):

We review for abuse of discretion the district court's order restricting Yakich from making future filings. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied sub nom., De Long v. American Protection Servs., 111 S. Ct. 562 (1990). Although district courts have the inherent power to restrict the filings of abusive litigants, pre-filing orders should rarely be issued. Id. at 1147. Before ordering pre-filing restrictions, a district court must apply certain guidelines: (1) the plaintiff must be given notice and the opportunity to oppose the order, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of the particular litigant. Id. at 1147-48.

Here, the district court's order provided: "The Clerk of the Court is instructed to accept no more papers from Mr. Yakich. Any papers that are filed will cost Mr. Yakich a fine in the amount of $50 per page." The district court did not apply the De Long guidelines when the pre-filing order was issued. See id. Yakich was not given notice of the pre-filing order or an opportunity to oppose the order and the order was not narrowly tailored. Accordingly, the order is not valid. See id.

The district court's pre-filing order is vacated and the case is remanded so that the district court may address Yakich's habeas corpus petition.

110.    *Addleman v. Washington Sentencing Guidelines Commission*, 947 F.2d 949

(9th Cir. 10/28/1991):

Addleman challenges the district court's order requiring Addleman in future actions to show good cause why he should be permitted to proceed in forma pauperis. We review the district court's order for an abuse of discretion. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

A district court must adhere to the following guidelines before imposing on a plaintiff special conditions for filing future actions in forma pauperis:

(1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses. Id. (citing DeLong v. Hennessey, 912 F.2d 1144, 1147-49 (9th Cir. 1990)).

The record does not indicate that Addleman was given adequate notice and an opportunity to be heard before entry of the district court's order restricting his future filings. Accordingly, we remand to allow the district court to give Addleman the opportunity to oppose the order's filing.

The district court's order presents an adequate record for review because it includes both (1) a list of Addleman's previously filed cases which led to its conclusions, and (2) explicit substantive findings as to the frivolousness or harassing nature of his filings. Finally, the district court's order is not narrowly tailored to the plaintiff's claimed abuses. Addleman's filings consisted of civil rights complaints and habeas corpus petitions. The district court order requires Addleman to show "good cause" before he makes "any future requests . . . to proceed in forma pauperis." To the extent this order encompasses more than future attempts by Addleman to file civil rights cases or habeas corpus petitions, it is overly broad. See id at 618. Accordingly, we remand to the district court on this issue as well.

We affirm the district court's dismissal of Addleman's 42 U.S.C. § 1983 action as frivolous. We vacate and remand the district court's order imposing special conditions on future filings by Addleman so that the district court can review the order under the guidelines set forth in O'Loughlin. See id. at 617-18.

111.    *Procup v. Strickland*, 792 F.2d 1069 at 1072 - 1074 (11th Cir. 1986):

We took this case en banc to consider the propriety of an injunction restricting Robert Procup, a Florida prisoner, from filing any case with the district court unless submitted by an attorney admitted to practice before the court. *Procup v. Strickland*, 567 F. Supp. 146 (M.D.Fla. 1983), rev'd., 760 F.2d 1107 (11th Cir. 1985), vacated, 760 F.2d 1116 (11th

56

Cir. 1985). The proceedings that brought the issue before this Court are set forth fully in those opinions.*fn1 We hold that the district court's injunction was overbroad, but that the district court has authority to impose serious restrictions on Procup's bringing matters before the court without an attorney. In this Court's judgment, however, the requirement that Procup file suits only through an attorney may well foreclose him from filing any suits at all. In *Procup*, we struck down an injunction imposed by the district court that prevented a litigant from filing any case with the district court unless the complaint was submitted by an attorney. *Procup*, 792 F.2d at 1070. We determined that the injunction was overbroad, because it would effectively prevent Procup from filing "any suits at all," based on Procup's track record with filing frivolous suits and the fact that many attorneys in the legal services office had already been named as defendants in Procup's suits. Id.

### 112.    *Procup v. Strickland*, 760 F.2d 1107 (11th Cir. 05/20/1985):

We do not question this finding, as the district court provides ample documentation for the conclusion that Procup is excessively litigious. Id. at 148-56. Our concern, instead, is with the overbroad remedy employed by the district court. No analogous precedent from this or any other circuit has affirmed such a restrictive injunction. Its unlimited scope denies Procup adequate, effective, and meaningful access to the courts. Moreover, inherent in a judicial ruling which completely*fn3 forecloses an individual's pro se access to federal court is an ominous abandonment of judicial responsibility, the import of which far exceeds the actual abuse attributable even to the exceptional prisoner litigant. The efficient operation of our judicial system does not require the issuance of an unlimited restriction on this pro se litigant's access to the courts. Existing federal rules governing pro se and in forma pauperis appearances and local rules when properly designed to streamline pleadings and ferret out abuse should suffice. The magnitude of Procup's abuse does not justify creating a rule that permits the judicial officer charged with the responsibility of reviewing prisoner complaints on a case-by-case basis to refuse to consider these claims altogether. To the contrary, the magnitude of Procup's abuse serves to emphasize the degree to which the pro se litigant's right of access to our courts retains its constitutional significance.

We hold that the injunction issued by the district court is overbroad. The unlimited scope of the injunction is without precedent, and it denies Procup adequate, effective, and meaningful access to our judicial system.

Appellate decisions in this and other circuit courts have affirmed the issuance of injunctions against abusive litigants, but none of the injunctions challenged in these cases have swept so broadly as to deny pro se appearances entirely. Where principles of res judicata and collateral estoppel have proven inadequate to deter abuse, litigants have been enjoined from relitigating specific claims or filing repetitive appeals from a particular adverse ruling. E.g., *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980); *In re Green*, 598 F.2d 1126, 1128 (8th Cir.1979); *Hill v. Estelle*, 543 F.2d 754 (5th Cir.1976), aff'g *Hill v. Estelle*, 423 F. Supp. 690 (S.D.Tex.1976). Similarly motivated injunctions have required litigants who have abused the judicial process to accompany all future

pleadings with affidavits certifying that the claims being raised are novel. E.g., *Green v. Warden*, 699 F.2d 364, 370 (7th Cir.), cert. denied, 461 U.S. 960, 103 S. Ct. 2436, 77 L. Ed. 2d 1321 (1983); *In re Green*, 215 U.S. App. D.C. 393, 669 F.2d 779, 787 (D.C.Cir. 1981). Litigants have also been directed to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action[*fn5] and to send an extra copy of every pleading filed to the law clerk for the chief judge of the district. E.g., *Green v. White*, 616 F.2d 1054, 1056 (8th Cir.1980).

Injunctions of a different sort have prohibited the clerk of the court from filing an abusive litigant's pleadings without leave of court. E.g., *Green v. Warden*, supra, 699 F.2d at 370; *In re Oliver*, 682 F.2d 443, 446 (3d Cir.1982); In re Green, supra, 669 F.2d at 787; *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.), cert. denied, 449 U.S. 829, 101 S. Ct. 96, 66 L. Ed. 2d 34 (1980); *Gordon v. United States Department of Justice*, 558 F.2d 618 (1st Cir.1977). The clerk has also been instructed not to file pleadings that do not comply strictly with the applicable rules of civil and appellate procedure. E.g., *Carter v. Pettigrew*, No. 84-8411, slip op. at 5 (11th Cir. Aug. 24, 1984) (unpublished) (order authorizing clerk of appellate court to inspect documents received from certain litigants for compliance with Fed.R.App.P. 3 and to refuse to file the documents if the judgment or order appealed from is not specified).

All of these injunctions, by exposing the litigants to the possibility of being held in contempt for non-compliance, have created an added incentive for not abusing the judicial process. Yet, none of these decisions have completely curtailed a prisoner's pro se access to the courts. At most, the injunctions have created rebuttable presumptions of repetition, frivolity, or maliciousness. In none of the decisions have future non-frivolous and non-malicious claims been preemptively and conclusively foreclosed, as they have been in this case.

Two other appellate decisions have affirmed injunctions that permit an abusive prisoner litigant to file in forma pauperis only claims alleging actual or threatened physical harm. E.g., *In re Green*, No. 81-1186 (5th Cir. Apr. 27, 1981) (Unit A) (published as appendix to the opinion in *Green v. Carlson*, 649 F.2d 285, 286 (5th Cir.) (Unit A); cert. denied, 454 U.S. 1087, 102 S. Ct. 646, 70 L. Ed. 2d 623 (1981)); *Green v. White*, supra, 616 F.2d at 1055. Imposing this type of injunction creates, in effect, a conclusive presumption that future in forma pauperis claims not involving actual or threatened physical harm are ipso facto duplicative, frivolous, or malicious. Apart from whether such an injunction should ever be employed,[*fn6] even its scope does not extend as far as the injunction issued in the instant case. Here, the question is not solely a matter of precluding access to a non-repetitive, non-frivolous, and non-malicious claim which does not allege actual or threatened physical harm. Rather, the question is whether access can be denied to any non-repetitive, non-frivolous, and non-malicious claim when filed pro se.

The Injunction Denies Procup Adequate, Effective, And Meaningful Access To The Courts.

In short, the competitive market for legal services and the available non-profit legal assistance will not invariably provide adequate, effective, and meaningful representation for Procup's non-frivolous and non-malicious claims. Should these avenues of representation prove fruitless, Procup's only remaining option would require the purchase of legal aid with personal funds that he apparently does not have. Ultimately, then, the injunction may impose financial restrictions that operate to preclude Procup from filing a new and legitimate complaint. It is true that costs are a factor in every litigant's decision to pursue a claim, but here the costs of access to our judicial system have been increased for a specific indigent litigant to levels that may completely foreclose his future access to the courts.

The use of an injunction against a pro se litigant "should be approached with particular caution." *Pavilonis v. King*, supra, 626 F.2d at 1079; *In re Oliver*, supra, 682 F.2d at 445; *Hill v. Estelle*, supra, 423 F. Supp. at 695. Here, the operation of economic incentives and the limited extent of available legal assistance resources indicate that, even if injunctive relief were appropriate, it should be structured to ensure the fullest possible scope to Procup's constitutional right of access to the courts. The district court's unlimited injunction against pro se appearances produces the opposite effect. By prohibiting any pro se appearances, the injunction impermissibly burdens Procup's constitutional right to adequate, effective, and meaningful access to the courts.
The Injunction Is Unwarranted.

Here, the district court's express purpose in issuing the injunction was to have someone other than the court review Procup's claims and cull out the non-frivolous and non-malicious complaints. *Procup v. Strickland*, supra, 567 F. Supp. at 161 n. 17. Although the order as phrased prohibits pro se filings and is silent regarding requests for in forma pauperis status, it nonetheless was designed to shift the responsibility of the case-by-case review process away from the district court. We hold that the court may not by way of an injunction avoid the responsibility Congress has placed upon it to consider each prisoner complaint when filed. Whether a pro se complaint brought in federal court is properly drawn and whether it states a legitimate claim are questions for the district court alone to determine. Cf. *Ex Parte Hull*, 312 U.S. 546, 549, 61 S. Ct. 640, 641, 85 L. Ed. 1034 (1941) (holding invalid a state prison regulation that required all pro se legal pleadings to be approved by a prison official and then a special investigator for the parole board before being sent to the designated court).

113.    ***Procup v. Strickland***, 792 F.2d 1069 (11th Cir. 07/02/1986):

We took this case en banc to consider the propriety of an injunction restricting Robert Procup, a Florida prisoner, from filing any case with the district court unless submitted by an attorney admitted to practice before the court. *Procup v. Strickland*, 567 F. Supp. 146 (M.D.Fla. 1983), rev'd., 760 F.2d 1107 (11th Cir. 1985), vacated, 760 F.2d 1116 (11th Cir. 1985). The proceedings that brought the issue before this Court are set forth fully in those opinions.[fn1] We hold that the district court's injunction was overbroad, but that the district court has authority to impose serious restrictions on Procup's bringing matters before the court without an attorney.

In this Court's judgment, however, the requirement that Procup file suits only through an attorney may well foreclose him from filing any suits at all. A private attorney, knowing Procup's track record, might well be unwilling to devote the time and effort necessary to sift through Procup's generally frivolous claims to see if there is one of sufficient merit to undertake legal representation. A legitimate claim could well go undiscovered.

With the premise that Procup would simply be unable to get any attorney to represent him, the injunction then effectively enjoins Procup from filing any suit. The district court neither intended this result nor indicated in any way that such an absolute injunction would be appropriate. An absolute bar against a prisoner filing any suit in federal court would be patently unconstitutional. We, therefore, vacate the injunction and remand for consideration of such modification as will, as much as possible, achieve the desired purposes without encroaching on Procup's constitutional right to court access.

There should be little doubt that the district court has the jurisdiction to protect itself against the abuses that litigants like Procup visit upon it. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984), cert. denied, 474 U.S. 1061, 106 S. Ct. 807, 88 L. Ed. 2d 782 (1986).*fn10 The fact that Procup's complaint in this case may have failed to state a justiciable federal claim is of no impact on the court's power to enter injunctive relief against such a recalcitrant litigant. The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. Were a frivolous lawsuit a bar to the court's inherent jurisdiction, the court would be powerless to act upon even a flood of frivolous lawsuits which threatened to bring judicial business to a standstill.

We do not here design the kind of injunction that would be appropriate in this case. Considerable discretion necessarily is reposed in the district court. Procup can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court. The injunction is vacated and the case is remanded for the district court to consider an appropriate substitute order.

114.  *Watkins v. Dubreuil*, 19-15131 (11th Cir. 07/17/2020):

We review for abuse of discretion the district court's decision to impose a filing injunction. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). Likewise, we review for abuse of discretion the denial of an evidentiary hearing. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1149 (11th Cir. 2008). An abuse of discretion occurs if the court bases its decision on findings of fact that are clearly erroneous or "commits a clear error of judgment." *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir 1986). In particular, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. To that end, the court may severely restrict a litigant's filings, but it cannot completely foreclose a litigant from any access to the courts. *Id.*

The district judge did not abuse his discretion by imposing sanctions. As the judge found, much of Watkins's prior litigation has been without merit. Of the thirty-six cases filed in the Southern District, twenty-two were dismissed for failure to state a claim[3] or as frivolous.[4] While a few have reached summary judgment[5] or trial, [6] Watkins has not prevailed in any of these cases.[7] Moreover, with one exception, where we vacated and remanded for further proceedings, [8] his appeals from these cases-roughly thirty-five in total-have fared no better. Six appeals were dismissed for want of prosecution (two such dismissals came after IFP was denied because the appeal was frivolous)[9], seven were dismissed for lack of jurisdiction[10], and sixteen resulted in affirmance of the judgment.[11] So despite prior courts' rare invocation of "frivolity," we agree with the district judge's assessment that Watkins has not only been hyperlitigious but his lawsuits have been largely, though not entirely, meritless.

we conclude that the district judge did not commit a clear error of judgment in finding that Watkins had a history of filing meritless and vexatious lawsuits that warranted the imposition of sanctions.

The court entered an order enjoining Watkins from filing any new lawsuits in the Southern District of Florida without prior court approval. Watkins would be required to file a motion for leave to file, attaching a copy of his proposed lawsuit and a reference to the sanctions order, at which point the court would review the lawsuit and decide whether it should be accepted by the clerk and filed. Unaccepted cases would be kept by the clerk for possible review on appeal. If Watkins failed to submit a motion for leave to file, "the Clerk of Court would be directed to close the case upon filing," and the defendants would not be required to make any response.

We have upheld injunctions with pre-filing screening restrictions on vexatious plaintiffs. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *Cofield*, 936 F.2d at 518. In *Martin-Trigona*, for example, we upheld as reasonable a broad filing injunction that prohibited the plaintiff "from filing or attempting to initiate any new lawsuit in any federal court in the United States . . . without first obtaining leave of that federal court." 986 F.3d at 1387. Likewise, in *Cofield*, we upheld an injunction requiring the plaintiff "to send all pleadings to a judge for prefiling approval" because the plaintiff would still be able to have colorable claims filed in federal court. 936 F.2d at 518. The pre-approval filing injunction in this case is comparable to the filing injunctions in both *Martin-Trigona* and *Cofield*. Like the injunctions in those cases, the injunction here does not completely foreclose Watkins's access to the courts, *see Procup*, 792 F.2d at 1073, so long as the court merely "screen[s] out the frivolous and malicious claims and

61

allow[s] the arguable claims to go forward." *Cofield*, 936 F.2d at 518. Watkins will be in a position not significantly "different from other in forma pauperis litigants." *Id.* "Should [Watkins] have a colorable claim he will be able to file his claim in federal court." *Id.* With this understanding, we conclude that the district court imposed a reasonable injunction that does not impermissibly foreclose Watkins's access to federal court. *See Procup*, 792 F.2d at 1074.

Finally, the district court did not abuse its discretion by refusing to hold an evidentiary hearing before imposing sanctions. Watkins was given notice and an opportunity to contest the court's rationale for imposing sanctions, and the decision did not depend on the resolution of material factual disputes or credibility determinations. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312-13 (11th Cir. 1998) (explaining when evidentiary hearings are appropriate). The decision was based primarily on prior court records, which are not reasonably subject to dispute and which are available for our review. And Watkins primarily challenges the inferences the court drew from those records. *See, e.g.,* Br. of Appellant at 43 (indicating that his request was for a hearing "for *the court* to produce evidence to support its claims" (emphasis added)). Moreover, the court indicated that its decision would remain the same "even if all of Watkins' objections were valid," which suggests that any factual disputes were not material. In these circumstances, no evidentiary hearing was required before sanctions were imposed.

115.   ***Cobble v. U.S. Government***, 19-10573, 19-10577, 19-10578, 19-10583, 19-10585, 19-10586, 19-10587, 19-10589, 19-10590 (11th Cir. 05/29/2020):

Prisoners have a constitutional right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174 (1996). That right, however, "is neither absolute nor unconditional," and the right "may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings." *Cofield*, 936 F.2d at 517 (quotation marks omitted). While courts may take creative action to discourage hyperactive litigators, they "cannot construct blanket orders that completely close the courthouse doors to those who are extremely litigious." *Id.* at 517.

For example, this court has upheld injunctions (1) requiring prefiling screening of claims, (2) requiring that the litigant obtain leave of the court before filing new actions against his former employer, and (3) directing the clerk to mark any papers submitted by a litigant as received and not to file them unless a judge approved them for filing. *Riccard*, 307 F.3d at 1295; *Cofield*, 936 F.2d at 518; *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). Conversely, we have struck down injunctions (1) prospectively denying IFP status for all claims, (2) barring the plaintiff from filing future lawsuits unless done through counsel, and (3) applying to filings unrelated to the areas where the litigant had demonstrated a history of abusive litigation. *Miller v. Donald*, 541 F.3d 1091, 1098 (11th Cir. 2008); *Cofield*, 936 F.2d at 518; *Procup v. Strickland*, 792 F.2d 1069, 1071, 1074 (11th Cir. 1986) (*en banc*). This case is akin to the cases in which we have upheld injunctions against litigants.

Although the district court's anti-filing injunction on Cobble's future filings is arguably overbroad, Cobble fails to demonstrate how it effects his substantial rights because the sanction does not completely close the courthouse doors to him. We note that the district court is very familiar with Cobble's history of frivolous and vexatious filings. The district court outlined the process by which Cobble's future filings will be considered. "[T]he clerk shall receive the papers that [Cobble] submits, open a miscellaneous case number, and forward the documents to the presiding District Judge to determine whether [Cobble] qualifies as indigent and whether he has stated a claim with any arguable merit. Upon receipt, the Court will read and consider [Cobble's] filings. Only if a given pleading alleges a plausible claim for relief will the Court allow it to be filed." (R. Doc. 54 at 6.) Because Cobble is not foreclosed entirely from filing future actions, and he is able to make proper application for a writ of habeas corpus and file defensive pleadings in criminal cases without any sanction or qualification, Cobble cannot show a deleterious effect on his substantial rights. Therefore, we discern no abuse by the district court in this regard.

Based on the foregoing, we affirm the district court's order dismissing with prejudice Cobble's actions filed pursuant to 28 U.S.C. §§ 2241, 2254, and 42 U.S.C. § 1983, as a sanction, and the district court's imposition of a **two-year anti-filing injunction** on future civil actions.

116.    *Annamalai v. Warden*, 18-10548 (11th Cir. 01/17/2019):

The district court also restricted how the Clerk was to handle papers received from Annamalai: "The Clerk is directed to file any papers received from the Petitioner. However, no papers are to be docketed as motions requiring action by the Court unless the Clerk receives my express consent."[3]

Lastly, Annamalai argues that the district court violated his due process rights by failing to notify him before ordering the clerk not to docket his filings as motions without the court's approval.[11]

Courts have the inherent power and the constitutional obligation to protect their jurisdiction from abusive litigation. *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986). Provided that the restrictions do not completely foreclose access to the courts, district courts have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave. *Id.* at 1074. District courts also have authority to control and manage their dockets. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

Here, the district court did not abuse its discretion in imposing the restrictions as part of its authority to manage its docket. *See Smith*, 750 F.3d at 1262. As noted above, Annamalai has a history of frequent and abusive litigation. *See Procup*, 792 F.2d at 1073-74. Moreover, the district court did not completely foreclose Annamalai's access to the courts, as the order did not prohibit him from filing documents with the court. *See id.* at

63

1074. Rather, the district court's order directed the clerk to accept his filings and instructed how those filings were to be docketed. Also, the order did not prevent Annamalai's filings from being considered by the court. Instead, the district court screened his filings to determine whether any were motions that required action. Accordingly, the district court did not abuse its discretion in imposing the restrictions in Annamalai's § 2241 proceeding.

117. *Bilal v. Fennick*, 17-12062 (11th Cir. 10/25/2018):

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions[, ]" including a litigant's abuse of the judicial process. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (*en banc*). Great deference is generally due the "the interpretation placed on the terms of an injunctive order by the court who issued and must enforce it." *Williams v. City of Dothan, Ala.*, 818 F.2d 755, 760 (11th Cir. 1987) (quotation marks omitted). But the interpretation of an injunction must be "reasonable," and the injunction "may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

Here, the district court denied Bilal's IFP motion on an erroneous ground. The court relied solely on the 1999 filing injunction, concluding that Bilal could not proceed IFP because he did not allege imminent danger of physical injury. But the filing injunction, by its terms, applied to only "new civil actions in the United States District Court for the Northern District of Florida." It did not purport to place any conditions or restrictions on new civil actions in other courts, including the Middle District of Florida, where Bilal filed this action. So the filing injunction cannot reasonably be interpreted to apply to Bilal's current action. *Cf. id.* at 1297 (concluding that language in an injunction prohibiting a litigant from filing in "state court, federal court or any other forum" was broad enough to be construed as prohibiting the litigant from filing complaints with federal and state administrative and executive agencies and departments). And the injunction cannot be "expanded beyond the meaning of its terms absent notice and an opportunity to be heard," which were not provided here. *Id.* at 1296.

118. *Higdon v. Fulton County, Georgia*, USA, 17-11154 (11th Cir. 08/14/2018):

In the order on appeal, the district court denied Plaintiff's motion for leave to file a motion to amend the judgment to correct either clerical mistakes or mistakes arising from oversight or omission. Plaintiff was required to seek leave to file his substantive motion because the district court previously entered an order directing him not to file any additional motions or documents in the case unless he first obtained leave of court to do so. The district court imposed that requirement because Plaintiff had previously filed at least five post-judgment motions raising the same or similar arguments as to why he should be permitted to bring his claims in a new complaint. The district court specifically invoked "the interests of judicial economy and the preservation of judicial resources."

We review for abuse of discretion the district court's decision to enforce its earlier filing restriction by denying Plaintiff leave to file yet another post-judgment motion. *See, e.g., Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (*en banc*) (recognizing that federal courts "have both the inherent power and the constitutional obligation **to protect their jurisdiction** from conduct which impairs their ability to carry out Article III functions" and that "[c]onsiderable discretion necessarily is reposed in the district court" when it fashions a filing restriction).

The district court did not abuse its discretion in denying Plaintiff leave to file his proposed motion to amend the judgment. The arguments that Plaintiff sought to raise in his motion to amend are the same or similar to arguments that he has previously raised numerous times in these proceedings.

119.    *Rease v. AT&T Corp.*, 17-11665 (11th Cir. 02/14/2018):

We review for abuse of discretion the district court's decision to enforce its earlier filing restriction by denying Plaintiff leave to file yet another post-judgment motion. *See, e.g., Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (*en banc*) (recognizing that federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" and that "[c]onsiderable discretion necessarily is reposed in the district court" when it fashions a filing restriction).

The district court did not abuse its discretion in denying Plaintiff leave to file his proposed motion to amend the judgment. The arguments that Plaintiff sought to raise in his motion to amend are the same or similar to arguments that he has previously raised numerous times in these proceedings. The district court has consistently rejected those arguments, and we have dismissed Plaintiff's three most recent appeals as frivolous. Under these circumstances, the district court did not abuse its discretion in denying Plaintiff leave to file yet another motion arguing that the dismissal of his four remaining claims with prejudice after the district court granted his motion to have the matter placed back on the trial docket was the result of a clerical error or mistakes arising from oversight or omission.

120.    *Klayman v. Deluca*, 16-13725 (11th Cir. 10/24/2017):

The court also enjoined Klayman. Citing his history of "vexatious conduct, " including the earlier cases against the Baker Defendants, the court enjoined Klayman from filing *pro se* actions against Baker & Hostetler or any of its attorneys in any court for claims arising out of the Ohio custody case. However, the court declined to require judicial prescreening of any suit filed by Klayman, instead imposing a requirement that he be represented by counsel in any future case.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per

curiam). The All Writs Act is a codification of this inherent power and provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Klay*, 376 F.3d at 1099; *see also* 28 U.S.C. § 1651(a). It allows courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Klay*, 376 F.3d at 1099 (footnotes omitted). This includes the power "to enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam).[6] The court retains this power to sanction a party for abuse of the judicial process even when a case has been dismissed for lack of jurisdiction. *See Procup*, 792 F.2d at 1073-74 ("The fact that Procup's complaint in this case may have failed to state a justiciable federal claim is of no impact on the court's power to enter injunctive relief against such a recalcitrant litigant. . . . Were a frivolous lawsuit a bar to the court's inherent jurisdiction, the court would be powerless to act upon even a flood of frivolous lawsuits which threatened to bring judicial business to a standstill.").

Injunctions designed to protect against abusive and vexatious litigation cannot "completely foreclose[] . . . *any* access to the court." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (per curiam) (quotation omitted). When imposing injunctions for this purpose, "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction" on the right to access the courts. *Procup*, 792 F.2d at 1072.

121.    ***Patterson v. Sync***, 15-13209 (11th Cir. 04/05/2017): [Before Wilson, Jordan, and Jill Pryor.]

Here, the district court's injunction requiring Patterson to post a hefty bond before filing any future action against any bank, hospital, or governmental officer or entity amounts to a miscarriage of justice. A litigant's right of access to the courts is "unquestionably a right of considerable constitutional significance." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). Courts may impose conditions on access, but they also must ensure that "indigent litigants are not completely prohibited from seeking judicial relief." *Id.* at 1096-97. The record here supports the conclusion that Patterson is indigent, with a monthly income of less than $800. Given his meager income, requiring a $10,000 bond would have the effect of completely barring Patterson's access to federal court in cases against the federal and state governments or their officers, as well as hospitals and banks.

Our conclusion here is no repudiation of the district court's authority to manage its own docket. "In devising methods to attain the objective of curtailing the activity" of serial litigators, however, "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on [such an individual's] constitutional right of access to the courts." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc). We instruct the district court on remand that it may exercise its considerable discretion to take steps including any of the measures outlined in our *Procup*[3] opinion or

to impose any other restriction it deems appropriate, so long as such action also leaves Patterson with reasonable ability to access the federal courts.

We vacate the district court's injunction requiring Patterson to post a $10,000 bond before filing future cases against certain persons or entities and remand the case for further proceedings consistent with this opinion.

122.   ***Duwell v. Atlanta Medical Center***, 15-14510 (11th Cir. 05/10/2016):

Furthermore, the district court did not abuse its discretion in doing so here given that both plaintiffs had been forewarned. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In 2012, the District Court for the Northern District of Georgia entered the permanent injunction against Jones in a separate federal action in which both Jones and Duwell were co-plaintiffs. *See Duwell v. Home Bank*, No. 3:12-cv-00024-TCB (N.D. Ga. June 15, 2012) (unpublished). The injunction is clear that before filing any new civil action in any federal court, Jones, who has a history of vexatious litigation, and anyone "in active concert and participation with him" must first obtain the federal court's leave by submitting an "Application for Leave to File Pursuant to Court Order" that provides certain information, including a copy of the proposed complaint. Despite this notice, neither Jones nor Duwell submitted the required application before filing this new federal action in 2015.[3] Moreover, because Duwell was a party to the prior action with notice of the injunction, the district court did not abuse its discretion by dismissing the action as to both plaintiffs instead of dismissing only Jones

The district court's dismissal did not infringe Duwell and Jones' due process rights. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). As a party to the previous action, Duwell was on notice that the injunction prohibited her from filing future federal actions in concert with Jones that violated the injunction's terms. The injunction gave further notice that dismissal of an action was a possible consequence of violating its terms.

Nor did the district court's dismissal infringe on their right to access to the courts. In order to protect court access for all litigants, the district courts may use injunctions to limit the ability of vexatious litigants such as Jones to access the courts as long as the injunction does not completely foreclose the litigant from any access to the courts. *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc).

123.   ***Brewer v. United States***, 13-15198 (11th Cir. 06/09/2015): [Before Hull,

Rosenbaum, and Anderson.]

Kyle Michael Brewer, a federal prisoner, appeals the district court's entry, following our prior remand, of an amended anti-filing injunction upon denying his fourth Federal Rule of Civil Procedure 60(b) motion in his 28 U.S.C. § 2255 proceedings. That revised injunction provided that Brewer (1) could not appeal any judgment or bring any civil action *in forma pauperis* ("IFP") unless he was in imminent danger of serious physical

injury, (2) could not file further motions in his § 2255 case, (3) could not litigate any claim arising from the facts underlying that suit, and (4) needed to seek leave of court before filing pleadings. On appeal, Brewer argues that the district court abused its discretion in imposing the amended anti-filing injunction because its four terms were "inappropriately overbroad" and violated his constitutional right of access to the courts for matters unrelated to any abusive or repetitive filings he may have submitted in his § 2255 proceedings. He asserts that broad restrictions on his ability to file other pleadings IFP, without first demonstrating he is in imminent physical danger or obtaining leave of court, is not properly tailored and is unduly punitive.

We review an anti-filing injunction for abuse of discretion. *Miller v. Donald,* 541 F.3d 1091, 1095-96 (11th Cir. 2008). District courts have considerable discretion when designing an anti-filing injunction. *Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc). However, a court abuses its discretion when "it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs.,* Inc., 601 F.3d 1159, 1169 (11th Cir. 2010). A court may also abuse its discretion if it applies the law in an incorrect or unreasonable manner. *Id.* Further, "an abuse of discretion occurs if the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large." *Id.*

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). That right, however, "is neither absolute nor unconditional." *Miller,* 541 F.3d at 1096. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup,* 792 F.2d at 1073. "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. To counter this threat, courts are authorized to restrict access to vexatious and abusive litigants. *Miller,* 541 F.3d at 1096. While a court may severely restrict a litigant's filings, it cannot completely foreclose a litigant from any access to the courts. *Procup,* 792 F.2d at 1074. When devising methods to curtail the activity of particularly abusive prisoners, however, "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts." *Id.* at 1072. An injunction is impermissible when it goes beyond what is sufficient to protect the court from a prisoner's repetitive filings and, considering its exceptions, fails to provide meaningful access to the courts. *See Miller,* 541 F.3d at 1098 (vacating an injunction that "[went] beyond what [was] sufficient to protect the . . . court's jurisdiction from [the prisoner's] repetitive filings related to the conditions of his confinement, and fail[ed] to uphold [the prisoner's] right of access to the courts, " and concluding that "[t]he . . . limited exceptions in the injunction, taken together, do not provide [the prisoner] with meaningful access.").

Among the reasonable measures that a court may employ to curtail repetitive and vexatious litigation are the following: (1) "enjoin[ing] prisoner litigants from relitigating

specific claims or claims arising from the same set of factual circumstances"; (2) "requir[ing] litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing"; (3) "direct[ing] the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district"; (4) "direct[ing] the litigant to seek leave of court before filing pleadings in any new or pending lawsuit"; and (5) "permitt[ing] abusive prisoner litigants to file *in forma pauperis* only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims." *Procup*, 792 F.2d at 1072. To the indigent, however, "a filing fee is a blunt instrument that cannot discriminate between valid and bogus claims, " and a blanket injunction prohibiting all IFP filings by a given person is overinclusive. *Miller*, 541 F.3d at 1096.

In *Procup*, we concluded that a prisoner engaged in "ridiculously extensive litigation" by filing 176 cases, most of which were *pro se* IFP civil rights actions brought under 42 U.S.C. § 1983. *Procup*, 792 F.2d at 1070. The district court enjoined the prisoner from filing any case with the court unless submitted by an attorney. *Id.* We held that the injunction was overbroad because the requirement that he file suits only through counsel could have foreclosed him from filing any suits at all, because private attorneys might be unwilling to sift through Procup's lengthy and generally frivolous claims to discern one that might have some merit. *Id.* at 1071.

In *Miller*, the district court enjoined a prisoner who had filed at least 30 cases against, for the most part, prison officials from "submitting further filings with the court, except in limited circumstances, without paying the unpaid filing fees he has accrued." *Miller*, 541 F.3d at 1094. The exceptions to this injunction were that the prisoner could file: "(1) papers in a criminal proceedings brought against him by the state, (2) a timely motion for reconsideration of the filing bar as applied, and (3) a pleading or paper demonstrating that he has been denied access to state court and has no recourse except to repair to the district court." *Id.* at 1095. We noted that there was no exception for a complaint alleging that the prisoner was in immediate danger of serious physical injury. *Id.* We concluded that this injunction was impermissibly overbroad because "a narrower injunction could target [the prisoner's] filings arising from the facts or transaction already raised and litigated in other cases." *Id.* at 1098.

In *Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 513-14 (11th Cir. 1991), we considered an order requiring an "overly litigious" prisoner, who had brought 105 suits against various prison officials, as well as McDonald's, Burger King, and Coca-Cola, "to pay full filing fees and seek pre-filing approval of any complaints or papers." We held that requiring pre-filing screening of claims allowed for sufficient access to the courts, but, that, by prospectively denying IFP status for all claims, the court "could be prospectively shutting the courthouse door." *Id.* at 518.

Here, the district court abused its discretion in imposing the amended anti-filing injunction because the injunction, as crafted, was unnecessarily broad and went beyond

what was sufficient to protect the court from Brewer's repetitive filings related to his § 2255 proceedings. The injunction also functioned as an impermissible restriction on Brewer's constitutional right of access to the courts, for example, because it could prevent him from seeking future legitimate post-conviction relief or relief pursuant to a retroactive change to sentencing laws or guidelines.

"We do not here design the kind of inju[n]ction that would be appropriate in this case." *Procup*, 792 F.2d at 1074. As stated above, "[c]onsiderable discretion necessarily is reposed in the district court." *Id.* "The injunction is vacated and the case is remanded for the district court to consider an appropriate substitute order." *Id.*

124.    *Langermann v. Dubbin*, 14-15136 (11th Cir. 06/03/2015):

As a Rule 11 sanction, the district court imposed an injunction that barred Langermann from filing further pleadings against the Defendants unless he (1) notified the court of the order imposing the injunction; (2) gave the court an opportunity to pre-screen his proffered filing; and (3) obtained the court's leave to file the pleading based on a determination that the claims are neither frivolous nor barred by res judicata.

Rule 11 sanctions are warranted when a party files a pleading that (1) "has no reasonable factual basis"; (2) "is based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law"; or (3) "is filed in bad faith or for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quotation omitted); *see also* Fed.R.Civ.P. 11(b), (c). Federal courts have the inherent power and a constitutional obligation to protect their jurisdiction from conduct that interferes with their functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). Rule 11 sanctions should not go beyond what is necessary to deter the sanctioned conduct. Fed.R.Civ.P. 11(c)(4). "The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from *any* access to the court." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (quotation omitted). We review Rule 11 sanctions only for abuse of discretion. *McGreal*, 87 F.3d at 1254.

125.    *De Souza v. JPMorgan Chase Home Lending Division*, 14-14861 (11th Cir.

04/24/2015):

Finally, De Souza challenges the district court's injunction ordering her to pay the full filing fee and post a $10,000 cash bond if she files any future federal action relating to the attempted foreclosure of her home.

We have recognized that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*). District courts also have power under 28 U.S.C. § 1651(a) "to

enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States, 613 F.2d 114*, 116 (5th Cir. 1980).[3] However, while severe restrictions may be imposed, litigants "cannot be completely foreclosed from *any* access to the court." *Procup*, 792 F.2d at 1074; *see Miller v. Donald, 541 F.3d 1091*, 1096-97 (11th Cir. 2008) (noting that financial restrictions on filing may be inappropriate where they would completely bar an indigent litigant's access to the courts).

Here, the district court's order is in the nature of an injunction issued to protect itself and others against abusive litigation, not a sanction under Rule 11, Fed. R. Civ. P., as De Souza suggests. *See Procup*, 792 F.2d at 1073-74; *Harrelson*, 613 F.2d at 116. We review the injunctive provisions for an abuse of discretion. *Miller*, 541 F.3d at 1096. A district court abuses its discretion if it "imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large." *Klay v. United Healthgroup, Inc., 376 F.3d 1092*, 1096 (11th Cir. 2004). We will also find an abuse of discretion if "neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review." *See Cox Enters., Inc. v. News-Journal Corp., 510 F.3d 1350*, 1360 (11th Cir. 2007) (concerning the refusal to award prejudgment interest).

We do not doubt that it was within the district court's discretion to impose some form of injunction against De Souza given the course of litigation, now spanning five years and four states, surrounding the foreclosure of De Souza's home. However, under the circumstances, we conclude that the district court abused its discretion in imposing the filing injunctions it did in this case.

First, the scope of the injunction sweeps more broadly than the facts or circumstances "already raised and litigated" in these cases. *Miller*, 541 F.3d at 1098; *cf. Traylor v. City of Atlanta, 805 F.2d 1420*, 1422 (11th Cir. 1986) (upholding injunction where it was clear that the district court intended only to prohibit party from "attempting to relitigate specific claims arising from the same set of factual circumstances that [had] been litigated and adjudicated in the past"). Rather, the court's order applies to "any future lawsuits . . . arising out of attempts to foreclose upon the property." Thus, the injunction could apply to facts or claims occurring after the district court's decision, which may not be barred by *res judicata*.

Second, the court offered no justification for its imposition of the specific injunctive provisions. In particular, the court did not explain its reasoning for, or make any factual findings in support of, the $10,000 cash-bond requirement or how that requirement was tailored to De Souza and the specific facts of her history as a litigant in these cases.[4] Of course, the magistrate judge's report contains a thorough description of the four actions De Souza filed relating to the foreclosure of her home, and we view the district court's *sua sponte* injunctive order against that background. *See Cox Enters., Inc.*, 510 F.3d at 1360. It is also clear that the purpose of the bond requirement is to deter De Souza from filing another complaint related to the foreclosure. However, the record in this case alone is insufficient to allow this Court to meaningfully review the imposition of the cash-bond requirement or the specific amount set by the district court. *See id.*

Third, the court provided no notice of its intent to issue an injunction, nor was the issue discussed in the magistrate judge's report and recommendation. *See, e.g., Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (providing that notice should be given to the litigant to show cause why injunctive relief should not issue); *cf.* Fed. R. Civ. P. 11(c)(1) (requiring notice and a reasonable opportunity to respond before sanctions may be imposed).

For these reasons, we vacate the injunctive provisions and remand this matter to the district court for further proceedings regarding whether and what form of injunctive relief should issue against De Souza.

126.    ***Simmons v. Warden***, 14-10425 (11th Cir. 09/30/2014):

Injunctive restrictions on filings by abusive litigants are "necessary and prudent" in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986) (en banc) (per curiam). Therefore, district judges have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave, though the conditions must not have the effect of completely foreclosing access to the courts. *Id.* at 1074. Re-imposing filing fees on indigent litigants is one available restriction, although any injunction prohibiting IFP filings must be carefully tailored to minimize the exclusion of legitimate claims. *Miller v. Donald*, 541 F.3d 1091, 1096-97 (11th Cir. 2008) (discussing such restrictions in the non-habeas context).

The district judge's order directing the clerk not to not to accept *any* further filings from Simmons, absent our authorization, is too broad. *Procup*, 792 F.2d at 1074. The order requires Simmons to seek our permission to file any new pleadings in district court, even if Simmons is not statutorily required to seek our permission to invoke the district court's subject matter jurisdiction. Though the clerk likely understood the order to include only those pleadings brought under § 2255 and § 2241, we nevertheless remand with instructions for the district judge to limit the restriction on future filings to habeas petitions challenging Simmons's federal sentences for his underlying drug convictions.

127.    ***Shell v. U.S. Dep't of Housing and Urban Development***, No. 09-12811 (11th

Cir. 12/02/2009):

On April 27, 2009, the district court entered a Martin-Trigona injunction against Shell. It determined that Shell's numerous prior lawsuits based "on the singular issue of the termination of his Section 8 housing benefits" impaired "the Court's ability to efficiently carry out its functions." It noted that all of Shell's lawsuits had been filed in forma pauperis, and that none of the suits had led to a trial on the merits. The court specifically stated that it would not "curtail . . . Shell's overall access to the court" by "barr[ing him] from all litigation, nor even any litigation in regards to his Section 8 housing benefits." Instead, it barred Shell from filing any new lawsuits, actions, proceedings, or matters in

the Southern District of Florida in relation to his Section 8 housing benefits unless he was represented by an attorney.

128.    *Ajibola Taiwo Laosebikan v. the Coca-Cola Company*, No. 10-11312 (11th Cir. 02/24/2011):

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam). The All Writs Act allows courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Klay*, 376 F.3d at 1099 (quoting 28 U.S.C. § 1651(a))(footnotes and citation omitted). This includes the power to enjoin litigants who are abusing the court system by harassing their opponents. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). A vexatious litigant does not have a First Amendment right to abuse the judicial processes with "baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard*, 307 F.3d at 1298 (noting that requiring vexatious litigants to obtain leave of court before filing any further complaints does not violate the First Amendment (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987))).

129.    *In re USA*, No. 10-14535 (11th Cir. 10/28/2010):

As we have explained, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out their Article III functions." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386--87 (11th Cir. 1993) (quoting *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (en banc)). Thus, although compelling the Administrator to appear is extraordinary, it is in my view less so than the EPA's blatant unwillingness to abide by the court's commands.

130.    *Keira v. White*, No. 10-12000 (11th Cir. 10/14/2010):

As we have recognized, federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions, and have a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). Additionally, a district court has the discretion to dismiss a complaint with prejudice as a sanction for a plaintiff's failure to comply with previously-ordered restrictions on filing lawsuits. *MartinTrigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).

131.    *Maid of the Mist Corp. v. Alcatraz Media, LLC*, No. 10-10139 (11th Cir. 07/23/2010):

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). The All Writs Act is a codification of this inherent power and provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Klay*, 376 F.3d at 1099 (quoting 28 U.S.C. § 1651(a)). The Act allows courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." Id. (footnotes omitted). This includes the power to enjoin litigants who are abusing the court system by harassing their opponents. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). A "court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," and a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Procup*, 792 at 1074. "[A litigant] just cannot be completely foreclosed from any access to the court." Id. A party seeking to obtain an All Writs Act injunction "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Klay*, 376 F.3d at 1100.

132.  ***Smith v. United States***, No. 09-14173 (11th Cir. 07/09/2010):

We are guided instead by *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (en banc), a case in which the Eleventh Circuit considered a similar prospective injunction entered by a district court to restrict future filings from an overly litigious inmate. Sitting en banc, this Court held that the inmate had standing to seek review of the injunction because he was "clearly affected" by the injunction and "might possibly be reached by contempt if he sought to file pleadings in violation thereof." Id. at 1070 n.1. Smith is similarly affected by the district court's order in this case and may be subject to contempt if he files any motions in violation of the order. In light of *Procup*, Smith has standing to challenge the injunction.

Neither do we agree with the government's contention that this appeal should be dismissed due to Smith's delay in filing his motion for reconsideration. Although Smith did not specifically identify the legal basis for his motion, he alleged that he was given no warning before the district court entered its injunction. Numerous persuasive authorities support the idea that due process requires notice and a hearing before a court sua sponte enjoins a party from filing further papers in support of a frivolous claim. See *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999) ("Even when such a sua sponte injunction is proper, however, and even when the district court's action is understandable in light of the vexatiousness of the litigation, such an injunction may not issue without notice to the party enjoined and an opportunity for that party to be heard."); *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) ("**If the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. This ensures that the litigant is provided with the opportunity to oppose the court's order before it is instituted.**" (citations omitted)); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.

1990) (finding due process violation where plaintiff "was not provided with an opportunity to oppose the order before it was entered"); *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) ("If a pro se litigant is to be deprived of such a vital constitutional right as access to the courts, he should, at least, be provided with an opportunity to oppose the entry of an order restricting him before it is entered."); see also *United States v. Powerstein*, 185 F. App'x 811, 813 (11th Cir. 2006) ("[A]ppellant was entitled to notice and an opportunity to be heard before the court imposed the injunctive order complained of.").

133.    ***Miller v. Donald***, 541 F.3d 1091 (11th Cir. 08/29/2008):

Tracy Anthony Miller is an inmate in the Georgia prison system. He is a frequent litigant, as plaintiff, in the federal courts in Georgia. Since 1992, proceeding pro se and in forma pauperis, he has filed at least thirty cases in district court and has taken nearly as many appeals to this court.   Filing restriction must, however, be narrowly tailored to the type of abuse.  The injunction in this case likewise goes beyond what is sufficient to protect the district court's jurisdiction from Miller's repetitive filings related to the conditions of his confinement, and fails to uphold Miller's right of access to the courts. The three limited exceptions in the injunction, taken together, do not provide Miller with meaningful access. The first exception permits Miller to file only responsive papers in criminal cases brought against him. The second exception applies only to a "timely filed reconsideration motion," and obviously Miller may have a valid claim that arises after the ten-day period for moving the court to alter or amend a judgment has elapsed, see Fed. R. Civ. P. 59(e). The third exception, that Miller can file his complaint if he can demonstrate that he lacks access to the state courts, misses the point that the relevant right in question is access to the federal courts.  the provision enjoining Miller's future filings is VACATED ; and the case is REMANDED for further proceedings.

134.    ***United States v. Powerstein***, 185 Fed.Appx. 811 (11th Cir. 06/19/2006): [Before

Tjoflat, Anderson, and Birch]

Appellant was released from prison and completed his term of supervised release in November 2001. Thereafter, he resumed his effort to obtain collateral relief in the district court and in this court.\*fn1 On July 21, 2005, the district court held a hearing in which it reviewed the history of appellant's case. The court told appellant that he had exhausted every claim that might have merit and that it intended to enter an order barring him from filing additional pleadings attacking his convictions and sentences. The court gave appellant thirty days to brief his objections to the proposed ban. Appellant filed a brief challenging the court's authority to enter the proposed order. After the Government responded, and appellant filed an omnibus motion in opposition, the court entered an order barring appellant "from filing any other pleading or documents of any kind in this case, subject to the pains and penalties of contempt of court, unless this Court is ordered by the Eleventh Circuit . . . or the Supreme Court . . . to accept the filing." Appellant appeals that order.

75

Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property or liberty interest. *Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995). Meaningful access to the courts is a right of constitutional significance. See *Christopher v. Harbury*, 536 U.S. 403, 415 & n.12, 122 S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002). Thus, appellant was entitled to notice and an opportunity to be heard before the court imposed the injunctive order complained of.

Courts, however, have the jurisdiction to protect themselves against abusive litigants. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1073-74 (citation omitted). A litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court." Id. at 1074.

The district court did not abuse its discretion in entering the injunctive order before us. First, **to satisfy due process requirements, the court provided appellant with adequate notice and an opportunity to respond.** ... Further, the injunction's requirements are **within the scope of authority given to district courts.** This injunction **does not cut off access to the courts**; appellant **has the right to file pleadings in other cases,** and may also file additional pleadings in this case if he is permitted by this court or the Supreme Court. Given that he completed his sentences almost five years ago, and has filed more than forty pleadings and fifteen appeals since then, he has already had the opportunity fully to litigate the validity of his convictions and sentences. Finally, as he is no longer being punished for the crimes to which he was adjudged guilty, the claims he raises are moot for there is nothing a court could do to provide relief.

135.    *United States v. Flint*, 178 Fed.Appx. 964 (11th Cir. 05/01/2006): [Before Birch,

Dubina, and Hull]

"We review the district court's grant of injunctive relief for abuse of discretion, [and] must affirm unless we determine that the district court has made a clear error of judgment or has applied an incorrect legal standard. *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1333 (11th Cir. 1996) (citations and internal quotations omitted). Meaningful access to the courts is a constitutional right. Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc). Courts, however, have the jurisdiction to protect themselves against abusive litigants. Id. at 1073.

"**Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.** . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1073-74

76

(citation omitted). A litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court." Id. at 1074. We have upheld lesser injunctive restrictions on frequent litigants, including pre-screening restrictions, *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991) (per curiam), and restrictions of access to the United States Marshals for service of process, *Traylor v. City of Atlanta*, 805 F.2d 1420, 1421-21 (11th Cir. 1986) (per curiam).

We note that the district court was justified in restricting Flint's ability to file considering the number and often repetitive nature of his past filings in this case. The district's injunction, however, is overbroad under *Procup*. In *Procup*, we held that a district court order restricting a prisoner from filing any case with the district court unless submitted by an attorney admitted to practice before the court was overbroad and denied the prisoner's constitutional right of access to the courts. *Procup*, 792 F.2d at 1070-71. The district court's order is arguably narrower here because it stated that the district court declined "to review any further motions or other pleadings filed by [Flint] in the instant criminal action" and ordered the clerk not to enter "any further pro se pleadings submitted by [Flint]." R10-512 at 4. Because Flint has not indicated that he wishes to file any pleadings outside of this action, the prohibition on any further pleadings in this case could deny Flint meaningful access to the courts. We, therefore, vacate this part of the order and remand for the district court to impose a lesser restriction on Flint's ability to file future pleadings in this action that will protect the court from abusive filings but refrain from improperly infringing on Flint's right of access to the courts.

See *Procup*, 792 F.2d at 1072-73 (discussing various restrictions imposed by courts on frequent litigants and listing cases).

136. ***Klay v. United Healthgroup, Inc.***, No. 02-1664) (11th Cir. 06/30/2004): [Before Tjoflat, Birch, and Goodwin]

a litigant cannot be 'completely foreclosed from any access to the court.

The final type of injunction is an injunction under 28 U.S.C. § 1651(a), the All Writs Act, which states, "The Supreme Court and all courts established by Act of Congress **may issue all writs necessary or appropriate in aid of their respective jurisdictions** and agreeable to the usages and principles of law." The Act does not create any substantive federal jurisdiction. See *Brittingham v. Comm'r*, 451 F.2d 315, 317 (5th Cir. 1971) ("It is settled that . . . the All Writs Act, by itself, creates no jurisdiction in the district courts. It empowers them only to issue writs in aid of jurisdiction previously acquired on some other independent ground."). Instead, it is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source. See *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (**"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."**). In allowing courts to protect their "respective jurisdictions," the

Act allows them to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments. See *Wesch v. Folson*, 6 F.3d 1465, 1470 (11th Cir. 1993) ("In addition, courts held that despite its express language referring to 'aid . . . of jurisdiction,' the All-Writs Act empowers federal courts to issue injunctions to protect or effectuate their judgments.").

A court may grant a writ under this act whenever it is "calculated in [the court's] sound judgment to achieve the ends of justice entrusted to it," and not only when it is "'necessary' in the sense that the court could not otherwise physically discharge its . . . duties." *Adams v. United States*, 317 U.S. 269, 273, 63 S. Ct. 236, 239, 87 L. Ed. 268 (1942). Such writs may be directed toward not only the immediate parties to a proceeding, but to "persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174, 98 S. Ct. 364, 54 L. Ed. 2d 376 (1977). It should be noted, however, that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Corr. v. United States Marshal Serv.*, 474 U.S. 34, 43, 106 S. Ct. 355, 361, 88 L. Ed. 2d 189 (1985); see also *Clinton v. Goldsmith*, 526 U.S. 529, 537, 119 S. Ct. 1538, 1543, 143 L. Ed. 2d 720 (1999) (holding that an injunction under the All Writs Act is an extraordinary remedy that "invests a court with a power that is essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law").

One of the main exceptions to the district court's otherwise broad power to protect its jurisdiction is that, in general, it may not enjoin state court proceedings to protect its ability to render judgment in ongoing in *fn15 personam proceedings. The simple fact that litigation involving the same issues *fn16 is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under this act.

In in personam actions, federal courts may not enjoin pending state proceedings over the same subject matter. In fact, even if there is a danger that the state court might decide first and thereby deprive the federal judiciary from resolving the matter because of res judicata, injunctions of state court actions still are not allowed. Erwin Chemerinsky, Federal Jurisdiction § 14.2, at 842-43 (4th ed. 2003); see *fn17 also *Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295, 90 S. Ct. 1739, 1747, 26 L. Ed. 2d 234 (1970) (where "state and federal courts ha[ve] concurrent jurisdiction . . . neither [i]s free to prevent either party from simultaneously pursuing claims in both courts"); *Kelly*, 985 F.2d at 1069 (holding that the desire to "prevent[] the piecemeal litigation that occurs when parties simultaneously assert claims in several forums" is insufficient to warrant an injunction under the All Writs Act).

If the injunction in this case is to be upheld, it must be under the All Writs Act. Having set forth the general principles governing injunctions under the Act, we now turn to each of the two types of arbitrations the district court enjoined.

... the district court's injunction, in its entirety, is REVERSED.

137.  **Riccard v. Prudential Insurance Co.**, 307 F.3d 1277 (11th Cir. 09/24/2002):

Approving district court's order that enjoined plaintiff from filing suits against a particular defendant without first obtaining leave from court. After holding Riccard in contempt, on Prudential's motion the district court modified the injunction to prohibit Riccard and anyone acting on his behalf from "filing any action, complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge or any similar instrument . . . against Prudential, its present, former or future agents, representatives, employees, directors, officers, attorneys, parents, assigns, predecessors or successors . . . , in any court, forum, tribunal, self-regulatory organization or agency (including law enforcement), whether judicial, quasi-judicial, administrative, federal, state or local, including Bar disciplinary and/or grievance committees . . .whether for pecuniary advantage or otherwise, without first obtaining leave of this Court....This lawsuit and the lawsuit captioned *Riccard v. The Prudential Insurance Co. of Am.*, Case No. 6:99-CV-1266-ORL-31KRS, and any appeals from those suits, are the only Actions exempted from this Order."

138.  **Martin-Trigona v. Shaw**, 986 F.2d 1384 (11th Cir. 03/26/1993):

Appellant's son, Anthony Martin-Trigona, is a notoriously vexatious and vindictive litigator who has long abused the American legal system. A brief summary of his career in the courts up through 1983 can be found in *In re Martin-Trigona*, 573 F. Supp. 1245 (D.Conn.1983), aff'd in part and remanded in part, 737 F.2d 1254 (2d Cir.1984), on remand, 592 F. Supp. 1566 (P. Conn. 1984), aff'd, 763 F.2d 140 (1985), cert. denied, 474 U.S. 1061, 106 S. Ct. 807, 88 L. Ed. 2d 782 (1986). Nine years ago Anthony Martin-Trigona had already filed at least 250 civil suits throughout the United States, with the actual number far exceeding that conservative count. 573 F. Supp. at 1268-69; 737 F.2d at 1259 n. 4. Anthony Martin-Trigona and his mother, the appellant in this case, have filed more than two dozen appeals in the Eleventh Circuit alone since 1983. The Clerk also reports that a search of some, but not all, of the files of the United States District Court for the Southern District of Florida reveals that in just the past five years the Martin-Trigonas have filed, or attempted to file, at least thirteen lawsuits in that district court alone. We have no way of knowing how many lawsuits they have filed in other district courts, other circuit courts, and state courts around the country since the tabulation in the Connecticut injunction case eight years ago. Anthony Martin-Trigona has sued literally hundreds, if not thousands, of attorneys, judges, their spouses, court officials, and other human beings.

139.  **Copeland v. Green**, 949 F.2d 390 (11th Cir. 12/27/1991):

David Walter Copeland is a repeat litigant. In March 1990, he filed eight complaints with the district court, and he sought to proceed in forma pauperis in each of these lawsuits. On March 27, 1990, the district court dismissed the eight lawsuits as frivolous and ordered that any future complaints submitted by Copeland not be filed unless approved by a judge of the court. This order was the subject of a previous appeal to this court, which was dismissed for want of prosecution. Following the March 27, 1990, order, Copeland continued to deluge the district court with complaints and other papers. The district court entered an order requiring Copeland to appear and show cause why he should not be sanctioned for this abuse of his access to the court. Following a hearing at which Copeland appeared on his own behalf, the district court entered an order that (1) enjoined Copeland from entering the Hugo L. Black Courthouse in Birmingham, Alabama, until further order of the court; (2) directed Copeland to deliver any paper that he wished to file with the clerk of the district court through the United States Mail, rather than in person to the courthouse; and (3) directed that any paper thus received from Copeland be marked by the clerk, "Received," and not marked "Filed," unless and until the paper was first submitted by the clerk to a judge of the court and approved by the judge for actual filing. It is this order that is the subject of this appeal. There is no doubt that the district court had the power to devise an injunction to protect itself against Copeland's abuses.*fn1  We hold, however, that the provisions barring Copeland from entering the federal courthouse in Birmingham and from delivering documents to the Clerk of Court are impermissibly restrictive of his right to access to that court. In all other respects, the district court's order complies with constitutional mandates.

140. **_Cofield v. Ala. Public Service Commission_**, 936 F.2d 512 (11th Cir. 07/22/1991):

"an overly litigious fellow" named Sir Keenan Cofield, an inmate in the Alabama prison system. Id. at 513. Cofield's obviously frivolous suits targeted defendants from prison officials to Burger King, Coca-Cola, and AT&T. See id. The district court for the Northern District of Alabama sua sponte dismissed all of Cofield's pending suits and barred him from filing further claims IFP; the court also required Cofield to obtain leave of court before filing any papers even after paying a fee. Id. at 514. On appeal, we agreed with the district court's factual conclusion that Cofield filed his meritless complaints out of spite and vanity. See id. at 516-17. As to the propriety of the court's injunction against Cofield, we affirmed the provision that required Cofield to obtain leave of court before filing, but reversed the provision denying IFP status in all future cases, holding that "[o]ur precedent condemns" the "prospective shutting [of] the courthouse door." See id. at 518.

## FLORIDA CASE LAW RECOGNIZES FILING RESTRICTIONS
## ONLY WITH ABUSIVE INMATES.

141.    There have been five appellate decisions in the history of the state of Florida regarding "fling restrictions." None of them provide any legal justification for the wrongful attempt to dismiss this personal injury case.

80

142. *Woodson v. State*, SC18-201 (Fla. 04/26/2018):

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. *E.g.*, *Hastings v. State*, 79 So.3d 739, 742 (Fla. 2011); *Johnson v. Rundle*, 59 So.3d 1080, 1081 (Fla. 2011). Through his persistent filing of frivolous or meritless requests for relief, Woodson has abused the judicial process and burdened this Court's limited judicial resources. Woodson's response to this Court's order to show cause failed to offer any justification for his abuse or to express regret for his repeated misuse of this Court's resources. Woodson does not appreciate or respect the judicial process or this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So.2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). We are therefore convinced that, if not restrained, Woodson will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to case numbers 131996CF0051580001XX and 3D98-430.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Carlos L. Woodson that pertain to case numbers 131996CF0051580001XX and 3D98-430, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Woodson may only petition this Court about case numbers 131996CF0051580001XX and 3D98-430 when such filings are signed by a member in good standing of The Florida Bar whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

143. *Fails v. Jones*, SC17-327 (Fla. 06/15/2017):

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. *E.g.*, *Hastings v. State*, 79 So.3d 739, 742 (Fla. 2011); *Johnson v. Rundle*, 59 So.3d 1080');">59 So.3d 1080, 1081 (Fla. 2011). Through his persistent filing of frivolous or meritless requests for relief, Fails has abused the judicial process and burdened this Court's limited judicial resources.[4] Fails' response to this Court's order to show cause failed to offer any justification for his abuse or to express regret for his repeated misuse of this Court's resources. His seven filings in addition to his response further indicate that Fails does not appreciate or respect the judicial process or this Court's limited judicial resources. We are therefore convinced that if not restrained, Fails will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to circuit court case number 172004CF003733XXXAXX.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Anthony J. Fails that pertain to case number

172004CF003733XXXAXX, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Falls may petition this Court about his convictions or sentences in case number 172004CF003733XXXAXX only when such filings are signed by a member in good standing of The Florida Bar whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

144.    ***Blaxton v. State***, 187 So.3d 216, 41 Fla.L.Weekly S 14 (Fla. 01/21/2016):

Based on his substantial filing history, it is likely that, if left unrestrained, Blaxton will continue to inundate this Court with frivolous or meritless requests for relief. We therefore deny Blaxton's motion and conclude that he has failed to show cause why sanctions should not be imposed against him for his repeated misuse of this Court's limited judicial resources. We further conclude that the petition filed by Otis D. Blaxton in this case is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2015).

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Otis D. Blaxton that pertain to case numbers 99-CF-22563, 04-CF-2760, 06-CF-5189, and 11-CF-572A, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Blaxton may only petition the Court about his convictions or sentences in case numbers 99-CF-22563, 04-CF-2760, 06-CF-5189, and 11-CF-572A through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

145.    ***Green v. State***, 190 So.3d 1026, 41 Fla.L.Weekly S 81 (Fla. 03/10/2016):

Green filed a response to the order to show cause in which he reasserted the same attacks on the legality of his convictions and sentences that he has previously presented to this Court in his other filings. At no point in his response does Green offer any justification for his use or express any remorse for his repeated misuse of the Court's limited judicial resources. Based on his substantial filing history, it is likely that, if left unrestrained, Green will continue to inundate this Court with frivolous or meritless requests for relief. We therefore conclude that Green has failed to show cause why sanctions should not be imposed against him for his repeated misuse of this Court's limited judicial resources. We further conclude that the petition filed by Tommy L. Green, Sr., in this case is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2015).

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Tommy L. Green, Sr., that pertain to case number 2011-CF-182, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Green may only petition the Court about his conviction or sentence in case number 2011-CF-182 through the assistance of counsel whenever such counsel determines that the proceeding may have merit

and can be filed in good faith. Further, because we have found Green's petitions to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes, to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Green is incarcerated.

146. *Casey v. State*, SC15-761 (Fla. 10/29/2015):

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. *E.g.*, *Hastings v. State*, 79 So.3d 739, 742 (Fla. 2011); *Johnson v. Rundle*, 59 So.3d 1080, 1081 (Fla. 2011). Through his persistent filing of frivolous or meritless requests for relief, Casey has abused the judicial process and burdened this Court's limited judicial resources.[3] His filings clearly indicate that he lacks any understanding of the appellate process and that he is unwilling to gain an understanding of it. Casey did not timely respond to the order to show cause and, in so doing, has failed to offer any justification for his use or to express regret for his repeated misuse of this Court's resources. We are therefore convinced that if not restrained, Casey will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to circuit court case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Brian M. Casey that pertain to case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Casey may only petition the Court about his convictions or sentences in case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945 through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

This 18th day of August, 2020.

**William M. Windsor**
100 East Oak Terrace Drive, Unit B3
Leesburg, Florida 34748
352-577-9988
bill@billWindsor.com - billwindsor1@outlook.com

83

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Electronic Mail to:

David I. Wynne
Law Offices of Scott L. Astrin
100 N. Tampa Street, Suite 2605
Tampa, Florida 33602
david.wynne@aig.com, tampapleadings@aig.com, emily.christopher@aig.com
813-526-0559
813-218-3110
Fax: 813-649-8362

This 18th day of August, 2020.

**William M. Windsor**

APPEAL NO. 22-12038 and 22-12411

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

APPELLANT'S PETITION FOR REHEARING

AND EN BANC DETERMINATION

# APPENDIX 25

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 18 2022

_____ER, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA – ATLANTA DIVISION

WILLIAM M. WINDSOR,                    )
     Plaintiff                    )
                      )
                      )
v.                                     )     CIVIL ACTION NO.
                      )
James N. Hatten, Anniva Sanders, J. White,  )     1:11-CV-01923-TWT
B. Gutting, Margaret Callier, B. Grutby,     )
Douglas J. Mincher, Jessica Birnbaum,        )
Judge William S. Duffey, Judge Orinda D.     )
Evans, Judge Julie E. Carnes, John Ley       )
Judge Joel F. Dubina, Judge Ed Carnes,       )
Judge Rosemary Barkett, Judge Frank M.       )
Hull,                                        )
        Defendants.              )
_____)

## NOTICE OF APPEAL

1.    Notice is hereby given that William M. Windsor ("Windsor" or

"Plaintiff") in the above-named case hereby appeals to the United States Court of

Appeals from the ORDER issued on 6/30/2022 in Civil Action No. 1:11-CV-

01923-TWT ("ORDER"). [EXHIBIT 2293.]

2.    This appeal is necessary due to the violation of Windsor's

Constitutional rights and the rights of acquaintances of WINDSOR by Judge

1

Thomas Woodrow Thrash ("JUDGE THOMAS W. THRASH"), abuse of

discretion, denial of due process, errors of law, violation of statutes, errors of fact,

violations of various statutes, extreme bias, and more.

## THE COURT OF APPEALS HAS JURISDICTION OVER THIS APPEAL.

3.      The Court of Appeals has jurisdiction pursuant to 28 U.S.C. §

1292(a)(l) because the district court's ORDER (1) imposed an injunction; or (2)

had the practical effect of an injunction; or (3) worked a modification of an

injunction. The ORDER denies rights to WINDSOR and his acquaintances and

implicitly enjoins WINDSOR and his acquaintances from future exercise of rights.

4.      Injunctions are appealable pursuant to 28 U.S.C. § 1292(a). A court

order prohibiting someone from doing some specified act is an injunction. The

ORDER prohibits WINDSOR from filing a civil rights complaint against Texas

state court personnel who have denied WINDSOR the right to pursue legal actions

in regard to his attempt to obtain guardianship of an elderly disabled woman. The

ORDER prohibits people who are acquainted with WINDSOR from filing their

own personal legal motions and actions. The ORDER prohibits 83-year-old

disabled Wanda Dutschmann from filing motions for judicial review of

instruments filed by her sons purporting to create a lien on her property. The

2

bogus basis claimed was "the well-documented history of frivolous filings by

William Windsor and his abuse of the federal judicial system." [EXHIBIT 2293.]

See Black's Law Dictionary 784 (6th ed. 1990) (defining "injunction" as "[a] court order prohibiting someone from doing some specified act or commanding someone to undo some wrong or injury"). *(Nken v. Holder,* 129 S.Ct. 1749, 173 L.Ed.2d 550 (U.S. 04/22/2009).) (See also *KPMG, LLP v. SEC,* 289 F.3d 109, 124 (D.C. Cir. 2002); *Lundberg v. United States,* No. 09-01466 (D.D.C. 07/01/2010).)

"... we have jurisdiction under 28 U.S.C. § 1292(a)(l) (1982), which permits an immediate appeal from the issuance of a new or modified injunction. *Szabo v. US. Marine Corp.,* 819 F.2d 714, 718 (7th Cir. 1987); see also *I.A.M Nat'l Pension Fund Benefit Plan Av. Cooper Indus.,* 252 U.S. App. D.C. 189, 789 F.2d 21, 23-24 (D.C. Cir.), cert. denied, 479 U.S. 971, 107 S. Ct. 473, 93 L. Ed. 2d 417 (1986). Accordingly, we have jurisdiction over Eastern's appeal under 28 U.S.C. § 1292(a) (1)." (06/07/88 *International Association v. Eastern Airlines, Inc.,* No. 88-7079, UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT.)

Under 28 U.S.C. § 1292(a)(l), the court has jurisdiction to review "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions .... "28 U.S.C. § 1292(a)(1 ). Although the provision is typically invoked to appeal preliminary injunctions, it can be invoked to appeal permanent injunctions that are interlocutory in nature. *Smith v. Vulcan Iron Works,* 165 U.S. 518 (1897); see also *Ty, Inc. v. Publ'ns Int'l Ltd.,* 292 F.3d 512, 516 (7th Cir. 2002), cert. denied, 123 S. Ct. 892 (2003); *Cohen v. Bd. Of Trs. of Univ. of Med. & Dentistry,* 867 F.2d 1455, 1464 n.7 (3d Cir. 1989); *CFTC v. Preferred Capital Inv. Co.,* 664 F.2d 1316, 1319 n.4 (5th Cir. 1982); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 3924 (2d ed. 1996). (National Railroad Passenger Corporation v. ExpressTrak, L.L.C.,* 330 F.3d 523 (D.C.Cir. 06/06/2003).)

Under 28 U.S.C. § 1292(a)(l), circuit courts have jurisdiction to review "[i]nterlocutory orders ... granting, continuing, modifying, refusing or

dissolving injunctions." Regardless of how the district court may choose to characterize its order, **section 1292(a)(l) applies to any order that has "the practical effect of granting or denying an injunction,"** so long as it also "might have a serious, perhaps irreparable, consequence, and ... can be effectually challenged only by immediate appeal." *I.A.M Nat'l Pension Fund Benefit Plan Av. Cooper Indus., Inc.,* 789 F.2d 21, 23-24 (D.C. Cir. 1986) (internal quotation marks omitted). **[emphasis added.]**

5.     WINDSOR has never filed anything frivolous, and he has not abused the federal judicial system.

## THE DISTRICT COURT'S ORDER IS VOID AND INVALID.

6.     JUDGE THOMAS W. THRASH's ORDER is void. The U.S. Supreme Court has stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them." *(Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).)

7.     It is well-established law that a judge must first determine whether the judge has jurisdiction before hearing and ruling in any case. JUDGE THOMAS W. THRASH failed to do so when he issued a purported injunction on 7/15/2011 and failed to address the 6/14/11 MOTION TO DENY REMOVAL. [DOCKET 7.]

8.     The ORDER of JUDGE THOMAS W. THRASH is void. *(Adams v. State,* No. 1 :07-cv-2924-WSDCCH (N.D.Ga. 03/05/2008).) *(See Steel Co. v.*

4

*Citizens for a Better Env't,* 523 U.S. 83, 94 (1998); see also *University of S. Ala. v. The Am. Tobacco Co.,* 168 F.3d 405,410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). *(Jean Dean v. Wells Fargo Home Mortgage,* No. 2:10-cv-564-FtM-29SPC (M.D.Fla. 04/21/2011).) *(Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994).)

9.     The ORDER issued by JUDGE THOMAS W. THRASH is invalid. It was not issued under seal or signed by the Clerk of the Court in violation of 28 U.S.C. 1691.

> The word "process" at 28 U.S.C. 1691 means a court order. See *Middleton Paper Co. v. Rock River Paper Co.,* 19 F. 252 (C.C. W.D. Wisconsin 1884); *Taylor v. U.S.,* 45 F. 531 (C.C. E.D. Tennessee 1891); *U.S. v. Murphy,* 82 F. 893 (DCUS Delaware 1897); *Leas & Mc Vitty v. Merriman,* 132 F. 510 (C.C. W.D. Virginia 1904); *U.S. v. Sharrock,* 276 F. 30 (DCUS Montana 1921); *In re Simon,* 297 F. 942, 34 ALR 1404 (2nd Cir. 1924); *Scanbe Mfg. Co. v. Tryon,* 400 F.2d 598 (9th Cir. 1968); *and Miles v. Gussin,* 104 B.R. 553 (Bankruptcy D.C. 1989).

10.     JUDGE THOMAS W. THRASH has no authority to deny acquaintances of WINDSOR the right to file their own legal actions. These nice people have their own legal issues, and they are doing nothing in consort with WINDSOR to file things for him. These people are being unlawfully enjoined. There is no legal basis for what JUDGE THOMAS W. THRASH is doing.

5

# WINDSOR AND HIS ACQUAINTANCES WERE DENIED PROCEDURAL DUE PROCESS.

11.    There was no basis for issuing INJUNCTIONS because the only

evidence and the only facts before JUDGE THOMAS W. THRASH were from

WINDSOR.  There wasn't a single affidavit or word of testimony from the

Defendants.  The INJUNCTION fails to set forth any valid reasons (as there are

none).  There was no notice or an opportunity to be heard.  There is no legal basis

for a federal judge to interfere with a state guardianship effort.  Statutes and case

law firmly establish that federal judges have no jurisdiction over state court matters

and may not deny a party the right to appeal.

> The requirements for a valid injunction are found in Rule 65(d) of the
> Federal Rules of Civil Procedure, which provides, so far as pertinent here,
> that "every order granting an injunction ... shall set forth the reasons for its
> issuance; shall be specific in terms; shall describe in reasonable detail, and
> not by reference to the complaint or other document, the act or acts sought to
> be restrained." (*International Longshoremen's Ass 'n v. Philadelphia
> Marine Trade Ass'n*, 389 U.S. 64, 74-76 (1967); *Schmidt v. Lessard*, 414
> U.S. 473 (1974) (per curiam); *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d
> 610, 619-20 (7th Cir. 1998); *Project B.A.S.J.C. v. Kemp*, 947 F.2d 11, 16
> (1st Cir.1991); *Imageware, Inc. v. US. West Communications*, 219 F.3d 793
> (8th Cir. 07/25/2000); *Sanders v. Air Line Pilots Ass 'n, Int'l*, 473 F.2d
> 244,247 (2d Cir. 1972); *EFS Marketing, Inc. v. Russ Berrie & Co.*, 76 F.3d
> 487,493 (2d Cir. 1996) (internal quotation marks omitted).)

> Amendment V of the U.S. Constitution provides: "No person shall be ...
> deprived of life, liberty, or property, without due process of law .... "Article 1
> of the Georgia Constitution provides: "No person shall be deprived of life,
> liberty, or property except by due process of law."

6

12.     JUDGE THOMAS W. THRASH improperly foreclosed WINDSOR's

access to courts and the access of people with whom he is acquainted. JUDGE

THOMAS W. THRASH issued an injunction without giving WINDSOR the

opportunity to be heard at a hearing. Procedural due process requires notice and an

opportunity to be heard before any governmental deprivation of a property or

liberty interest. *(Zipperer v. City of Fort Myers,* 41 F.3d 619,623 (11th Cir. 1995).)

13.     Meaningful access to the courts is a Constitutional right that has been

denied by JUDGE THOMAS W. THRASH, and his ORDER denies significant

rights.

> (See *Procup v. Strickland,* 792 F.2d 1069, 1072 (11th Cir. 1986) (per
> curiam) (en banc); *Christopher v. Harbury,* 536 U.S. 403,415 & n.12, 122
> S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002).)

14.     There was no Show Cause order issued to WINDSOR or his

acquaintances as required by Eleventh Circuit law. Neither WINDSOR nor his

acquaintances had proper notice.

> Upon these findings and **consistent with Eleventh Circuit law, this Court
> required Plaintiff to show cause within ten days ... why a Martin
> Trigona injunction should not be entered.** (See *Procup v. Strickland,* 792
> F.2d 1069 (11th Cir. 1986); *Torres v. McCoun,* No. 8:08-cv-1605-T-33MSS
> (M.D.Fla. 09/10/2008); *Western Water Management, Inc. v. Brown,* 40 F.3d
> 105, 109 (5th Cir. 1994).) **[emphasis added.]**

7

15.     WINDSOR will suffer irreparable harm if the ORDER is allowed to stand and WINDSOR and his acquaintances lose legal rights.

16.     The courthouse doors have been closed to WINDSOR and his acquaintances in violation of extensive case law.  WINDSOR and his acquaintances have been denied the right to petition the government for redress of grievances.  WINDSOR and his acquaintances have been denied rights pursuant to the Constitution and Bill of Rights.

17.     JUDGE THOMAS W. THRASH issued an ORDER that had immediate and irreparable impact on WINDSOR and his acquaintances.

### THERE WAS NO FACTUAL BASIS FOR THE ORDER.

18.     The basis for the ORDER was alleged "the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system."  But there was no evidence presented in this matter to support such a statement in the ORDER, the 6/30/2022 INJUNCTION, or previously.

### THE ORDER IS VAGUE, AND IT IS TOO BROAD.

19.     The order is vague. It is not specific as required by law.

8

20.     The ORDER does not identify how JUDGE THOMAS W.

THRASH's orders are binding on state court judges or how a judge can deny third

parties the right to pursue their own legal matters.

21.     The basis for the 7/15/2011 INJUNCTION, the 2/18/2018

MODIFIED INJUNCTION, and the 5/26/2022 INJUNCTION was alleged "abuse

of the federal judicial system" by "repeatedly filing frivolous, malicious and

vexatious lawsuits against the judges assigned to his many cases .... "

22.     The alleged basis was lawsuits against federal judges, but the

ORDER encompasses the filing of anything on any matter in state or federal court.

23.     Federal Circuit Court decisions state again and again that filing

restrictions must be very limited. They must be narrowly tailored. (See *Blaylock v.*

*Tinner,* 13-3151 (10th Cir. 11/04/2013).)

> Courts have ample authority to curb abusive and repetitive litigation with the
> imposition of a number of filing restrictions, so long as the restrictions
> imposed are narrowly tailored to the nature and type of abuse and do not
> pose an absolute bar to the courthouse door. See *In re Anderson,* 511 U.S.
> 364, 365-66 (1994); *Miller* v. *Donald,* 541 F.3d 1091, 1096-98 (11th Cir.
> 2008); *In re Chapman,* 328 F.3d 903, 905 (7th Cir. 2003); *In re Davis,* 878
> F.2d 211, 212-213 (7th Cir. 1989). *(Henry* v. *United States,* No. 09-2398
> (7th Cir. 01/14/2010).)

> We have repeatedly held that a district court has the discretion to enter
> narrow, carefully tailored filing restrictions to prevent repetitive and abusive
> filings, all after notice and an opportunity to respond. See *Sieverding* v.
> *Colo. Bar Ass'n,* 469 F .3d 1340, 1343 (10th Cir. 2006); *Stafford* v. *United*

*9*

*States,* 208 F.3d 1177, 1179 (10th Cir. 2000); *Winslow* v. *Hunter,* 17 F .3d
314, 315-16 (10th Cir.1994) (per curiam); *Tripati* v. *Beaman,* 878 F.2d
351,354 (10th Cir. 1989). *(Hutchinson* v. *Hahn,* No: 09-5144 (10th Cir.
11/24/2010).)

## JUDGE THOMAS W. THRASH MUST NOT BE ALLOWED TO ISSUE ORDERS ON STATE COURT MATTERS.

24.     Meaningful access to the courts is a Constitutional right that has been
denied by the ORDER.  The ORDER must be declared VOID as it violates every
federal appellate decision ever issued.

25.     WINDSOR has researched "filing restrictions" referencing the three
key federal precedents in every, federal circuit court.  There has never been one
single appellate decision that disagrees with the three cases -- *Baum v. Blue Moon
Ventures, LLC,* 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar
Ass'n,* 469 F.3d 1340, 1344 (10th Cir. 2006); *and Martin-Trigona v. Lavien,* 737
F.2d 1254, 1263 (2d Cir. 1984).  WINDSOR has attempted to review every federal
appellate decision regarding filing restrictions.  He can find NO CASE to support
the frivolous Motion to Dismiss filed by the Defendants.  EXHIBIT 2294 is a
Memorandum of Law that WINDSOR prepared in 2020 addressing these three
federal opinions and 140 others.

26.     WINDSOR has gone through the time-consuming process to obtain

*10*

approval of federal courts for the filing of civil actions. In a defamation action in Missouri, federal judge Fernando J. Gaitan approved WINDSOR's filing of a petition against Allie Overstreet. A federal court ruling in Missouri rejected an attempt to deny WINDSOR the right to pursue a civil action when Overstreet's attorney tried to claim JUDGE THOMAS W. THRASH's order prohibited it. A federal court ruling in Montana granted WINDSOR the right to pursue a civil action for defamation while expressing that the federal judge may not have jurisdiction to issue such an approval. A federal judge in Kansas refused to issue an order granting leave for WINDSOR to file a defamation action because she said she did not have jurisdiction over state court matters. It took almost a year to obtain an email from the judge's clerk stating that she did not have jurisdiction to grant leave to file in a state court. A federal judge in Texas granted leave to file a negligence action but expressed doubts as to jurisdiction to do so. A state court judge in Texas ordered that WINDSOR's defamation case could proceed despite the failure of federal judges there to respond to requests for leave. Judge Bob Carroll stated in an order that this Court's INJUNCTION was overly broad in applying to state courts and was not necessary to protect federal courts. Judge Carroll also noted that it was overly broad in containing no exception for allowing WINDSOR to defend himself in a criminal action or seeking affirmative relief and

in failing to state an exception for allowing WINDSOR access to appellate courts.

*(Windsor v. Joeyisalittlekid,* et al, Case #88611, Ellis County Texas, Trial Court

Order No. 1 dated August 11, 2014). (Exhibit 4, P.5.)

27.    Federal case law provides that such an injunction may not apply to

state court cases. *Sieverding v. Colorado Bar Association,* 469 F.3d 1340 (2006);

*Deel en v. City of Kansas City, Missouri,* No. 06-1896 (8th Cir. 10/19/2007);

*Martin-Trigona v. Lavien,* 737 F.2d 1254 (2d Cir.1984). In *Martin-Trigona,* the

Second Circuit concluded that the district court "erred in its blanket extension of

the [pre-filing] injunction to state courts ...."

> " ... the Tenth Circuit held that (1) a district court's pre-filing injunction may
> extend to filings in lower federal courts within the circuit that the issuing
> court is located, (2) a district court's pre-filing injunction may not extend to
> filings in any federal appellate court, and (3) a district court's pre-filing
> injunction may not extend to filings in any state court. *Sieverding v. Colo.
> Bar Ass; 'n,* 469 F .3d 1340, 1344 (10th Cir. 2006). Based on the facts of this
> case, we find that the district court abused its discretion in extending the
> prefiling injunction to filings in state courts, state agencies, and this Court.*
> fn3 In the words of Sieverding, 'those courts [or agencies] are
> capable of taking appropriate action on their own.' Id. We uphold those
> provisions of the pre-filing injunction that prevent Douglas Baum from
> filing claims in federal bankruptcy courts, federal district courts, and federal
> agencies in the state of Texas without the express written permission of
> Judge Hughes." *(Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181 (5th Cir.
> 01/03/2008).)

## JUDGE THOMAS W. THRASH MUST NOT BE ALLOWED
## TO ISSUE ORDERS DENYING LEGAL RIGHTS TO

12

## ACQUAINTANCES OF WINDSOR.

28.     Judge Thomas W. Thrash has no jurisdiction over acquaintances of WINDSOR. Yet he enjoined them.

29.     WINDSOR has hundreds of thousands of acquaintances. Each has his or her own legal and Constitutional rights. The ORDER is an outage to one and all.


Submitted, this 14th day of July, 2022.

*William M. Windsor*

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com


## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this pleading has been prepared in Times New Roman 14-point font, one of the font and point selections approved by this Court in Local Rule 5.lB, N.D. Ga.

This 14th day of July, 2022.

*William M. Windsor*

13

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing NOTICE OF APPEAL by

email and addressed as follows:

CHRISTOPHER J. HUBER
ASSISTANT U.S. ATTORNEY, Georgia Bar No. 545627
600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W. -- Atlanta, Georgia 30303
Telephone: (404) 581-6292 -- Facsimile: (404) 581-6181
Email: chris.huber@usdoj.gov

This 14th day of July, 2022,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

# EXHIBIT 2293

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

    Plaintiff,

      v.

B. GRUTBY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-1923-TWT

## ORDER

This is a pro se civil action.   It is before the Court on the Motion for Leave to File Motions [Doc. 269], Motion for Leave to File [Doc. 270] and Motion for Leave to File Civil Rights Complaint [Doc. 271] which are DENIED based upon the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system.

SO ORDERED, this ___30th___ day of June, 2022.

THOMAS W. THRASH, JR.
United States District Judge

# EXHIBIT
# 2294

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

WILLIAM WINDSOR,                              CASE NO. 2018-CA-010270-O

Plaintiff,

vs.

ROBERT KEITH LONGEST, an individual, and BOISE CASCADE BUILDING MATERIALS
DISTRIBUTION, L.L.C., a Foreign Limited Liability Company,

Defendants.

## MEMORANDUM OF LAW

1.       William M. Windsor ("Windsor") files Memorandum of Law in support of his

Response to the Defendants' Motion to Dismiss. Windsor has researched "filing restrictions"

referencing the three key federal precedents in every federal circuit court. There has never been

one single appellate decision that disagrees with the three cases -- *Baum v. Blue Moon*

*Ventures, LLC*, 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d

1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1263 (2d Cir.

1984). Windsor has attempted to review every federal appellate decision regarding filing

restrictions. He can find NO CASE to support the frivolous Motion to Dismiss filed by the

Defendants. Emphasis has been added in the use of bold face and yellow highlight.

## FEDERAL COURTS MAY NOT ISSUE FILING RESTRICTIONS THAT ARE
## BINDING ON STATE COURTS

2.       Federal case law establishes that a federal judge has no jurisdiction over state

courts, and a federal order for filing restrictions cannot apply to state courts.

1

3.      This Court has been previously asked to take judicial notice of *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 191-92 (5th Cir. 2008). [EXHIBIT 532.]

A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation. *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 360 (5th Cir. 1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Day v. Allstate Ins. Co.,* 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court, to deter vexatious filings) (citing *Martin-Trigona v. Lavien (In re Martin-Trigona),* 737 F.2d 1254, 1261-62 (2d Cir. 1984)). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson,* 808 F.2d at 360. This Court will review the district court's decision to grant or modify an injunction under the abuse of discretion standard. *Newby v. Enron Corp.,* 302 F.3d 295, 301 (5th Cir. 2002) (grant of injunction); *ICEE Distribs., Inc. v. J&J Snack Foods Corp.,* 445 F.3d 841, 850 (5th Cir. 2006) (modification of injunction). A district court clearly has the power to impose a pre-filing injunction in the appropriate factual circumstances. *Farguson,* 808 F.2d at 360; *see also Collum v. Edwards,* 578 F.2d 110, 112 (5th Cir. 1978) ("The Judge's broad and flexible equitable powers govern the granting and dissolution of permanent as well as temporary injunctions.").

Notice and a hearing are required if the district court sua sponte imposes a pre-filing injunction or sua sponte modifies an existing injunction to deter vexatious filings. In *Western Water Management, Inc. v. Brown,* the defendants complained of the district court's sua sponte modification of a permanent injunction, which imposed additional restrictions on the defendants. 40 F.3d 105, 109 (5th Cir. 1994). Without addressing whether the district court had the authority to sua sponte modify the injunction, we vacated the injunction as an abuse of discretion because the modification "was not preceded by appropriate notice and an opportunity for hearing." Id. *Brown* implies that the district court may sua sponte modify a permanent injunction if the parties are given prior notice and an opportunity for hearing.

A district court's modification of an injunction is reviewed for an abuse of discretion. *ICEE Distribs.,* 445 F.3d at 850. "Modification of an injunction is appropriate when the legal or factual circumstances justifying the injunction have changed." Id. Federal courts have the power to enjoin plaintiffs from future filings when those plaintiffs consistently abuse the court system and harass their opponents. See *Farguson,* 808 F.2d at 359-60. However, an "injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." Id. at 360. Based on this principle, this Court previously limited the December 2002 Injunction to only enjoin Baum from filing any additional claims against the Mortenson defendants and related parties. However, this Court cautioned Baum that "[i]f the Baums persist in a widespread practice that is deserving of such a broad injunction, then [a broader] injunction could be appropriate." *Mortenson,* 93 F. App'x at 655.

2

The District Court Abused its Discretion in Extending the Pre-Filing Injunction to Filings in State Courts, State Agencies, and This Court. Baum argues that the district court abused its discretion in extending the injunction to prohibit Baum from filing any claims in state courts or with state agencies. Baum argues that even if the injunction is proper for federal courts, "[a]buse of state judicial process is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests." *Martin-Trigona*, 737 F.2d at 1263. In *Martin-Trigona*, the Second Circuit concluded that the district court "erred in its blanket extension of the pre-filing injunction to state courts," but it upheld those provisions of the injunction requiring Martin-Trigona to alert state courts of his history of vexatious filings in the federal courts. Id. Blue Moon does not cite to any authority that upholds a federal court's pre-filing injunction against state court and state agency filings. Furthermore, in Baum's prior appeal, this Court noted that "a broader injunction, prohibiting any filings in any federal court without leave of that court may be appropriate." *Mortenson*, 93 F. App'x at 655 (emphasis added). Recently, the Tenth Circuit held that (1) a district court's pre-filing injunction may extend to filings in lower federal courts within the circuit that the issuing court is located, (2) a district court's pre-filing injunction may not extend to filings in any federal appellate court, and (3) a district court's pre-filing injunction may not extend to filings in any state court. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). Based on the facts of this case, we find that the district court abused its discretion in extending the pre-filing injunction to filings in state courts, state agencies, and this Court. In the words of Sieverding, "those courts [or agencies] are capable of taking appropriate action on their own." Id. We uphold those provisions of the pre-filing injunction that prevent Douglas Baum from filing claims in federal bankruptcy courts, federal district courts, and federal agencies in the state of Texas without the express written permission of Judge Hughes.

It was an abuse of discretion for the district court to extend the injunction to filings in state courts, state agencies, and this Court. The pre-filing injunction is amended as follows: Douglas Baum is enjoined from directly or indirectly filing claims in federal bankruptcy courts, federal district courts, and federal agencies in the state of Texas without the express written permission of Judge Lynn N. Hughes.

4.   This Court has been previously asked to take judicial notice of *Sieverding v.*

*Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). [EXHIBIT 533.]

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Id. at 352 (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)). We agree with the district court that filing restrictions were appropriate in this case. We conclude, however, that the restrictions were not carefully tailored as required by our case law and that a portion of the filing restrictions order must be modified.

3

The substance of the filing restriction states: Kay Sieverding and David Sieverding are hereafter prohibited from commencing any pro se litigation in any court in the United States on any subject matter unless they meet the requirements of Paragraph 2 below.

R., Vol. I, Doc. 788 at 7 ¶ 1. Paragraph 2 explains that the Sieverdings must seek approval from the District of Colorado before commencing any pro se litigation in any court in the United States on any subject matter. Id. at ¶ 2. The order does not apply if the Sieverdings are represented by a licensed attorney. Id. at ¶ 3.

This filing restrictions order is unlike other filing restrictions orders that have been reviewed by this court because it extends to any court in this country as opposed to being limited to the jurisdiction of the court issuing the order. The order thereby includes every state court, every federal district court and every federal court of appeal. Appellees cite to only one case that involved similarly broad filing restrictions, *Martin-Trigona v. Lavien*, 737 F.2d 1254 (2d Cir. 1984), to support their argument that the breadth of the district court's order was appropriate.

In *Martin-Trigona*, the Second Circuit was reviewing an order imposing restrictions that enjoined the filing of any action in any state or federal court in the United States arising out of plaintiff's bankruptcy proceedings, unless certain conditions were met. The order did, however, include an exception for certain types of filings, including filings in the federal appellate courts. See id. at 1259 ("Nothing in this order shall be construed as denying [plaintiff] access to the United States Courts of Appeals."). The Second Circuit upheld the portion of the filing restrictions order that prohibited the plaintiff from filing an action in any federal district court in the country without prior permission. See id. at 1262. The court determined, however, that the district court erred by extending the filing restrictions to include state courts, although the court left intact the requirement that Mr. Martin-Trigona notify the state courts regarding his prior litigation history. See id. at 1262-63.

We disagree with the Second Circuit's decision to uphold the broad filing restriction limiting access to any federal district court in the country and we will not uphold such a broad filing restriction in this case. We think it is appropriate for the District of Colorado to impose filing restrictions that include other federal district courts within the Tenth Circuit, but that it is not appropriate to extend those restrictions to include federal district courts outside of this Circuit. It is not reasonable for a court in this Circuit to speak on behalf of courts in other circuits in the country; those courts are capable of taking appropriate action on their own.

We agree with the Second Circuit's determination that it is not appropriate for a federal district court to restrict access to the state courts. The district court erred in this case by imposing filing restrictions limiting access to any court in the country. Finally, we note that the district court's broad order, unlike the order at issue in *Martin-Trigona*, fails to include an exception for filings in the federal appellate courts. This was error.

4

▓▓▓▓▓▓▓▓▓▓▓▓▓. We are capable of deciding if filing restrictions are appropriate in this court.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The district court's March 2004 filing restrictions order was properly limited by subject matter and defendant because it prohibited filings based on the series of transactions described in that initial federal action, case number 02-cv-1950. Given Ms. Sieverding's continued filings after that restriction was entered, the district court was justified in expanding the scope of the filing restrictions, but there is no apparent basis for extending the restriction to include any subject matter and any party. Ms. Sieverding has not filed litigation against random persons or entities. Instead, she has focused her efforts on filing actions against the persons, entities, counsel, and insurance companies of the parties involved in 02-cv-1950. We believe the district court's intention, to restrict further abusive filings by Ms. Sieverding, is best accomplished by modifying its order to create a carefully-tailored restriction limiting her ability to file actions against those persons and entities, but without limitation to subject matter. See, e.g. *Martin-Trigona v. Lavien*, 737 F.2d at 1263 (instructing district court on remand to craft injunction restricting abusive litigant from filing any actions against parties, counsel, and court personnel involved in prior litigation).

For the foregoing reasons, we affirm the district court's order as modified by this opinion. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The district court's order is MODIFIED IN PART, and, as modified, is AFFIRMED. All outstanding motions are DENIED.

5. This Court has been previously asked to take judicial notice of *Martin-Trigona v. Lavien*, 737 F.2d 1254 (2d Cir. 1984): [EXHIBIT 534]

We regard the restrictions placed upon Martin-Trigona's bringing of new actions in all federal district courts as necessary and proper. The district court is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system. The order does not prohibit Martin-Trigona from seeking access to other federal district courts; it merely requires that he inform the court in question of pertinent facts concerning the action he seeks to bring, including the existence of the injunction order and of outstanding litigation against the named defendants, and that he obtain leave of that court to file the action. These conditions are hardly unreasonable.

5

However, the protection of federal jurisdiction does not necessarily require extension of each provision of the injunction to actions brought in state courts. It is our independent from other branches of government which is the source of our power to enjoin Martin-Trigona, but that very independence militates against extension of the terms of the injunction to state courts. Abuse of state judicial processes is not per se a threat to the jurisdiction of Article III courts and does not per se implicate other federal interests. We therefore believe that the district court erred in its blanket extension of the injunction to state courts.

... "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."

6.  *Tso v. Murray*, 19-1021, 19-1352 (10th Cir. 07/22/2020):

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). A filing restriction is appropriate when (1) "the litigant's abusive and lengthy history is properly set forth"; (2) the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action"; and (3) the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam). The district court satisfied these conditions.

It was not an abuse of discretion to conclude that Mr. Tso's federal litigation history establishes a sufficiently abusive pattern to merit filing restrictions. *See Andrews*, 483 F.3d at 1073, 1077 (affirming filing restrictions where the plaintiff filed three federal suits involving the same circumstances). Further, the district court sufficiently tailored the restrictions. They apply only in the United States District Court for the District of Colorado, see *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); they address only the subject matter of Mr. Tso's previous federal suits, see *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Sieverding*, 469 F.3d at 1345; they allow Mr. Tso to file suit if he is represented by a licensed attorney or if he obtains the court's permission to proceed pro se; and they explain the steps that he must take if he does wish to proceed pro se, see *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992). Mr. Tso's objections to the order-that it is impermissibly ex post facto; that the district court was required (and failed) to find that he acted in bad faith; that his filings were not so numerous as to be abusive; and that the district court should have imposed some less restrictive means-are meritless.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)).

7.  *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007):

6

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. See *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. See *Tripati*, 878 F.2d at 353-54.

As part of his order dismissing Mr. Andrews's consolidated lawsuit, Judge Downes enjoined Mr. Andrews from filing any further lawsuits pro se in the Western District of Oklahoma without first obtaining permission of the Chief Judge; the order, by its terms, does not affect Mr. Andrews's right to pursue actions of any kind with the benefit of counsel. Still, although it is beyond cavil that Mr. Andrews has a history of vexatious pro se filings and the district court provided a mechanism by which Mr. Andrews may receive approval for future pro se filings, we are inclined to think the district court's order might be more narrowly tailored, at least in the first instance. Mr. Andrews's abusive pro se filing history is limited to pleadings filed in relation to state, and then federal, court proceedings regarding the care and custody of his child(ren), and against state and federal government officials and private attorneys related to these matters. This history does not (at least as yet) suggest that Mr. Andrews is likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting Mr. Andrews's access to the courts in all future pro se proceedings pertaining to any subject matter and any defendant. See, e.g., *Sieverding*, 469 F.3d at 1345 ("[T]here is no apparent basis for extending [a similar advance review of pro se filings] restriction to include any subject matter and any party [because] Ms. Sieverding has not filed litigation against random persons or entities."). The filing restrictions imposed on Mr. Andrews by the district court are therefore limited to cover only filings on the forthcoming matters related to the subject matter of Mr. Andrews's three federal lawsuits. See id. (approving of similar restrictions as a first response to abusive filings); see also generally *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (prohibiting the filing of complaints that "contain the same or similar allegations as those set forth in his complaint in the case at bar"); *Shuffman v. Hartford Textile Corp.* (*In re Hartford Textile Corp.*), 681 F.2d 895, 897-98 (2d Cir. 1982) (barring further pleadings in that case or in future litigation with regard to the same claims or subject matter); *Judd v. Univ. of N.M.*, 149 F.3d 1190, 1998 WL 314315, at * 5 (10th Cir. June 2, 1998) (unpub.) ("[T]his court will not accept any further appeals or original proceedings relating to the parties and subject matter of this case filed by appellant.").

8.  *Gaiters v. City of Catoosa*, No. 06-5168 (10th Cir. 05/22/2007):

We have examined the filing restrictions and note that they are not unreasonable, nor do they prevent the filing of meritorious pleadings. Further, they pertain only to further pleadings in this case, which was dismissed by the parties with prejudice in 2004. We hold that the district court did not abuse its discretion in imposing these narrowly-tailored restrictions.

7

9.      *Punchard v. United States Government*, No. 08-2041 (10th Cir. 08/25/2008):

The order does not specify whether the enjoinment applies only to filings in the district court of New Mexico or to other courts. It is settled in this circuit, however, that a district court can only limit access to its court. See *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006).

10.     *Ford v. Pryor*, 552 F.3d 1174 (10th Cir. 12/19/2008):

This court has ordered comprehensive filing restrictions on litigants who have repeatedly abused the appellate process. See, e.g., *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 316 (10th Cir. 1994) (per curiam) (noting Winslows had filed seventeen matters in appellate court, imposing blanket filing restriction unless specified conditions met). But a distinction has been made between indiscriminate filers and those who have limited their repetitive filings to a particular subject. See, e.g., *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006). Under those circumstances, the filing restrictions have been limited to the subject matter of the previous lawsuits. See *Andrews*, 483 F.3d at 1077 (noting appellant filed five frivolous appeals in three separate cases, restricting plaintiff from filing future matters related to the subject matter of his earlier federal lawsuits). In *Andrews*, this court determined that the plaintiff-appellant's litigation history did not "(at least as yet) suggest that [he was] likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting [his] access to the courts in all future pro se proceedings pertaining to any subject matter and any defendant." Id. In *Sieverding*, this court noted that the plaintiff-appellant "has not filed litigation against random persons or entities," and modified the filing restrictions to apply only to the subject matter of her previous litigation. *Sieverding*, 469 F.3d at 1345.

11.     *Hutchinson v. Hahn*, No. 09-5144 (10th Cir. 11/24/2010):

We have repeatedly held that a district court has the discretion to enter narrow, carefully tailored filing restrictions to prevent repetitive and abusive filings, all after notice and an opportunity to respond. See *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000); *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315-16 (10th Cir.1994) (per curiam); *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

12.     *Blaylock v. Tinner*, 13-3151 (10th Cir. 11/04/2013):

The district court's imposition of filing fees is reviewed for abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). Injunctions that assist the district court in curbing a litigant's abusive behavior "are proper where the litigant's abusive and lengthy history is properly set forth." Id. at 353; *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). But

8

████████████████████████████, *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 352.

The restrictions apply only in the United States District Court for the District of Kansas, *Sieverding v. Colorado Bar Association*, 469 F.3d at 1344, and they are not excessively burdensome because they allow Tinner to file suit if he is represented by a licensed attorney or receives the court's permission. The district court even lays out the steps that Tinner must take in order to obtain permission to proceed. *Tripati*, 878 F.2d at 354. Thus, the filing restrictions imposed here are the type of carefully tailored restrictions that the district court may rely on to protect the justice system from abuse by vexatious litigants, and we will not disturb them.

13.    *Lundahl v. Halabi*, 773 F.3d 1061, 90 Fed.R.Serv.3d 261 (10th Cir. 12/03/2014):

The district court did not abuse its discretion in concluding that Ms. Lundahl's history of litigation establishes a sufficiently abusive pattern to merit filing restrictions. We also conclude that ██████████████████████████████████████████. ████████████████████████████████████████████████████, *see Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); they are not excessively burdensome, because they allow Ms. Lundahl to file suit if she is represented by a licensed attorney; and they explain the steps that Ms. Lundahl must take if she does wish to proceed pro se, *see Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).

14.    This Court has been previously asked to take judicial notice of *In re Martin-Trigona*, 737 F.2d 1254 (2nd Cir. 06/18/1984). [EXHIBIT 534.]

15.    *Midamines SPRL Ltd. v. KBC Bank N.V.*, 16-1048 (L), 16-3427 (Con) (2d Cir. 12/06/2017):

Judge Sullivan then entered an order enjoining Abbas from "making any future filings in this Court in this case or in any action involving the allegations set forth in the related *Midamines* Action" without leave. *Id.* When Abbas sought leave to file the declaratory judgment asserting possession of the disputed bank funds in his original action, the district court denied the request:

The district court did not abuse its discretion in enforcing its own injunction. *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)(per curiam). It is the duty and power of district courts to enforce filing injunctions against plaintiffs that "abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive" litigation. *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).

16.    *Armatas v. Maroulleti*, 16-2507 (2d Cir. 05/17/2017):

9

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

### APPELLANT'S PETITION FOR REHEARING

### AND EN BANC DETERMINATION

# APPENDIX 128

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

4months,APPEAL,CLOSED,SUBMDJ

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:11-cv-01923-TWT

Windsor v. Grutby et al
Assigned to: Judge Thomas W. Thrash, Jr
 Case: 1:11-cv-02326-TWT
Case in other court: USCA, 11-13214-BB
                    USCA, 11-13244-BB
                    USCA, 11-13363-B
                    USCA, 11-13391-B
                    USCA, 11-14021-B
                    usca, 11-14202-B
                    USCA, 11-14847-B
                    USCA, 11-15275-B
                    USCA, 12-10157-B
                    USCA- 11th Circuit, 18-11067-HH
                    Superior Court of Fulton County, Georgia,
                    2011CV200971
                    USCA- 11th Circuit, 22-12038-JJ
                    USCA- 11th Circuit, 22-12411-J
                    USCA- 11th Circuit, 23-12193-J
Cause: 28:1443(1)Removal from State Court - Civil Rights

Date Filed: 06/13/2011
Date Terminated: 11/16/2011
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**William M. Windsor**
                                    represented by **William M. Windsor**
                                    5013 S Louise Ave #1134
                                    Sioux Falls, SD 57108
                                    352-661-8472
                                    Email: windsorinsouthdakota@yahoo.com
                                    PRO SE

V.

**Defendant**

**James N. Hatten**
*TERMINATED: 06/13/2011*
                                    represented by **Christopher J. Huber**
                                    Office of the United States Attorney-
                                    ATL600
                                    Northern District of Georgia
                                    600 United States Courthouse
                                    75 Ted Turner Dr., S.W.
                                    Atlanta, GA 30303
                                    (404) 581-6292
                                    Email: chris.huber@usdoj.gov
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Anniva Sanders**
*TERMINATED: 06/13/2011*

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. White**
*TERMINATED: 06/13/2011*

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**B. Gutting**
*TERMINATED: 06/13/2011*

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Margaret Callier**
*TERMINATED: 06/13/2011*

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**B. Grutby**

**Defendant**

**Douglas J. Mincher**
*TERMINATED: 06/13/2011*

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jessica Birnbaum**
*TERMINATED: 06/13/2011*

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Judge William S. Duffey**

**Defendant**

**Judge Orinda D. Evans**

**Defendant**

**Judge Julie E. Carnes**

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Ley**

represented by **Christopher J. Huber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Judge Joel F. Dubina**

**Defendant**

**Judge Ed Carnes**                              represented by   **Christopher J. Huber**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Judge Rosemary Barkett**                       represented by   **Christopher J. Huber**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Judge Frank M. Hull**                          represented by   **Christopher J. Huber**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe 1**

**Defendant**

**Jane Doe 2**

**Defendant**

**Jane Doe 3**

**Defendant**

**Jane Doe 4**

**Defendant**

**Jane Doe 5**

**Defendant**

**John Doe 1**

**Defendant**

**John Doe 2**

**Defendant**

**Does 8 to 1000**

**Defendant**

**The United States of America**                 represented by   **Christopher J. Huber**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia Athletic and Entertainment
Commission**

**Defendant**

**Judge Moore**

**Movant**

| | | |
|---|---|---|
| **Maid of the Mist Corporation** | represented by | **Carl Hugo Anderson , Jr.** |
| | | Hawkins Parnell & Young, LLP-GA |
| | | Suite 4000 |
| | | 303 Peachtree Street, N.E. |
| | | Atlanta, GA 30308-3243 |
| | | 404-614-7400 |
| | | Fax: 404-614-7500 |
| | | Email: canderson@hpylaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Sarah Louise Bright** |
| | | Hawkins Parnell Thackston & Young, LLP |
| | | 303 Peachtree Street, N.E. |
| | | 4000 SunTrust Plaza |
| | | Atlanta, GA 30308-3243 |
| | | 404-614-7534 |
| | | Email: sally.bright@greyling.com |
| | | *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **Maid of the Mist Steamboat Company, Ltd.** | represented by | **Carl Hugo Anderson , Jr.** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Sarah Louise Bright** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **Michelle Stilipec** | represented by | **Michelle Stilipec** |
| *TERMINATED: 06/07/2017* | | 8110 B Lawson Loop |
| | | Ft Meade, MD 20755 |
| | | PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/13/2011 | 1 | NOTICE OF REMOVAL with COMPLAINT filed by James N. Hatten, Douglas J. Mincher, J. White, Jessica Birnbaum, B. Gutting, Anniva Sanders, Margaret Callier. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B - Certification, # 3 Text of Proposed Order, # 4 Civil Cover Sheet) (dfb) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 06/13/2011) |
| 06/13/2011 | 2 | MOTION for Extension of Time File Responsive Pleading or Motion and Brief in Support with Brief In Support by Rosemary Barkett, Jessica Birnbaum, Margaret Callier, Ed Carnes, Julie E. Carnes, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders, J. White, William M. Windsor, United States. (Attachments: # 1 Text of Proposed Order)(Huber, Christopher) Modified on 6/16/2011 in order to update docket text (ank). (Entered: 06/13/2011) |
| 06/13/2011 | 3 | NOTICE by United States *of Substituion of United States as Defendant* (Attachments: # 1 Exhibit A)(Huber, Christopher) (Entered: 06/13/2011) |

| 06/13/2011 | 4 | MOTION for Protective Order with Brief In Support by United States. (Attachments: # 1 Brief Memorandum of Points and Authorities in Support of Motion for a Protective Order, # 2 Text of Proposed Order)(Huber, Christopher) (Entered: 06/13/2011) |
| 06/14/2011 | 5 | Certificate of Interested Persons and Corporate Disclosure Statement, by William M. Windsor. (rvb) (Entered: 06/15/2011) |
| 06/14/2011 | 6 | RESPONSE re 4 MOTION for Protective Order, filed by William M. Windsor. (Attachments: # 1 Exhibit A)(rvb) (Entered: 06/15/2011) |
| 06/14/2011 | 7 | MOTION to Deny Removal, Emergency MOTION for Discovery, MOTION for Hearing, by William M. Windsor. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(rvb) (Entered: 06/15/2011) |
| 06/15/2011 | 10 | Letter from William M. Windsor requesting subpoenas. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 11 | Letter from William M. Windsor regarding his notice of filings and motions. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 12 | NOTICE of Filing of Emergency Motion for this Court to Enter Order on Emergency Motion for Leave of Court to Conduct Discovery Filed May 31, 2011 in Fulton County Superior Court by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 13 | Emergency MOTION for this Court to Enter Order on Emergency Motion for Leave of Court to Conduct Discovery Filed May 31, 2011 in Fulton County Superior Court by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 14 | NOTICE Of Filing of Plaintiff's Emergency Motion for the Court to Order All Defendants to be Present to Testify at the Removal Hearing by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 15 | Emergency MOTION for the Court to Order All Defendants to Be Present to Testify at the Removal Hearing by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 16 | NOTICE Of Filing of Request for Specific Approval to File Motion to Approve Evidence by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 17 | MOTION to Approve Evidence by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 18 | NOTICE Of Filing of Motion for CM/ECF Password by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 19 | MOTION for CM/ECF Password by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 20 | NOTICE Of Filing of Motion to Require Sworn Verification with All Filings by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 21 | MOTION to Require Sworn Verifications with All Filings by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 22 | NOTICE Of Filing of Motion for Protection from Judge Orinda D. Evans by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 23 | MOTION for Protection from Judge Orinda D. Evans by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 24 | NOTICE Of Filing of Motion for Protection from Judge William S. Duffey by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 25 | MOTION for Protection from Judge William S. Duffey by William M. Windsor. (dfb) (Entered: 06/16/2011) |

| 06/15/2011 | 26 | NOTICE Of Filing of Motion to Disqualify Sally Quillian Yates, Christopher Huber, and the U.S. Attorney's Office by William M. Windsor. (dfb) (Entered: 06/16/2011) |
|---|---|---|
| 06/15/2011 | 27 | MOTION to Disqualify Sally Quillian Yates, Christopher Huber, and the U.S. Attorney's Office by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 28 | Letter from William M. Windsor enclosing three (3) Notices of Filings. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 29 | NOTICE Of Filing of Certificate of Interested Persons and Corporate Disclosure Statement by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 30 | NOTICE Of Filing of Motion to Deny Removal, and Emergency Motion for Discovery and Hearing by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 31 | NOTICE Of Filing of Response to the Defendants' Motion for a Protective Order by William M. Windsor. (dfb) (Entered: 06/16/2011) |
| 06/15/2011 | 32 | Letter from William M. Windsor requesting copies of all Notices of Electronic Filing. (dfb) (Entered: 06/16/2011) |
| 06/16/2011 | 8 | Notice for Leave of Absence for the following date(s): July 5, 6, 7, 8, 2011, by Christopher J. Huber. (Huber, Christopher) (Entered: 06/16/2011) |
| 06/16/2011 | | Submission of 4 MOTION for Protective Order, submitted to District Judge Thomas W. Thrash. (ss) (Entered: 06/16/2011) |
| 06/16/2011 | 9 | ORDER that the 2 Motion for Extension of Time is GRANTED. The Defendants referenced in this Order shall not be required to answer or otherwise respond to the Complaint until 30 days after the U.S. Dept of Justice has rendered its determination on all of the Federal Defendants' Representation requests. Signed by Judge Thomas W. Thrash, Jr on 6/16/2011. (ank) (Entered: 06/16/2011) |
| 06/16/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 9 Order (ank) (Entered: 06/16/2011) |
| 06/17/2011 | | Clerks Notation re 8 Leave of Absence July 5, 6, 7, 8, 2011, by Christopher J. Huber. The Court will not require an appearance by C. Huber on these dates. (ss) (Entered: 06/17/2011) |
| 06/17/2011 | 33 | ORDER granting the United States' 4 Motion for Protective Order. All outstanding discovery in this matter is quashed and no responses to the discovery by any party or non-party are required. No discovery shall be served and the parties are not required to hold the conference pursuant to Federal Rules of Civil Procedure 26(f) pending further Order of this Court. No party need respond to any filing by the Plaintiff absent an Order to do so by this Court. The Plaintiff is ordered to post a cash bond or corporate surety bond acceptable to the Clerk in the amount of $50,000.00 to satisfy any award of Rule 11 sanctions before filing any additional papers in this case without the consent of the Court. Signed by Judge Thomas W. Thrash, Jr. on 06/17/2011. (dfb) (Entered: 06/17/2011) |
| 06/17/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 33 Order on Motion for Protective Order. (dfb) (Entered: 06/17/2011) |
| 06/17/2011 | 34 | NOTICE Of Filing Emergency Motion for Temporary Restraining Order and Hearing, by William M. Windsor. (rvb) (Entered: 06/20/2011) |
| 06/17/2011 | 35 | NOTICE Of Filing Emergency Motion for Reconsideration of Order Granting an Extension of Time to File Responsive Pleading or Motion, by William M. Windsor. (rvb) (Entered: 06/20/2011) |

| 06/17/2011 | 36 | NOTICE Of Filing of Response to the Federal Defendants' Motion for an Extension of Time to File Responsive Pleading or Motion and Motion to Strike, by William M. Windsor. (rvb) (Entered: 06/20/2011) |
| --- | --- | --- |
| 06/17/2011 | 37 | Emergency MOTION for Temporary Restraining Order, MOTION for Hearing, by William M. Windsor. (rvb) (Entered: 06/20/2011) |
| 06/17/2011 | 38 | MOTION for Reconsideration re 9 Order on Motion for Extension of Time, by William M. Windsor. (rvb) (Entered: 06/20/2011) |
| 06/17/2011 | 39 | RESPONSE re 2 MOTION for Extension of Time to File Responsive Pleading or Motion and Motion to Strike, filed by William M. Windsor. (rvb) (Entered: 06/20/2011) |
| 06/22/2011 | 40 | Emergency MOTION for Protective Order *Seeking Modification of Protective Order* with Brief In Support by United States. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Text of Proposed Order)(Huber, Christopher) (Entered: 06/22/2011) |
| 06/22/2011 | 41 | ORDER directing the Clerk to file the Plaintiff's Motion to Recuse Judge Thrash and refer it to another Judge pursuant to 28 U.S.C. 144. Signed by Judge Thomas W. Thrash, Jr on 6/22/11. (dr) (Entered: 06/23/2011) |
| 06/23/2011 |  | Clerks Certificate of Mailing as to William M. Windsor re 41 Order (dr) (Entered: 06/23/2011) |
| 06/23/2011 | 42 | NOTICE of Filing of Request for Consent to file Plaintiff William M. Windor's Emergency Motion to Recuse Judge Thomas Woodrow Thrash by William M. Windsor (dr) (Entered: 06/23/2011) |
| 06/23/2011 | 43 | EMERGENCY MOTION to Recuse Judge Thomas Woodrow Thrash by William M. Windsor. (dr) (Entered: 06/23/2011) |
| 06/23/2011 |  | Submission of 43 MOTION for Recusal, submitted to District Judge Amy Totenberg. (dr) (Entered: 06/23/2011) |
| 06/24/2011 | 44 | RESPONSE in Opposition re 43 MOTION for Recusal filed by United States. (Attachments: # 1 Exhibit 1)(Huber, Christopher) (Entered: 06/24/2011) |
| 06/28/2011 | 45 | NOTICE Of Filing Reply to Opposition to Motion to Recuse Judge Thomas W. Thrash and Motion to Strike by William M. Windsor (dr) (Entered: 06/28/2011) |
| 06/28/2011 | 46 | REPLY to Response to 43 MOTION for Recusal filed by William M. Windsor. (dr) (Entered: 06/28/2011) |
| 06/28/2011 | 47 | MOTION to Strike 44 Response in Opposition to Motion by William M. Windsor. (dr) (Entered: 06/28/2011) |
| 06/28/2011 | 48 | DOCUMENT FILED IN ERROR - NOTICE Of Filing Reply to Opposition to Motion to Recuse Judge Thomas W. Thrash and Motion to Strike by William M. Windsor (dr) Modified on 6/28/2011 (dr). (Entered: 06/28/2011) |
| 06/28/2011 |  | Notification of Docket Correction re 48 Notice of Filing, which was FILED IN ERROR in the wrong case. (dr) (Entered: 06/28/2011) |
| 06/30/2011 | 49 | NOTICE Of Filing request for consent to file motion for certificate of necessity and assignment of presiding judge by the Chief Justice of the United States Supreme Court by William M. Windsor (dr) (Entered: 06/30/2011) |
| 06/30/2011 | 50 | MOTION for Consent to file motion for certificate of necessity and assignment of presiding judge by the Chief Justice of the United States Supreme Court by William M. Windsor. (dr) (Entered: 06/30/2011) |

| 07/01/2011 | 51 | MOTION for Leave to File Motion For Hearing Plaintiff William M. Windsor's MOTION For Certificate of Necessity and Assignment of Presiding Judge By the Chief Justice of The United States Supreme Court by William M. Windsor. (tcc) (Entered: 07/01/2011) |
|---|---|---|
| 07/01/2011 | 52 | NOTICE Of Filing William M. Windsor's Second Supplemental Affidavit of Prejudice of Thomas Woodrow Thrash by William M. Windsor. (Attachments: # 1 William M. Windsor's Second Supplemental Affidavit of Prejudice of Thomas Woodrow Thrash, # 2 Exhibit 1, # 3 Exhibit 2)(tcc) (Entered: 07/01/2011) |
| 07/01/2011 | 53 | ORDER DENYING Plaintiff's motion to recuse 43 . For the same reasons, the court DENIES Plaintiff's motion for certificate of necessity 50 and corresponding motion for a hearing filed July 1, 2011 51 . The Court additionally DENIES Plaintiff's Motion to Strike 47 . Signed by Judge Amy Totenberg on 7/1/2011. (tcc) (Entered: 07/01/2011) |
| 07/01/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 53 Order. (tcc) (Entered: 07/01/2011) |
| 07/06/2011 | 54 | NOTICE of Hearing on Motion re: 40 Emergency MOTION Seeking Modification of Protective Order. Motion Hearing set for 7/15/2011 at 10:00 AM in ATLA Courtroom 2108 before Judge Thomas W. Thrash Jr.. (ss) (Entered: 07/06/2011) |
| 07/06/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 54 Notice of Hearing on Motion 7/15/11. (ss) (Entered: 07/06/2011) |
| 07/06/2011 | 55 | AMENDED NOTICE of Hearing on Motion re: 40 Emergency MOTION Seeking Modification of Protective Order. TIME CHANGE ONLY. Motion Hearing set for 7/15/2011 at 02:00 PM in ATLA Courtroom 2108 before Judge Thomas W. Thrash Jr.. (ss) (Entered: 07/06/2011) |
| 07/06/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 55 Amended Notice of Hearing on Motion 7/15/11, time change only. (ss) (Entered: 07/06/2011) |
| 07/06/2011 | 56 | Notice for Leave of Absence for the following date(s): July 25, July 26, July 27, and August 11, August 12, 2011, by Christopher J. Huber. (Huber, Christopher) (Entered: 07/06/2011) |
| 07/07/2011 | | Clerks Notation re 56 Leave of Absence July 25-27, and August 11-12, 2011, by Christopher J. Huber. The Court will not require an appearance by C. Huber on these dates. (ss) (Entered: 07/07/2011) |
| 07/07/2011 | 57 | ORDER that permission to file papers received by the Clerk on 6/27/11, 6/29/11, 7/1/11, 7/5/11, and 7/7/11 is DENIED. Signed by Judge Thomas W. Thrash, Jr on 7/7/11. (dr) (Entered: 07/07/2011) |
| 07/07/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 57 Order. (dr) (Entered: 07/07/2011) |
| 07/11/2011 | | Submission of 7 MOTION to Deny Removal MOTION for Discovery MOTION for Hearing, 21 MOTION to Require Sworn Verifications with All Filings, 19 MOTION for CM/ECF Password, 37 MOTION for Temporary Restraining Order MOTION for Hearing, 17 MOTION to Approve Evidence, 15 MOTION for the Court to Order All Defendants to Be Present to Testify at the Removal Hearing, 25 MOTION for Protection from Judge William S. Duffey, 38 MOTION for Reconsideration re 9 Order, 23 MOTION for Protection from Judge Orinda D. Evans, 40 Emergency MOTION for Protective Order *Seeking Modification of Protective Order*, 13 MOTION for Order, 27 MOTION to Disqualify Attorney, submitted to District Judge Thomas W. Thrash. (dr) (Entered: 07/11/2011) |

| 07/12/2011 | 58 | ORDER Re: hearing scheduled for Friday 7/15/11 - limiting documents to be brought to Courthouse, setting time limits for argument by parties at 20 minutes each, and directing that no witnesses will be called by either side. Signed by Judge Thomas W. Thrash, Jr on 7/12/11. (ss) (Entered: 07/12/2011) |
|---|---|---|
| 07/12/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 58 Order. (ss) (Entered: 07/12/2011) |
| 07/12/2011 | | Clerks Certificate of Mailing re 58 Order, Delivery of order to USM. (ss) (Entered: 07/12/2011) |
| 07/12/2011 | 59 | ORDER that permission to file papers received by the Clerk from the Plaintiff on 7/11/11 is DENIED. The papers constitute attempted abuse of the judicial system. The claims are frivolous. Signed by Judge Thomas W. Thrash, Jr on 7/12/11. (dr) (Entered: 07/13/2011) |
| 07/13/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 59 Order (dr) (Entered: 07/13/2011) |
| 07/13/2011 | 63 | ORDER denying 25 Motion for Miscellaneous Relief, denying 27 Motion to Disqualify Attorney, denying 37 Motion for TRO, denying 37 Motion for Hearing, denying 38 Motion for Reconsideration, denying 40 Motion for Protective Order, denying 7 Motion for Miscellaneous Relief, denying 7 Motion for Discovery, denying 7 Motion for Hearing, denying 13 Motion for Order, denying 15 Motion for Miscellaneous Relief, denying 17 Motion for Miscellaneous Relief, denying 19 Motion for Miscellaneous Relief, denying 21 Motion for Miscellaneous Relief, denying 23 Motion for Miscellaneous Relief. Signed by Judge Thomas W. Thrash, Jr on 7/13/11. (dr) (Entered: 07/14/2011) |
| 07/13/2011 | 65 | NOTICE of Filing of Request for Consent to file motion for reconsideration of order dated 7/12/11 by William M. Windsor (dr) (Entered: 07/14/2011) |
| 07/13/2011 | 66 | REQUEST for Consent to File Emergency MOTION for Reconsideration of 58 Order, by William M. Windsor. (dr) (Entered: 07/14/2011) |
| 07/14/2011 | 60 | NOTICE of receipt of correspondence by William M. Windsor. (fem) (Entered: 07/14/2011) |
| 07/14/2011 | 61 | NOTICE Of Filing of Notice of Appeal by William M. Windsor. (fem) (Entered: 07/14/2011) |
| 07/14/2011 | 62 | NOTICE OF APPEAL as to 9 Order on Motion for Extension of Time, 33 Order on Motion for Protective Order, 59 Order, 53 Order on Motion for Recusal, Order on Motion to Strike, Order on Motion for Leave to File, 58 Order, 57 Order by William M. Windsor. Filing fee $ 455, receipt number GAN100037140. Transcript Order Form due on 7/28/2011 (Attachments: # 1 Exhibits 1-4, # 2 Exhibits 5-11, # 3 Exhibits 12-17, # 4 Exhibit 18, # 5 Exhibit 19, # 6 Exhibit 24, # 7 Exhibit 25)(fem) Modified on 7/15/2011 to correct docket text. (fem). (Entered: 07/14/2011) |
| 07/14/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 63 Order. (dr) (Entered: 07/14/2011) |
| 07/14/2011 | 64 | Transmission of Certified Copy of Notice of Appeal, Orders and Docket Sheet to US Court of Appeals re: 62 Notice of Appeal. (kac) (Entered: 07/14/2011) |
| 07/14/2011 | 67 | ORDER that permission to file the papers received by the Clerk from the Plaintiff on 7/13/11 is GRANTED. The motion does show that he has received notice of the 7/15/11 hearing and the 7/12/11 Order setting forth the limitations which will govern the hearing. The 66 Motion for Reconsideration is DENIED. Signed by Judge Thomas W. Thrash, Jr on 7/14/11. (dr) (Entered: 07/14/2011) |

| 07/14/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 67 Order. (dr) (Entered: 07/14/2011) |
|---|---|---|
| 07/14/2011 | 68 | RESPONSE to 62 Notice of Appeal filed by United States. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Huber, Christopher) (Entered: 07/14/2011) |
| 07/14/2011 | 69 | NOTICE of Correction Regarding by United States re 68 Response to Notice of Appeal (Attachments: # 1 Exhibit 1)(Huber, Christopher) Modified text on 7/15/11 (dr). (Entered: 07/14/2011) |
| 07/15/2011 | 70 | ORDER that permission to file the papers received by the Clerk from the Plaintiff on 7/15/11 is GRANTED with respect to his Reply to Certain Defendants' Response to Notice of Appeal. Signed by Judge Thomas W. Thrash, Jr on 7/15/11. (dr) (Entered: 07/15/2011) |
| 07/15/2011 | 71 | NOTICE of Filing of Emergency Request for Consent to file Reply to Certain Defendants' Response to Notice of Appeal by William M. Windsor. (dr) (Entered: 07/15/2011) |
| 07/15/2011 | 72 | REPLY to 68 Response to Notice of Appeal filed by William M. Windsor. (dr) (Entered: 07/15/2011) |
| 07/15/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 70 Order (dr) (Entered: 07/15/2011) |
| 07/15/2011 | 73 | Minute Entry for proceedings held before Judge Thomas W. Thrash, Jr: Motion Hearing held on 7/15/2011. The Court heard from counsel for defendants and plaintiff on defendants Motion for Modification of Protective Order 40 . Defendants exhibits1-5 ADMITTED. The Court granted the defendants' Motion to Modify the Protective Order and enjoined the plaintiff from filing any new lawsuit without approval of a district court in the district that the law suite is to be filed. If lawsuit names federal judges or court employees the plaintiff must tender $50,000 bond. (Court Reporter Monty Vann)(dr) (Entered: 07/15/2011) |
| 07/15/2011 | 74 | ORDER granting 40 Motion for Protective Order; Plaintiff, William M. Windsor, and any parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED from filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding, in any court (state or federal) or agency in the United States without first obtaining leave of a federal district court in the district in which the new complaint or proceeding is to be filed. If the lawsuit or administrative proceeding names federal judges or court employees, the Plaintiff must also tender a $50,000.00 cash bond or a $50,000.00 corporate surety bond sufficient to satisfy an award of Rule 11 sanctions since such actions are presumably frivolous. Signed by Judge Thomas W. Thrash, Jr on 7/13/11. (dr) (Entered: 07/15/2011) |
| 07/15/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 74 Order. (dr) (Entered: 07/15/2011) |
| 07/15/2011 | 75 | ORDER that permission to file the papers received by the Clerk from the Plaintiff on 7/14/11 is GRANTED. Signed by Judge Thomas W. Thrash, Jr on 7/15/11. (dr) (Entered: 07/18/2011) |
| 07/15/2011 | 76 | NOTICE Of Filing of Emergency Request for Consent to File Motion to Confirm Stay by William M. Windsor (dr) (Entered: 07/18/2011) |
| 07/15/2011 | 77 | EMERGENCY Request for Consent to File MOTION to Confirm Stay by William M. Windsor. (dr) (Entered: 07/18/2011) |

| 07/15/2011 | 78 | EXHIBITS from 7/15/11 hearing received from Courtroom Deputy and placed in Exhibit room. Defendants 1-6. (dr) (Entered: 07/18/2011) |
|---|---|---|
| 07/15/2011 | 79 | NOTICE Of Filing of Amended Notice of Appeal by William M. Windsor. (fem) (Entered: 07/18/2011) |
| 07/15/2011 | 80 | Amended NOTICE OF APPEAL as to 70 Order, 75 Order, 74 Order on Motion for Protective Order, by William M. Windsor. Transcript Order Form due on 7/29/2011. No Fee, IFP forms and appeal fee letter forwarded to plaintiff.(fem) (Entered: 07/18/2011) |
| 07/18/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 75 Order. (dr) (Entered: 07/18/2011) |
| 07/18/2011 | 81 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re 80 Notice of Appeal (Attachments: # 1 Appeal Fee Letter) (fem) (Entered: 07/18/2011) |
| 07/19/2011 | 82 | NOTICE Of Filing of Second Amended Notice of Appeal by William M. Windsor (fem) (Entered: 07/19/2011) |
| 07/19/2011 | 83 | Second Amended NOTICE OF APPEAL as to 70 Order, 75 Order, 74 Order on Motion for Protective Order, by William M. Windsor. Transcript Order Form due on 8/2/2011 (Attachments: # 1 Exhibits)(fem) (Entered: 07/19/2011) |
| 07/19/2011 | 84 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re 83 Notice of Appeal (fem) (Entered: 07/19/2011) |
| 07/22/2011 | 85 | ORDER that any future mailings received from the Plaintiff or a person acting on his behalf and addressed to multiple employees of the Court, will not be delivered to the employees, but will be delivered to the Clerk of Court or such other person or persons as the Clerk shall designate for that purpose; and That the Clerk, or his designee, will make provisions to review the correspondence and, after review, will recommend to a judge of this Court whether to respond, return, distribute, discard, or otherwise process said correspondence. Signed by Judge Thomas W. Thrash, Jr on 7/22/11. (dr) (Entered: 07/22/2011) |
| 07/25/2011 | 86 | Notice of Filing of Third Amended Notice of Appeal by William M. Windsor. (fem) (Entered: 07/25/2011) |
| 07/25/2011 | 87 | THIRD AMENDED NOTICE OF APPEAL as to 85 Order, by William M. Windsor. Transcript Order Form due on 8/8/2011. No Fee, IFP forms and appeal fee letter forwarded to plaintiff. (fem) Modified on 7/25/2011 to correct docket text. (fem). (Entered: 07/25/2011) |
| 07/25/2011 | 88 | Transmission of Certified Copy of THIRD AMENDED Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re 87 Notice of Appeal (Attachments: # 1 Appeal Fee Letter)(fem) (Entered: 07/25/2011) |
| 07/26/2011 | 89 | MOTION for Order *Non-Party Movants Maid of the Mist Corporation and Maid of the Mist Steamboat Company, Ltd.'s Motion for Access to Exhibits Referred to in July 15, 2011 Hearing Transcript* with Brief In Support by Maid of the Mist Corporation, Maid of the Mist Steamboat Company, Ltd.. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Anderson, Carl) (Entered: 07/26/2011) |
| 07/27/2011 | 90 | ORDER granting 89 Motion for access to exhibits; the Clerk is directed to make the exhibits from the 7/15/11 hearing available to Maid's counsel and/or his designee for inspection and copying of the same. Signed by Judge Thomas W. Thrash, Jr on 7/27/11. (dr) (Entered: 07/27/2011) |

| 07/27/2011 |     | Clerks Certificate of Mailing as to William M. Windsor re 90 Order. (dr) (Entered: 07/27/2011) |
| 07/28/2011 | 92  | USCA Acknowledgment of 62 Notice of Appeal,, filed by William M. Windsor. Case Appealed to USCA Case Number 11-13214-B (fem) (Entered: 08/02/2011) |
| 07/29/2011 | 91  | MOTION for Order *Non Party Movants' Motion to Correct Docket to Remove Their Counsel's Assistant Therese Tran as a Party Defendant* with Brief In Support by Maid of the Mist Corporation, Maid of the Mist Steamboat Company, Ltd.. (Attachments: # 1 Exhibit 1 - Declaration of Carl H. Anderson, Jr., # 2 Text of Proposed Order)(Anderson, Carl) (Entered: 07/29/2011) |
| 08/01/2011 | 93  | USCA Acknowledgment of 80 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA Case Number 11-13244-B (fem) (Entered: 08/03/2011) |
| 08/01/2011 | 95  | USCA correspondence to Mr. Windsor re 87 Notice of Appeal.Case Appealed to USCA Case Number 11-13363-B. (fem) (Entered: 08/05/2011) |
| 08/01/2011 | 101 | Correspondence received from William M. Windsor re 80 Notice of Appeal. Case Appealed to USCA Case Number 11-13244-B (fem) (Entered: 08/10/2011) |
| 08/01/2011 | 102 | APPLICATION to Appeal in forma pauperis with Brief In Support by William M. Windsor as to 80 Amended Notice of Appeal. (Attachments: # 1 Part II)(fem) Modified on 8/10/2011 to modify docket text. (fem). (Entered: 08/10/2011) |
| 08/03/2011 | 94  | USCA Acknowledgment of 83 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA - 11th Circuit. USCA Case Number 11-13391-B. (kac) (Entered: 08/04/2011) |
| 08/04/2011 |     | Submission of 77 MOTION to Confirm Stay, submitted to District Judge Thomas W. Thrash. (dr) (Entered: 08/04/2011) |
| 08/04/2011 | 96  | USCA Acknowledgment re 87 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA Case Number 11-13363-B. (fem) (Entered: 08/05/2011) |
| 08/08/2011 | 97  | ORDER regarding civil action. On July 15, 2011, this Court entered an Order that the Plaintiff, William M. Windsor was permanently enjoined from filing any complaint or initiating any proceeding. Plaintiff delivered to Judge Jones a Complaint that he seeks to file in the Superior Court of Fulton County. The Complaint names as Defendants Judge Thomas W. Thrash and Clerk of Court James N. Hatten. Permission to file the Complaint is DENIED. The Plaintiff has failed to post the bond required by this Courts Order. Signed by Judge Thomas W. Thrash, Jr. on 8/8/2011. (rej) (Entered: 08/08/2011) |
| 08/08/2011 |     | Clerks Certificate of Mailing as to William M. Windsor re 97 Order. (rej) (Entered: 08/08/2011) |
| 08/08/2011 | 98  | ORDER regarding civil action. On July 15, 2011, this Court entered an Order that the Plaintiff, William M. Windsor was permanently enjoined from filing any complaint or initiating any proceeding. Plaintiff delivered to Chief Judge Carnes a Complaint that he seeks to file in the Superior Court of Fulton County. The Complaint names as Defendants Judge Thomas W. Thrash and Clerk of Court James N. Hatten. Permission to file the Complaint is DENIED. The Plaintiff has failed to post the bond required by this Courts Order. Signed by Judge Thomas W. Thrash, Jr on 8/8/2011. (rej) (Entered: 08/08/2011) |
| 08/08/2011 |     | Clerks Certificate of Mailing as to William M. Windsor re 98 Order. (rej) (Entered: 08/08/2011) |
| 08/08/2011 | 99  | NOTICE Of Filing correspondence by William M. Windsor re 87 Notice of Appeal. (fem) (Entered: 08/09/2011) |

| 08/09/2011 | 100 | ORDER denying 77 Motion to Confirm Stay. Signed by Judge Thomas W. Thrash, Jr. on 8/9/2011. (rej) (Entered: 08/09/2011) |
| 08/09/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 100 Order on Motion to Confirm Stay. (rej) (Entered: 08/09/2011) |
| 08/10/2011 | | Submission of 102 APPLICATION to Appeal in forma pauperis, submitted to District Judge Thomas W. Thrash. (fem) (Entered: 08/10/2011) |
| 08/10/2011 | 103 | ORDER regarding civil action. On July 15, 2011, this Court entered an Order that the Plaintiff, William M. Windsor, and any parties acting in concert with him or at his behest, was permanently enjoined from filing any complaint or initiating any proceeding. On August 2, 2011, the Plaintiff delivered to Judge Pannell a Complaint that he seeks to file in the Superior Court of Fulton County. Permission to file the lawsuit is DENIED. Signed by Judge Thomas W. Thrash, Jr on 8/10/2011. (rej) (Entered: 08/11/2011) |
| 08/11/2011 | 104 | ORDER denying 102 Application to Appeal in forma pauperis. The Plaintiff is ordered to pay the full filing fee in order to pursue the appeal. Signed by Judge Thomas W. Thrash, Jr on 8/11/2011. (rej) (Entered: 08/11/2011) |
| 08/11/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 104 Order on Application to Appeal in forma pauperis. (rej) (Entered: 08/11/2011) |
| 08/11/2011 | 105 | Document 104 , order denying motion to proceed in forma pauperis forwarded to USCA re 80 Notice of Appeal filed by William M. Windsor. Case Appealed to usca Case Number 11-13244-B. (fem) (Entered: 08/11/2011) |
| 08/16/2011 | 106 | ORDER that permission to file the papers received by the Clerk from the Plaintiff on 8/15/11 is GRANTED. Pursuant to LR 7.1, the Clerk shall file the first 25 pages (including any attachments) of the Plaintiff's Motion for Reconsideration of Motion to Proceed in Forma Pauperis. Signed by Judge Thomas W. Thrash, Jr on 8/16/11. (dr) (Entered: 08/16/2011) |
| 08/16/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 106 Order. (dr) (Entered: 08/16/2011) |
| 08/22/2011 | 107 | ORDER that on 8/12/11, the Plaintiff delivered to Judge Story a Complaint that he seeks to file in the Superior Court of Fulton County. The Complaint names the Fulton County District Attorney and employees of his office as well as various Deputy Sheriffs. The action is removable to this Court. The Complaint is a continuation of Mr. Windsors campaign of harassment of and retaliation against the federal judiciary. Permission to file the lawsuit is DENIED. Signed by Judge Thomas W. Thrash, Jr on 8/19/11. (dr) (Entered: 08/22/2011) |
| 08/22/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 107 Order. (dr) (Entered: 08/22/2011) |
| 08/22/2011 | 108 | USCA correspondence to Mr. Windsor re 80 Notice of Appeal.Case Appealed to USCA Case Number 11-13244-B. (fem) (Entered: 08/23/2011) |
| 08/22/2011 | 109 | USCA Acknowledgment of receipt of Doc. 104 re 80 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA Case Number 11-13244-B. (fem) (Entered: 08/23/2011) |
| 08/23/2011 | 110 | Certified copy of ORDER of USCA DISMISSING appeal re: 87 Notice of Appeal filed by William M. Windsor Case Appealed to USCA Case Number 11-13363-B. (fem) (Entered: 08/24/2011) |

| 08/24/2011 | 111 | Appeal notice from USCA sent to Appellant acknowledging receipt of the district court's Order DENYING Leave to Proceed In Forma Pauperis on Appeal re: 83 Notice of Appeal. Case Appealed to USCA - 11th Circuit. USCA Case Number 11-13391-B. (kac) (Entered: 08/25/2011) |
|---|---|---|
| 08/25/2011 | 112 | NOTICE of receipt of correspondence by William M. Windsor. (fem) (Entered: 08/29/2011) |
| 08/25/2011 | 113 | NOTICE Of Filing of Fourth Amended Notice of Appeal by William M. Windsor. (fem) (Entered: 08/29/2011) |
| 08/25/2011 | 114 | NOTICE OF FOURTH AMENDED APPEAL as to 107 Order, 106 Order, 97 Order, 104 Order on Application to Appeal in forma pauperis, 90 Order on Motion for Order, 98 Order, 103 Order, 100 Order on Motion for Miscellaneous Relief by William M. Windsor. No Fee, IFP Forms and Appeal Fee Letter forwarded to plaintiff. Transcript Order Form due on 9/8/2011 (fem) (Additional attachment(s) added on 8/29/2011: # 1 Attachement, # 2 Attachement) (fem). (Entered: 08/29/2011) |
| 08/26/2011 | | Submission of 91 MOTION for Order *Non Party Movants' Motion to Correct Docket to Remove Their Counsel's Assistant Therese Tran as a Party Defendant*, submitted to District Judge Thomas W. Thrash. (dr) (Entered: 08/26/2011) |
| 08/29/2011 | 115 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re 114 Notice of Appeal, (Attachments: # 1 Appeal Fee Letter) (fem) (Entered: 08/29/2011) |
| 08/29/2011 | 116 | ORDER granting 91 Motion to Correct Docket to Remove Therese Tran as a Party Defendant. Signed by Judge Thomas W. Thrash, Jr on 8/29/11. (dr) (Entered: 08/30/2011) |
| 08/30/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 116 Order. (dr) (Entered: 08/30/2011) |
| 08/30/2011 | 117 | Notice for Leave of Absence for the following date(s): September 19, 20, and 21, 2011, by Christopher J. Huber. (Huber, Christopher) (Entered: 08/30/2011) |
| 09/08/2011 | 118 | USCA Acknowledgment of 114 Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA Case Number 11-14021-B (fem) (Entered: 09/12/2011) |
| 09/15/2011 | 119 | Certified copy of ORDER of USCA DISMISSING appeal re: 80 Notice of Appeal filed by William M. Windsor Case Appealed to USCA Case Number 11-13244-BB. (fem) (Entered: 09/15/2011) |
| 09/16/2011 | 120 | Receipt of correspondence requesting a Transcript Order Form (TOF) by William M. Windsor. Mailed TOF to Mr. Windsor. (fem) (Entered: 09/16/2011) |
| 09/16/2011 | 121 | Certified copy of ORDER of USCA DISMISSING appeal re: 83 Notice of Appeal filed by William M. Windsor Case Appealed to USCA Case Number 11-13391-B. (fem). (Entered: 09/20/2011) |
| 09/22/2011 | 122 | FILING ORDER NO. 11 that on 9/1/11 the Plaintiff delivered to the Clerk a paper seeking consent to file a Complaint in the Superior Court of Fulton County. The filing of the Complaint would not appear to impede or obstruct the administration of justice in the federal courts. In light of the above, the proposed Complaint does not fit within the specific misconduct sought to be addressed by this Courts Order and, absent any Order to the contrary issued by a state Court of competent jurisdiction, consent to file the Complaint is GRANTED. Consent to file the other papers delivered to the Clerk on 9/1/11 is DENIED. Signed by Judge Thomas W. Thrash, Jr on 9/22/11. (dr) (Entered: 09/22/2011) |

| 09/22/2011 | 123 | FILING ORDER NO. 12 that on 9/6/11 the Plaintiff delivered to Judge Hunt a Complaint that he seeks to file in the Superior Court of Fulton County. The Complaint names Steve Broadbent as the Defendant. Apparently, Mr. Broadbent was the Foreperson of the Fulton County Grand Jury. The Plaintiff was allowed to appear before the Grand Jury to accuse the federal judges in Atlanta of widespread criminality. Permission to file the Complaint is DENIED. The Complaint is frivolous. Signed by Judge Thomas W. Thrash, Jr on 9/22/11. (dr) (Entered: 09/22/2011) |
| 09/22/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 123 Order, 122 Order. (dr) (Entered: 09/22/2011) |
| 09/23/2011 | 124 | FILING ORDER NO. 13 the Plaintiff has delivered to Judges Cooper, OKelley, Carnes, Ward, Forrester and Pannell proposed Complaints naming Federal Judges and federal court employees as Defendants. The Plaintiff has failed to post the bond required by this Courts Order of 7/15/11. Permission to file the proposed Complaints is DENIED. Signed by Judge Thomas W. Thrash, Jr on 9/22/11. (dr) (Entered: 09/23/2011) |
| 09/23/2011 | 125 | FILING ORDER NO. 14 that permission to file the papers received by the Clerk from the Plaintiff on July 29, August 8, September 1, 6, 14 and 16, 2011 is DENIED. Signed by Judge Thomas W. Thrash, Jr on 9/23/11. (dr) (Entered: 09/23/2011) |
| 09/23/2011 | 126 | FILING ORDER NO. 15 that on 9/14/11 the Plaintiff delivered to Judge Shoob a paper seeking consent to file a Complaint in the Superior Court of Fulton County against Fulton County and others. The proposed Complaint does not fit within the specific misconduct sought to be addressed by this Courts Order and, absent any Order to the contrary issued by a state Court of competent jurisdiction, consent to file the Complaint is GRANTED. Signed by Judge Thomas W. Thrash, Jr on 9/23/11. (dr) (Entered: 09/23/2011) |
| 09/23/2011 | 127 | FILING ORDER NO. 16 that on 7/28/11 the Plaintiff delivered to Judge Batten a paper seeking consent to file a Complaint in the Superior Court of Fulton County against Carl H. Anderson and Hawkins Parnell. The proposed Complaint does not fit within the specific misconduct sought to be addressed by this Courts Order and, absent any Order to the contrary issued by a state Court of competent jurisdiction, consent to file the Complaint is GRANTED. Signed by Judge Thomas W. Thrash, Jr on 9/23/11. (dr) (Entered: 09/23/2011) |
| 09/23/2011 | 128 | FILING ORDER NO. 17 that permission to file the papers received by the Clerk from the Plaintiff on 8/1/11 is DENIED except for the response to the Federal Defendants Motion to Dismiss. Signed by Judge Thomas W. Thrash, Jr on 9/23/11. (dr) (Entered: 09/23/2011) |
| 09/23/2011 | 129 | FILING ORDER NO. 18 that on 9/6/11 the Plaintiff delivered to Judge Pannell a paper seeking consent to file a Complaint in the Superior Court of Fulton County against the Fulton County District Attorney. The proposed Complaint does not fit within the specific misconduct sought to be addressed by this Courts Order and, absent any Order to the contrary issued by a state Court of competent jurisdiction, consent to file the Complaint is GRANTED. Signed by Judge Thomas W. Thrash, Jr on 9/23/11. (dr) (Entered: 09/23/2011) |
| 09/23/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 125 Order, 126 Order, 129 Order,, 128 Order, 124 Order, 127 Order. (dr) (Entered: 09/23/2011) |
| 09/26/2011 | 130 | NOTICE OF APPEAL as to 85 Order, 70 Order, 75 Order, 74 Order on Motion for Protective Order, by William M. Windsor. Transcript Order Form due on 10/11/2011 (Attachments: # 1 Exhibits)(fem) (Entered: 09/27/2011) |
| 09/26/2011 | 131 | APPLICATION to Appeal in forma pauperis by William M. Windsor. (fem) (Entered: 09/27/2011) |

| 09/26/2011 | 134 | Certified copy of ORDER of USCA DISMISSING appeal for lack of jurisdiction re: 62 Notice of Appeal, filed by William M. Windsor Case Appealed to USCA Case Number 11-13214-BB. (fem) (Entered: 09/28/2011) |
| 09/27/2011 | | Submission of 131 APPLICATION to Appeal in forma pauperis, submitted to District Judge Thomas W. Thrash. (fem) (Entered: 09/27/2011) |
| 09/27/2011 | 132 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re 130 Notice of Appeal (fem) (Entered: 09/27/2011) |
| 09/27/2011 | 135 | TRANSCRIPT ORDER FORM for proceedings held on 7/15/11 before Judge Thrash, re 130 Notice of Appeal. Court Reporter: Monty Vann. Financial Arrangements due on 10/11/2011 (fem) (Entered: 09/29/2011) |
| 09/28/2011 | 133 | FILING ORDER NO. 19 the Plaintiff is DENIED permission to file any attachments with the Notice of Appeal delivered to the Clerk on 9/27/11, and any Notice of Appeal filed hereafter in any of these cases. Signed by Judge Thomas W. Thrash, Jr on 9/28/11. (dr) (Entered: 09/28/2011) |
| 09/28/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 133 Order. (dr) (Entered: 09/28/2011) |
| 09/28/2011 | 136 | ORDER denying 131 Application to Appeal in forma pauperis. All pending Applications to Proceed in Forma Pauperis are DENIED for the reasons set forth in the Courts Order of August 11, 2011. Signed by Judge Thomas W. Thrash, Jr on 9/28/2011. (rej) (Entered: 09/29/2011) |
| 09/29/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 136 Order on Application to Appeal in forma pauperis. (rej) (Entered: 09/29/2011) |
| 09/29/2011 | 137 | Forwarded Order, 136 to USCA re 130 Notice of Appeal filed by William M. Windsor, 114 Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA Case Number 14021-B. (fem) (Entered: 09/29/2011) |
| 10/03/2011 | 138 | Letter to the Clerk of the Court from William Windsor re 10/3/11 filings. (dr) (Entered: 10/03/2011) |
| 10/03/2011 | 139 | NOTICE of Filing of Emergency Consent to File Motion to Clarify Orders Regarding Judges by William M. Windsor. (dr) (Entered: 10/03/2011) |
| 10/03/2011 | 140 | Emergency Consent to File MOTION to Clarify Order regarding Judges by William M. Windsor. (dr) (Entered: 10/03/2011) |
| 10/03/2011 | 141 | AMENDED FILING ORDER NO. 15 re 140 Motion to Clarify, that on 9/14/11 the Plaintiff delivered to Judge Shoob a paper seeking consent to file a Complaint in the Superior Court of Fulton County against Fulton County and others. The proposed Complaint does not fit within the specific misconduct sought to be addressed by this Courts Order and, absent any Order to the contrary issued by a state Court of competent jurisdiction, consent to file the Complaint is GRANTED. The Plaintiff is prohibited from seeking to add any federal judge or employee of the federal courts (including the United States Attorney) or seeking any discovery from any federal judge or employee of the federal courts without obtaining the consent of this Court. The Plaintiff is prohibited from subpoenaing or attempting to subpoena any federal judge or judicial employee of the Northern District of Georgia without obtaining the consent of this Court. Signed by Judge Thomas W. Thrash, Jr on 10/3/11. (dr) (Entered: 10/03/2011) |
| 10/03/2011 | 142 | AMENDED FILING ORDER NO. 16 re 140 Motion to Clarify, that on 7/28/11 the Plaintiff delivered to Judge Batten a paper seeking consent to file a Complaint in the Superior Court of Fulton County against Carl H. Anderson and Hawkins Parnell. The |

| | | proposed Complaint does not fit within the specific misconduct sought to be addressed by this Courts Order and, absent any Order to the contrary issued by a state Court of competent jurisdiction, consent to file the Complaint is GRANTED. The Plaintiff is prohibited from seeking to add any federal judge or employee of the federal courts (including the United States Attorney) or seeking any discovery from any federal judge or employee of the federal courts without obtaining the consent of this Court. The Plaintiff is prohibited from subpoenaing or attempting to subpoena any federal judge or judicial employee of the Northern District of Georgia without obtaining the consent of this Court. Signed by Judge Thomas W. Thrash, Jr on 10/3/11. (dr) (Entered: 10/03/2011) |
|---|---|---|
| 10/03/2011 | 143 | AMENDED FILING ORDER NO. 18 re 140 Motion for Clarification, that on 9/6/11 the Plaintiff delivered to Judge Pannell a paper seeking consent to file a Complaint in the Superior Court of Fulton County against the Fulton County District Attorney. The proposed Complaint does not fit within the specific misconduct sought to be addressed by this Courts Order and, absent any Order to the contrary issued by a state Court of competent jurisdiction, consent to file the Complaint is GRANTED. The Plaintiff is prohibited from seeking to add any federal judge or employee of the federal courts (including the United States Attorney) or seeking any discovery from any federal judge or employee of the federal courts without obtaining the consent of this Court. The Plaintiff is prohibited from subpoenaing or attempting to subpoena any federal judge or judicial employee of the Northern District of Georgia without obtaining the consent of this Court. Signed by Judge Thomas W. Thrash, Jr on 10/3/11. (dr) (Entered: 10/03/2011) |
| 10/03/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 142 Order, 141 Order, 143 Order. (dr) (Entered: 10/03/2011) |
| 10/05/2011 | 144 | USCA Acknowledgment of 130 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA Case Number 11-14502-B (fem) (Entered: 10/06/2011) |
| 10/14/2011 | 145 | EMERGENCY CONSENT MOTION to Approve Subpoena for Judges by William M. Windsor. (dr) (Entered: 10/17/2011) |
| 10/14/2011 | 146 | FILING ORDER NO. 20 denying 145 Motion to Approve Subpoenas for Judges. Signed by Judge Thomas W. Thrash, Jr on 9/14/11. (dr) (Entered: 10/17/2011) |
| 10/14/2011 | 147 | FILING ORDER NO. 21 on 9/15/11, the Plaintiff delivered to Judge Forrester a Complaint that he seeks to file in this Court. Permission to file the Complaint is DENIED. The Plaintiff has failed to post the bond required by this Court's Order of 7/15/11. The reckless and scurrilous claims against the Judges and employees of this Court are frivolous. Signed by Judge Thomas W. Thrash, Jr on 10/14/11. (dr) (Entered: 10/17/2011) |
| 10/14/2011 | 148 | FILING ORDER NO. 22 on 9/16/11, the Plaintiff delivered to Judge Vining a Complaint that he seeks to file in this Court. Permission to file the Complaint is DENIED. The Plaintiff has failed to post the bond required by this Court's Order of 7/15/11. The reckless and scurrilous claims against the Judges and employees of this Court are frivolous. Signed by Judge Thomas W. Thrash, Jr on 10/14/11. (dr) (Entered: 10/17/2011) |
| 10/14/2011 | 149 | ORDER the Plaintiff is ordered to show cause within 14 days why this action should not be dismissed for failure to serve the remaining Defendants. The response is limited to 10 pages including any attachments. Signed by Judge Thomas W. Thrash, Jr on 10/14/11. (dr) (Entered: 10/17/2011) |
| 10/14/2011 | 150 | Correspondence received by William M. Windsor. (fem) (Entered: 10/18/2011) |
| 10/14/2011 | 151 | NOTICE Of Filing of Amended Notice of Appeal by William M. Windsor. (fem) (Entered: 10/18/2011) |

| 10/14/2011 | 152 | Amended NOTICE OF APPEAL as to 142 Order, 141 Order, 143 Order on Motion for Clarification, 136 Order on Application to Appeal in forma pauperis, by William M. Windsor. Transcript Order Form due on 10/28/2011. Forwarded Appeal Fee letter and IFP forms to plaintiff. (fem) (Entered: 10/18/2011) |
|---|---|---|
| 10/14/2011 | 157 | Request for Consent to File MOTION to Strike by William M. Windsor. (dr) (Entered: 10/27/2011) |
| 10/17/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 148 Order, 146 Order, 149 Order to Show Cause, 147 Order. (dr) (Entered: 10/17/2011) |
| 10/18/2011 | 153 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re 152 Notice of Appeal, (Attachments: # 1 Appeal Fee Letter) (fem) (Entered: 10/18/2011) |
| 10/20/2011 | 158 | Request for Consent to File MOTION to Obtain Summons by William M. Windsor. (dr) (Entered: 10/27/2011) |
| 10/24/2011 | 159 | MOTION to Add Defendant in 1:11-cv-3653-WSD by William M. Windsor. (dr) (Entered: 10/27/2011) |
| 10/25/2011 | 160 | USCA Acknowledgment of receipt of Doc 136 re 114 Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA Case Number 11-14021-B. (fem) (Entered: 10/28/2011) |
| 10/26/2011 | 154 | FILINGS ORDER NO. 23 denying 157 Motions to Strike. Signed by Judge Thomas W. Thrash, Jr on 10/26/2011. (rej) Modified related document on 10/27/2011 (dr). (Entered: 10/26/2011) |
| 10/26/2011 | 155 | FILINGS ORDER NO. 24 denying 159 Motion to Add Defendant. Signed by Judge Thomas W. Thrash, Jr on 10/26/2011. (rej) Modified related document on 10/27/2011 (dr). (Entered: 10/26/2011) |
| 10/26/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 154 Filings Order, 155 Filings Order. (rej) (Entered: 10/26/2011) |
| 10/26/2011 | 156 | ORDER regarding 158 Motion that the Clerk issue 119 summons to effectuate service upon the Defendants in these cases. Before the Clerk issues any summons naming a federal judge or employee of the federal courts (including the United States Attorneys Office), the Plaintiff is ordered to post a $50,000.00 cash bond or corporate surety bond acceptable to the Clerk for each federal judge or employee of the federal courts to be served sufficient to satisfy any award of Rule 11 sanctions. Any attempt by the Plaintiff to serve a federal judge or employee of the federal courts without complying with this Order may be treated as contempt of court. Signed by Judge Thomas W. Thrash, Jr on 10/26/2011. (rej) Modified related document on 10/27/2011 (dr). (Entered: 10/26/2011) |
| 10/26/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 156 Order. (rej) (Entered: 10/26/2011) |
| 10/28/2011 | 161 | NOTICE Of Filing Request for Consent to file Motion for Leave by William M. Windsor (dr) (Entered: 10/28/2011) |
| 10/28/2011 | 162 | Notice for Leave of Absence by William M. Windson. (dr) (Entered: 10/28/2011) |
| 10/28/2011 | 163 | NOTICE Of Filing Request for Consent to file Motion for Reconsideration of Order to Show Cause by William M. Windsor (dr) (Entered: 10/28/2011) |
| 10/28/2011 | 164 | MOTION for Reconsideration of 149 Order to Show Cause, by William M. Windsor. (dr) (Entered: 10/28/2011) |

| 11/02/2011 | 165 | USCA Acknowledgment of 152 Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA Case Number 11-14847-B (fem) (Entered: 11/07/2011) |
|---|---|---|
| 11/07/2011 | 166 | NOTICE Of Filing Notice of Filing of Second Amended Notice of Appeal by William M. Windsor. (fem) Modified on 11/8/2011 to correct file date.(fem). (Entered: 11/08/2011) |
| 11/07/2011 | 167 | SECOND AMENDED NOTICE OF APPEAL, as to 148 Order, 154 Order, 155 Order, 149 Order to Show Cause, 147 Order, 156 Order, by William M. Windsor. Transcript Order Form due on 11/21/2011 (fem) (Entered: 11/08/2011) |
| 11/07/2011 | 168 | NOTICE Of Filing Notice of Filing of Application for in Forma Pauperis Status by William M. Windsor re 167 Notice of Appeal (fem) (Entered: 11/08/2011) |
| 11/07/2011 | 169 | APPLICATION to Appeal in forma pauperis with Brief In Support by William M. Windsor. (fem) Modified on 11/8/2011 to correct file date.(fem). (Entered: 11/08/2011) |
| 11/08/2011 | 170 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re 167 Notice of Appeal (fem) (Entered: 11/08/2011) |
| 11/08/2011 | | Submission of 169 APPLICATION to Appeal in forma pauperis, submitted to District Judge Thomas W. Thrash. (fem) (Entered: 11/08/2011) |
| 11/08/2011 | 171 | Return of Service Executed by William M. Windsor. Rosemary Barkett served on 10/28/2011, answer due 11/18/2011. (dr) (Entered: 11/08/2011) |
| 11/08/2011 | 172 | Return of Service Executed by William M. Windsor. Ed Carnes served on 10/28/2011, answer due 11/18/2011. (dr) (Entered: 11/08/2011) |
| 11/08/2011 | 173 | Return of Service Executed by William M. Windsor. Joel F. Dubina served on 10/28/2011, answer due 11/18/2011. (dr) (Entered: 11/08/2011) |
| 11/09/2011 | 174 | ORDER denying 169 Application to Appeal in forma pauperis. Signed by Judge Thomas W. Thrash, Jr on 11/9/11. (dr) (Entered: 11/09/2011) |
| 11/09/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 174 Order. (dr) (Entered: 11/09/2011) |
| 11/10/2011 | 175 | ORDER that the Plaintiff and Barbara G. Windsor are ordered to appear 12/16/2011 at 10:00 AM in ATLA Courtroom 2108 before Judge Thomas W. Thrash Jr. to show cause why they should not be held in contempt of court for willful and intentional violation of the Court's Order of 10/26/11, and why Rule 11 sanctions should not be imposed upon Barbara G. Windsor for filing a false and frivolous Affidavit of Service relying upon a summons issued by the Superior Court of Fulton County. A written response to this Order may be filed consisting of no more than 25 pages (including attachments) by each. Signed by Judge Thomas W. Thrash, Jr on 11/10/11. (dr) (Entered: 11/10/2011) |
| 11/10/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 175 Order; certified copies to US Marshal. (dr) (Entered: 11/10/2011) |
| 11/14/2011 | 176 | NOTICE Of Filing of Request for Consent to File Motion to Order Clerk of the Court to Issue Signed Subpoenas by William M. Windsor (dr) (Entered: 11/15/2011) |
| 11/14/2011 | 177 | Request for Consent to File MOTION to Order Clerk of the Court to Issue Signed Subpoenas by William M. Windsor. (dr) (Entered: 11/15/2011) |
| 11/14/2011 | 178 | NOTICE Of Filing of Request for Consent to File Motion for Reconsideration of order to show case dated 11/10/11; Motion for Clarification; Motion to Dissolve Order dated 10/26/11; Motion to Remand; and Motion for Recusal by William M. Windsor (dr) (Entered: 11/15/2011) |

| 11/14/2011 | 179 | Request for Consent to File MOTION for Reconsideration of 175 Order to Show Cause, MOTION for Clarification, MOTION to Dissolve Order dated 10/26/11, MOTION to Remand to State Court, MOTION for Recusal by William M. Windsor. (dr) (Entered: 11/15/2011) |
|---|---|---|
| 11/15/2011 | 180 | FILINGS ORDER NO. 25 denying 177 Motion for Issuance of Subpoenas. No subpoenas are to be issued to the Plaintiff or anyone acting in concert with him without my consent. Signed by Judge Thomas W. Thrash, Jr on 11/15/11. (dr) (Entered: 11/15/2011) |
| 11/16/2011 | 181 | ORDER that permission to file the papers received by the Clerk from the Plaintiff on 11/14/11 and 11/15/11 is DENIED. Signed by Judge Thomas W. Thrash, Jr on 11/16/11. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 182 | ORDER that this action is DISMISSED with prejudice. The Clerk is directed not to file any papers received from the Plaintiff other than a Notice of Appeal with no attachments without my express consent. Signed by Judge Thomas W. Thrash, Jr on 11/16/11. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 183 | CLERK'S JUDGMENT dismissing case with prejudice. (dr)--Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (Entered: 11/16/2011) |
| 11/16/2011 | | Civil Case Terminated. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 181 Order, 183 Clerk's Judgment, 182 Order to Dismiss. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 184 | NOTICE Of Filing of amended request for consent to file motion for reconsideration of order to show cause dated 11/10/11; motion for clarification; motion to dissolve order dated 10/26/11; motion to remand; and motion for recusal by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 185 | AMENDED MOTION for Reconsideration of 175 Order to Show Cause, MOTION for Clarification, MOTION to Dissolve order dated 10/26/11, MOTION to Remand to State Court, MOTION for Recusal by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 186 | NOTICE Of Filing of request for consent to file motion regarding hearing scheduled by order dated 11/10/11 by William M. Windsor (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 187 | MOTION regarding the hearing scheduled by order dated 11/10/11 by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 188 | NOTICE Of Filing of request for consent to file motion to reschedule hearing scheduled for December, 2011 by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 189 | MOTION to reschedule hearing scheduled for December, 2011 by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 190 | NOTICE Of Filing of emergency request for consent to file motion for leave of court to conduct discovery by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 191 | EMERGENCY MOTION for leave of court to conduct Discovery by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 192 | NOTICE Of Filing of request for consent to file motion regarding court reporter at hearing scheduled by order dated 11/10/11 by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 193 | MOTION regarding court report at hearing scheduled by order dated 11/10/11 by William M. Windsor. (dr) (Entered: 11/16/2011) |

| 11/16/2011 | 194 | NOTICE Of Filing of request for consent to file motion to require attendance of defendants at hearing by William M. Windsor (dr) (Entered: 11/16/2011) |
|---|---|---|
| 11/16/2011 | 195 | MOTION to require attendance of defendants at hearing by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 196 | NOTICE Of Filing of request for consent to file motion for protection at December 2011 hearing by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/16/2011 | 197 | MOTION for protection at December 2011 hearing by William M. Windsor. (dr) (Entered: 11/16/2011) |
| 11/21/2011 | 199 | ORDER of USCA DENYING motion to proceed IFP, DENYING Windsor's request to seal financial informaiton submitted along with his motion to proceed IFP as unnecessary because such informaiton is not placed on this Court's public docket re: Petition for Writ of Mandamus and Prohibition to the United States District Court for the Northern District of Georgia (fem) (Entered: 11/23/2011) |
| 11/22/2011 | 198 | USCA Acknowledgment of 167 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA Case Number 11-15275-B (fem) (Entered: 11/23/2011) |
| 11/28/2011 | 200 | ORDER granting 189 Motion to Reschedule Hearing; the Show Cause Hearing scheduled for 12/16/11 is canceled and will be rescheduled. Signed by Judge Thomas W. Thrash, Jr on 11/28/11. (dr) (Entered: 11/29/2011) |
| 11/29/2011 | | Clerks Certificate of Mailing as to William M. Windsor re 200 Order. (dr) (Entered: 11/29/2011) |
| 12/06/2011 | 201 | ORDER granting 189 MOTION to Continue filed by William M. Windsor; the Show Cause Hearing scheduled for 12/16/11 is canceled and will be rescheduled. Signed by Judge Thomas W. Thrash, Jr on 12/2/11. (dr) (Entered: 12/06/2011) |
| 12/06/2011 | | Submission of 164 MOTION for Reconsideration re 149 Order to Show Cause; 179 MOTION for Reconsideration re 175 Order to Show Cause, MOTION for Clarification, MOTION to Dissolve Order dated 10/26/11 MOTION to Remand to State Court, MOTION for Recusal; 185 MOTION for Reconsideration re 175 Order to Show Cause, MOTION for Clarification, MOTION to Dissolve order dated 10/26/11, MOTION to Remand to State Court, MOTION for Recusal; 191 MOTION for Discovery; 193 MOTION regarding court report at hearing scheduled by order dated 11/10/11; 197 MOTION for protection at December 2011 hearing, 195 MOTION to require attendance of defendants at hearing; 187 MOTION regarding the hearing scheduled by order dated 11/10/11, submitted to District Judge Thomas W. Thrash. (dr) (Entered: 12/06/2011) |
| 12/14/2011 | 202 | Certified copy of ORDER of USCA DISMISSING appeal, sua sponte, for lack of jurisdition re: 130 Notice of Appeal filed by William M. Windsor Case Appealed to usca Case Number 11-14202-B. (fem) (Entered: 12/16/2011) |
| 12/20/2011 | 203 | Certified copy of ORDER of USCA DISMISSING appeal, sua sponte, for lack of jurisdition re: 152 Notice of Appeal, filed by William M. Windsor Case Appealed to USCA Case Number 11-14847-B. (fem) (Entered: 12/22/2011) |
| 12/23/2011 | 204 | ORDER of USCA notifying appellant that upon expiration of fourteen (14 days from the date of this order, this petition will be dismissed by the clerk without further notice unless fees ($450) are paid re: Petition for Writ of Mandamus. (fem) (Entered: 12/29/2011) |
| 12/23/2011 | 205 | Certified copy of ORDER of USCA notifying appellant that upon expiration of fourteen (14) days from the Court's December 21, 2011 order, the appeal will be dismissed by the clerk without further notice unless the docketing and filing fees ($455) are paid to the |

| | | DISTRICT COURT re: <u>114</u> Notice of Appeal, filed by William M. Windsor Case Appealed to USCA Case Number 11-14021-B. (fem) (Entered: 12/29/2011) |
|---|---|---|
| 01/04/2012 | <u>206</u> | NOTICE OF APPEAL and stay as to <u>9</u> Order on Motion for Extension of Time, <u>142</u> Order, <u>181</u> Order, <u>141</u> Order, <u>182</u> Order to Dismiss, <u>33</u> Order on Motion for Protective Order, <u>146</u> Order on Motion for Issuance of Subpoena, <u>155</u> Order, <u>201</u> Order, <u>174</u> Order on Application to Appeal in forma pauperis, <u>123</u> Order, <u>106</u> Order, <u>128</u> Order, <u>122</u> Order, <u>98</u> Order, <u>147</u> Order, <u>59</u> Order, <u>143</u> Order on Motion for Clarification, <u>136</u> Order on Application to Appeal in forma pauperis, <u>103</u> Order, <u>156</u> Order, <u>100</u> Order on Motion for Miscellaneous Relief, <u>148</u> Order, <u>53</u> Order on Motion for Recusal, Order on Motion to Strike, Order on Motion for Leave to File, <u>125</u> Order, <u>63</u> Order on Motion for Miscellaneous Relief, Order on Motion to Disqualify Attorney, Order on Motion for TRO, Order on Motion for Hearing, Order on Motion for Reconsideration, Order on Motion for Protective Order, Order on Motion for Discovery, Order on Motion for Order, <u>85</u> Order, <u>126</u> Order, <u>107</u> Order, <u>180</u> Order on Motion for Issuance of Subpoena, <u>129</u> Order, <u>183</u> Clerk's Judgment, <u>58</u> Order, <u>154</u> Order, <u>200</u> Order on Motion to Continue, <u>70</u> Order, <u>149</u> Order to Show Cause, <u>116</u> Order on Motion for Order, <u>75</u> Order, <u>133</u> Order, <u>74</u> Order on Motion for Protective Order, <u>97</u> Order, <u>104</u> Order on Application to Appeal in forma pauperis, <u>90</u> Order on Motion for Order, <u>57</u> Order, <u>124</u> Order, <u>127</u> Order, <u>67</u> Order on Motion for Reconsideration, <u>41</u> Order, <u>175</u> Order to Show Cause, by William M. Windsor. Transcript Order Form due on 1/18/2012. No Fee, IFP forms and appeal fee letter forwarded to plaintiff. (fem) Modified on 1/6/2012 to edit docket text.(fem). (Entered: 01/06/2012) |
| 01/06/2012 | <u>207</u> | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re <u>206</u> Notice of Appeal, (Attachments: # <u>1</u> Appeal Fee Letter) (fem) (Entered: 01/06/2012) |
| 01/17/2012 | <u>208</u> | USCA Appeal Fees received $ 455 receipt number GAN100042471 re <u>114</u> Notice of Appeal, filed by William M. Windsor Case Appealed to USCA Case Number 11-14021-B. (fem) (Entered: 01/17/2012) |
| 01/17/2012 | <u>209</u> | Document <u>208</u> , notice of receipt of appeal fees forwarded to USCA re <u>114</u> Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA Case Number 11-14021-B. (Attachments: # <u>1</u> Appeal Fee)(fem) Modified on 1/18/2012 to correct docket text. (fem). (Entered: 01/17/2012) |
| 01/20/2012 | <u>210</u> | USCA Acknowledgment and notice to appellant of <u>206</u> Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA Case Number 12-10157-B (fem) (Entered: 01/20/2012) |
| 01/20/2012 | <u>211</u> | ORDER that all pending motions are DENIED: denying <u>164</u> Motion for Reconsideration ; denying <u>179</u> Motion for Reconsideration ; denying <u>179</u> Motion for Clarification; denying <u>179</u> Motion for Miscellaneous Relief; denying <u>179</u> Motion to Remand to State Court; denying <u>179</u> Motion for Recusal ; denying <u>185</u> Motion for Reconsideration ; denying <u>185</u> Motion for Clarification; denying <u>185</u> Motion for Miscellaneous Relief; denying <u>185</u> Motion to Remand to State Court; denying <u>185</u> Motion for Recusal ; denying <u>187</u> Motion for Miscellaneous Relief; denying <u>191</u> Motion for Discovery; denying <u>193</u> Motion for Miscellaneous Relief; denying <u>195</u> Motion for Miscellaneous Relief; denying <u>197</u> Motion for Miscellaneous Relief. Signed by Judge Thomas W. Thrash, Jr on 1/20/12. (dr) (Entered: 01/20/2012) |
| 01/20/2012 | | Clerks Certificate of Mailing as to William M. Windsor re <u>211</u> Order. (dr) (Entered: 01/20/2012) |
| 01/23/2012 | <u>212</u> | ORDER of USCA DISMISSING appeal re: Petition for Writ of Mandamus to the United States District Court for the Northern District of Georgia because the appellant has failed |

| | | to pay the filing and docketing fees, (fem) (Entered: 01/23/2012) |
|---|---|---|
| 01/25/2012 | 213 | Certified copy of ORDER of USCA, DISMISSING appeal, sua sponte, for lack of jurisdiction re: 167 Notice of Appeal filed by William M. Windsor Case Appealed to USCA Case Number 11-15275-B. (fem) (Entered: 01/25/2012) |
| 01/31/2012 | 214 | Certified copy of ORDER of USCA DISMISSING appeal re: 114 Notice of Appeal, filed by William M. Windsor Case Appealed to USCA Case Number 11-14021-B. (fem) (Entered: 01/31/2012) |
| 08/31/2012 | 215 | ORDER denying 157 MOTION to Strike filed by William M. Windsor, denying 159 MOTION to Add Party filed by William M. Windsor. Signed by Judge Thomas W. Thrash, Jr on 8/30/12. (dr) (Entered: 08/31/2012) |
| 08/31/2012 | | Clerks Certificate of Mailing as to William M. Windsor re 215 Order (dr) (Entered: 08/31/2012) |
| 04/29/2013 | 216 | Certified copy of ORDER of USCA DISMISSING appeal based on Windsor's failure to adequately prosecute re: 206 Notice of Appeal, filed by William M. Windsor Case Appealed to USCA Case Number 12-10157-B. (fem) (Entered: 04/29/2013) |
| 07/11/2013 | 217 | NOTICE Of Filing of Predatory Company in your state by Michelle Stilipec (fap) (Entered: 07/15/2013) |
| 04/28/2016 | 218 | NOTICE TO COUNSEL OF RECORD regarding RECLAMATION AND DISPOSITION OF UNCLAIMED EXHIBITS (Motion Hearing - July 15, 2011) pursuant to Local Rule 79.1D(2). (mec) (Entered: 04/28/2016) |
| 04/29/2016 | 219 | NOTICE TO COURT regarding RECLAMATION AND DISPOSITION OF UNCLAIMED EXHIBITS pursuant to Local Rule 79.1D(2) filed by Christopher J. Huber. Exhibits to be Retrieved.. (Huber, Christopher) (Entered: 04/29/2016) |
| 05/03/2016 | 220 | DEFENDANTS' EXHIBITS RETURNED as directed in 218 Exhibit Return Notification, 219 Exhibit Disposition Notification (mec) (Entered: 05/03/2016) |
| 06/07/2017 | 221 | ORDER GRANTING Plaintiff's request for approval to file attached lawsuit in Superior Court of Cobb County. Signed by Judge Thomas W. Thrash, Jr on 6/7/2017. (btql) (Entered: 06/07/2017) |
| 06/07/2017 | | Clerks Certificate of Mailing as to William M. Windsor re 221 Order. Notice of street name change for the Atlanta courthouse included. (btql) (Entered: 06/07/2017) |
| 07/17/2017 | 222 | NOTICE of Change of Address for William M. Windsor (btql) (Entered: 07/18/2017) |
| 07/18/2017 | 223 | Mail Returned as Undeliverable. Mail sent to William M. Windsor re 221 Order (jkl) (Entered: 07/19/2017) |
| 07/21/2017 | | Clerks Certificate of Re-Mailing as to William M. Windsor re 221 Order. (jkl) (Entered: 07/21/2017) |
| 02/01/2018 | 224 | NOTICE of Change of Address for William M. Windsor. (jkl) (Entered: 02/05/2018) |
| 02/01/2018 | 225 | MOTION to Modify Injunction by William M. Windsor. (Attachments: # 1 envelope)(jkl) (Entered: 02/05/2018) |
| 02/12/2018 | 226 | OPINION AND ORDER GRANTING IN PART AND DENYING IN PART 225 MOTION to Modify Injunction. Signed by Judge Thomas W. Thrash, Jr on 2/12/18. (jkl) (Entered: 02/12/2018) |
| 02/12/2018 | | Clerk's Certificate of Mailing to William M. Windsor at updated address re 226 Order. (jkl) (Entered: 02/12/2018) |

2/3/24, 6:26 PM

USCA11 Case: 22-12038    Document: 5N/ECF-Gate-field-filed-02:00/2024    Page: 217 of 451

| 02/21/2018 | 227 | MOTION for Leave to File AMENDED COMPLAINT by William M. Windsor. (Attachments: # 1 Exhibit 1 - 2nd Amended Complaint, # 2 Exhibit 2 - 3rd Amended Complaint)(jkl) (Entered: 02/26/2018) |
|---|---|---|
| 02/21/2018 | 228 | MOTION for Leave to File BAR COMPLAINTby William M. Windsor. (jkl) (Entered: 02/26/2018) |
| 02/27/2018 | 229 | ORDER GRANTING 227 Motion for Leave to File Amended Complaint and 228 Motion for Leave to File Bar Complaint. Signed by Judge Thomas W. Thrash, Jr. on 2/23/2018. (jkl) (Entered: 02/27/2018) |
| 02/27/2018 | | Clerk's Certificate of Mailing as to William M. Windsor re 229 Order. (jkl) (Entered: 02/27/2018) |
| 03/13/2018 | 230 | NOTICE of Change of Address for William M. Windsor. (kac) (Entered: 03/19/2018) |
| 03/13/2018 | 231 | NOTICE OF APPEAL as to 226 Order on Motion for Miscellaneous Relief, 74 Order on Motion for Protective Order and 229 Order on Motion for Leave to File by William M. Windsor. Transcript Order Form due on 3/27/2018 (Attachments: # 1 Appeal Fee Letter) (IFP forms and appeal fee letter sent to Plaintiff) (pc: USCA)(kac) (Docketed per instructions from the Court.) Modified on 3/19/2018 (kac). (Entered: 03/19/2018) |
| 03/19/2018 | 232 | NOTICE Of Filing Appeal Transmission Letter by William M. Windsor re: 231 Notice of Appeal. (kac) (Entered: 03/19/2018) |
| 03/19/2018 | 233 | Transmission of Certified Copy of Notice of Appeal, Orders and Docket Sheet to US Court of Appeals re: 231 Notice of Appeal. (kac) (Entered: 03/19/2018) |
| 03/26/2018 | 234 | USCA Acknowledgment of 231 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA - 11th Circuit. USCA Case Number 18-11067-H. (kac) (Entered: 03/26/2018) |
| 04/05/2018 | | Filing Fee Paid: $505.00; Receipt number GAN100101518. (kac) (Entered: 04/05/2018) |
| 04/05/2018 | 235 | Forwarded docket sheets reflecting payment of USCA Appeal Fee Payment to USCA re: 231 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA - 11th Circuit. USCA Case Number 18-11067-H. (kac) (Entered: 04/05/2018) |
| 04/16/2018 | 236 | Mail Returned as Undeliverable. Mail sent to Michelle Stilipec re: 231 Notice of Appeal. NOT DELIVERABLE AS ADDRESSED; UNABLE TO FORWARD. (kac) (Entered: 04/17/2018) |
| 04/20/2018 | 237 | NOTICE Of Filing Transcript Order Information by William M. Windsor (Attachments: # 1 envelope)(jkl) (Entered: 04/23/2018) |
| 05/01/2018 | | Pursuant to F.R.A.P.11(c), the Clerk certifies that the record is complete for purposes of this appeal re: 231 Notice of Appeal. Case Appealed to USCA - 11th Circuit. USCA Case Number 18-11067-HH. The entire record on appeal is available electronically. (kac) (Entered: 05/01/2018) |
| 05/01/2018 | | Clerk's Certificate of Mailing as to William M. Windsor re: Appeal Record Certified. Notice of street name change for the Atlanta courthouse included. (kac) (Entered: 05/01/2018) |
| 05/22/2018 | 238 | TRANSCRIPT of Proceedings held on 7/15/2011, before Judge Thomas W. Thrash, Jr. Court Reporter Montrell Vann, Telephone number 404-215-1549. Transcript may be purchased through the Court Reporter. Redaction Request due 6/12/2018. Redacted Transcript Deadline set for 6/22/2018. Release of Transcript Restriction set for 8/20/2018. (Attachments: # 1 Appendix Notice of Filing of Transcript) (mv) (Entered: 05/22/2018) |

https://ecf.gand uscourts gov/cgi-bin/DktRpt.pl?65415828246747-L_1_0-1                                    24/29

| 01/03/2019 | 239 | USCA Opinion received (AFFIRMED) re: 231 Notice of Appeal, filed by William M. Windsor. In accordance with FRAP 41(b), the USCA mandate will issue at a later date. Case Appealed to USCA- 11th Circuit. Case Number 18-11067-HH. (pjm) (Entered: 01/03/2019) |
|---|---|---|
| 02/25/2019 | 240 | Certified copy of MANDATE of USCA AFFIRMING the decision of the District Court re: 231 Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA- 11th Circuit. Case Number 18-11067. (pjm) (Entered: 02/25/2019) |
| 02/25/2019 | | Clerk's Certificate of Mailing of 240 USCA Mandate as to William M. Windsor re: 231 Notice of Appeal. (pjm) (Entered: 02/25/2019) |
| 07/01/2019 | 241 | MOTION for Leave to File Condominium Arbitration Complaints by William M. Windsor. (Attachments: # 1 Exhibits, # 2 Envelopes) (sap) (Entered: 07/03/2019) |
| 07/01/2019 | 242 | MOTION for Leave to File Complaint by William M. Windsor. (sap) (Entered: 07/08/2019) |
| 07/08/2019 | 243 | ORDER granting 241 and 242 Motions for Leave to File Complaints. Signed by Judge Thomas W. Thrash, Jr. on 7/8/2019. (sap) (Entered: 07/08/2019) |
| 07/08/2019 | | Clerk's Certificate of Mailing as to William M. Windsor re 243 Order. (sap) (Entered: 07/08/2019) |
| 08/06/2019 | 244 | MOTION for Leave to File De Novo Petition by William M. Windsor. (sap) (Entered: 08/09/2019) |
| 08/22/2019 | 247 | MOTION for Clarification by William M. Windsor (sap) (Entered: 09/04/2019) |
| 08/22/2019 | 248 | MOTION for Leave to File Third De Novo Petition by William M. Windsor. (sap) (Entered: 09/04/2019) |
| 08/22/2019 | 249 | MOTION for Leave to File Fourth De Novo Petition by William M. Windsor. (sap) (Entered: 09/04/2019) |
| 08/27/2019 | | Submission of 244 MOTION for Leave to File De Novo Petition to District Judge Thomas W. Thrash Jr. (sap) (Entered: 08/27/2019) |
| 08/30/2019 | 245 | ORDER granting 247 Motion for Clarification. See order for more details. Signed by Judge Thomas W. Thrash, Jr. on 8/29/2019. (sap) Docket text corrected on 9/3/2019 (sap). Modified on 10/31/2019 to correct docket entry number (pjm). (Entered: 09/03/2019) |
| 08/30/2019 | 246 | ORDER granting 244 Motion for Leave to File De Novo Petition. Signed by Judge Thomas W. Thrash, Jr. on 8/30/2019. (sap) Date signed corrected on 9/3/2019 (sap). (Entered: 09/03/2019) |
| 09/03/2019 | | Clerk's Certificate of Mailing as to William M. Windsor re 245 Order. (sap) (Entered: 09/03/2019) |
| 09/03/2019 | | Clerk's Certificate of Mailing as to William M. Windsor re 246 Order. (sap) (Entered: 09/03/2019) |
| 09/13/2019 | | Submission of 248 MOTION for Leave to File Third De Novo Petition and 249 MOTION for Leave to File Fourth De Novo Petition to District Judge Thomas W. Thrash Jr. (sap) (Entered: 09/13/2019) |
| 10/02/2019 | 250 | MOTION for Leave to File Bankruptcy by William M. Windsor. (sap) (Additional attachment(s) added on 10/4/2019: # 1 Envelope) (sap). (Entered: 10/04/2019) |
| 10/22/2019 | | Submission of 250 MOTION for Leave to File Bankrupt to District Judge Thomas W. |

| | | Thrash Jr. (sap) (Entered: 10/22/2019) |
|---|---|---|
| 10/25/2019 | 251 | ORDER granting 250 Motion for Leave to File Bankruptcy. Signed by Judge Thomas W. Thrash, Jr. on 10/25/2019. (sap) (Entered: 10/28/2019) |
| 10/28/2019 | | Clerk's Certificate of Mailing as to William M. Windsor re 251 Order on Motion for Leave to File. (sap) (Entered: 10/28/2019) |
| 07/30/2020 | 252 | MOTION for Leave to File Personal Injury Complaint, by William M. Windsor. (Attachments: # 1 Complaint, # 2 Text of Proposed Order, # 3 Envelope)(rvb) (Entered: 07/31/2020) |
| 08/12/2020 | 253 | MOTION for Leave to File Complaint for Fraudulent Lien by William M. Windsor. (Attachments: # 1 Complaint, # 2 Text of Proposed Order, # 3 Envelope) (jpk) (Entered: 08/13/2020) |
| 08/17/2020 | | Submission of 252 MOTION for Leave to File Personal Injury Complaint, to District Judge Thomas W. Thrash Jr. (kt) (Entered: 08/17/2020) |
| 08/19/2020 | | Submission of 253 MOTION for Leave to File Complaint for Fraudulent Lien to District Judge Thomas W. Thrash, Jr. (cmd) (Entered: 08/19/2020) |
| 09/02/2020 | 254 | ORDER granting 252 and 253 Motion for Leave to File Personal Injury Complaint. Signed by Judge Thomas W. Thrash, Jr. on 9/2/20. (jpa) (Entered: 09/02/2020) |
| 09/03/2020 | | Clerk's Certificate of Mailing as to William M. Windsor re 254 Order (jpa) (Entered: 09/03/2020) |
| 09/03/2020 | 255 | NOTICE of Change of Address for William M. Windsor (tmf) (Entered: 09/04/2020) |
| 09/03/2020 | 256 | EMERGENCY SECOND REQUEST FOR LEAVE TO PURSUE PERSONAL INJURY COMPLAINT by William M. Windsor. (tmf) (Entered: 09/04/2020) |
| 09/03/2020 | 257 | MOTION EMERGENCY REQUEST FOR CLARIFICATIONON FILiNG INJUNCTION by William M. Windsor. (tmf) (Entered: 09/04/2020) |
| 09/04/2020 | | Submission of 256 MOTION, 257 MOTION, to District Judge Thomas W. Thrash Jr.. (tmf) (Entered: 09/04/2020) |
| 09/08/2020 | 258 | MOTION for Clarification on Condominium Lawsuit by William M. Windsor. (jpa) (Entered: 09/09/2020) |
| 09/18/2020 | | Submission of 258 MOTION for Clarification to District Judge Thomas W. Thrash, Jr. (cmd) (Entered: 09/18/2020) |
| 09/21/2020 | 259 | Mail Returned as Undeliverable. Mail sent to William M. Windsor re 254 Order on Motion for Leave to File. (Attachments: # 1 Envelope) (kt) (Entered: 09/22/2020) |
| 11/04/2020 | 260 | ORDER - This is a pro se civil action. The Plaintiff is subject to filing restrictions. It is before the Court on the Plaintiffs Motion for Leave to File Personal Injury Case [Doc. 256 ] which is GRANTED. The Plaintiff's Motions for Clarification [Doc. 257 & 258 ] are DENIED. Signed by Judge Thomas W. Thrash, Jr. on 11/4/2020. (tcc) (Entered: 11/04/2020) |
| 11/04/2020 | | Clerk's Certificate of Mailing as to William M. Windsor re 260 Order. (tcc) (Entered: 11/04/2020) |
| 03/07/2022 | 261 | Request for Leave for Marcie Schreck and/or William M. Windsor to File A Complaint by William M. Windsor. (rlh) (Entered: 03/08/2022) |

| 03/09/2022 | 262 | ORDER: The Plaintiff's Motion for Leave for Marcie Schreck and/or William M. Windsor to File a Complaint 261 is GRANTED in part and DENIED in part. The Request for permission for Marcie Schreck to file a Complaint on behalf of her mother Wanda Jean Dutschmann is GRANTED. Given Mr. Windsor's abuse of the courts as a pro se litigant, the request for him to be allowed to file lawsuits as a next friend or attorney-in-fact is DENIED. Signed by Judge Thomas W. Thrash, Jr. on 3/9/2022. (jra) (Entered: 03/09/2022) |
|---|---|---|
| 03/09/2022 | | Clerk's Certificate of Mailing as to William M. Windsor re 262 Order on Motion for Leave to File. (jra) (Entered: 03/09/2022) |
| 05/23/2022 | 263 | Request for Leave to File Guardianship Actions And Appeals by William M. Windsor. (jra) (Entered: 05/24/2022) |
| 05/23/2022 | | Remark re 263 MOTION for Leave to File guardianship actions and appeals: 1 USB drive received. (jra) (Entered: 05/26/2022) |
| 05/26/2022 | 264 | ORDER: The Plaintiff's Motion for Leave to File Guardianship Actions and Appeals 263 is DENIED. Signed by Judge Thomas W. Thrash, Jr. on 5/26/2022. (jra) (Entered: 05/26/2022) |
| 05/26/2022 | | Clerk's Certificate of Mailing as to Michelle Stilipec and William M. Windsor re 264 Order on Motion for Leave to File. (jra) (Entered: 05/26/2022) |
| 06/06/2022 | 265 | NOTICE OF APPEAL as to 226 Order on Motion for Miscellaneous Relief, 74 Order on Motion for Protective Order, 229 Order on Motion for Leave to File, 264 Order on Motion for Leave to File by William M. Windsor. Transcript Order Form due on 6/21/2022 (kac) (Additional attachment(s) added on 6/8/2022: # 1 Exhibits) (kac). (Entered: 06/08/2022) |
| 06/06/2022 | 266 | NOTICE OF APPEAL CONSTRUED AS AN APPLICATION to Appeal in forma pauperis William M. Windsor. (Appeal fee letter and IFP forms sent to Plaintiff) (kac) (Entered: 06/08/2022) |
| 06/08/2022 | | Notification of Docket Correction re: 265 Notice of Appeal. Added Exhibits to docket entry. (kac) (Entered: 06/08/2022) |
| 06/08/2022 | 267 | NOTICE Of Filing Appeal Fee Letter by William M. Windsor re: 265 Notice of Appeal. (kac) (Entered: 06/08/2022) |
| 06/08/2022 | | Submission of 266 NOTICE OF APPEAL CONSTRUED AS AN APPLICATION to Appeal in forma pauperis to District Judge Thomas W. Thrash, Jr. (kac) (Entered: 06/08/2022) |
| 06/08/2022 | 268 | Transmission of Certified Copy of Notice of Appeal, Orders and Docket Sheet to US Court of Appeals re: 265 Notice of Appeal. (kac) (Entered: 06/08/2022) |
| 06/08/2022 | 269 | Request for Leave By Wanda Dutschmann to File Motions For Judicial Review of Documentation Or Instrument Purporting To Create A Lien Or Claim by William M. Windsor. (jra) (Additional attachment(s) added on 6/10/2022: # 1 Exhibit Attached Exhibits) (jra). (Entered: 06/09/2022) |
| 06/08/2022 | 270 | Request for Leave For Acquaintances To File by William M. Windsor. (jra) (Entered: 06/09/2022) |
| 06/08/2022 | 271 | Request for Leave to File Civil Rights Complaint by William M. Windsor. (Attachments: # 1 Letter)(jra) (Entered: 06/09/2022) |
| 06/24/2022 | 272 | Mail Returned as Undeliverable. Mail sent to Michelle Stilipec re 264 Order on Motion |

| | | for Leave to File (jra) (Entered: 06/28/2022) |
|---|---|---|
| 06/29/2022 | 273 | USCA Acknowledgment of 265 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA - 11th Circuit. USCA Case Number 22-12038-J. (kac) (Entered: 06/29/2022) |
| 06/30/2022 | | Submission of 269 MOTION for Leave to File Motions For Judicial Review of Documentation Or Instrument Purporting To Create A Lien Or Claim, 270 MOTION for Leave to File, 271 MOTION for Leave to File Civil Rights Complaint, to District Judge Thomas W. Thrash Jr. (jeh) (Entered: 06/30/2022) |
| 06/30/2022 | 274 | ORDER granting 266 Application to Appeal in forma pauperis. Signed by Judge Thomas W. Thrash, Jr. on 6/30/2022. (jra) (Entered: 06/30/2022) |
| 06/30/2022 | | Clerk's Certificate of Mailing as to Michelle Stilipec and William M. Windsor re 274 Order on Application to Appeal in forma pauperis. (jra) (Entered: 06/30/2022) |
| 06/30/2022 | 275 | ORDER: The Motion for Leave to File Motions 269 , Motion for Leave to File 270 and Motion for Leave to File Civil Rights Complaint 271 are DENIED based upon the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system. Signed by Judge Thomas W. Thrash, Jr. on 6/30/2022. (jra) (Entered: 06/30/2022) |
| 06/30/2022 | | Clerk's Certificate of Mailing as to Michelle Stilipec and William M. Windsor re 275 Order on Motion for Leave to File. (jra) (Entered: 06/30/2022) |
| 07/14/2022 | 276 | Mail Returned as to Michelle Stilipec re 275 Order on Motion for Leave to File & 274 Order on Application to Appeal in forma pauperis. (jra) (Additional attachment(s) added on 7/15/2022: # 1 Mail Returned) (jra). (Entered: 07/15/2022) |
| 07/18/2022 | 277 | NOTICE of Change of Address by William M. Windsor (jra) (Entered: 07/19/2022) |
| 07/18/2022 | 278 | NOTICE OF APPEAL as to 275 Order on Motion for Leave to File by William M. Windsor. (Attachments: # 1 NOA Part 2, # 2 NOA Part 3, # 3 NOA Part 4)(kac) (Entered: 07/19/2022) |
| 07/18/2022 | 281 | Certificate of Interested Persons and Corporate Disclosure Statement by William M. Windsor. (jra) (Entered: 08/05/2022) |
| 07/19/2022 | 279 | USCA Appeal Transmission Letter to 11th Circuit re: 278 Notice of Appeal filed by William M. Windsor. (kac) (Entered: 07/19/2022) |
| 07/19/2022 | | Transmission of Certified Copy of Notice of Appeal, Order and Docket Sheet to US Court of Appeals re: 278 Notice of Appeal. (kac) (Entered: 07/19/2022) |
| 07/26/2022 | 280 | USCA Acknowledgment of 278 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA - 11th Circuit. USCA Case Number 22-12411-J. (kac) (Entered: 07/26/2022) |
| 08/08/2022 | 282 | APPLICATION for Leave to Proceed in forma pauperis by William M. Windsor. (jra) (Entered: 08/10/2022) |
| 08/31/2022 | 283 | ORDER: The Plaintiff's Motion to Proceed in Forma Pauperis 282 is GRANTED. Signed by Judge Thomas W. Thrash, Jr. on 8/31/2022. (jra) (Entered: 09/01/2022) |
| 09/01/2022 | | Clerk's Certificate of Mailing as to Michelle Stilipec, William M. Windsor re 283 Order on Application for Leave to Proceed in forma pauperis. (jra) (Entered: 09/01/2022) |
| 09/26/2022 | 284 | Mail Returned as Undeliverable. Mail sent to Michelle Stilipec re 283 Order on Application for Leave to Proceed in forma pauperis (jra) (Entered: 09/27/2022) |

| 09/30/2022 |  | Pursuant to F.R.A.P.11(c), the Clerk certifies that the record is complete for purposes of this appeal re: 265 Notice of Appeal. Case Appealed to USCA - 11th Circuit. USCA Case Number 22-12038-J. The entire record on appeal is available electronically. (kac) (Entered: 09/30/2022) |
|---|---|---|
| 09/30/2022 |  | Clerk's Certificate of Mailing as to William M. Windsor re: Appeal Record Certified. (kac) (Entered: 09/30/2022) |
| 12/09/2022 | 285 | USCA Order GRANTING Motion for Leave to File Out of Time Jurisdictional Question Response re: 265 Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA- 11th Circuit. Case Number 22-12038-J. (pjm) (Entered: 12/09/2022) |
| 01/06/2023 | 286 | USCA Order GRANTING Motion for Leave to File Jurisdictional Question Response Out of Time filed by Appellant William M. Windsor is GRANTED re: 265 Notice of Appeal, filed by William M. Windsor. Case Appealed to USCA- 11th Circuit. Case Number 22-12411-J. (pjm) (Entered: 01/06/2023) |
| 06/09/2023 | 287 | NOTICE OF APPEAL by William M. Windsor. Transcript Order Form due on 6/23/2023. (pjm) (Entered: 06/28/2023) |
| 06/28/2023 | 288 | USCA Appeal Transmission Letter to USCA- 11th Circuit re: 287 Notice of Appeal filed by William M. Windsor. (pjm) (Entered: 06/28/2023) |
| 06/28/2023 | 289 | Transmission of Certified Copy of Notice of Appeal and Docket Sheet to US Court of Appeals re: 287 Notice of Appeal. (pjm) (Entered: 06/28/2023) |
| 07/06/2023 | 290 | USCA Acknowledgment of 287 Notice of Appeal filed by William M. Windsor. Case Appealed to USCA- 11th Circuit. Case Number 23-12193-J. (pjm) (Entered: 07/06/2023) |
| 07/26/2023 | 291 | USCA Clerk's Entry of Dismissal for Want of Prosecution: Pursuant to the 11th Cir. R. 42-1(b), the 287 Notice of Appeal is DISMISSED for want of prosecution because the appellant William M. Windsor failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in district court within the time fixed by the rules. Case Appealed to USCA- 11th Circuit. Case Number 23-12193-J. (pjm) (Entered: 07/26/2023) |
| 10/06/2023 | 292 | NOTICE of Change of E-mail Address for William M. Windsor (dmb) (Entered: 10/10/2023) |
| 01/25/2024 | 293 | USCA Opinion received (AFFIRMED) re: 278 Notice of Appeal filed by William M. Windsor and 265 Notice of Appeal, filed by William M. Windsor. In accordance with FRAP 41(b), the USCA mandate will issue at a later date. Case Appealed to USCA- 11th Circuit. Case Number 22-12038-JJ & 22-12411-JJ. (pjm) (Entered: 01/25/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/03/2024 18:19:48 | | |
| **PACER Login:** | billwindsor | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-01923-TWT |
| **Billable Pages:** | 24 | **Cost:** | 2.40 |

APPEAL NO. 22-12038 and 22-12411

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

APPELLANT'S PETITION FOR REHEARING

AND EN BANC DETERMINATION

# APPENDIX 130

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

**General Docket**
**United States Court of Appeals for the Eleventh Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 22-12411 | **Docketed:** 07/19/2022 |
| **Nature of Suit:** 2440 Other Civil Rights | **Termed:** 01/25/2024 |
| William Windsor v. B. Grutby, et al | |
| **Appeal From:** Northern District of Georgia | |
| **Fee Status:** IFP Granted | |

**Case Type Information:**
   1) U.S. Civil
   2) U.S. Defendant - Non PLRA
   3) -

**Originating Court Information:**
   **District:** 113E-1 : 1:11-cv-01923-TWT
   **Civil Proceeding:** Thomas W. Thrash, Junior, Senior U.S. District Court Judge
   **Date Filed:** 06/13/2011
   **Date NOA Filed:**
   07/18/2022

**Prior Cases:**

| | | | |
|---|---|---|---|
| 11-13214 | **Date Filed:** 07/18/2011 | **Date Disposed:** 09/23/2011 | **Disposition:** Dismissed |
| 11-13244 | **Date Filed:** 07/20/2011 | **Date Disposed:** 09/08/2011 | **Disposition:** Dismissed |
| 11-13363 | **Date Filed:** 07/27/2011 | **Date Disposed:** 08/22/2011 | **Disposition:** Dismissed |
| 11-13391 | **Date Filed:** 07/25/2011 | **Date Disposed:** 09/13/2011 | **Disposition:** Dismissed |
| 11-14021 | **Date Filed:** 09/01/2011 | **Date Disposed:** 01/31/2012 | **Disposition:** Dismissed |
| 11-14124 | **Date Filed:** 09/08/2011 | **Date Disposed:** 01/23/2012 | **Disposition:** Dismissed |
| 11-14502 | **Date Filed:** 09/29/2011 | **Date Disposed:** 12/09/2011 | **Disposition:** Dismissed |
| 11-14847 | **Date Filed:** 10/19/2011 | **Date Disposed:** 12/15/2011 | **Disposition:** Dismissed |
| 11-15275 | **Date Filed:** 11/09/2011 | **Date Disposed:** 01/25/2012 | **Disposition:** Dismissed |
| 12-10157 | **Date Filed:** 01/10/2012 | **Date Disposed:** 04/15/2013 | **Disposition:** Dismissed |
| 18-11067 | **Date Filed:** 03/19/2018 | **Date Disposed:** 01/03/2019 | **Disposition:** Affirmed |

**Current Cases:**

| | **Lead** | **Member** | **Start** | **End** |
|---|---|---|---|---|
| Associated | 22-12038 | 23-12193 | 06/28/2023 | |
| Consolidated | 22-12038 | 22-12411 | 04/13/2023 | |

| | | |
|---|---|---|
| WILLIAM M. WINDSOR | | |
| | Plaintiff - Appellant | William M. Windsor<br>[NTC Pro Se]<br>5013 S LOUISE AVE #1134<br>SIOUX FALLS, SD 57108 |
| versus | | |
| B. GRUTBY | | |
| | Defendant - Appellee | Lori Beranek<br>[COR LD NTC US Attorney]<br>DOJ-USAO<br>Northern District of Georgia<br>Firm: 404-581-6000<br>75 TED TURNER DR SW STE 600<br>ATLANTA, GA 30303 |
| | | Gabriel Adam Mendel<br>[COR NTC US Attorney]<br>DOJ-USAO<br>Northern District of Georgia<br>Firm: 404-581-6000<br>75 TED TURNER DR SW STE 600<br>ATLANTA, GA 30303 |
| WILLIAM S. DUFFEY, JR. | | |
| | Defendant - Appellee | |

ORINDA D. EVANS
                              Defendant – Appellee

JULIE E. CARNES
                                              Lori Beranek
                              Defendant – Appellee  [COR LD NTC US Attorney]
                                              (see above)

                                              Christopher J. Huber
                                              [NTC US Attorney]
                                              DOJ-USAO
                                              Northern District of Georgia
                                              Firm: 404-581-6000
                                              75 TED TURNER DR SW STE 600
                                              ATLANTA, GA 30303

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

JOHN LEY
                                              Lori Beranek
                              Defendant – Appellee  [COR LD NTC US Attorney]
                                              (see above)

                                              Christopher J. Huber
                                              [NTC US Attorney]
                                              (see above)

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

JOEL F. DUBINA
                              Defendant – Appellee

ED E. CARNES
                                              Lori Beranek
                              Defendant – Appellee  [COR LD NTC US Attorney]
                                              (see above)

                                              Christopher J. Huber
                                              [NTC US Attorney]
                                              (see above)

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

ROSEMARY BARKETT
                                              Lori Beranek
                              Defendant – Appellee  [COR LD NTC US Attorney]
                                              (see above)

                                              Christopher J. Huber
                                              [NTC US Attorney]
                                              (see above)

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

FRANK M. HULL
                                              Lori Beranek
                              Defendant – Appellee  [COR LD NTC US Attorney]
                                              (see above)

                                              Christopher J. Huber
                                              [NTC US Attorney]
                                              (see above)

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

JANE DOE 1
                              Defendant - Appellee

JANE DOE #2
                              Defendant - Appellee

JANE DOE 3
                              Defendant - Appellee

JANE DOE #4
                              Defendant - Appellee

JANE DOE 5
                              Defendant - Appellee

JOHN DOE 1
                              Defendant - Appellee

JOHN DOE 2
                              Defendant - Appellee

DOES 8 TO 1000
                              Defendant - Appellee

UNITED STATES OF AMERICA                      Christopher J. Huber
                              Defendant - Appellee   [NTC US Attorney]
                                              (see above)

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

                                              U.S. Attorney Service - Northern District of Georgia
                                              [COR NTC US Attorney]
                                              DOJ-USAO
                                              Northern District of Georgia
                                              Firm: 404-581-6000
                                              75 TED TURNER DR SW STE 600
                                              ATLANTA, GA 30303

GEORGIA ATHLETIC AND ENTERTAINMENT COMMISSION
                              Defendant - Appellee

JUDGE MOORE
                              Defendant - Appellee

JAMES N. HATTEN                               Lori Beranek
                              Defendant - Appellee   [COR LD NTC US Attorney]
                                              (see above)

                                              Christopher J. Huber
                                              [NTC US Attorney]
                                              (see above)

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

ANNIVA SANDERS                                Lori Beranek
                              Defendant - Appellee   [COR LD NTC US Attorney]
                                              (see above)

                                              Christopher J. Huber
                                              [NTC US Attorney]
                                              (see above)

                                              Gabriel Adam Mendel
                                              [COR NTC US Attorney]
                                              (see above)

J. WHITE
                   Defendant - Appellee

Lori Beranek
[COR LD NTC US Attorney]
(see above)

Christopher J. Huber
[NTC US Attorney]
(see above)

Gabriel Adam Mendel
[COR NTC US Attorney]
(see above)

B. GUTTING
                   Defendant - Appellee

Lori Beranek
[COR LD NTC US Attorney]
(see above)

Christopher J. Huber
[NTC US Attorney]
(see above)

Gabriel Adam Mendel
[COR NTC US Attorney]
(see above)

MARGARET CALLIER
                   Defendant - Appellee

Lori Beranek
[COR LD NTC US Attorney]
(see above)

Christopher J. Huber
[NTC US Attorney]
(see above)

Gabriel Adam Mendel
[COR NTC US Attorney]
(see above)

DOUGLAS J. MINCHER
                   Defendant - Appellee

Lori Beranek
[COR LD NTC US Attorney]
(see above)

Christopher J. Huber
[NTC US Attorney]
(see above)

Gabriel Adam Mendel
[COR NTC US Attorney]
(see above)

JESSICA D. BIRNBAUM, Operations Manager
                   Defendant - Appellee

Lori Beranek
[COR LD NTC US Attorney]
(see above)

Christopher J. Huber
[NTC US Attorney]
(see above)

Gabriel Adam Mendel
[COR NTC US Attorney]
(see above)

--------------------------

MAID OF THE MIST CORPORATION
                   Movant - Appellee

Carl H. Anderson, Jr.
Direct: 404-614-7511
[COR LD NTC Retained]
Hawkins Parnell & Young, LLP
Firm: 404-614-7400
303 PEACHTREE ST NE STE 4000
ATLANTA, GA 30308

SERVICE

Carl H. Anderson, Jr.
Direct: 404-614-7511
[NTC Retained]
(see above)

Sarah L. Bright
Direct: 470-305-1384
[NTC Retained]
Greyling Insurance Brokerage and Risk Consulting
3780 MANSELL RD STE 370
ALPHARETTA, GA 30032

MAID OF THE MIST STEAMBOAT COMPANY, LTD.

                    Movant - Appellee

Carl H. Anderson, Jr.
Direct: 404-614-7511
[COR LD NTC Retained]
(see above)

WILLIAM M. WINDSOR,

                                    Plaintiff - Appellant,

versus

JAMES N. HATTEN, et al.,

                                    Defendants,

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,
JOHN LEY, et al.,

                                    Defendants - Appellees.

| Date | Doc | Description |
|---|---|---|
| 07/19/2022 | 1<br>105 pg, 39.22 MB | CIVIL APPEAL DOCKETED. Notice of appeal filed by Appellant William M. Windsor on 07/18/2022. Fee Status: Fee Not Paid. Awaiting Appellant's Certificate of Interested Persons due on or before 08/09/2022 as to Appellant William M. Windsor. Awaiting Appellee's Certificate of Interested Persons due on or before 08/23/2022 as to Appellee Julie E. Carnes [Entered: 07/26/2022 12:27 PM] |
| 07/19/2022 | 10<br>14 pg, 10 09 MB | Notice of receipt. Statement Regarding Appeal as to Appellant William M. Windsor.. [Entered: 09/07/2022 05:46 PM] |
| 07/28/2022 | 2<br>1 pg, 397 11 KB | APPEARANCE of Counsel Form filed by Gabriel A. Mendel for USA et al; Hon. Julie Carnes; John Ley; Hon. Rosemary Barkett; Hon. Frank Hull; Hon. Ed Carnes; James N. Hatten; Anniva Sanders; J. White; B.Gutting; Margaret Callier; B.Grutby; Dougles Mincher; Jessica Birnbaum [22-12411] (ECF: Gabriel Mendel) [Entered: 07/28/2022 01:54 PM] |
| 07/28/2022 | 3<br>136 pg, 36 78 MB | Notice of receipt: NOA w/exhibits as to Appellant William M. Windsor.. [Entered: 07/29/2022 10:38 AM] |
| 08/03/2022 | 4<br>1 pg, 306.87 KB | APPEARANCE of Counsel Form filed by Lori M. Beranek for USA et al; Hon. Julie Carnes; John Ley; Hon. Rosemary Barkett; Hon. Frank Hull; Hon. Ed Carnes; James Hatten; Anniva Sanders; B.Gutting; Margaret Callier; B. Grutby; Douglas Mincher; Jessica Birmbaum [22-12411] (ECF: Lori Beranek) [Entered: 08/03/2022 02:30 PM] |
| 08/03/2022 | 5<br>5 pg, 138.54 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Lori Beranek for Appellees Rosemary Barkett, Jessica D. Birnbaum, Margaret Callier, Ed E. Carnes, Honorable Julie E. Carnes, B. Grutby, B. Gutting, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders and J. White. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [22-12411] (ECF: Lori Beranek) [Entered: 08/03/2022 03:24 PM] |
| 08/09/2022 | 6<br>1 pg, 195 04 KB | *WITHDRAWN PER COURT ORDER ENTERED ON 08/28/2023* APPEARANCE of Counsel Form filed by Carl H. Anderson, Jr. for Maid of the Mist Corporation and Maid of the Mist Steamboat Company, Ltd. Carl H. Anderson, Jr. for Service. [22-12411]--[Edited 08/28/2023 by TAT] (ECF: Carl Anderson) [Entered: 08/09/2022 02:41 PM] |
| 08/09/2022 | 7<br>7 pg, 136.48 KB | *WITHDRAWN PER COURT ORDER ENTERED ON 08/28/2023* Certificate of Interested Persons and Corporate Disclosure Statement filed by Carl H. Anderson, Jr. for Maid of the Mist Corporation and Maid of the Mist Steamboat Company, Ltd. Attorney Carl H. Anderson, Jr. for Not Party Service. On the same day the CIP is served, any filer represented by counsel must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-1(b). [22-12411]--[Edited 08/28/2023 by TAT] (ECF: Carl Anderson) [Entered: 08/09/2022 02:43 PM] |
| 08/09/2022 | 8<br>8 pg, 860.43 KB | Appellant's Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellant William M. Windsor. [Entered: 08/10/2022 09:51 AM] |
| 08/31/2022 | 19<br>1 pg, 58.9 KB | USDC order granting IFP as to Appellant William M. Windsor was filed on 08/31/2022. Docket Entry 283. [Entered: 11/14/2022 01:34 PM] |
| 09/07/2022 | 9<br>2 pg, 81.23 KB | ORDER: Appellant's appeal statement for no. 22-12411 is currently docketed as a part of a docket entry for a "Change of Address" in no. 22-12038, dated July 18, 2022. The Clerk's Office is DIRECTED to docket the "Statement Regarding Appeal" in that docket entry in no. 22-12411. The Court has reviewed both appeal statements. With respect to both the appeal statement associated with appeal no. 22-12038 and the appeal statement associated with appeal no. 22-12411, the Court finds that Appellant has raised a non-frivolous issue, specifically whether a pre-filing injunction may be extended to filings in state court. See, e.g., Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 192 (5th Cir. 2008). Accordingly, these appeals survive the frivolity screening required by this Court's December 21, 2011 order.The Court, however, has not completed its jurisdictional review. To assist the Court's review, Jurisdictional Questions will issue in both appeals. These appeals are STAYED pending the Court's review of the Jurisdictional Questions and the parties' responses.Should these appeals proceed after the Court's review of the Jurisdictional Questions, the Clerk's Office is DIRECTED to consolidate these two appeals. AJ, JP and ALB (See attached order for complete text) [22-12038, 22-12411] [Entered: 09/07/2022 05:28 PM] |
| 09/22/2022 | 11<br>3 pg, 106.62 KB | JURISDICTIONAL QUESTION issued as to William M. Windsor. [Entered: 09/22/2022 09:43 AM] |
| 10/04/2022 | 12<br>17 pg, 120 86 KB | Response to Jurisdictional Question filed by Appellees Rosemary Barkett, Jessica D. Birnbaum, Margaret Callier, Ed E. Carnes, Honorable Julie E. Carnes, B. Grutby, B. Gutting, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders, USA and J. White [22-12411] (ECF: Gabriel Mendel) [Entered: 10/04/2022 08:45 AM] |
| 10/06/2022 | 13<br>17 pg, 219 63 KB | *WITHDRAWN PER COURT ORDER ENTERED ON 08/28/2023* Response to Jurisdictional Question filed by Appellees Maid Of The Mist Steamboat Company, Ltd. and Maid Of The Mist Corporation [22- |

USCA11 Case: 22-12038    Document 54    Date Filed: 02/08/2024    Page: 231 of 451

| | | |
|---|---|---|
| 10/17/2022 | ☐ 14<br>23 pg, 3.25 MB | No action will be taken on The referenced filing Motion for Extension of Time to Answer Letter and File Brief from Appellant William M. Windsor is deficient for failure to comply with this court's rules on Certificates of Interested Persons and Corporate Disclosure Statements. [Entered: 10/19/2022 04:01 PM] |
| 10/27/2022 | ☐ 15<br>433 pg, 28.86 MB | **ERROR-filed without leave**Response to Jurisdictional Question filed by Appellant William M. Windsor.--[Edited 11/14/2022 by AGW] [Entered: 10/28/2022 09:51 AM] |
| 10/27/2022 | ☐ 20<br>433 pg, 29.05 MB | *MOTION to strike Responses filed by Appellees, and to Allow communication be sent to Appellant by email filed by Appellant William M. Windsor. Opposition to Motion is Unknown [20] [Entered: 11/14/2022 01:47 PM]* |
| 10/31/2022 | ☐ 16<br>33 pg, 2.45 MB | *MOTION for extension of time to file Response to JQ and appellants brief filed by Appellant William M. Windsor in 22-12038, 22-12411. Opposition to Motion is Unknown [16] [22-12038, 22-12411] [Entered: 11/10/2022 03:07 PM]* |
| 10/31/2022 | ☐ 17<br>432 pg, 62.91 MB | *MOTION for Suspension of injunction filed by Appellant William M. Windsor in 22-12038, 22-12411. Opposition to Motion is Unknown [17] [22-12038, 22-12411] [Entered: 11/10/2022 03:14 PM]* |
| 11/10/2022 | ☐ 18<br>34 pg, 2.53 MB | No action will be taken on Motion for extension to file Response to JQ and motion for extension to file appellant brief [16]. from Appellant William M. Windsor in 22-12038, 22-12411 is [22-12038, 22-12411]. We currently do not have a briefing schedule for the briefs. The jurisdictional response is not attached. You may file a motion for leave to file the jurisdictional question out of time with the response attached as an exhibit. [Entered: 11/10/2022 03:25 PM] |
| 11/17/2022 | ☐ 21<br>20 pg, 1.29 MB | *MOTION for leave to file to file JQ response out of time filed by Appellant William M. Windsor. Opposition to Motion is Unknown [21] [Entered: 11/22/2022 10:44 AM]* |
| 11/17/2022 | ☐ 22<br>402 pg, 51.99 MB | Notice of receipt: Exhibit of JQ response as to Appellant William M. Windsor.. [Entered: 11/22/2022 10:58 AM] |
| 01/06/2023 | ☐ 23<br>1 pg, 48.22 KB | ORDER· Motion for Leave to File Jurisdictional Question Response Out of Time filed by Appellant William M. Windsor is GRANTED. [21] CRW (See attached order for complete text) [Entered: 01/06/2023 03:50 PM] |
| 02/22/2023 | ☐ 24<br>23 pg, 1.08 MB | *MOTION for injunction pending appeal filed by Appellant William M. Windsor in 22-12038, 22-12411. Opposition to Motion is Unknown [24] [22-12038, 22-12411] [Entered: 02/22/2023 11:55 AM]* |
| 03/01/2023 | ☐ 25<br>9 pg, 91.02 KB | RESPONSE to Motion filed by Appellant William M. Windsor [17] filed by Attorney Lori Beranek for Appellees Rosemary Barkett, Jessica D. Birnbaum, Margaret Callier, Ed E. Carnes, Honorable Julie E. Carnes, B. Grutby, B. Gutting, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders and J. White. [22-12411] (ECF: Lori Beranek) [Entered: 03/01/2023 10:57 AM] |
| 03/01/2023 | ☐ 26<br>3 pg, 396.69 KB | ORDER: Motion for injunction pending appeal filed by Appellant William M. Windsor is DENIED. [24]; Motion for suspension of injunction filed by Appellant William M. Windsor is DENIED. [17], [22] in 22-12411; Motion to strike filed by Appellant William M. Windsor is DENIED. [20] in 22-12411 AJ, JP and ALB (See attached order for complete text) [22-12038, 22-12411] [Entered: 03/01/2023 03:02 PM] |
| 04/13/2023 | ☐ 27<br>3 pg, 191.25 KB | ORDER: On its own motion, the court DISMISSES the appeal in part for lack of jurisdiction as to July 15, 2011 order·granting the filing injunction; (2) February 12, 2018 order modifying the filing injunction; and (3) February 27, 2018 order granting Windsor's motions for leave to file complaints, and the appeal MAY PROCEED in part as to as to the district court's May 26, 2022 and June 30, 2022 orders.; On its own motion, the court consolidates appeals 22-12038 and 22-12411 AJ, JP and ALB (See attached order for complete text) [22-12038, 22-12411] [Entered: 04/13/2023 12:24 PM] |
| 04/13/2023 | ☐ 29<br>2 pg, 87.95 KB | Briefing Notice issued to Appellant William M. Windsor in 22-12038, 22-12411. The appellant's brief is due on or before 05/23/2023. The appendix is due no later than 7 days from the filing of the appellant's brief. [22-12038, 22-12411] [Entered: 04/13/2023 12:37 PM] |
| 05/11/2023 | ☐ 30<br>22 pg, 767.15 KB | *MOTION for extension of time to file appellants brief to 07/24/2023 filed by Appellant William M. Windsor in 22-12038. Opposition to Motion is Unknown [30] [22-12038, 22-12411] [Entered: 05/12/2023 08:08 AM]* |
| 05/15/2023 | ☐ 32<br>26 pg, 1.86 MB | *Amended MOTION for extension of time to file appellants brief to 07/23/2023 filed by Appellant William M. Windsor in 22-12411. Opposition to Motion is Unknown [32] [22-12411, 22-12038] [Entered: 05/17/2023 10:38 AM]* |
| 05/16/2023 | ☐ 31<br>3 pg, 25.15 KB | ORDER: The motion for an extension of time to and including July 24, 2023 to file Appellant's initial brief is GRANTED, with the appendix due 7 days after the filing of the brief. [30] BL (See attached order for complete text) [22-12038, 22-12411] [Entered: 05/16/2023 11:20 AM] |
| 05/17/2023 | ☐ 33<br>27 pg, 1.95 MB | No action will be taken on filing submitted by Appellant William M. Windsor, the amended motion for extension to file appellant brief [32] because it is duplicative. Appellant's motion was granted on May 16, 2023. Appellant's brief is due on July 24, 2023, with the appendix due 7 days after the filing of the brief. [22-12411, 22-12038] [Entered: 05/17/2023 10.42 AM] |

USCA11 Case: 22-12038    Document: 54    Date Filed: 02/08/2024    Page: 232 of 451

| 06/07/2023 | ☐ 34<br>65 pg, 2.91 MB | Appellant's Brief filed by William M. Windsor in 22-12038, 22-12411. Service date: 06/08/2023 [22-12411] Attorney for Appellee: Anderson - email; Attorney for Appellee: Beranek - email; Attorney for Appellee: Huber - email; Attorney for Appellee: Mendel - email; Attorney for Appellee: U.S. Attorney Service - Northern District of Georgia - email; [22-12038] Attorney for Appellee: Anderson - email; Attorney for Appellee: Beranek - email; Attorney for Appellee: Bright - email; Attorney for Appellee: Huber - email; Attorney for Appellee: Mendel - email; Attorney for Appellee: U.S. Attorney Service - Northern District of Georgia - email. [22-12038, 22-12411] [Entered: 06/08/2023 10:18 AM] |
| 06/08/2023 | ☐ 35<br>3675 pg, 209 39 MB | Appendix filed [8 VOLUMES - 1 copies] by Party William M. Windsor. Service date: 06/08/2023 US mail - Appellant Windsor; email - Appellees Anderson, Beranek, Huber, Mendel, U.S. Attorney Service - Northern District of Georgia; Attorney for Not Party: Bright. [Entered: 06/08/2023 10:36 AM] |
| 06/09/2023 | ☐ 36<br>43 pg, 15.51 MB | Notice of Appeal as to Appellant William M. Windsor in 22-12411. [22-12411, 22-12038] [Entered: 06/13/2023 02:33 PM] |
| 06/28/2023 | ☐ 37<br>44 pg, 15.59 MB | Notice: Pursuant to FRAP 4(d), the Notice of Appeal received in this Court on 06/09/2023 is being electronically transmitted to the district court. [22-12038, 22-12411] [Entered: 06/28/2023 02:04 PM] |
| 07/03/2023 | ☐ 38<br>1 pg, 86.92 KB | *WITHDRAWN PER COURT ORDER ENTERED ON 08/28/2023* Over the phone extension granted by clerk as to Attorney Carl H. Anderson, Jr. for Appellees Maid Of The Mist Corporation and Maid Of The Mist Steamboat Company, Ltd. in 22-12038, Attorney Carl H. Anderson, Jr. for Appellees Maid Of The Mist Corporation, Maid Of The Mist Steamboat Company, Ltd. and Not Party Service in 22-12411. Appellee's Brief due on 08/09/2023 as to Appellee Maid Of The Mist Corporation.. **Any request for a second or subsequent extension of time shall be subject to 11th Cir. R. 31-2(d).** [22-12038, 22-12411]--[Edited 08/28/2023 by TAT] [Entered: 07/03/2023 11:50 AM] |
| 07/10/2023 | ☐ 39<br>22 pg, 162 52 KB | Appellee's Brief filed by Appellees Rosemary Barkett, Jessica D. Birnbaum, Margaret Callier, Ed E. Carnes, Honorable Julie E. Carnes, B. Grutby, B. Gutting, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders, USA and J. White. [22-12411] (ECF: Gabriel Mendel) [Entered: 07/10/2023 02:18 PM] |
| 07/11/2023 | ☐ 40 | Received 4 paper copies of EBrief, filed by Appellees Rosemary Barkett, Jessica D. Birnbaum, Margaret Callier, Ed E. Carnes, Honorable Julie E. Carnes, B. Grutby, B. Gutting, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders, USA and J. White. [Entered: 07/11/2023 11:11 AM] |
| 07/17/2023 | ☐ 41<br>175 pg, 8 4 MB | Supplemental Appendix [1 VOLUMES] filed by Appellees Rosemary Barkett, Jessica D. Birnbaum, Margaret Callier, Ed E. Carnes, Honorable Julie E. Carnes, B. Grutby, B. Gutting, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders, USA and J. White. [22-12411] (ECF: Gabriel Mendel) [Entered: 07/17/2023 12:53 PM] |
| 07/18/2023 | ☐ 42 | Received paper copies of EAppendix filed by Appellees Rosemary Barkett, Jessica D. Birnbaum, Margaret Callier, Ed E. Carnes, Honorable Julie E. Carnes, B. Grutby, B. Gutting, James N. Hatten, Frank M. Hull, John Ley, Douglas J. Mincher, Anniva Sanders, USA and J. White.. 1 VOLUMES - 2 COPIES [Entered: 07/18/2023 10:48 AM] |
| 07/20/2023 | ☐ 43<br>18 pg, 564 95 KB | Appellant's AMENDED Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellant William M. Windsor in 22-12411, 22-12038. [22-12411, 22-12038] [Entered: 07/20/2023 02:53 PM] |
| 07/24/2023 | ☐ 44 | Received 5 paper copies of EBrief, filed by Appellant William M. [ 5 Flash Drives of Appendix included] Windsor in 22-12038. [22-12038, 22-12411] [Entered: 07/24/2023 10:56 AM] |
| 08/04/2023 | ☐ 45<br>26 pg, 14 44 MB | MOTION to strike Filings of Carl Hugo Anderson, to impose sanctions for damages and costs not pursuant to Rule 38 filed by Appellant William M. Windsor in 22-12411, 22-12038. Opposition to Motion is Unknown [45] [22-12411, 22-12038] [Entered: 08/04/2023 03:40 PM] |
| 08/09/2023 | ☐ 46<br>28 pg, 167.96 KB | *WITHDRAWN PER COURT ORDER ENTERED ON 08/28/2023* Appellee's Brief filed by Appellees Maid Of The Mist Corporation and Maid Of The Mist Steamboat Company, Ltd.. [22-12411]--[Edited 08/28/2023 by TAT] (ECF: Carl Anderson) [Entered: 08/09/2023 10:57 PM] |
| 08/11/2023 | ☐ 47 | *WITHDRAWN PER COURT ORDER ENTERED ON 08/28/2023* Received 4 paper copies of EBrief, filed by Appellees Maid Of The Mist Corporation and Maid Of The Mist Steamboat Company, Ltd..--[Edited 08/28/2023 by TAT] [Entered: 08/11/2023 02:54 PM] |
| 08/14/2023 | ☐ 48<br>15 pg, 140.02 KB | *WITHDRAWN PER COURT ORDER ENTERED ON 08/28/2023* RESPONSE to Motion filed by Appellant William M. Windsor [45], Motion filed by Appellant William M. Windsor [45] filed by Attorney Carl H. Anderson, Jr. for Appellees Maid Of The Mist Corporation, Maid Of The Mist Steamboat Company, Ltd. and Not Party Service. [22-12411]--[Edited 08/28/2023 by TAT] (ECF: Carl Anderson) [Entered: 08/14/2023 10:56 PM] |
| 08/23/2023 | ☐ 49<br>420 pg, 27.02 MB | Reply Brief filed by Appellant William M. Windsor in 22-12038, 22-12411. Service 08/23/2023 email - Attorney for Appellees: Anderson, Beranek, Bright, Huber, Mendel, U.S. Attorney Service - Northern District of Georgia. [22-12038, 22-12411] [Entered: 08/23/2023 01:40 PM] |

USCA11 Case: 22-12038    Document: 54    Date Filed: 02/08/2024    Page: 233 of 451

| | | |
|---|---|---|
| 08/28/2023 | 50<br>3 pg, 26.59 KB | ORDER: ... Maid of the Mist's request to withdraw its filings in these appeals is GRANTED. The Clerk's Office is DIRECTED to show on the docket that Maid of the Mist's filings are withdrawn. Appellant's request to strike Maid of the Mist's filings is DENIED AS MOOT. Appellant's request for sanctions is DENIED. [45] [45] JP, ELB and BL (See attached order for complete text) [22-12038, 22-12411] [Entered: 08/28/2023 03:41 PM] |
| 01/25/2024 | 51<br>10 pg, 174.93 KB | Opinion issued by court as to Appellant William M. Windsor in 22-12038, 22-12411. Decision: Affirmed. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions. [22-12038, 22-12411] [Entered: 01/25/2024 11:29 AM] |
| 01/25/2024 | 52 | Judgment entered as to Appellant William M. Windsor in 22-12038, 22-12411. [22-12038, 22-12411] [Entered: 01/25/2024 11:32 AM] |

Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB    **(Max: 250 MB)**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/31/2024 16:51:22 | | | |
| PACER Login: | billwindsor | Client Code: | |
| Description: | Docket Report (filtered) | Search Criteria: | 22-12411 |
| Billable Pages: | 7 | Cost: | 0.70 |

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### WILLIAM M. WINDSOR,
Plaintiff – Appellant,

versus

### JAMES N. HATTEN, et al,
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 131

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

Nos. 22-12038-J; 22-12411-J

---

WILLIAM M. WINDSOR,

Plaintiff - Appellant,

versus

JAMES N. HATTEN, et al.,

Defendants,

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,
JOHN LEY, et al.,

Defendants - Appellees.

---

On Appeal from the United States
District Court for the Northern District of Georgia

---

BEFORE: JORDAN, JILL PRYOR, and BRASHER , Circuit Judges.

BY THE COURT:

This Court's December 21, 2011 order in no. 11-12176, et al., required, among other things, that Appellant file a separate statement to facilitate the Court's initial review of frivolity and jurisdictional issues. The statement must include certain items, including a concise summary, without argument, of each issue Appellant intends to raise. The Court is to make its jurisdictional and frivolity determinations based on the issues and orders identified in the statement.

Appellant's appeal statement for no. 22-12038 was docketed in the district court as an attachment to the notice of appeal. (*See* Doc. 265-1 at 16–22.)

Appellant's appeal statement for no. 22-12411 is currently docketed as a part of a docket entry for a "Change of Address" in no. 22-12038, dated July 18, 2022. The Clerk's Office is DIRECTED to docket the "Statement Regarding Appeal" in that docket entry in no. 22-12411.

The Court has reviewed both appeal statements. With respect to both the appeal statement associated with appeal no. 22-12038 and the appeal statement associated with appeal no. 22-12411, the Court finds that Appellant has raised a non-frivolous issue, specifically whether a pre-filing injunction may be extended to filings in state court. *See, e.g., Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 192 (5th Cir. 2008). Accordingly, these appeals survive the frivolity screening required by this Court's December 21, 2011 order.

The Court, however, has not completed its jurisdictional review. To assist the Court's review, Jurisdictional Questions will issue in both appeals. These appeals are STAYED pending the Court's review of the Jurisdictional Questions and the parties' responses.

Should these appeals proceed after the Court's review of the Jurisdictional Questions, the Clerk's Office is DIRECTED to consolidate these two appeals.

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 132

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

—————————————

Nos. 22-12038-J; 22-12411-J

—————————————

WILLIAM M. WINDSOR,

Plaintiff-Appellant,

versus

JAMES N. HATTEN, et al.,

Defendants,

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,
JOHN LEY, et al.,

Defendants-Appellees.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia

—————————————

Before: JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

BY THE COURT:

After reviewing the parties' responses to the jurisdictional questions, these appeals are
DISMISSED IN PART, to the extent that William Windsor appeals from the district court's (1)
July 15, 2011 order granting the filing injunction; (2) February 12, 2018 order modifying the filing
injunction; and (3) February 27, 2018 order granting Windsor's motions for leave to file
complaints. Rule 4 of the Federal Rules of Appellate Procedure provides that "[i]n a civil case, . .
. the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after

entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Further, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that, in a civil case, the statutory time limit for filing a notice of appeal is a jurisdictional requirement). However, the instant notices of appeal were filed on June 6, 2022 and July 18, 2022—years after the deadline to file a notice of appeal. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Accordingly, we lack jurisdiction to entertain a challenge to the July 15, 2011, February 12, 2018, and February 27, 2018 orders.

Otherwise, this appeal is ALLOWED TO PROCEED as to the district court's May 26, 2022 and June 30, 2022 orders. The Clerk's Office is DIRECTED to consolidate these two appeals.

2

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N W
Atlanta, Georgia 30303

David J  Smith
Clerk of Court

For rules and forms visit
www ca11 uscourts gov

April 13, 2023

William M. Windsor
5013 S LOUISE AVE #1134
SIOUX FALLS, SD 57108

Appeal Number:  22-12038-J  ; 22-12411 -J
Case Style:  William Windsor v. B. Grutby, et al
District Court Docket No:  1:11-cv-01923-TWT

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

The enclosed order has been ENTERED.

Clerk's Office Phone Numbers
General Information:                         404-335-6100      Attorney Admissions: 404-335-6122
New / Before Briefing Cases:            404-335-6135      Capital Cases:           404-335-6200
Cases in Briefing / After Opinion: 404-335-6130      CM/ECF Help Desk: 404-335-6125
Cases Set for Oral Argument:         404-335-6141

MOT-2 Notice of Court Action

APPEAL NO. 22-12038 and 22-12411

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

APPELLANT'S PETITION FOR REHEARING

AND EN BANC DETERMINATION

# APPENDIX 133

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 22-12038

Non-Argument Calendar

---

WILLIAM M. WINDSOR,

                                             Plaintiff-Appellant,

*versus*

JAMES N. HATTEN, et al.,

                                             Defendants,

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,
JOHN LEY, et al.,

2                    Opinion of the Court              22-12038

                                        Defendants-Appellees.

                    _____

             Appeal from the United States District Court
                  for the Northern District of Georgia
                   D.C. Docket No. 1:11-cv-01923-TWT

                    _____


                    _____

                        No. 22-12411

                    Non-Argument Calendar

                    _____


WILLIAM M. WINDSOR,

                                        Plaintiff-Appellant,

*versus*

JAMES N. HATTEN, et al.,


                                        Defendants,


B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,

22-12038                    Opinion of the Court                    3

JOHN LEY, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:11-cv-01923-TWT

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

This appeal is the latest in a line of frivolous litigation pursued by William Windsor, who is proceeding *pro se*. In 2011, the Northern District of Georgia issued a permanent injunction enjoining Windsor from pursuing any proceeding in any court without first obtaining leave of the federal district court in the appropriate district. In the summer of 2022, Windsor submitted various motions in the same district court, and the court denied them. Windsor now appeals those denials. After review, we affirm the district court's decision.

## I.    Background

The relevant facts involve various motions and notices of appeal filed by Windsor after the issuance of a permanent injunction in 2011. After Windsor sued several federal judges on

4                    Opinion of the Court                    22-12038

the U.S. District Court for the Northern District of Georgia and the
U.S. Court of Appeals for the Eleventh Circuit, as well as several
court employees (for simplicity's sake, we refer to the group
collectively as "the Judges"),[1] the district court entered a permanent
injunction against Windsor as follows:

> Plaintiff, William M. Windsor, and any parties acting
> in concert with him or at his behest, are
> PERMANENTLY ENJOINED from filing any
> complaint or initiating any proceeding, including any
> new lawsuit or administrative proceeding, in any
> court (state or federal) or agency in the United States
> without first obtaining leave of a federal district court
> in the district in which the new complaint or
> proceeding is to be filed.

Windsor filed various notices of appeal protesting the injunction.
We dismissed his appeals in 2011 for want of prosecution and lack
of jurisdiction.

In 2018, Windsor sought modification of the injunction.
The district court partially granted his motion by adding language
clarifying that the injunction did not apply to criminal complaints
or protective orders.[2]  On appeal in 2019, we upheld the district
court's denial of the other requested modifications.

---

[1] Windsor first filed his complaint in the Superior Court of Fulton County,
Georgia.  The United States removed the action to the Northern District of
Georgia.

[2] The modification added the following language:

22-12038                Opinion of the Court                    5

Then, at some point, Windsor became involved with Marcie Schreck, a Texas woman seeking to sue on behalf of her mother. In May 2022, the district court denied Windsor's motion asking the court to grant leave for him and the Schrecks to file guardianship actions in any state court.   In June 2022, Windsor appealed, challenging the district court's May 2022 order, along with the 2011 injunction order, the 2018 modification order, and a second order from 2018.[3]

Also in June 2022, in the same lawsuit, the district court denied three more motions submitted by Windsor for leave to file various motions "based upon the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system." In July 2022, Windsor appealed the court's order,

_____

The above restrictions do not apply to appeals in actions already in existence on July 15, 2011, criminal complaints, or petitions for protective orders the Plaintiff feels necessary to protect his personal safety. However, any proceedings— whether criminal or civil—initiated against any judge or government employee for actions taken in the course of their official duties are still enjoined according to the restrictions outlined above.

[3] At another point in 2018, the district court granted two of Windsor's motions for leave to file complaints, concluding the related litigation involving Windsor and his family was "not within the scope of the persons and matters protected by the filing restrictions."   In his 2022 appeal, Windsor appears to argue that this second 2018 order should have modified the injunction to allow state court filings.

6                    Opinion of the Court                    22-12038

again raising additional arguments about the 2011 injunction and
the 2018 modification order.

This Court directed the clerk's office to consolidate
Windsor's June 2022 and July 2022 appeals. After reviewing the
parties' responses to jurisdictional questions, we dismissed the
appeals in part for lack of jurisdiction, to the extent that Windsor
appealed from the 2011 and 2018 orders. But his appeals were
allowed to proceed as to the district court's May 21, 2022, and June
30, 2022, orders.

After careful review, we affirm the district court's denial of
Windsor's two 2022 motions.

## II.    Discussion[4]

We have explained that "[a] party fails to adequately brief a
claim when he does not plainly and prominently raise it, for
instance by devoting a discrete section of his argument to those
claims." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th
Cir. 2014) (quotations omitted). Indeed, "an appellant abandons a
claim when he either makes only passing references to it or raises

---

[4] The Judges argue we do not have subject matter jurisdiction over the May
and June 2022 orders under 28 U.S.C. § 1291 because they were not final.
However, we previously issued jurisdictional questions directing the parties to
address whether those orders were final and whether we had jurisdiction.
After reviewing the jurisdictional responses, we concluded that the appeal
could proceed as to the May and June 2022 orders, without reserving any
issues or carrying any jurisdictional questions with the case. We see no reason
to revisit the issue.

22-12038                 Opinion of the Court                         7

it in a perfunctory manner without supporting arguments and authority," particularly "when [it is] 'buried' within [the appellant's main] arguments." *Id.* at 681–82. "Abandonment of a claim or issue can also occur when the passing references to it are made in the 'statement of the case' or 'summary of the argument[.]'" *Id.* at 681. Although "we read briefs filed by *pro se* litigants liberally," we nonetheless deem "issues not briefed on appeal by a *pro se* litigant . . . abandoned." *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). "Moreover, we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Id.*

Windsor abandons his claims relating to the 2022 orders by failing to "plainly and prominently" address them in the argument section of his brief. *See Sapuppo,* 739 F.3d at 681. Although Windsor discusses the 2022 orders in his "statement of the case" section, most of Windsor's initial brief challenges the validity of the 2011 injunction. He only asserts in passing that the May 2022 order (but not the June 2022 order) violated due process because there was no notice or hearing. Windsor also states that "[t]hese latest purported orders" deny him "his fundamental [c]onstitutional right of access to the courts[.]" Otherwise, Windsor writes in a conclusory fashion that "[a]ll orders" in the case "must be declared void." These statements are not enough to challenge 2022 orders because they are "only passing references," lack supporting arguments, and are "buried" within his main arguments about the injunction. *Sapuppo,* 739 F.3d at 681–82. This is true even though Windsor is a *pro se* litigant. *See Timson,* 518 F.3d

8                    Opinion of the Court                    22-12038

at 874.  And although Windsor discusses the 2022 orders in slightly greater detail in his reply brief, his assertions are too little too late. We will not consider an issue raised for the first time in a reply brief. *Id.*

### III.    Conclusion

We conclude that Windsor abandoned his claims related to the 2022 orders by failing to sufficiently address those orders on appeal.  Accordingly, we must affirm.

**AFFIRMED.**

**APPEAL NO. 22-12038 and 22-12411**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### WILLIAM M. WINDSOR,
Plaintiff – Appellant,

versus

### JAMES N. HATTEN, et al,
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

### APPELLANT'S PETITION FOR REHEARING

### AND EN BANC DETERMINATION

# APPENDIX — PART 2

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

APPEAL NO. 22-12038 and 22-12411

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash

APPELLANT'S PETITION FOR REHEARING

AND EN BANC DETERMINATION

# APPENDIX 134

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 22-12038

Non-Argument Calendar

————————————

WILLIAM M. WINDSOR,

                                        Plaintiff-Appellant,

*versus*

JAMES N. HATTEN, et al.,

                                        Defendants,

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,
JOHN LEY, et al.,

2                    Opinion of the Court              22-12038

                                              Defendants-Appellees.

                        _____

                Appeal from the United States District Court
                    for the Northern District of Georgia
                    D.C. Docket No. 1:11-cv-01923-TWT

                        _____


                        _____

                         No. 22-12411

                      Non-Argument Calendar

                        _____


WILLIAM M. WINDSOR,

                                              Plaintiff-Appellant,

*versus*

JAMES N. HATTEN, et al.,


                                              Defendants,


B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,

22-12038                Opinion of the Court                3

JOHN LEY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:11-cv-01923-TWT

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

This appeal is the latest in a line of frivolous litigation pursued by William Windsor, who is proceeding *pro se*. In 2011, the Northern District of Georgia issued a permanent injunction enjoining Windsor from pursuing any proceeding in any court without first obtaining leave of the federal district court in the appropriate district. In the summer of 2022, Windsor submitted various motions in the same district court, and the court denied them. Windsor now appeals those denials. After review, we affirm the district court's decision.

## I.        Background

The relevant facts involve various motions and notices of appeal filed by Windsor after the issuance of a permanent injunction in 2011. After Windsor sued several federal judges on

4                    Opinion of the Court                    22-12038

the U.S. District Court for the Northern District of Georgia and the
U.S. Court of Appeals for the Eleventh Circuit, as well as several
court employees (for simplicity's sake, we refer to the group
collectively as "the Judges"),[1] the district court entered a permanent
injunction against Windsor as follows:

> Plaintiff, William M. Windsor, and any parties acting
> in concert with him or at his behest, are
> PERMANENTLY ENJOINED from filing any
> complaint or initiating any proceeding, including any
> new lawsuit or administrative proceeding, in any
> court (state or federal) or agency in the United States
> without first obtaining leave of a federal district court
> in the district in which the new complaint or
> proceeding is to be filed.

Windsor filed various notices of appeal protesting the injunction.
We dismissed his appeals in 2011 for want of prosecution and lack
of jurisdiction.

In 2018, Windsor sought modification of the injunction.
The district court partially granted his motion by adding language
clarifying that the injunction did not apply to criminal complaints
or protective orders.[2]  On appeal in 2019, we upheld the district
court's denial of the other requested modifications.

---

[1] Windsor first filed his complaint in the Superior Court of Fulton County,
Georgia.  The United States removed the action to the Northern District of
Georgia.

[2] The modification added the following language:

22-12038                    Opinion of the Court                    5

Then, at some point, Windsor became involved with Marcie
Schreck, a Texas woman seeking to sue on behalf of her mother.
In May 2022, the district court denied Windsor's motion asking the
court to grant leave for him and the Schrecks to file guardianship
actions in any state court.   In June 2022, Windsor appealed,
challenging the district court's May 2022 order, along with the 2011
injunction order, the 2018 modification order, and a second order
from 2018.[3]

Also in June 2022, in the same lawsuit, the district court
denied three more motions submitted by Windsor for leave to file
various motions "based upon the well-documented history of
frivolous filings by William Windsor and his abuse of the federal
judicial system."   In July 2022, Windsor appealed the court's order,

---

The above restrictions do not apply to appeals in actions
already in existence on July 15, 2011, criminal complaints, or
petitions for protective orders the Plaintiff feels necessary to
protect his personal safety. However, any proceedings—
whether criminal or civil—initiated against any judge or
government employee for actions taken in the course of their
official duties are still enjoined according to the restrictions
outlined above.

[3] At another point in 2018, the district court granted two of Windsor's motions
for leave to file complaints, concluding the related litigation involving Windsor
and his family was "not within the scope of the persons and matters protected
by the filing restrictions."   In his 2022 appeal, Windsor appears to argue that
this second 2018 order should have modified the injunction to allow state court
filings.

again raising additional arguments about the 2011 injunction and the 2018 modification order.

This Court directed the clerk's office to consolidate Windsor's June 2022 and July 2022 appeals. After reviewing the parties' responses to jurisdictional questions, we dismissed the appeals in part for lack of jurisdiction, to the extent that Windsor appealed from the 2011 and 2018 orders. But his appeals were allowed to proceed as to the district court's May 21, 2022, and June 30, 2022, orders.

After careful review, we affirm the district court's denial of Windsor's two 2022 motions.

## II.    Discussion[4]

We have explained that "[a] party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted). Indeed, "an appellant abandons a claim when he either makes only passing references to it or raises

---

[4] The Judges argue we do not have subject matter jurisdiction over the May and June 2022 orders under 28 U.S.C. § 1291 because they were not final. However, we previously issued jurisdictional questions directing the parties to address whether those orders were final and whether we had jurisdiction. After reviewing the jurisdictional responses, we concluded that the appeal could proceed as to the May and June 2022 orders, without reserving any issues or carrying any jurisdictional questions with the case. We see no reason to revisit the issue.

it in a perfunctory manner without supporting arguments and
authority," particularly "when [it is] 'buried' within [the appellant's
main] arguments." *Id.* at 681–82. "Abandonment of a claim or
issue can also occur when the passing references to it are made in
the 'statement of the case' or 'summary of the argument[.]'" *Id.* at
681. Although "we read briefs filed by *pro se* litigants liberally," we
nonetheless deem "issues not briefed on appeal by a *pro se*
litigant . . . abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th
Cir. 2008) (internal citations omitted). "Moreover, we do not
address arguments raised for the first time in a *pro se* litigant's reply
brief." *Id.*

    Windsor abandons his claims relating to the 2022 orders by
failing to "plainly and prominently" address them in the argument
section of his brief. *See Sapuppo*, 739 F.3d at 681. Although
Windsor discusses the 2022 orders in his "statement of the case"
section, most of Windsor's initial brief challenges the validity of
the 2011 injunction. He only asserts in passing that the May 2022
order (but not the June 2022 order) violated due process because
there was no notice or hearing. Windsor also states that "[t]hese
latest purported orders" deny him "his fundamental
[c]onstitutional right of access to the courts[.]" Otherwise,
Windsor writes in a conclusory fashion that "[a]ll orders" in the
case "must be declared void." These statements are not enough to
challenge 2022 orders because they are "only passing references,"
lack supporting arguments, and are "buried" within his main
arguments about the injunction. *Sapuppo*, 739 F.3d at 681–82. This
is true even though Windsor is a *pro se* litigant. *See Timson*, 518 F.3d

8                    Opinion of the Court                    22-12038

at 874. And although Windsor discusses the 2022 orders in slightly greater detail in his reply brief, his assertions are too little too late. We will not consider an issue raised for the first time in a reply brief. *Id.*

### III.    Conclusion

We conclude that Windsor abandoned his claims related to the 2022 orders by failing to sufficiently address those orders on appeal. Accordingly, we must affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N W
Atlanta, Georgia 30303

David J Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 25, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-12038-JJ  ; 22-12411 -JJ
Case Style:  William Windsor v. B. Grutby, et al
District Court Docket No:  1:11-cv-01923-TWT

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been
entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with
FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for
filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise
provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is
timely only if received in the clerk's office within the time specified in the rules. Costs are
governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for
attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested
Persons a complete list of all persons and entities listed on all certificates previously filed by
any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be
reheard must be included in any petition for rehearing or petition for rehearing en banc. See
11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming
compensation for time spent on the appeal no later than 60 days after either issuance of mandate
or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via
the eVoucher system. Please contact the CJA Team at (404) 335-6167 or
cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher
system.

<u>Clerk's Office Phone Numbers</u>

| | |
|---|---|
| General Information: | 404-335-6100 |
| Case Administration: | 404-335-6135 |
| CM/ECF Help Desk: | 404-335-6125 |

| | |
|---|---|
| Attorney Admissions: | 404-335-6122 |
| Capital Cases: | 404-335-6200 |
| Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

APPEAL NO. 22-12038 and 22-12411

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### WILLIAM M. WINDSOR,
Plaintiff – Appellant,

versus

### JAMES N. HATTEN, et al,
Defendants

Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 137

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

    Plaintiff,

       v.

                               CIVIL ACTION FILE
                               NO. 1:11-CV-1923-TWT

JAMES N. HATTEN, et al.,

    Defendants.

OPINION AND ORDER

This is a pro se civil action against the Clerk of this Court and various judges of this Court and the Eleventh Circuit Court of Appeals and others. It is before the Court on the Plaintiff William Windsor's Motion to Modify Injunction [Doc. 225]. As a result of the Plaintiff's overly burdensome, vexatious, and frivolous litigiousness, this Court previously issued an injunction prohibiting the Plaintiff from filing any further actions without prior approval from a federal district court. The Plaintiff complains that the injunction is overly broad, and now petitions the Court to modify it in four ways, in order to clarify that 1) appeals of existing cases are not covered, 2) approval is not required for criminal complaints or protective orders, 3) the injunction does not cover state court matters, and 4) to eliminate the bond requirement. The Plaintiff's motion is GRANTED in part, and DENIED in part. The Court's injunction is hereby modified to read as follows:

T:\ORDERS\11\Windsor\11cv1923\modifiedinjEAB.wpd

IT IS HEREBY ORDERED that the Plaintiff, William M. Windsor, and any parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED from filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding, in any court (state or federal) or agency in the United States without first obtaining leave of a federal district court in the district in which the new complaint or proceeding is to be filed. In seeking such leave, the Plaintiff must present any such court with a copy of this Order. If the lawsuit or administrative proceeding names federal judges or court employees, the Plaintiff must also tender a $50,000.00 cash bond or a $50,000.00 corporate surety bond sufficient to satisfy an award of Rule 11 sanctions since such actions are presumably frivolous.

The above restrictions do not apply to appeals in actions already in existence on July 15, 2011, criminal complaints, or petitions for protective orders the Plaintiff feels necessary to protect his personal safety. However, any proceedings – whether criminal or civil – initiated against any judge or government employee for actions taken in the course of their official duties are still enjoined according to the restrictions outlined above. Failure to obey this Order, including by attempting to avoid or circumvent the intent of this Order, will be grounds for sanctions including contempt.

SO ORDERED, this 12th day of February, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

-3-

APPEAL NO. 22-12038 and 22-12411

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

**APPELLANT'S PETITION FOR REHEARING**

**AND EN BANC DETERMINATION**

# APPENDIX 138

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA -- ATLANTA DIVISION

|  |  |  |
|---|---|---|
| WILLIAM M. WINDSOR, | ) | |
| Plaintiff | ) | |
|  | ) | |
| v. | ) | CIVIL ACTION NO. |
|  | ) | |
| James N. Hatten, et al, | ) | 1:11-CV-01923-TWT |
| Defendants. | ) | |
|  | ) | |

## REQUEST FOR LEAVE FOR MARCIE SCHRECK
## AND/OR WILLIAM M. WINDSOR TO FILE A COMPLAINT

William M. Windsor ("Windsor" or "Plaintiff") hereby files this REQUEST FOR LEAVE FOR MARCIE SCHRECK AND/OR WILLIAM M. WINDSOR TO FILE A COMPLAINT.

1.     On July 15, 2011, Judge Thomas Woodrow Thrash entered a permanent injunction order against Windsor.  On February 12, 2018, Judge Thomas Woodrow Thrash entered an Opinion and Order modifying the Injunction.

2.     The Injunction Order indicates that Windsor is to obtain consent to file complaints.

3.     Windsor has expressed that he feels the orders are invalid, but he has attempted to comply out of an abundance of caution.  Windsor has been granted

1

leave to file a personal injury case, a condominium fraud case, a fraudulent filing of a non-existent judgment, and a divorce.

4.    Windsor has not filed a complaint in any federal court, but Judge Alan D. Albright of the U.S. District Court for the Western District of Texas is claiming that Windsor is acting through Marcie Schreck to file a 42 U.S.C. 1983 action regarding Wanda Jean Dutschmann's mistreatment in Waco, Texas. Wanda Jean Dutschmann is her 82-year-old mother, and Marcie Schreck is trying to save her life. Wanda Jean Dutschmann is disabled and is alleged to have Alzheimer's. She has lived for the last nine years or so in either a nursing home or an assisted living facility.

5.    The Complaint was filed by Marcie Schreck on 1/24/2022. [EXHIBIT 1.] The Complaint has nothing to do about Windsor.

6.    Judge Alan D. Albright has ordered Marcie Schreck to post a $50,000 bond, or her case will be dismissed with prejudice. [EXHIBIT 2.] Judge Alan D. Albright bases this on the 2011 order of Judge Thomas W. Thrash. Both Marcie Schreck and Wanda Jean Dutschmann are indigent. Marcie Schreck was not given notice or an opportunity to be heard by Judge Alan D. Albright, so she will appeal.

7.    The only penalty for Windsor under Judge Thomas W. Thrash's orders is contempt. Windsor has done nothing to be in contempt. Windsor is

2

helping try to save this sweet lady's life, but she is not a relative. He has never met her. He is not a party to the federal lawsuit. There are no federal judges or federal court employees involved. Windsor is helping for free, and he has become a witness to violations of both criminal and civil statutes as well as horrific elder abuse.

8.    Windsor is now asking Judge Thomas Woodrow Thrash to grant consent for Marcie Schreck to pursue her lawsuit.

WHEREFORE, Windsor respectfully requests that this Court:

a.  grant this Request;

b.  allow Marcie Schreck to file the action;

c.  allow Windsor to file any action in Texas for elder abuse as a next friend or as an attorney-in-fact pursuant to Texas law as long as there are no federal judges or federal court employees involved; and

d.  grant any other relief this Court deems just and proper.

Submitted, this 3rd day of March 2022.

**William M. Windsor**
**Pro Se**
100 East Oak Terrace Drive
Leesburg, Florida 34749

3

352-661-8472
windsorinmontana@yahoo.com

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this pleading
has been prepared in Times New Roman 14-point font, one of the font and point
selections approved by this Court in Local Rule 5.1B, N.D. Ga.

**William M. Windsor**
**Pro Se**

## **DECLARATION**

My name is William M. Windsor.  My date of birth is October 2, 1948.

My address is 100 East Oak Terrace Drive, Unit B3, Leesburg, Florida 34748,

Lake County, USA.

Pursuant to Florida Statute 92.525, I declare under penalty of perjury that the

foregoing is true and correct based upon my personal knowledge.

Executed in Lake County, State of Florida, on the 3rd day of March 2022,

**William M. Windsor**
100 East Oak Terrace Drive, Unit B3
Leesburg, Florida 34748
352-661-8472
windsorinmontana@yahoo.com

5

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

### APPELLANT'S PETITION FOR REHEARING
### AND EN BANC DETERMINATION

# APPENDIX 139

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

APPEAL NO. _____

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

### In re: WILLIAM M. WINDSOR, Plaintiff and Appellant

_____

James N. Hatten, Anniva Sanders, J. White, B. Gutting, Margaret Callier, B. Grutby, Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey, Judge Orinda D. Evans, Judge Julie E. Carnes, John Ley, Judge Joel F. Dubina, Judge Ed Carnes, Judge Rosemary Barkett, Judge Frank M. Hull, **Defendants and Appellees,**

Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
Civil Action No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash

_____

## STATEMENT REGARDING APPEAL

_____

William M. Windsor
100 East Oak Terrace Drive, Unit B3
Leesburg, Florida 34748
352-661-8472
Email: windsorinmontana@yahoo.com

### PRO SE FOR PLAINTIFF / APPELLANT,
### WILLIAM M. WINDSOR

_____

1.     William M. Windsor ("Windsor" or "Plaintiff") in the above-named case hereby files this amended Frivolity and Jurisdictional Screening Statement required by an order of this Court.

2.     This STATEMENT REGARDING APPEAL complies with this Court's December 21, 2011 order.

## THE DATE AND THE DISTRICT COURT DOCKET NUMBER OF EACH ORDER THAT IS THE SUBJECT OF THE APPEAL

The orders appealed in Civil Action No. 1:11-CV-01923-TWT are the Orders dated May 26, 2022 (EXHIBIT 4); the ORDER dated February 23, 2018 (Exhibit 3); the Opinion and Order dated February 12, 2018 ("MODIFIED INJUNCTION" - Exhibit 2) that modified the July 15, 2011 order; and the Order dated July 15, 2011 ("INJUNCTION" - Exhibit 1).

## CONCISE SUMMARY OF ISSUES WINDSOR INTENDS TO RAISE

3.     **THE DISTRICT COURT'S ORDERS ARE VOID AND INVALID.**

4.     The issues are unlawful sua sponte modification of an injunction, violation of hundreds of court precedents, violation of Constitutional rights, denial

2

of due process, jurisdiction, failure to sign orders or have them signed and/or
sealed by the clerk, and more.

**5.     FEDERAL COURTS HAVE NO JURISDICTION OVER STATE COURT APPLICATIONS FOR GUARDIANSHIP.**

6.     Federal courts have no jurisdiction over state court applications for
guardianship.  Guardianship is not a lawsuit or an administrative proceeding.

**7.     WINDSOR WAS DENIED PROCEDURAL DUE PROCESS.**

8.     The only facts before the district court were from Windsor.  There
wasn't a single affidavit or word of testimony from the Defendants. The
INJUNCTION fails to set forth any valid reasons (as there are none).  It is
extremely broad.  It places financial restrictions on Windsor that he cannot meet.

9.     The district court foreclosed Windsor's access to courts.  The district
court issued an injunction without giving Windsor the opportunity to be heard at a
hearing.  There was no Show Cause order issued to Windsor.  He did not have
proper notice.

**10.     THERE WAS NO FACTUAL BASIS FOR THE INJUNCTION.**

11.     The basis for the INJUNCTION was alleged "abuse of the federal
judicial system" by "repeatedly filing frivolous, malicious and vexatious lawsuits

3

against the judges assigned to his many cases...." But there was no evidence presented in the matter to support such a statement in the INJUNCTION.

**12.    THE INJUNCTION MUST BE MODIFIED TO MAKE IT CLEAR THAT APPROVAL IS NOT REQUIRED TO FILE AN APPEAL OF ANY CASE.**

13.    An appeal of a state court action is a legal right.

**14.    THE INJUNCTION SHOULD BE MODIFIED TO MAKE IT CLEAR THAT IT DOES NOT APPLY TO STATE COURT MATTERS.**

15.    Meaningful access to the courts is the issue. Federal courts have no authority to limit state court filings. There are three key federal precedents that are routinely cited on this issue by every federal circuit court -- *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1263 (2d Cir. 1984). Windsor has researched "filing restrictions" referencing the three key federal precedents in every federal circuit court. There has never been one single appellate decision that disagrees with the three cases. Windsor has reviewed and reported on over 150 federal appellate decision regarding filing restrictions.

4

## CONCISE SUMMARY OF THE BASIS OF
## THIS COURT'S JURISDICTION

16.    The Court of Appeals has jurisdiction pursuant to 28 U.S.C. §

1292(a)(1) because one of the district court's rulings (1) imposed an injunction; or

(2) had the practical effect of an injunction; or (3) worked a modification of an

injunction.

17.    Injunctions are appealable pursuant to 28 U.S.C. §1292(a).


## LIST OF ALL PENDING APPEALS, PETITIONS, AND ORIGINAL
## PROCEEDINGS IN THIS COURT AND THE STATUS OF EACH

18.    There are no appeals pending in this Court other than the appeal that

this Statement references.


## LIST OF ALLL OUTSTANDING INJUNCTIONS OR ORDERS,
## WHETHER ISSUED BY THIS COURT OR BY ANY FEDERAL COURT
## THAT RESTRICT WINDSOR'S FEDERAL COURT FILINGS

19.    Order dated December 21, 2011 in Case Numbers 11-12176-E, 11-

13996-E, 11-14073-A, 11-14501-E, 11-14021-B, 11-14023-A, 11-14124-B, 11-

14125-B, 11-14126-B, and 11-14127-B.

Submitted, this 4th day of June, 2022.

5



**William M. Windsor**
100 East Oak Terrace Drive, Unit B3
Leesburg, Florida 34748
352-661-8472
windsorinmontana@yahoo.com

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that this pleading has been prepared in Times New Roman

14-point font, one of the font and point selections approved by this Court.

_____

**William M. Windsor**
**Pro Se**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing to:

CHRISTOPHER J. HUBER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 545627
600 Richard B. Russell Federal Bldg.
75 Ted Turner Drive, S.W. -- Atlanta, Georgia 30303
Telephone: (404) 581-6000 -- Facsimile: (404) 581-6181
Email: chris.huber@usdoj.gov

This 4th day of June, 2022.

_____

**William M. Windsor**
100 East Oak Terrace Drive, Unit B3
Leesburg, Florida 34748
352-661-8472
windsorinmontana@yahoo.com

7

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 140

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

APPEAL NO. _____

## IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

### In re: WILLIAM M. WINDSOR, Plaintiff and Appellant

James N. Hatten, Anniva Sanders, J. White, B. Gutting, Margaret Callier, B. Grutby, Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey, Judge Orinda D. Evans, Judge Julie E. Carnes, John Ley, Judge Joel F. Dubina, Judge Ed Carnes, Judge Rosemary Barkett, Judge Frank M. Hull, **Defendants and Appellees,**

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
Civil Action No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

## STATEMENT REGARDING APPEAL

William M. Windsor
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Email: bill@billwindsor.com

## PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR

1

1.    William M. Windsor ("Windsor" or "Plaintiff") in Civil Action No. 1-11-CV-01923-TWT hereby files this Frivolity and Jurisdictional Screening Statement required by an order of this Court.

2.    This STATEMENT REGARDING APPEAL complies with this Court's December 21, 2011 order.

## THE DATE AND THE DISTRICT COURT DOCKET NUMBER OF EACH ORDER THAT IS THE SUBJECT OF THE APPEAL

3.    The order appealed is the ORDER issued by JUDGE THOMAS W. THRASH on 6/30/2022 in Civil Action No. 1:11-CV-01923-TWT ("ORDER"). [EXHIBIT 2293.]

## CONCISE SUMMARY OF ISSUES WINDSOR INTENDS TO RAISE

4.    **JUDGE THOMAS W. THRASH'S ORDER IS VOID AND INVALID.**

5.    The issues are unlawful sua sponte modification of an injunction, violation of hundreds of court precedents, violation of Constitutional rights, denial of due process, jurisdiction, failure to have the ORDER signed and/or sealed by the clerk, extreme bias, and more.

6.    **FEDERAL COURTS HAVE NO JURISDICTION OVER STATE**

2

COURT MATTERS.

7. Federal courts have no jurisdiction over state court matters. *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n,* 469 F .3d 1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien,* 737 F.2d 1254, 1263 (2d Cir. 1984).

8. **WINDSOR WAS DENIED PROCEDURAL DUE PROCESS.**

9. The only facts before the district court were from WINDSOR. There wasn't a single affidavit or word of testimony from the Defendants. The ORDER fails to set forth any valid reasons for it (as there are none).

10. JUDGE THOMAS W. THRASH foreclosed WINDSOR's access to federal courts and Texas state courts. JUDGE THOMAS W. THRASH issued an injunction without giving WINDSOR the opportunity to be heard at a hearing. There was no Show Cause order issued to WINDSOR. He did not have proper notice.

11. **THERE WAS NO FACTUAL BASIS FOR THE ORDER.**

12. The basis for the ORDER was alleged "abuse of the federal judicial system" by "repeatedly filing frivolous, malicious and vexatious lawsuits the judges assigned to his many cases ...." But there was no evidence presented in the matter to support such a statement in the ORDER.

3

**13. THIS COURT MUST MAKE IT CLEAR THAT JUDGE THOMAS W. THRASH DOES NOT HAVE THE AUTHORITY TO ISSUE ORDERS OR INJUNCTIONS THAT RESTRICT STATE COURT MATTERS.**

14. Meaningful access to the courts is the issue. Federal courts have no authority to limit state court filings. There are three key federal precedents that are routinely cited on this issue by every federal circuit court -- *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n*, 469 F .3d 1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1263 (2d Cir. 1984). WINDSOR has researched "filing restrictions" referencing the three key federal precedents in every federal circuit court. There has never been one single appellate decision that disagrees with the three cases. WINDSOR has reviewed and reported on over 150 federal appellate decision regarding filing restrictions.

**15. JUDGE THOMAS W. THRASH HAD NO RIGHT TO DENY ACQUAINTANCES OF WINDSOR FROM PURSUING THEIR LEGAL MATTERS.**

16. The courthouse doors have been closed to WINDSOR and his acquaintances in violation of extensive case law. WINDSOR and his

4

acquaintances have been denied rights pursuant to the Constitution and Bill of Rights.

**17. JUDGE THOMAS W. THRASH HAS EXTREME BIAS AGAINST WINDSOR. HE WILL DO ANYTHING TO DAMAGE WINDSOR.**

## CONCISE SUMMARY OF THE BASIS OF THIS COURT'S JURISDICTION

18. The Court of Appeals has jurisdiction pursuant to 28 U.S.C. § 1292(a)(l) because one of the district court's rulings (1) imposed an injunction; or (2) had the practical effect of an injunction; or (3) worked a modification of an injunction.

19. Injunctions are appealable pursuant to 28 U.S.C. § 1292(a).

## LIST OF ALL PENDING APPEALS, PETITIONS, AND ORIGINAL PROCEEDINGS IN THIS COURT AND THE STATUS OF EACH

20. There is one appeal pending in this Court – 22-12038. Status = new.

## LIST OF ALLL OUTSTANDING INJUNCTIONS OR ORDERS, WHETHER ISSUED BY THIS COURT OR BY ANY FEDERAL COURT THAT RESTRICT WINDSOR'S FEDERAL COURT FILINGS

21. Order dated December 21, 2011 in Case Numbers 11-12176-E, 11-13996-E, 11-14073-A, 11-14501-E, 11-14021-B, 11-14023-A, 11-14124-B, 11-

5

14125-B, 11-14126-B, and 11-14127-B.

Submitted, this 14th day of July, 2022.

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

6

# EXHIBIT 2293

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

    Plaintiff,

       v.

B. GRUTBY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-1923-TWT

### ORDER

This is a pro se civil action.   It is before the Court on the Motion for Leave to

File Motions [Doc. 269], Motion for Leave to File [Doc. 270] and Motion for Leave

to File Civil Rights Complaint [Doc. 271] which are DENIED based upon the well-

documented history of frivolous filings by William Windsor and his abuse of the

federal judicial system.

SO ORDERED, this   30th   day of June, 2022.

THOMAS W. THRASH, JR.
United States District Judge

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### WILLIAM M. WINDSOR,
Plaintiff – Appellant,

versus

### JAMES N. HATTEN, et al,
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 141

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

## PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR

1

No. 22-12038-JJ & No. 22-12411-JJ

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

WILLIAM M. WINDSOR,

*Plaintiff-Appellant,*

*v.*

B. GRUTBY, ET AL.,

*Defendant-Appellee.*

On appeal from the United States District Court
for the Northern District of Georgia
No. 1:11-CV-01923-TWT

## BRIEF OF APPELLEE
## B. GRUTBY, ET AL.

RYAN K. BUCHANAN
*United States Attorney*

GABRIEL A. MENDEL
*Assistant United States Attorney*

600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
(404) 581-6000

*William M. Windsor v. B. Grutby, et al.*
No. 22-12038-JJ & No. 22-12411-JJ

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In addition to those listed in Appellant's brief, the following people

and entities have an interest in the outcome of this appeal:


Sommerfeld, Lawrence R., Assistant United States Attorney

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case. The issues and positions of
the parties, as presented in the record and briefs, are sufficient to
enable the Court to reach a just determination.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ................................................................................ C-1

Statement Regarding Oral Argument ................................................. i

Table of Contents ........................................................................... ii

Table of Citations .......................................................................... iii

Statement of Jurisdiction ................................................................. v

Statement of the Issues ................................................................... 1

Statement of the Case ..................................................................... 2

    A. Course of Proceedings and Statement of Facts ..................... 2

        1. 2011 Injunction, 2018 Modification, and Appeals ......... 2

        2. 2022 Orders ................................................................. 3

        3. Jurisdictional Question and Order ................................. 4

    B. Standard of Review ............................................................. 4

Summary of the Argument ............................................................... 5

Argument and Citations of Authority .............................................. 6

1. This Court correctly held that it lacks jurisdiction over Windsor's challenges to district court's 2011 and 2018 orders. 6

2. This Court lacks jurisdiction over Windsor's appeal of the 2022 orders ................................................................................ 7

3. Windsor abandoned any challenge to the 2022 orders by failing to identify any legal errors specific to those orders. ................ 11

Conclusion .................................................................................... 12

Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements .......................... 14

Certificate of Service ..................................................................... 15

## TABLE OF CITATIONS

### Federal Cases

*Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty.,
   280 F.3d 1289 (11th Cir. 2002) .................................................. 8, 10

Bowles v. Russell,
   551 U.S. 205 (2007) ............................................................. 6

Delaney's Inc. v. Ill. Union Ins. Co.,
   894 F.2d 1300 (11th Cir. 1990) ......................................... 7

Heathcoat v. Potts,
   905 F.2d 367 (11th Cir. 1990) ....................................... 6, 7

*Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co., Inc.,
   768 F.3d 1320 (11th Cir. 2014) .............................. 8, 9, 10

Molinos Valle Del Cibao, C. por A. v. Lama,
   633 F.3d 1330 (11th Cir. 2011) ......................................... 4

Sapuppo v. Allstate Floridian Ins. Co.,
   739 F.3d 678 (11th Cir. 2014) ......................................... 12

Sierra Club v. Marsh,
   907 F.2d 210 (1st Cir. 1990) ......................................... 8, 9

Switz. Cheese Ass'n v. E. Horne's Mkt., Inc.,
   385 U.S. 23 (1966) ............................................................. 8

Thomas v. Blue Cross & Blue Shield Ass'n,
   594 F.3d 823 (11th Cir. 2010) ......................................... 7

United States v. City of Hialeah,
   140 F.3d 968 (11th Cir. 1998) ......................................... 8

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

## Federal Statutes

28 U.S.C. § 1291 ............................................................... 7, 8
28 U.S.C. § 1291(a)(1).......................................................... 8
28 U.S.C. § 1292(a)(1).............................................. 8, 10, 11
28 U.S.C. § 1331 ...................................................................v

## Federal Rules

Fed. R. App. P. 4(a)(1)(A) ....................................................... 6
Fed. R. App. P. 4(b)(1)(A) .......................................................v
Fed. R. App. P. 32(a)(5)(A) .................................................. 14
Fed. R. App. P. 32(a)(6) ....................................................... 14
Fed. R. App. P. 32(a)(7)(B)(i) .............................................. 14
Fed. R. App. P. 32(f) ............................................................ 14
Fed. R. Civ. P. 60(b)(5) ......................................................... 2

*Citations primarily relied upon. 11th Cir. R. 28-1(e).

No. 22-12038-JJ & No. 22-12411-JJ

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

WILLIAM M. WINDSOR,

*Plaintiff-Appellant,*

*v.*

B. GRUTBY, ET AL.,

*Defendant-Appellee.*

## STATEMENT OF JURISDICTION

(A)  The district court had subject matter jurisdiction over the underlying case based on 28 U.S.C. § 1331.

(B)  This Court previously determined that it lacked jurisdiction over Windsor's challenge to the district court's July 15, 2011, February 12, 2018, and February 27, 2018 orders, but permitted the appeal to proceed as to the district court's May 26, 2022, and June 30, 2022 orders. (11th Cir. Doc. 27-1). For the reasons discussed below, the Court lacks jurisdiction over Windsor's remaining claims.

(C)  The notices of appeal were timely filed on June 6, 2022, within 60 days of the entry of the district court's orders on May 26, 2022 and June 30, 2022, respectively. Fed. R. App. P. 4(b)(1)(A).

(D)  This appeal is from two orders denying Windsor's requests to file new actions.

## STATEMENT OF THE ISSUES

1. This Court already dismissed Windsor's appeal to the extent it challenged the district court's 2011 injunction and 2018 modification of that injunction. Can Windsor ignore this Court's order and relitigate his untimely claims?

2. This Court's precedent holds that a post-judgment order enforcing a permanent injunction is not a final order unless it holds a party in contempt of court or imposes a sanction for violating the injunction. The district court's May and June 2022 orders denied Windsor the right to file certain new actions but did not hold Windsor in contempt or impose sanctions. Does this Court have jurisdiction over Windsor's appeal of the 2022 orders?

3. Windsor's brief exclusively asserts errors in the original 2011 injunction and neither identifies any specific errors in the 2022 orders nor presents and arguments as to those orders. Has he abandoned any claim as to the 2022 orders?

1

## STATEMENT OF THE CASE

### A. Course of Proceedings and Statement of Facts

Appellant William Windsor has a history of filing vexatious and frivolous lawsuits directed at federal judges, officers of the court, and federal employees, particularly those of the Eleventh Circuit and the Northern District of Georgia. A search of Windsor's name on this Court's website reveals dozens of cases.

### 1. 2011 Injunction, 2018 Modification, and Appeals

Windsor's actions led the district court to set certain pre-filing conditions for the filing of suits by Windsor. On July 15, 2011, in response to Windsor's demonstrated history of abusing the judicial process, the district court enjoined him from filing any new lawsuit without first obtaining the permission of a federal judge in the district in which the suit was to be filed, giving a copy of the district court's injunction to the reviewing judge, and paying a bond if he sought to name a federal judge or other court personnel as a defendant. (Doc. 74). Though Windsor initially appealed the 2011 injunction, he abandoned his appeal. (Doc. 239-2).

On February 1, 2018, Windsor sought modification of the injunction pursuant to Fed. R. Civ. P. 60(b)(5) to release him from some of these pre-filing conditions – including review of state court

2

lawsuits, providing a copy of the district court's injunction to the reviewing judge, and paying a bond. (Doc. 225). The district court granted in part and denied in part his motion on February 22, 2018, clarifying that the injunction did not apply to appeals in actions already in existence on July 15, 2011, criminal complaints, or petitions for protective orders that Windsor feels necessary to protect his personal safety. (Doc. 226).

This Court affirmed the district court's order, holding that "Windsor has not identified any factual or legal changes since the district court issued the 2011 injunction, much less changes that render its continued enforcement 'detrimental to the public interest' or otherwise inequitable." (Doc. 239-3-4). The Court held that Windsor continued to advance arguments against the 2011 injunction itself—arguments that he should have pursued at that time but abandoned. (*Id.*). The Court held that the district court did not abuse its discretion in denying Windsor's requested modifications. (*Id.*).

### 2. 2022 Orders

In the years since, Windsor has repeatedly filed motions seeking leave to file new actions, many of which were granted. (Docs. 241-243, 250-254). On May 26, 2022, the district court denied a new request to file a state court guardianship action by Windsor. (Docs. 263, 264). Then, on June 30, 2022, the district court denied several new requests

by Windsor to file a state court action in Texas (either on his own behalf or on behalf of a woman named Wanda Dutschmann) and a federal civil rights complaint against Texas state court clerks. (Docs. 269, 270, 271, 278).

Windsor timely appealed these orders. (Docs. 265, 278).

### 3. Jurisdictional Question and Order

Prior to issuing a briefing schedule, this Court issued jurisdictional questions regarding Windsor's appeals and determined that it "lack[s] jurisdiction to entertain a challenge to the July 15, 2011, February 12, 2018, and February 27, 2018" district court orders. (11th Cir. Doc. 27-1). This Court made no ruling as to whether it had jurisdiction over Windsor's remaining claims but allowed the appeal to proceed as to the district court's May 26, 2022, and June 30, 2022 orders. (*Id.*).

### B. Standard of Review

Whether this Court has subject-matter jurisdiction to hear a matter is a question of law that it reviews de novo. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011).

4

## SUMMARY OF THE ARGUMENT

This Court already correctly determined that it lacks jurisdiction to hear Windsor's untimely challenges to the district court's 2011 injunction and 2018 modification of that injunction, and dismissed Windsor's appeal insofar as it challenges those orders. Nevertheless, Windsor's opening brief does little more than dispute this Court's prior jurisdictional determination and raise claims that became untimely more than a decade ago.

To the extent Windsor challenges the district court's 2022 orders, this Court also lacks jurisdiction over those claims. Moreover, the cursory references to those orders in Windsor's brief fail to identify any legal error in the 2022 orders, rather than repeating stale claims about the 2011 and 2018 orders that this Court already dismissed.

Windsor's appeal should be dismissed for lack of jurisdiction. Alternatively, the district court's orders should be affirmed.

## ARGUMENT AND CITATIONS OF AUTHORITY

1. **This Court correctly held that it lacks jurisdiction over Windsor's challenges to district court's 2011 and 2018 orders.**

After raising questions as to its jurisdiction, this Court correctly determined that "we lack jurisdiction to entertain a challenge to the July 15, 2011, February 12, 2018, and February 27, 2018 orders." (11th Cir. Doc. 27-1). As this Court recognized, Windsor's notices of appeal in June and July 2022 are untimely as to both orders, and thus this Court lacks jurisdiction to review those orders. (*Id.*). Windsor did not move to reconsider the dismissal of these claims, which were untimely and barred by the law of the case.

Rule 4 of the Federal Rules of Appellate Procedure provides that "[i]n a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Further, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Moreover, this Court already heard and denied Windsor's appeal of the 2018 modification order and recognized that he abandoned his appeal of the original 2011 injunction. (Doc. 239). Thus, any appeal as to those orders is both jurisdictionally foreclosed and the Court's prior opinion is also the law of the case. *See Heathcoat v. Potts*, 905

F.2d 367, 370 (11th Cir. 1990) ("Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.").

As this Court already held, it lacks jurisdiction to review either the 2011 or 2018 orders. Windsor's appeal as to these orders was properly dismissed.

## 2. This Court lacks jurisdiction over Windsor's appeal of the 2022 orders.

While this Court already held that it lacked jurisdiction over Windsor's appeal from the 2011 and 2018 orders, it did not opine as to its jurisdiction over an appeal of the May and June 2022 orders. (11th Cir. Doc. 27-1). Since neither 2022 order constitutes a final order for purposes of § 1291, this Court lacks jurisdiction and Windsor's appeal should be dismissed.

Though postjudgment decisions necessarily follow a final judgment, such orders "are themselves subject to the test of finality." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) (quoting *Delaney's Inc. v. Ill. Union Ins. Co.*, 894 F.2d 1300, 1304 (11th Cir. 1990)). And in the context of a post-judgment order enforcing a permanent injunction, this Court has held that such an order is not final under § 1291 unless it holds a party in contempt of

court or imposes a sanction for violating the injunction. *Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co., Inc.*, 768 F.3d 1320, 1324-25 (11th Cir. 2014). Because the May and June 2022 orders do not involve contempt or sanctions, they are not final orders appealable under § 1291.

The other possible source of jurisdiction is § 1291(a)(1), which permits interlocutory review of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). But this Court has explained that " § 1292(a)(1) must be construed narrowly so as to limit the availability of interlocutory appeals in cases involving injunctions." *Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty.*, 280 F.3d 1289, 1293 (11th Cir. 2002); *see Switz. Cheese Ass'n v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966) ("[W]e approach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders."); *United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998) ( "Congress did not intend for the injunction exception to open the floodgates to piecemeal appeals."); *Sierra Club v. Marsh*, 907 F.2d 210, 214 (1st Cir. 1990) (allowing "an interlocutory appeal at every succeeding step after an injunction had been granted" would be "opening Pandora's jar").

This piecemeal approach, the opening of "Pandora's jar," is precisely what Windsor attempts in these two consolidated appeals, having already failed in Case No. 18-11067 to appeal the 2018 modification (and having abandoned his various appeals of the original 2011 injunction, Case Nos. 11-13244, 11-13391, 11-13363, etc.). Windsor's piecemeal effort is forbidden by this Court's precedent. This Court "may review an order that modifies a previously entered injunction, but (and the caveat is critical here) an order clarifying or interpreting an existing injunction is not appealable." *Mamma Mia's Trattoria*, 768 F.3d at 1326.

Here, the May 26, 2022 order denied Plaintiff's motion to file guardianship actions and appeals in Texas state court, acts that were barred by the injunction. (Docs. 226, 263, 264). Similarly, the June 30, 2022 order denied Plaintiff's motion to file actions in Texas state court and a federal complaint against Texas state court clerks, acts that were likewise barred by the injunction. (Docs. 269, 270, 271, 278). Each of these orders constitutes an interpretation, not a modification, of the existing injunction. *See Marsh*, 907 F.2d at 213 ("Because the district court did not change the nature or scope of the judicially

9

imposed prohibition, the court did not 'modify' the injunction within the meaning of section 1292(a)(1).").[1]

And this Court's precedent forbids "analyz[ing] the injunction and the order in detail. To plunge into the details would collapse the jurisdictional inquiry into a decision on the merits, thwarting the purpose of § 1292(a)(1) ... [and] letting piecemeal appeals, cloaked in the guise of jurisdictional inquiries, come in through the back door." *Birmingham Fire Fighters*, 280 F.3d at 1293. As a result, "our inquiry is circumscribed. We ask not whether the district court's reading of the consent decree is in error, but whether it is a gross misinterpretation of the decree's original command." *Id.*

Because the district court's interpretation in the May 26, 2022 and June 30, 2022 orders was "certainly not so implausible as to amount to a blatant misinterpretation," it was not an appealable modification. *Id.* at 1294. And "[w]ithout jurisdiction to entertain this matter," the Court can "pass no judgment on whether the district court acted within its broad equitable authority in issuing so sweeping an injunction." *Mamma Mia's Trattoria*, 768 F.3d 1320 at 1330 (11th Cir. 2014); *see also Birmingham Fire Fighters*, 280 F.3d at 1294 ("The district

---

[1] By contrast, the 2018 modification of the injunction was appealable. This Court heard and denied Windsor's appeal of that order. (Doc. 239).

court's interpretation might be reversed if the issue were before us on appeal from a final judgment, but it is not. What we hold, and all that we hold, is that the district court's interpretation of the key language does not so blatantly misinterpret the decree as to 'modify' it and thereby create interlocutory appellate jurisdiction under § 1292(a)(1).").

This Court lacks jurisdiction to review the 2022 orders and Windsor's appeal should be dismissed.

**3. Windsor abandoned any challenge to the 2022 orders by failing to identify any legal errors specific to those orders.**

Refusing to accept this Court's dismissal of his appeal as to the 2011 and 2018 orders, Windsor's brief is dedicated to conclusory assertions that this Court has jurisdiction over those orders and repetitions of his untimely challenges to those orders. (*See, e.g.,* Pl. Br. at xxv ("This Court is in error regarding jurisdiction over all orders providing injunctions."); *id.* at 16-17 ("The DISTRICT COURT's decisions to impose a filing injunction or restriction is Clear Error.")).

Other than summarily implying that the 2022 orders are void because "[a]ll orders in Case 01923 must be declared void"— another untimely attack on the original 2011 injunction—Windsor identifies no errors in the 2022 orders themselves (Pl. Br. at 18). Instead, he argues only that the original 2011 injunction is void because it

11

improperly restricted his right to file state court actions. (*Id.* at 15-17). This is the argument that Windsor raised in his 2019 appeal, where this Court recognized that "Windsor advances arguments against the 2011 injunction itself—arguments that he should have pursued in his earlier, abandoned appeal." (Doc. 239 at 4). The same holds true here.[2]

Windsor thus abandoned any appeal as to the 2022 orders by failing to "advanc[e] any arguments or cit[e] any authorities to establish that [the district court's ruling] w[as] error." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also id.* ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

---

[2] Windsor also complains about the denials of in forma pauperis ("IFP") status by the district court and this Court. (Pl. Br. at 22). Neither the May nor June 2022 district court orders contained a denial of IFP status and instead only denied leave to file state court actions. Windsor's complaints about his IFP status is beyond the scope of this appeal.

## CONCLUSION

Defendants respectfully request that this Court dismiss Windsor's appeal for lack of jurisdiction or affirm the district court's orders.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*


*/s/Gabriel A. Mendel*
GABRIEL A. MENDEL
*Assistant United States Attorney*

13

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,421 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared by a proportionally spaced typeface using Microsoft Word 2016 word processing software in 14-point Goudy Old Style.

July 10, 2023

/s/Gabriel A. Mendel

GABRIEL A. MENDEL
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

This day the Appellee's Response Brief was filed and served using the Court's CM/ECF system, which automatically sends notification to parties and counsel of record. The listed pro se litigants, and attorneys who are exempt from electronic filing, were served this day by mail at the listed address as set forth in Fed. R. App. P. 25:

> William M. Windsor
> 5013 S Louise Ave #1134
> Sioux Falls, SD 57108

July 10, 2023

/s/Gabriel A. Mendel
GABRIEL A. MENDEL
*Assistant United States Attorney*

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### WILLIAM M. WINDSOR,
Plaintiff – Appellant,

versus

### JAMES N. HATTEN, et al,
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 142

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

### PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR

No. 13-11558
UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

# Sapuppo v. Allstate Floridian Ins. Co.

739 F 3d 678 (11th Cir 2014)
Decided Jan 7, 2014

No. 13–11558.

2014-01-7

David SAPUPPO, Teresa Sapuppo, Plaintiffs–Appellants, v. ALLSTATE FLORIDIAN INSURANCE COMPANY, Defendant–Appellee.

James David Huskey, Jr., McGee & Huskey, PA, Fort Lauderdale, FL, Jon C. Moyle, Jr., Moyle Law Firm, P.A., Tallahassee, FL, for Plaintiff–Appellant. Richard L. Fenton, Steven M. Levy, Dentons US, LLP, Chicago, IL, Lori Jean Caldwell, Lena Mirilovic, Rumberger Kirk & Caldwell, PA, Orlando, FL, for Defendant–Appellee

CARNES

James David Huskey, Jr., McGee & Huskey, PA, Fort Lauderdale, FL, Jon C. Moyle, Jr., Moyle Law Firm, P.A., Tallahassee, FL, for Plaintiff–Appellant. Richard L. Fenton, Steven M. Levy, Dentons US, LLP, Chicago, IL, Lori Jean Caldwell, Lena Mirilovic, Rumberger Kirk & Caldwell, PA, Orlando, FL, for Defendant–Appellee.

Appeals from the United States District Court for the Northern District of Florida. D.C. Docket No. 4:12–cv–00382–RH–CAS.

**Before CARNES, Chief Judge, HULL and COX, Circuit Judges.**

679 ›679

**CARNES, Chief Judge:**

A series of hurricanes struck the state of Florida in 2004 and 2005. First the waters rose and then the insurance premiums did. To contain those costs, Florida's legislature passed a law, Chapter 2007–1 of the Laws of Florida, which made state-subsidized reinsurance available to Florida insurers at rates lower than those offered in the private market. In return for the subsidized, less expensive reinsurance, insurers agreed to pass the cost savings along to Florida policyholders in the form of lower premiums. To make sure the insurers complied, Chapter 2007–1 required them to file revised rates with Florida's Office of Insurance Regulation (the Insurance Office) "reflect[ing] the savings or reduction in loss exposure to the insurer due to the [reinsurance subsidy]." Ch.2007–1, § 3(1), Laws of Fla.

Allstate Floridian Insurance Company (Allstate) filed its new rates on July 1, 2007, but instead of being lower than before, the new rates were 41.9% higher than the ones it had on file the year before receiving the benefit of the subsidy of reinsurance costs. That prompted the Insurance Office to begin an investigation into Allstate, and it later suspended Allstate's authority to transact new business in Florida. After a year-long dispute, culminating in a Florida district court of appeal decision upholding the final agency decision, *see Allstate Floridian Ins. Co. v Office of Ins. Regulation*, 981 So.2d 617 (Fla. 1st DCA 2008), Allstate agreed to reduce its premiums by 5.4% from those charged before it received subsidized reinsurance. That reduced rate went into effect on September 4, 2008.

The plaintiffs in this case, David and Teresa Sapuppo, are Allstate policyholders who filed a putative class action complaint against the company in July 2012, seeking "the disgorgement of ill-gotten gains, value and profits" that Allstate had obtained in the 14 months between its July 2007 filing with the Insurance Office and its September 2008 rate reduction. The complaint alleged on behalf of the Sapuppos (and other policyholders if class action status were granted) four claims based on the allegation that Allstate violated Chapter 2007–1 by failing to promptly reduce its premiums and retaining the cost savings resulting from the state's subsidy of its reinsurance: (1) unjust enrichment; (2) breach of contract, (3) breach of fiduciary duty; and (4) breach of the implied covenant of good faith and fair dealing.

On Allstate's motion, the district court dismissed the Sapuppos' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted. The court relied on several alternative grounds to reach the conclusion that the Sapuppos had failed to state a claim. First, the court found that the "filed rate doctrine" barred suits that challenge the reasonableness of rates filed with a regulatory agency.[1] Second, it held that the Florida Legislature had not created a private right of action to enforce Chapter 2007–1, meaning that the Sapuppos could not recover from Allstate for its alleged violations of Chapter 2007–1 even if the filed rate doctrine did not bar their claims.

---

[1] We explained the significance of the filed rate doctrine in *Taffet v Southern Co* "Where the legislature has conferred power upon an administrative agency to determine the reasonableness of a rate, the rate-payer can claim no rate as a legal right that is other than the filed rate " 967 F 2d 1483, 1494 (11th Cir 1992) (internal marks and quotation marks omitted)

In addition to those two general grounds, which applied to all four of the Sapuppos' claims, the court also gave as an independent alternative ground for its dismissal the legal inadequacy of each claim On the unjust enrichment claim, the district court ruled that the complaint had failed to state a viable claim because "it is not unjust enrichment ... for an insurer to collect from its insured precisely the rate that the insurer quoted and the insured agreed to pay." On the breach of contract claim, the court ruled that Allstate had not breached its contracts by charging the first rates that it filed with the Insurance Office. On the breach of fiduciary duty claim, the court ruled that the complaint had failed to allege facts showing that Allstate owed any fiduciary duty to its policyholders when it set rates. And the court ruled that there could be no breach of the implied covenant of good faith and fair dealing where there was no breach of contract.

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1306 (11th Cir.2012). That is the situation here.

In their opening brief, the Sapuppos state two, and only two, issues:

I. Whether the trial court erred in finding that Plaintiffs' claims were barred by the filed rate doctrine[.]

II. Whether the trial court erred in dismissing Plaintiffs' complaint based on its finding that the Florida Legislature did not create a private right of action to enforce the requirement for reduced rates as soon as practicable[.]

Appellants' Corrected Brief at ix. Their statement of the issues does not mention any issues



*Sapuppo v. Allstate Floridian Ins. Co.*    739 F.3d 678 (11th Cir. 2014)

involving the district court's alternative rulings that, even apart from the filed rate doctrine and implied right of action problems, each of the four claims was due to be dismissed for an additional reason individual to that claim. As a result, the Sapuppos have abandoned any argument that the additional reasons the district court stated for dismissing each of the claims was error. *See Hamilton v. Southland Christian Sch., Inc.,* 680 F.3d 1316, 1318 (11th Cir 2012) (stating that it is well settled in this circuit that a party abandons an issue "by failing to list or otherwise state it as an issue on appeal"); *United States v. Willis,* 649 F.3d 1248, 1254 (11th Cir.2011) ("A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.... Where a party fails to abide by this simple requirement, he has waived his right to have the court consider that argument.") (internal marks and citation omitted); *Access Now, Inc v Southwest Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir.2004) ("Any issue that an appellant wants [us] to address should be specifically and clearly identified in the brief. .. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned."); *Marek v Singletary,* 62 F.3d 1295, 1298 n. 2 (11th Cir.1995) ("Issues not clearly raised in the briefs are considered abandoned."); *Hartsfield v. Lemacks,* 50 F.3d 950, 953 (11th Cir 1995) ("We note that issues that clearly are not designated in the initial brief ordinarily are considered abandoned.") (internal marks, quotation marks, and citation omitted)

The Sapuppos' initial brief not only fails to clearly raise any challenge to the alternative holdings, it treats those holdings as though they do not exist, stating that the "trial court dismissed Plaintiffs' Complaint ⌐681 with prejudice on two theories: 1) that Plaintiffs' claims were barred by the 'filed rate doctrine' and, 2) there is no private cause of action which exists to enforce a Florida statute requiring a rate reduction." Appellants' Corrected Brief at 8–9. Even if we looked past that statement and past the Sapuppos' failure to list the alternative

holdings issues in their statement of the issues, we would still conclude that they have abandoned those claims by not adequately addressing them in the remainder of their initial brief.

A party fails to adequately "brief" a claim when he does not "plainly and prominently" raise it, "for instance by devoting a discrete section of his argument to those claims." *Cole v. U.S. Att'y Gen.,* 712 F.3d 517, 530 (11th Cir.2013) (internal marks and quotation marks omitted). The Sapuppos do not devote even a small part of their opening brief to arguing the merits of the district court's alternative holdings. The most that can be said is that they make passing references to those holdings, without advancing any arguments or citing any authorities to establish that they were error. We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *See, e.g., Walter Int'l Prods. Inc. v. Salinas,* 650 F.3d 1402, 1413 n. 7 (11th Cir.2011) (holding that the appellant abandoned a claim for tortious interference with a contract by making "nothing more than a passing reference" to it in the initial brief); *Singh v. U.S. Att'y Gen.,* 561 F.3d 1275, 1278 (11th Cir.2009) (explaining that "an appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal") (quotation marks omitted); *United States v. Jernigan,* 341 F.3d 1273, 1283 n. 8 (11th Cir.2003) (holding that an evidentiary issue was abandoned on appeal because the appellant's brief "contain[ed] only four passing references to the evidence ... each of which [was] embedded under different topical headings"); *Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp.,* 927 F.2d 1198, 1199 (11th Cir.1991) (holding that "Appellant's simple

contention that California law controls does not present an argument based on California law" because an "issue raised perfunctorily without citation to authority constitutes waiver of [the] issue"); *see also* Fed. R.App. P. 28(a)(8).

Abandonment of a claim or issue can also occur when the passing references to it are made in the "statement of the case" or "summary of the argument," as occurred here.[2] *See Cole,* 712 F.3d 682 at 530 ⁻682 (holding that a party abandons an issue when he "mentions [it] only in his Statement of the Case but does not elaborate further in the Argument section"); *Kelliher v. Veneman,* 313 F.3d 1270, 1274 n. 3 (11th Cir.2002) (holding that mentioning a claim in the summary of the argument section is not enough to raise the issue for appeal and that the claim is deemed abandoned).

[2] In the Statement of the Case, the Sapuppos note simply that they had "allege[d] in their Complaint filed in the trial court that the Defendant breached its contract of insurance with the Plaintiffs, breached its implied covenant of good faith and fair dealing, breached its fiduciary duty owed to its insureds, or alternatively, has been unjustly enriched." In the Summary of the Argument, they offer the conclusory assertion that "[T]he trial court erred in concluding that the 'filed rate doctrine' prevents Plaintiffs from maintaining their claim for breach of a property insurance contract, and other claims. The trial court also erred by finding that Plaintiffs' claims are barred because the Florida Legislature did not provide for a private cause of action in House Bill 1–A. Plaintiffs' [sic] claims for breach of an insurance contract, breach of fiduciary duty, breach of implied duty of good faith and fair dealing and unjust enrichment can and should be maintained." In neither place in their brief do the Sapuppos make any substantive arguments about the merits of their claims or cite any authority in support of their claims. They fail to elaborate in any way

on their conclusory assertion that the district court somehow erred in those rulings

Abandonment of an issue can also occur when passing references appear in the argument section of an opening brief, particularly when the references are mere "background" to the appellant's main arguments or when they are "buried" within those arguments. *See Jernigan,* 341 F.3d at 1283 n. 8 (holding that the appellant had abandoned a claim by either mentioning it only "as background to the claims" he expressly advanced or "bur[ying] it" within those claims). In the argument section of the Sapuppos' initial brief, the passing references to the substantive claims are just that, either being background to other arguments or being buried within other arguments, or both. And the passing references are nothing more than conclusory assertions that they have made four claims that are "actionable."[3] The brief makes no argument and cites no authorities to support those conclusory assertions. The Sapuppos have abandoned in their initial brief any arguments they have against the district court's alternative holdings regarding the legal inadequacy under Florida law of their four claims.

[3] With the respect to the filed rate doctrine, the Sapuppos say that

Plaintiffs are not challenging the amount of the reduction, but the timing of it ALLSTATE's foot dragging in its failure to follow the legislative direction to promptly reduce rates, constitutes an actionable claim for breach of contract, or, alternatively, unjust enrichment, breach of a fiduciary duty, and breach of an implied covenant of good faith and fair dealing as pled in Plaintiffs' Complaint

The underlying principles that support the application of the filed rate doctrine are surely not implicated to warrant dismissal of the Plaintiffs' Complaint The filed rate doctrine simply does not apply to this case The crux of Plaintiffs' Complaint is that ALLSTATE's dilatory actions in refusing to reduce their rates, in refusing to comply with OIR subpoenas, in litigating their proposed rates, and in failing to file a reduced rate, contrary to express legislative and OIR direction, caused Plaintiffs and others similarly situated substantial economic harm Plaintiffs' attempt to redress that harm through the causes of action set forth in their Complaint should be allowed to proceed

With respect to the availability of a private right of action, they note that

Plaintiffs' breach of contract claim (contract at issue provides legislative actions act to amend the parties' insurance contract, legislature made changes to insurance law that acted to change contract, Allstate breached by failing to implement changes and Plaintiffs suffered damage) surely does not depend on any legislatively recognized cause of action in House Bill 1–A, Plaintiffs breach of contract count and related claims should be allowed to stand

Plaintiffs contend that claims that sound in contract, equity (unjust enrichment), and tort (breach of fiduciary duty) are best handled by the judicial branch, not the Office of Insurance Regulation Indeed, the Office of Insurance Regulation has no authority to handle breach of contract claims, tort claims or [ ] equity based claims

Plaintiffs' claims for breach of contract, unjust enrichment, breach of fiduciary duty and breach of implied covenant of good faith and fair dealing fall squarely within the jurisdiction of this Court, not the Office of Insurance Regulation

After Allstate pointed out in its response brief that the Sapuppo had waived any 683 issue concerning the district court's alternative holdings, they did make some arguments and cite some authorities in their reply brief about those holdings. Those arguments come too late. *See Big Top Koolers, Inc. v. Circus–Man Snacks, Inc.,* 528 F.3d 839, 844 (11th Cir.2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief."); *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 972 (11th Cir.2008) ("[P]resenting [an] argument in the appellant's reply does not somehow resurrect it."); *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir.2008) ("[W]e do not address arguments raised for the first time [even] in a *pro se* litigant's reply brief."); *United States v. Levy,* 379 F.3d 1241, 1244 (11th Cir.2004) ("As for reply briefs, this Court follows this same rule and repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."); *United States v. Coy,* 19 F.3d 629, 632 n. 7 (11th Cir.1994) ("Arguments raised for the first time in a reply brief are not properly before a reviewing court.").

For all of these reasons, the Sapuppos have abandoned any argument they may have had that the district court erred in its alternative holdings that each of their four claims was inadequate as a matter of Florida law independent of any issue concerning the filed rate doctrine or whether there was a private right of action for insureds against

casetext
Part of Thomson Reuters

Sapuppo v. Allstate Floridian Ins. Co.    739 F.3d 678 (11th Cir. 2014)

insurers who violate Chapter 2007–1. It follows that the district court's judgment is due to be affirmed. *See Little,* 691 F.3d at 1306 (affirming a district court's decision to deny certification of a class action when the appellants failed to challenge an independent, alternative ruling on which that denial was based).[4]

> [4] We do not mean to imply that, if they had properly briefed the case, the Sapuppos would have prevailed in this appeal as to any of the claims in their complaint By way of example, it is clear to us that the breach of contract claim fails on the merits

because the timing of Allstate's rate change did not breach any contract term As the district court pointed out, rates are not policy provisions, and the Sapuppos have not shown a policy provision in their Allstate contract that was inconsistent with Chapter 2007–1 of the laws of Florida

AFFIRMED.

casetext
Part of Thomson Reuters

APPEAL NO. 22-12038 and 22-12411

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

APPELLANT'S PETITION FOR REHEARING

AND EN BANC DETERMINATION

# APPENDIX 143

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

No 07-12797 Non-Argument Calendar
United States Court of Appeals, Eleventh Circuit

# Timson v. Sampson

518 F 3d 870 (11th Cir 2008)
Decided Feb 27, 2008

No 07-12797 Non-Argument Calendar.

*872 February 27, 2008. *872

John Timson, St Petersburg, FL, pro se.

Michael R. D'Lugo, Wicker, Smith, O'Hara, McCoy, Graham Ford, P.A., Orlando, FL, for Defendants-Appellees.

Sushma Soni, Douglas N. Letter, Dept. of Justice/Civ. Div./App. Staff, Washington, DC, Todd B. Grandy, Tampa, FL, for U.S.

Appeal from the United States District Court for the Middle District of Florida.

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

John Timson, proceeding *pro se*, appeals the district court's dismissal of his *pro se qui tam* action under the FCA, 31 U S.C. §§ 3729- 3733. Timson makes two arguments on appeal. First, he argues that the district court erred in dismissing his complaint because, as a *pro se* relator, he was unable to maintain a *qui tam* action under the FCA. Second, he argues that the district court abused its discretion in declining to exercise supplemental jurisdiction over his state law claims For the reasons set forth more fully below, we affirm.

As an initial matter, Timson also appeals the stay of his motion for a temporary restraining order; however, the merits of this appeal render that issue *873

moot. *See BankWest, Inc v. Baker*, 446 F.3d 1358, 1363 (11th Cir. 2006).

## I.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). We also review *de novo* questions of statutory interpretation. *Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1245 (11th Cir. 2006).

The FCA permits a private individual, called a *qui tam* [1] "relator," to file a civil action against, and recover damages on behalf of the United States from, any person who:

> [1] " *Qui tam* is short for 'qui tam pro domino rege quam pro se ipso in hac parte sequitur,' which means 'who pursues this action on our Lord the King's behalf as well as his own '" *Ragsdale v. Rubbermaid, Inc*., 193 F 3d 1235, 1237 n 1(11th Cir 1999)

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

*873

31 U.S.C. §§ 3729(a)(1)-(2), 3730(b)(1), (c)(3); *United States ex rel Clausen v Laboratory Corp. of America, Inc*, 290 F.3d 1301, 1308 n. 4 (11th Cir. 2002) Section 3730(b)(1) of the FCA states that actions brought by private individuals "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Regarding the rights of the parties to *qui tam* actions, the FCA provides, first, that "[i]f the government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action[,]" 31 U.S.C. § 3730(c)(1), and second, "[i]f the government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action[,]" 31 U.S.C § 3730(c)(3). "The United States is the real party in interest in a *qui tam* action under the False Claims Act even if it is not controlling the litigation." *United States ex rel Walker v RF Properties of Lack County, Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005). "The purpose of the Act . . is to encourage private individuals who are aware of fraud being perpetrated against the government to bring such information forward " *Ragsdale v Rubbermaid, Inc*, 193 F.3d 1235, 1237 n. 1 (11th Cir. 1999).

The FCA is silent on whether a private individual can bring a *qui tam* suit *pro se* See 31 U.S.C. §§ 3729- 3733. The plain language of the FCA does not limit *qui torn* actions to those private individuals employing counsel. *See* 31 U.S.C. § 3730(b)(1), (c)(3). The FCA simply states that "[a] person may bring a civil action" under the FCA "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1).

We have yet to decide the issue of whether a private individual can bring a *qui tam* suit *pro se*. Those Circuits that have considered the issue have held that *pro se* relators may not prosecute *qui tam* actions. *See Stoner v Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007); *United States ex rel Lu v Ou*, 368 F.3d 773, 775-

76 (7th Cir. 2004); *see also United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951). Their rationale is persuasive.

Section 1654, Title 28, the general provision permitting parties to proceed *pro se*, provides: "In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The provision appears to provide a personal right that does not extend to the representation of the interests of others. *Accord Stoner*, 502 F.3d at 1126. As noted above, "[t]he United States is the real party in interest in a *qui tam* action under the False Claims Act. . . ." *United States ex rel. Walker*, 433 F.3d at 1359. Therefore, Timson does not have authority under 28 U.S.C. § 1654 to proceed *pro se* in this *qui tam* action, and is without any authority to do so unless the FCA authorizes relators to litigate a *qui tam* suit *pro se*.

As noted above, the FCA is silent as to whether a private individual can bring a *qui tam* suit *pro se*. *See* 31 U.S.C. §§ 3729- 3733. The plain language of the FCA draws no distinction in an individual's ability to bring a *qui tam* suit based upon whether or not that individual is represented by counsel. *See* 31 U.S.C. § 3730(b)(1), (c)(3). The absence of an explicit authorization for *qui tam* suits to be brought *pro se* could indicate, however, an intention by Congress that *qui tam* suits be brought according to § 1654 and "the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone *874 other than himself." *Stoner*, 502 F.3d at 1127; *see also Onan*, 190 F.2d at 6. Moreover, the safeguards Timson outlines do not sufficiently replace adequate legal representation for the United States's interests, particularly where the United States would be bound by the judgment in future proceedings.

casetext
Part of Thomson Reuters

To the extent that Timson argues that he should be allowed to sever his interests under the FCA from the interests of the United States, that approach would be inconsistent with the purpose of the FCA, which is to aid the government in combating fraud through an incentive to private individuals aware of such fraud. *See Ragsdale*, 193 F.3d at 1237 n. 1. That approach would also conflict with the fact that the United States is the real party in interest in a *qui tam* suit.

For all these reasons, the district court did not err in dismissing Timson's complaint because Timson could not maintain a *qui tam* suit under the FCA as a *pro se* relator.

## II.

As an initial matter, the government argues that we are without jurisdiction to review the dismissal of Timson's state law claims because his notice of appeal fails to explicitly reference the claims' dismissal. "Where an appellant notices the appeal of a specified judgment only[,] this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *Whetstone Candy Co v Kraft Foods, Inc.*, 351 F.3d 1067, 1079-80 (11th Cir. 2003) (quotation omitted).

Timson's notice of appeal indicates that he is appealing the district court's order dated May 18, 2007, in which the district court *sua sponte* raised the issue of its supplemental jurisdiction over Timson's state law claims. Therefore, the issue is properly before this Court. *See Whetstone*, 351 F.3d at 1079-80.

Timson, however, fails to address the issue in his opening brief. He argues in his reply brief that his retaliatory discharge claim provided an independent basis for federal subject-matter jurisdiction. While we read briefs filed by *pro se* litigants liberally, *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n. 3 (11th Cir. 1997), issues not briefed on appeal by a *pro se* litigant are deemed abandoned, *Horsley v. Feldt*, 304 F.3d 1125, 1131 n. 1 (11th Cir. 2002). Moreover, we do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Lovett v Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). Timson, thus, has abandoned this issue.

In light of the foregoing, the judgment of the district court is

AFFIRMED.

casetext
Part of Thomson Reuters

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 144

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1

APPEAL NO. 22-12411 [1]

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### In re: WILLIAM M. WINDSOR,

### Plaintiff and Appellant

---

James N. Hatten, Anniva Sanders, J. White, B. Gutting, Margaret Callier, B. Grutby, Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey, Judge Orinda D. Evans, Judge Julie E. Carnes, John Ley, Judge Joel F. Dubina, Judge Ed Carnes, Judge Rosemary Barkett, Judge Frank M. Hull,

### Defendants and Appellees

---

### APPELLANT'S REPLY BRIEF

---

### Appeal from the United States District Court
### for the Northern District of Georgia, Atlanta Division
### Civil Action No. 1:11-CV-01923-TWT
### Judge Thomas Woodrow Thrash

---

[1] This case has also been identified as 22-12038

## APPELLANT'S REPLY BRIEF

## TABLE OF CONTENTS

TABLE OF CONTENTS.........................................................................................2

TABLE OF AUTHORITIES CITED....................................................................3

ARGUMENTS IN REPLY…................................................................................6

CONCLUSION...................................................................................................20

CERTIFICATE OF COMPLIANCE..................................................................21

CERTIFICATE OF SERVICE...........................................................................21

# TABLE OF AUTHORITIES CITED

CASES                                         PAGE NUMBER

*Adams v. State,* No. 1 :07-cv-2924-WSDCCH (N.D.Ga. 03/05/2008)………..22

*Bowers v. Norfolk Southern Corporation*, No. 08-12087 (11th Cir. 11/18/2008) (11th Cir. 2008)………………………………………...…14

*Christopher v. Harbury,* 536 U.S. 403,415 & n.12, 122 S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002)………………………………………………24

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, STATE OF FLORIDA, Appellant, v. DENISE FUNG TILLMAN, Appellee. Nos. 4D21-2348 and 4D21-2423 [August 17, 2022]………………………………………………………………………...13

*EFS Marketing, Inc. v. Russ Berrie & Co.,* 76 F.3d 487,493 (2d Cir. 1996) (internal quotation marks omitted)…………………………………………..23

*Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)………………….21

*Heathcoat v. Potts*, 905 USCA11 Case: 22-12411 Document: 39 Date Filed: 07/10/2023 7 F.2d 367, 370 (11th Cir. 1990)……………………………14, 15

*Imageware, Inc. v. US. West Communications,* 219 F.3d 793 (8th Cir. 07/25/2000)…………………………………………………………………..23

*INS v. Phhinpathya*, 464 U.S. 83, 48 F.3D 1221 (2ND CIR. 2019)…………..13

*In re Simon*, 297 F. 942, 34 ALR 1404 (2nd Cir. 1924)………………………22

*International Longshoremen's Ass 'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 74-76 (1967)…………………………………………………….23

*Jean Dean v. Wells Fargo Home Mortgage,* No. 2:10-cv-564-FtM-29SPC (M.D.Fla. 04/21/2011)……………………………………………………..22

*Leas & Mc Vitty v. Merriman,* 132 F. 510 (C.C. W.D. Virginia 1904)…………22

*Leon Shaffer Golnick Advertising, Inc. v. Cedar,* 423 So. 2d 1015 (Fla. 4th DCA 1982)………………………………………………………………13

*Levine v. U.S.,* 48 F.3d 1221 (7th Cir. 1995)…………………………………13

*Marbury v. Madison,* 5 U.S. (1 Cranch) 137 (1803)………………………17

*Middleton Paper Co. v. Rock River Paper Co.,* 19 F. 252 (C.C. W.D. Wisconsin 1884)……………………………………………………………22

*Miles v. Gussin,* 104 B.R. 553 (Bankruptcy D.C. 1989)…………………………22

*PMC, Inc. v. Sherwin-Williams Co.,* 151 F.3d 610, 619-20 (7th Cir. 1998)…….23

*Procup v. Strickland,* 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc)……………………………………………………………24

*Project B.A.S.J.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir.1991)………………………23

*Sanders v. Air Line Pilots Ass 'n, Int'l,* 473 F.2d 244,247 (2d Cir. 1972)……….23

*Scanbe Mfg. Co. v. Tryon,* 400 F.2d 598 (9th Cir. 1968)…………………………22

*Schmidt v. Lessard,* 414 U.S. 473 (1974) (per curiam)…………………………23

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)………………22

*Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994)…………………………22

*Taylor v. U.S.,* 45 F. 531 (C.C. E.D. Tennessee 1891)…………………………22

*Torres v. McCoun,* No. 8:08-cv-1605-T-33MSS (M.D.Fla. 09/10/2008)..........24

*Trinsey v Pagliaro*, D.C.Pa. 1964, 229 F.Supp. 647.................................13

*U.S. v. Murphy,* 82 F. 893 (DCUS Delaware 1897)..................................22

*U.S. v. Sharrock,* 276 F. 30 (DCUS Montana 1921)................................22

*United States v. Robinson,* 690 F.2d 869 (11th Cir. 1982)..........................15

*University of S. Ala. v. The Am. Tobacco Co.,* 168 F.3d 405,410 (11th Cir.

1999)...............................................................................................22

West's Encyclopedia of American Law, edition 2......................................18

*Western Water Management, Inc. v. Brown,* 40 F.3d 105, 109 (5th Cir. 1994)....24

*Zipperer v. City of Fort Myers,* 41 F.3d 619,623 (11th Cir. 1995)..................24

## STATUTES

28 U.S.C.§ 1291(a)(1).......................................................................20

28 U.S.C. 1691.................................................................................22

Article 1 of the Georgia Constitution.....................................................24

## RULES

Fed. R. App. P. 32(a)(7)(B)(i)..............................................................26

Fed. R. App. P. 32(f)..........................................................................26

Rule 65(d) of the Federal Rules of Civil Procedure................................23

**APPELLANT'S REPLY BRIEF**

**ARGUMENTS IN REPLY**

1.      This Court must base its analysis on the 2011 and 2018 orders –

EXHIBITS 11-006 and 11-020.

2.      EXHIBIT-11-006 is the Permanent Injunction Order in 1:11-CV-

01923-TWT ("01923"), Docket-74 dated 07/15/2011.

3.      EXHIBIT-11-020 is the Modification of Injunction Order filed

02/12/2018 in 01923 (01923-Docket-226).

4.      EXHIBIT-11-049 is the 03/03/2022 Request for Leave for Marcie

Schreck and/or Windsor to file a Complaint (01923-Docket-261).  It sought to

allow Marci Schreck, an acquaintance, to file a legal action in federal court in

Texas and to allow WINDSOR to file any cation for elder abuse in Texas.

5.      EXHIBIT-11-026 is the Order entered 03/09/2022 in response to

EXHIBIT-11-049. (01923-Docket-262.)  "Given Mr. Windsor's abuse of the courts

as a pro se litigant, the request for him to be allowed to file lawsuits as a next

friend or attorney-in-fact is DENIED."

6.      EXHIBIT-11-050 is the 06/08/2022 Request for Leave by Wanda

Dutschmann to File Motions for Judicial Review of Documentation or Instrument

Purporting to Create a Lien or Claim by William M. Windsor (01923-Docket-269).

6

7.    EXHIBIT-11-051 is the 06/08/2022 Request for Leave to file by

WINDSOR Acquaintances (01923-Docket-270).

8.    EXHIBIT-11-052 is the 06/08/2022 Request for Leave for WINDSOR

to File a Civil Rights Complaint in federal court in Texas (01923-Docket-271).

9.    EXHIBIT-11-048 is the Order entered 06/30/2022 in 01923

("06/30/2022 INJUNCTION"). "Motion for Leave to File Motions [Doc. 269],

Motion for Leave to file [Doc. 270] and Motion for Leave to File Civil Rights

Complaint [Doc. 271] which are DENIED based upon the well-documented history

of frivolous filings by William Windsor and his abuse of the federal judicial

system." [EXHIBITS-11-050—11-051—11-052.]

## THERE WAS NO FACTUAL BASIS FOR THE ORDERS EXHIBIT-11-026 AND EXHIBIT-11-048 ("APPEALED ORDERS").

10.    The basis for the APPEALED ORDERS was alleged "the well-

documented history of frivolous filings by William Windsor and his abuse of the

federal judicial system."  But there was no evidence presented in this matter to

support such a statement in the APPEALED ORDERS, or previously.

## THE APPELLEE'S BRIEF MUST BE DISREGARDED AS TO ANYTHING THAT APPEARS TO BE CLAIMS OF FACT

7

## AS THE BRIEF IS UNSWORN, AND THERE IS NO FACTUAL SUPPORT FOR ANY CLAIMS OF FACT.

11.    The basis for the ORDERS was alleged "the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system." But there were no facts and no evidence presented in this matter to support such a statement in the ORDERS, or previously.

12.    *Trinsey v Pagliaro*, D.C.Pa. 1964, 229 F.Supp. 647;*Leon Shaffer Golnick Advertising, Inc. v. Cedar*, 423 So. 2d 1015 (Fla. 4th DCA 1982); *Levine v. U.S.*, 48 F.3d 1221 (7th Cir. 1995); *INS v. Phhinpathya*, 464 U.S. 83, 48 F.3D 1221 (2ND CIR. 2019)

13.    Here's a 2022 case:

"As this court explained long ago in Leon Shaffer Golnick Advertising, Inc. v. Cedar, if an "advocate wishes to establish a fact, he [or she] must provide sworn testimony through witnesses other than himself [or herself] or a stipulation to which his [or her] opponent agrees." 423 So. 2d 1015, 1017 (Fla. 4th DCA 1982)." [DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, STATE OF FLORIDA, Appellant, v. DENISE FUNG TILLMAN, Appellee. Nos. 4D21-2348 and 4D21-2423 [August 17, 2022].]

## EXHIBITS TO THE APPELLEE'S BRIEF MUST BE DISREGARDED AS THEY ARE UNAUTHENTICATED.

14.    A court may not consider an unauthenticated document. [*Bowers v.*

*Norfolk Southern Corporation*, No. 08-12087 (11th Cir. 11/18/2008) (11th Cir. 2008).]

## **THIS COURT INCORRECTLY HELD**
## **THAT IT LACKS JURISDICTION OVER WINDSOR'S CHALLENGES**
## **TO DISTRICT COURT'S 2011 AND 2018 ORDERS**

15.    See APPELLEE'S BRIEF,PP.6-7.

16.    This is a closed case, and the Appeals are for so-called "Permanent Injunctions." This Court did not address this factual reality.

17.    The APPELLEES cite *Heathcoat v. Potts*, 905 USCA11 Case: 22-12411 Document: 39 Date Filed: 07/10/2023 7 F.2d 367, 370 (11th Cir. 1990) APPELLEES' BRIEF, P.6.]

> "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are **generally binding** in all subsequent proceedings in the same case in the trial court or on a later appeal." [**emphasis added**.]

18.    The APPELLEES' attorney ignored "generally binding" and the citations in his cited case that establish the "law of the case" does not apply in this matter.

19.    The APPELLEES' attorney also ignored: "The doctrine does not extend to every issue that could be ever raised in a given litigation but rather is limited to those issues previously decided;

20.    The "law of the case" may not be used to amend the U.S. Constitution

or apply to guardianship and other litigants not involved or addressed in the

injunction.

21.    In this case, "the prior decision was clearly erroneous and would work

manifest injustice." *Wheeler,* 746 F.2d at 1440 (quoting *United States v.*

*Robinson,* 690 F.2d 869, 872 (11th Cir. 1982) (citations omitted)); *Westbrook,* 743

F.2d at 768. [*Heathcoat v. Potts*, supra, P.371.]  So it is a recognized exception to

the "law of the case."

22.    The United States Supreme Court is expected to clarify the illegality

of what JUDGE THRASH has done on September 26, 2023. [EXHIBIT-11-053.]

23.    There is no "necessary implication" that an injunction to protect the

federal judicial system applies to a person seeking to become a guardian or any of

as many as 1,000,000 acquaintances of WINDSOR.

24.    There is simply no legal authority for a federal judge to assert

jurisdiction over a state court matter.  The decisions of JUDGE THOMAS W.

THRASH ("JUDGE THRASH") were clearly intentionally erroneous.

25.    In *United States v. Robinson,* 690 F.2d 869 (11th Cir. 1982), this

Court stated:

> "Under the law of the case doctrine, both the district court and the court of
> appeals generally are bound by findings of fact and conclusions of law made

10

by the court of appeals in a prior appeal of the same case. . . . However, the law of the case doctrine does not apply to bar reconsideration of an issue when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

## APPELLEE'S BRIEF ISSUE #1:

## THIS COURT DOES NOT LACK JURISDICTION OVER

## WINDSOR'S APPEAL OF THE 2022 ORDERS

## AS THE APPELLEES HAVE FALSELY CLAIMED.

26.    See APPELLEES' BRIEF, PP.7-11.

27.    This Court incorrectly indicated it lacks jurisdiction over WINDSOR's challenges to district court's 2011 and 2018 orders.

28.    The 07/15/2011, 02/12/2018, and 02/27/2018 orders are incorporated in the 2022 Orders and cannot be disregarded in considering the APPEALED ORDERS.

29.    If this Court prefers, it may consider WINDSOR's notices of appeal in June and July 2022 as actions to reconsider the dismissal of these claims.

30.    Contrary to the claim of the APPELLEES, WINDSOR never abandoned anything. For 12 years, he has maintained that the 2011 and 2018 orders are void. See EXHIBITS 11-049, 11-050, and 11-051 as examples.

31.    *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), is a

landmark U.S. Supreme Court case that established the principle of judicial review

in the United States, meaning that American courts have the power to strike down

laws and statutes that they find to violate the Constitution of the United States.

32.    *Marbury v. Madison* gives this Court the jurisdiction to now address

the Constitutional violations in this matter.

33.    If the attorney for the APPELLEES had said this under oath, he would

have committed perjury [APPELLEE'S BRIEF (P.9)].

> "Here, the May 26, 2022 order denied Plaintiff's motion to file guardianship
> actions and appeals in Texas state court, acts that were barred by the
> injunction."

34.    There is no such claim in EXHIBIT-11-006 or EXHIBIT 11-020.  The

injunction has absolutely nothing to do with guardianship or probate issues.

35.    The APPELLEE's attorney would have this court believe that "Each

of these orders constitutes an interpretation, not a modification, of the existing

injunction."

36.    So, according to him, it is an interpretation that an application for

guardianship of an elderly woman who was never a judge in an existing Texas

probate court case is either a complaint, a new lawsuit, an administrative

proceeding, frivolous, malicious, vexatious, and/or is against judges.

12

37.    West's Encyclopedia of American Law, edition 2. Defines "interpretation" as "The art or process of determining the intended meaning of a written document."

38.    The written documents are clear. [EXHIBITS 11-006 and 11-020.]

39.    Each of these APPEALED ORDERS constitutes a modification of the existing injunction.  JUDGE THRASH changed the nature and scope of the judicially imposed prohibition, so it is an unlawful modification.

40.    APPELLEES' attorney has actually written that "Because the district court's interpretation in the May 26, 2022 and June 30, 2022 orders was "certainly not so implausible as to amount to a blatant misinterpretation," it was not an appealable modification.  You gotta be kidding.

41.    On 03/03/2022, WINDSOR's REQUEST TO FILE A COMPLAINT [EXHIBIT-11-049] is a 5-page document that produces substantially different evidence.  WINDSOR's REQUEST was to:

"…allow Windsor to file any action in Texas for elder abuse as next friend or as an attorney-in-fact pursuant to Texas law as long as there are no federal judges or federal court employees involved…."

42.    The 03/09/2022 Order [EXHIBIT-11-026] says in its entirety:

"This is a pro se civil action. It is before the Court on the pro se Plaintiffs Motion for Leave for Marcie Schreck and/or William M. Windsor to File a Complaint [Doc. 261] which is GRANTED in part and DENIED in part. The

13

Request for permission for Marcie Schreck to file a Complaint on behalf of her mother Wanda Jean Dutschmann is GRANTED. Given Mr. Windsor's abuse of the courts as a pro se litigant, the request for him to be allowed to file lawsuits as a next friend or attorney-in-fact is DENIED."

43.   The 06/30/2022 Order [EXHIBIT-11-048] says in its entirety:

"This is a pro se civil action. It is before the Court on the Motion for Leave to File Motions [Doc. 269], Motion for Leave to File [Doc. 270] and Motion for Leave to File Civil Rights Complaint [Doc. 271] which are DENIED based upon the well documented history of frivolous filings by William Windsor and his abuse of the federal judicial system. SO ORDERED, this 30th day of June, 2022."

44.   The 06/08/2022 REQUEST FOR LEAVE TO FILE [EXHIBIT-11-052] is a 100-page document that produces substantially different evidence. There is no "documented history of frivolous filings by William Windsor" or "abuse of the federal judicial system." There is nothing in EXHIBITS-11-006 or 11-020 that addresses elder abuse or civil rights complaints in Texas.

## APPELLEE'S BRIEF ISSUE #2:
## THIS COURT HAS JURISDICTION
## OVER WINDSOR'S APPEAL OF THE 2022 ORDERS.

45.   The APPELLEE's Attorney claims this Court lacks jurisdiction. That would be funny if this was not such a serious issue.

46.    WINDSOR appealed pursuant to 28 U.S.C.§ 1291(a)(1), which permits interlocutory review of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

## APPELLEE'S BRIEF ISSUE #3:
### WINDSOR DID NOT ABANDON A CHALLENGE TO THE 2022 ORDERS BY FAILING TO IDENTIFY ANY LEGAL ERRORSSPECIFIC TO THOSE ORDERSAS THE APPELLEES HAVE FALSELY STATED.

47.    See APPELLEE'S BRIEF, PP.11-12.

48.    WINDSOR identified all the legal errors that applied to the 2022 orders.

**49.    The terms are very clear "…filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding…."** [APPELLANT'S-BRIEF--P.13-¶99.]

50.    The APPEALED ORDERS have nothing to do with filing a complaint, filing a new lawsuit, or filing an administrative proceeding. A Texas application for guardianship in an existing probate court matter is not the filing of a lawsuit and is not an administrative proceeding. And it is a matter over which JUDGE THRASH has no jurisdiction.

51.    Contrary to the outlandish claim of the APPELLEES, this clearly explains why the 2022 Orders are void. WINDSOR explained that the so-called

permanent injunctions do not restrict a Texas application for guardianship in an existing probate court matter is not the filing of a lawsuit and is not an administrative proceeding.

52.    See APPELLANT'S BRIEF, P.xxvii, P.1-¶¶25-26.  See P.3-¶38: Neither the motion to deny removal nor jurisdiction were ever addressed by jUDGE THRASH in 01923.

53.    WINDSOR has never filed anything frivolous, and he has not abused the federal judicial system.

54.    The U.S. Attorney continues to violated the Constitution and the law by claiming a federal judge has jurisdiction over state court matters.

## THE DISTRICT COURT'S ORDERS ARE VOID AND INVALID.

55.    +JUDGE THRASH's ORDERS are void.  The U.S. Supreme Court has stated that if a court is "without authority, its judgments and orders are regarded as nullities.  They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them." *(Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).)

56.    It is well-established law that a judge must first determine whether the judge has jurisdiction before hearing and ruling in any case.  JUDGE THRASH

failed to do so when he issued a purported injunction on 7/15/2011 and failed to address the 6/14/11 MOTION TO DENY REMOVAL. [01923-DOCKET-7.]

57.    The ORDERS of JUDGE THRASH are void. *(Adams v. State,* No. 1 :07-cv-2924-WSDCCH (N.D.Ga. 03/05/2008).) *(See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998); see also *University of S. Ala. v. The Am. Tobacco Co.,* 168 F.3d 405,410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). *(Jean Dean v. Wells Fargo Home Mortgage,* No. 2:10-cv-564-FtM-29SPC (M.D.Fla. 04/21/2011).) *(Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994).)

58.    The ORDERS issued by JUDGE THRASH are invalid and not issued under seal or signed by the Clerk of the Court in violation of 28 U.S.C. 1691.

> The word "process" at 28 U.S.C. 1691 means a court order. See *Middleton Paper Co. v. Rock River Paper Co.,* 19 F. 252 (C.C. W.D. Wisconsin 1884); *Taylor v. U.S.,* 45 F. 531 (C.C. E.D. Tennessee 1891); *U.S. v. Murphy,* 82 F. 893 (DCUS Delaware 1897); *Leas & Mc Vitty v. Merriman,* 132 F. 510 (C.C. W.D. Virginia 1904); *U.S. v. Sharrock,* 276 F. 30 (DCUS Montana 1921); *In re Simon,* 297 F. 942, 34 ALR 1404 (2nd Cir. 1924); *Scanbe Mfg. Co. v. Tryon,* 400 F.2d 598 (9th Cir. 1968); *and Miles v. Gussin,* 104 B.R. 553 (Bankruptcy D.C. 1989).

## <u>WINDSOR AND HIS ACQUAINTANCES WERE DENIED PROCEDURAL DUE PROCESS.</u>

59.    JUDGE THRASH has no authority to deny acquaintances of

WINDSOR the right to file their own legal actions. These nice people have their own legal issues, and they are doing nothing in consort with WINDSOR to file things for him. These people are being unlawfully enjoined. There is no legal basis for what JUDGE THRASH is doing.

60.    There was no basis for issuing INJUNCTIONS because the only evidence and the only facts before JUDGE THRASH were from WINDSOR. There wasn't a single affidavit or word of testimony from the DEFENDANTS. The INJUNCTION fails to set forth any valid reasons (as there are none). There was no notice or an opportunity to be heard. There is no legal basis for a federal judge to interfere with a state guardianship effort. Statutes and case law firmly establish that federal judges have no jurisdiction over state court matters and may not deny a party the right to appeal.

> The requirements for a valid injunction are found in Rule 65(d) of the
> Federal Rules of Civil Procedure, which provides, so far as pertinent here,
> that "every order granting an injunction ... shall set forth the reasons for its
> issuance; shall be specific in terms; shall describe in reasonable detail, and
> not by reference to the complaint or other document, the act or acts sought to
> be restrained." *(International Longshoremen's Ass 'n v. Philadelphia
> Marine Trade Ass'n,* 389 U.S. 64, 74-76 (1967); *Schmidt v. Lessard,* 414
> U.S. 473 (1974) (per curiam); *PMC, Inc. v. Sherwin-Williams Co.,* 151 F.3d
> 610, 619-20 (7th Cir. 1998); *Project B.A.S.J.C. v. Kemp,* 947 F.2d 11, 16
> (1st Cir.1991); *Imageware, Inc. v. US. West Communications,* 219 F.3d 793
> (8th Cir. 07/25/2000); *Sanders v. Air Line Pilots Ass 'n, Int'l,* 473 F.2d
> 244,247 (2d Cir. 1972); *EFS Marketing, Inc. v. Russ Berrie & Co.,* 76 F.3d
> 487,493 (2d Cir. 1996) (internal quotation marks omitted).)

Amendment V of the U.S. Constitution provides: "No person shall be ...
deprived of life, liberty, or property, without due process of law .... "Article 1
of the Georgia Constitution provides: "No person shall be deprived of life,
liberty, or property except by due process of law."

61.    JUDGE THRASH improperly foreclosed WINDSOR's access to

courts and the access of people with whom he is acquainted.  JUDGE THRASH

issued an injunction without giving WINDSOR the opportunity to be heard at a

hearing.  Procedural due process requires notice and an opportunity to be heard

before any governmental deprivation of a property or liberty interest. *(Zipperer v.*

*City of Fort Myers,* 41 F.3d 619,623 (11th Cir. 1995).)

62.    Meaningful access to the courts is a Constitutional right that has been

denied by JUDGE THRASH, and his ORDERS deny significant rights.

> (See *Procup v. Strickland,* 792 F.2d 1069, 1072 (11th Cir. 1986) (per
> curiam) (en banc); *Christopher v. Harbury,* 536 U.S. 403,415 & n.12, 122
> S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002).)

63.    There was no Show Cause order issued to WINDSOR or his

acquaintances as required by Eleventh Circuit law.  Neither WINDSOR nor his

acquaintances had proper notice.

> Upon these findings and **consistent with Eleventh Circuit law, this Court
> required Plaintiff to show cause within ten days ... why a Martin
> Trigona injunction should not be entered.** (See *Procup v. Strickland,* 792
> F.2d 1069 (11th Cir. 1986); *Torres v. McCoun,* No. 8:08-cv-1605-T-33MSS
> (M.D.Fla. 09/10/2008); *Western Water Management, Inc. v. Brown,* 40 F.3d
> 105, 109 (5th Cir. 1994).) **[emphasis added.]**

19

64.     WINDSOR will suffer irreparable harm if the ORDERS [EXHIBITS-11-026 and 11-048] are allowed to stand and WINDSOR and his acquaintances lose legal rights.

65.     The courthouse doors have been closed to WINDSOR and his acquaintances in violation of extensive case law.  WINDSOR and his acquaintances have been denied the right to petition the government for redress of grievances.  WINDSOR and his acquaintances have been denied rights pursuant to the Constitution and Bill of Rights.

66.     JUDGE THRASH issued an ORDER that had immediate and irreparable impact on WINDSOR and his acquaintances.

## CONCLUSION

67.     The APPELLEE'S BRIEF must be disregarded, and WINDSOR's APPEAL must be granted.

This 21st day of August, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorinSouthDakota@yahoo.com

20

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P.

32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R.

App. P. 32(f), this document contains 14 pages.

This document complies with the typeface requirements of Fed. R. App. P.

32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because

this document has been prepared by a proportionally spaced typeface using

Microsoft Word software in Times New Roman 14-point font, one of the font and

point selections approved by this Court.

This 21st day of August, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorinSouthDakota@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing APPELLANT'S REPLY

BRIEF by email and addressed as follows:

RYAN K. BUCHANAN – GABRIEL A. MENDEL
UNITED STATES ATTORNEY -- ASSISTANT U.S. ATTORNEY

600 United States Courthouse
75 Ted Turner Drive, S.W., Atlanta, Georgia 30303
404-581-6000 -- Fax: 404-581-6181 -- gabriel.mendel@usdoj.gov

This 21st day of August, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorinSouthDakota@yahoo.com

22

APPEAL NO. 22-12038 and 22-12411

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 145

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

APPEAL NO. 22-12411 [1]

---

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

---

### In re: WILLIAM M. WINDSOR,

### Plaintiff and Appellant

---

James N. Hatten, Anniva Sanders, J. White, B. Gutting, Margaret Callier, B. Grutby, Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey, Judge Orinda D. Evans, Judge Julie E. Carnes, John Ley, Judge Joel F. Dubina, Judge Ed Carnes, Judge Rosemary Barkett, Judge Frank M. Hull,

### Defendants and Appellees

---

### APPELLANT'S REPLY BRIEF

---

### Appeal from the United States District Court
### for the Northern District of Georgia, Atlanta Division
### Civil Action No. 1:11-CV-01923-TWT
### Judge Thomas Woodrow Thrash

---

[1] This case has also been identified as 22-12038

1

## APPELLANT'S REPLY BRIEF

## TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................2

TABLE OF AUTHORITIES CITED..................................................................3

ARGUMENTS IN REPLY…..............................................................................6

CONCLUSION...................................................................................................20

CERTIFICATE OF COMPLIANCE.................................................................21

CERTIFICATE OF SERVICE..........................................................................21

# TABLE OF AUTHORITIES CITED

CASES                                                   PAGE NUMBER

*Adams v. State,* No. 1 :07-cv-2924-WSDCCH (N.D.Ga. 03/05/2008)………..22

*Bowers v. Norfolk Southern Corporation*, No. 08-12087 (11th Cir.

11/18/2008) (11th Cir. 2008)………………………………………..…14

*Christopher v. Harbury,* 536 U.S. 403,415 & n.12, 122 S.Ct. 2179, 2187 &

n.12, 153 L.Ed.2d 413 (2002)…………………………………………24

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, STATE OF FLORIDA, Appellant, v. DENISE
FUNG TILLMAN, Appellee. Nos. 4D21-2348 and 4D21-2423 [August 17,
2022]………………………………………………………………………....13

*EFS Marketing, Inc. v. Russ Berrie & Co.,* 76 F.3d 487,493 (2d Cir. 1996)
(internal quotation marks omitted)…………………………………………..23

*Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)……………………21

*Heathcoat v. Potts*, 905 USCA11 Case: 22-12411 Document: 39 Date Filed:
07/10/2023 7 F.2d 367, 370 (11th Cir. 1990)………………………………14, 15

*Imageware, Inc. v. US. West Communications,* 219 F.3d 793 (8th Cir.
07/25/2000)……………………………………………………………………..23

*INS v. Phhinpathya*, 464 U.S. 83, 48 F.3D 1221 (2ND CIR. 2019)……………13

*In re Simon,* 297 F. 942, 34 ALR 1404 (2nd Cir. 1924)………………………..22

*International Longshoremen's Ass 'n v. Philadelphia Marine Trade Ass'n,*
389 U.S. 64, 74-76 (1967)…………………………………………………23

*Jean Dean v. Wells Fargo Home Mortgage,* No. 2:10-cv-564-FtM-29SPC (M.D.Fla. 04/21/2011)………………………………………………………..22

*Leas & Mc Vitty v. Merriman,* 132 F. 510 (C.C. W.D. Virginia 1904)…………22

*Leon Shaffer Golnick Advertising, Inc. v. Cedar,* 423 So. 2d 1015 (Fla. 4th DCA 1982)…………………………………………………………………………13

*Levine v. U.S.,* 48 F.3d 1221 (7th Cir. 1995)………………………………………13

*Marbury v. Madison,* 5 U.S. (1 Cranch) 137 (1803)………………………………17

*Middleton Paper Co. v. Rock River Paper Co.,* 19 F. 252 (C.C. W.D. Wisconsin 1884)………………………………………………………………………22

*Miles v. Gussin,* 104 B.R. 553 (Bankruptcy D.C. 1989)…………………………22

*PMC, Inc. v. Sherwin-Williams Co.,* 151 F.3d 610, 619-20 (7th Cir. 1998)…….23

*Procup v. Strickland,* 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc)………………………………………………………………………………24

*Project B.A.S.J.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir.1991)………………………23

*Sanders v. Air Line Pilots Ass 'n, Int'l,* 473 F.2d 244,247 (2d Cir. 1972)………..23

*Scanbe Mfg. Co. v. Tryon,* 400 F.2d 598 (9th Cir. 1968)…………………………22

*Schmidt v. Lessard,* 414 U.S. 473 (1974) (per curiam)……………………………23

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)…………………22

*Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994)…………………………22

*Taylor v. U.S.,* 45 F. 531 (C.C. E.D. Tennessee 1891)……………………………22

*Torres v. McCoun,* No. 8:08-cv-1605-T-33MSS (M.D.Fla. 09/10/2008)..........24

*Trinsey v Pagliaro*, D.C.Pa. 1964, 229 F.Supp. 647...................................13

*U.S. v. Murphy,* 82 F. 893 (DCUS Delaware 1897)..................................22

*U.S. v. Sharrock,* 276 F. 30 (DCUS Montana 1921)..................................22

*United States v. Robinson,* 690 F.2d 869 (11th Cir. 1982)...........................15

*University of S. Ala. v. The Am. Tobacco Co.,* 168 F.3d 405,410 (11th Cir.

1999)................................................................................................22

West's Encyclopedia of American Law, edition 2.....................................18

*Western Water Management, Inc. v. Brown,* 40 F.3d 105, 109 (5th Cir. 1994)....24

*Zipperer v. City of Fort Myers,* 41 F.3d 619,623 (11th Cir. 1995)..................24

## STATUTES

28 U.S.C.§ 1291(a)(1)..........................................................................20

28 U.S.C. 1691....................................................................................22

Article 1 of the Georgia Constitution......................................................24

## RULES

Fed. R. App. P. 32(a)(7)(B)(i)..............................................................26

Fed. R. App. P. 32(f)..........................................................................26

Rule 65(d) of the Federal Rules of Civil Procedure...................................23

## APPELLANT'S REPLY BRIEF

## ARGUMENTS IN REPLY

1.    This Court must base its analysis on the 2011 and 2018 orders –
EXHIBITS 11-006 and 11-020.

2.    EXHIBIT-11-006 is the Permanent Injunction Order in 1:11-CV-
01923-TWT ("01923"), Docket-74 dated 07/15/2011.

3.    EXHIBIT-11-020 is the Modification of Injunction Order filed
02/12/2018 in 01923 (01923-Docket-226).

4.    EXHIBIT-11-049 is the 03/03/2022 Request for Leave for Marcie
Schreck and/or Windsor to file a Complaint (01923-Docket-261).  It sought to
allow Marci Schreck, an acquaintance, to file a legal action in federal court in
Texas and to allow WINDSOR to file any cation for elder abuse in Texas.

5.    EXHIBIT-11-026 is the Order entered 03/09/2022 in response to
EXHIBIT-11-049. (01923-Docket-262.)  "Given Mr. Windsor's abuse of the courts
as a pro se litigant, the request for him to be allowed to file lawsuits as a next
friend or attorney-in-fact is DENIED."

6.    EXHIBIT-11-050 is the 06/08/2022 Request for Leave by Wanda
Dutschmann to File Motions for Judicial Review of Documentation or Instrument
Purporting to Create a Lien or Claim by William M. Windsor (01923-Docket-269).

6

7.    EXHIBIT-11-051 is the 06/08/2022 Request for Leave to file by WINDSOR Acquaintances (01923-Docket-270).

8.    EXHIBIT-11-052 is the 06/08/2022 Request for Leave for WINDSOR to File a Civil Rights Complaint in federal court in Texas (01923-Docket-271).

9.    EXHIBIT-11-048 is the Order entered 06/30/2022 in 01923 ("06/30/2022 INJUNCTION"). "Motion for Leave to File Motions [Doc. 269], Motion for Leave to file [Doc. 270] and Motion for Leave to File Civil Rights Complaint [Doc. 271] which are DENIED based upon the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system." [EXHIBITS-11-050—11-051—11-052.]

## THERE WAS NO FACTUAL BASIS FOR THE ORDERS EXHIBIT-11-026 AND EXHIBIT-11-048 ("APPEALED ORDERS").

10.    The basis for the APPEALED ORDERS was alleged "the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system."  But there was no evidence presented in this matter to support such a statement in the APPEALED ORDERS, or previously.

## THE APPELLEE'S BRIEF MUST BE DISREGARDED AS TO ANYTHING THAT APPEARS TO BE CLAIMS OF FACT

7

## AS THE BRIEF IS UNSWORN, AND THERE IS NO FACTUAL SUPPORT FOR ANY CLAIMS OF FACT.

11.     The basis for the ORDERS was alleged "the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system." But there were no facts and no evidence presented in this matter to support such a statement in the ORDERS, or previously.

12.     *Trinsey v Pagliaro*, D.C.Pa. 1964, 229 F.Supp. 647 *Leon Shaffer Golnick Advertising, Inc. v. Cedar*, 423 So. 2d 1015 (Fla. 4th DCA 1982); *Levine v. U.S.*, 48 F.3d 1221 (7th Cir. 1995); *INS v. Phhinpathya*, 464 U.S. 83, 48 F.3D 1221 (2ND CIR. 2019)

13.     Here's a 2022 case:

"As this court explained long ago in Leon Shaffer Golnick Advertising, Inc. v. Cedar, if an "advocate wishes to establish a fact, he [or she] must provide sworn testimony through witnesses other than himself [or herself] or a stipulation to which his [or her] opponent agrees." 423 So. 2d 1015, 1017 (Fla. 4th DCA 1982)." [DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, STATE OF FLORIDA, Appellant, v. DENISE FUNG TILLMAN, Appellee. Nos. 4D21-2348 and 4D21-2423 [August 17, 2022].]

## EXHIBITS TO THE APPELLEE'S BRIEF MUST BE DISREGARDED AS THEY ARE UNAUTHENTICATED.

14.     A court may not consider an unauthenticated document. [*Bowers v.*

*Norfolk Southern Corporation*, No. 08-12087 (11th Cir. 11/18/2008) (11th Cir. 2008).]

## THIS COURT INCORRECTLY HELD
## THAT IT LACKS JURISDICTION OVER WINDSOR'S CHALLENGES
## TO DISTRICT COURT'S 2011 AND 2018 ORDERS

15.   See APPELLEE'S BRIEF,PP.6-7.

16.   This is a closed case, and the Appeals are for so-called "Permanent Injunctions." This Court did not address this factual reality.

17.   The APPELLEES cite *Heathcoat v. Potts*, 905 USCA11 Case: 22-12411 Document: 39 Date Filed: 07/10/2023 7 F.2d 367, 370 (11th Cir. 1990) APPELLEES' BRIEF, P.6.]

> "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are **generally binding** in all subsequent proceedings in the same case in the trial court or on a later appeal." [**emphasis added**.]

18.   The APPELLEES' attorney ignored "generally binding" and the citations in his cited case that establish the "law of the case" does not apply in this matter.

19.   The APPELLEES' attorney also ignored: "The doctrine does not extend to every issue that could be ever raised in a given litigation but rather is limited to those issues previously decided;

9

20.    The "law of the case" may not be used to amend the U.S. Constitution

or apply to guardianship and other litigants not involved or addressed in the

injunction.

21.    In this case, "the prior decision was clearly erroneous and would work

manifest injustice." *Wheeler,* 746 F.2d at 1440 (quoting *United States v.*

*Robinson,* 690 F.2d 869, 872 (11th Cir. 1982) (citations omitted)); *Westbrook,* 743

F.2d at 768. *[Heathcoat v. Potts*, supra, P.371.] So it is a recognized exception to

the "law of the case."

22.    The United States Supreme Court is expected to clarify the illegality

of what JUDGE THRASH has done on September 26, 2023. [EXHIBIT-11-053.]

23.    There is no "necessary implication" that an injunction to protect the

federal judicial system applies to a person seeking to become a guardian or any of

as many as 1,000,000 acquaintances of WINDSOR.

24.    There is simply no legal authority for a federal judge to assert

jurisdiction over a state court matter. The decisions of JUDGE THOMAS W.

THRASH ("JUDGE THRASH") were clearly intentionally erroneous.

25.    In *United States v. Robinson,* 690 F.2d 869 (11th Cir. 1982), this

Court stated:

> "Under the law of the case doctrine, both the district court and the court of
> appeals generally are bound by findings of fact and conclusions of law made

by the court of appeals in a prior appeal of the same case. . . . However, the law of the case doctrine does not apply to bar reconsideration of an issue when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

<u>**APPELLEE'S BRIEF ISSUE #1:**</u>

<u>**THIS COURT DOES NOT LACK JURISDICTION OVER**</u>

<u>**WINDSOR'S APPEAL OF THE 2022 ORDERS**</u>

<u>**AS THE APPELEES HAVE FALSELY CLAIMED.**</u>

26.    See APPELLEES' BRIEF, PP.7-11.

27.    This Court incorrectly indicated it lacks jurisdiction over WINDSOR's challenges to district court's 2011 and 2018 orders.

28.    The 07/15/2011, 02/12/2018, and 02/27/2018 orders are incorporated in the 2022 Orders and cannot be disregarded in considering the APPEALED ORDERS.

29.    If this Court prefers, it may consider WINDSOR's notices of appeal in June and July 2022 as actions to reconsider the dismissal of these claims.

30.    Contrary to the claim of the APPELLEES, WINDSOR never abandoned anything.  For 12 years, he has maintained that the 2011 and 2018 orders are void.  See EXHIBITS 11-049, 11-050, and 11-051 as examples.

31.    *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), is a landmark U.S. Supreme Court case that established the principle of judicial review in the United States, meaning that American courts have the power to strike down laws and statutes that they find to violate the Constitution of the United States.

32.    *Marbury v. Madison* gives this Court the jurisdiction to now address the Constitutional violations in this matter.

33.    If the attorney for the APPELLEES had said this under oath, he would have committed perjury [APPELLEE'S BRIEF (P.9)].

> "Here, the May 26, 2022 order denied Plaintiff's motion to file guardianship actions and appeals in Texas state court, acts that were barred by the injunction."

34.    There is no such claim in EXHIBIT-11-006 or EXHIBIT 11-020.  The injunction has absolutely nothing to do with guardianship or probate issues.

35.    The APPELLEE's attorney would have this court believe that "Each of these orders constitutes an interpretation, not a modification, of the existing injunction."

36.    So, according to him, it is an interpretation that an application for guardianship of an elderly woman who was never a judge in an existing Texas probate court case is either a complaint, a new lawsuit, an administrative proceeding, frivolous, malicious, vexatious, and/or is against judges.

37.    West's Encyclopedia of American Law, edition 2. Defines "interpretation" as "The art or process of determining the intended meaning of a written document."

38.    The written documents are clear. [EXHIBITS 11-006 and 11-020.]

39.    Each of these APPEALED ORDERS constitutes a modification of the existing injunction.  JUDGE THRASH changed the nature and scope of the judicially imposed prohibition, so it is an unlawful modification.

40.    APPELLEES' attorney has actually written that "Because the district court's interpretation in the May 26, 2022 and June 30, 2022 orders was "certainly not so implausible as to amount to a blatant misinterpretation," it was not an appealable modification.  You gotta be kidding.

41.    On 03/03/2022, WINDSOR's REQUEST TO FILE A COMPLAINT [EXHIBIT-11-049] is a 5-page document that produces substantially different evidence.  WINDSOR's REQUEST was to:

> "…allow Windsor to file any action in Texas for elder abuse as next friend or as an attorney-in-fact pursuant to Texas law as long as there are no federal judges or federal court employees involved…."

42.    The 03/09/2022 Order [EXHIBIT-11-026] says in its entirety:

> "This is a pro se civil action. It is before the Court on the pro se Plaintiffs' Motion for Leave for Marcie Schreck and/or William M. Windsor to File a Complaint [Doc. 261] which is GRANTED in part and DENIED in part. The

13

Request for permission for Marcie Schreck to file a Complaint on behalf of her mother Wanda Jean Dutschmann is GRANTED. Given Mr. Windsor's abuse of the courts as a pro se litigant, the request for him to be allowed to file lawsuits as a next friend or attorney-in-fact is DENIED."

43.    The 06/30/2022 Order [EXHIBIT-11-048] says in its entirety:

"This is a pro se civil action. It is before the Court on the Motion for Leave to File Motions [Doc. 269], Motion for Leave to File [Doc. 270] and Motion for Leave to File Civil Rights Complaint [Doc. 271] which are DENIED based upon the well documented history of frivolous filings by William Windsor and his abuse of the federal judicial system. SO ORDERED, this 30th day of June, 2022."

44.    The 06/08/2022 REQUEST FOR LEAVE TO FILE [EXHIBIT-11-052] is a 100-page document that produces substantially different evidence. There is no "documented history of frivolous filings by William Windsor" or "abuse of the federal judicial system." There is nothing in EXHIBITS-11-006 or 11-020 that addresses elder abuse or civil rights complaints in Texas.

## APPELLEE'S BRIEF ISSUE #2:
## THIS COURT HAS JURISDICTION
## OVER WINDSOR'S APPEAL OF THE 2022 ORDERS.

45.    The APPELLEE's Attorney claims this Court lacks jurisdiction. That would be funny if this was not such a serious issue.

46.     WINDSOR appealed pursuant to 28 U.S.C.§ 1291(a)(1), which permits interlocutory review of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

**APPELLEE'S BRIEF ISSUE #3:**
**WINDSOR DID NOT ABANDON A CHALLENGE TO THE 2022 ORDERS**
**BY FAILING TO IDENTIFY ANY LEGAL ERRORSSPECIFIC TO**
**THOSE ORDERSAS THE APPELLEES HAVE FALSELY STATED.**

47.     See APPELLEE'S BRIEF, PP.11-12.

48.     WINDSOR identified all the legal errors that applied to the 2022 orders.

**49.**     The terms are very clear "…**filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding….**" [APPELLANT'S-BRIEF--P.13-¶99.]

50.     The APPEALED ORDERS have nothing to do with filing a complaint, filing a new lawsuit, or filing an administrative proceeding.  A Texas application for guardianship in an existing probate court matter is not the filing of a lawsuit and is not an administrative proceeding. And it is a matter over which JUDGE THRASH has no jurisdiction.

51.     Contrary to the outlandish claim of the APPELLEES, this clearly explains why the 2022 Orders are void.  WINDSOR explained that the so-called

permanent injunctions do not restrict a Texas application for guardianship in an existing probate court matter is not the filing of a lawsuit and is not an administrative proceeding.

52.    See APPELLANT'S BRIEF, P.xxvii, P.1-¶¶25-26.  See P.3-¶38: Neither the motion to deny removal nor jurisdiction were ever addressed by jUDGE THRASH in 01923.

53.    WINDSOR has never filed anything frivolous, and he has not abused the federal judicial system.

54.    The U.S. Attorney continues to violated the Constitution and the law by claiming a federal judge has jurisdiction over state court matters.

### THE DISTRICT COURT'S ORDERS ARE VOID AND INVALID.

55.    +JUDGE THRASH's ORDERS are void.  The U.S. Supreme Court has stated that if a court is "without authority, its judgments and orders are regarded as nullities.  They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them." *(Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).)

56.    It is well-established law that a judge must first determine whether the judge has jurisdiction before hearing and ruling in any case.  JUDGE THRASH

failed to do so when he issued a purported injunction on 7/15/2011 and failed to address the 6/14/11 MOTION TO DENY REMOVAL. [01923-DOCKET-7.]

57.    The ORDERS of JUDGE THRASH are void. *(Adams v. State,* No. 1 :07-cv-2924-WSDCCH (N.D.Ga. 03/05/2008).) *(See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998); see also *University of S. Ala. v. The Am. Tobacco Co.,* 168 F.3d 405,410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). *(Jean Dean v. Wells Fargo Home Mortgage,* No. 2:10-cv-564-FtM-29SPC (M.D.Fla. 04/21/2011).) *(Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994).)

58.    The ORDERS issued by JUDGE THRASH are invalid and not issued under seal or signed by the Clerk of the Court in violation of 28 U.S.C. 1691.

> The word "process" at 28 U.S.C. 1691 means a court order. See *Middleton Paper Co. v. Rock River Paper Co.,* 19 F. 252 (C.C. W.D. Wisconsin 1884); *Taylor v. U.S.,* 45 F. 531 (C.C. E.D. Tennessee 1891); *U.S. v. Murphy,* 82 F. 893 (DCUS Delaware 1897); *Leas & Mc Vitty v. Merriman,* 132 F. 510 (C.C. W.D. Virginia 1904); *U.S. v. Sharrock,* 276 F. 30 (DCUS Montana 1921); *In re Simon,* 297 F. 942, 34 ALR 1404 (2nd Cir. 1924); *Scanbe Mfg. Co. v. Tryon,* 400 F.2d 598 (9th Cir. 1968); *and Miles v. Gussin,* 104 B.R. 553 (Bankruptcy D.C. 1989).

## **WINDSOR AND HIS ACQUAINTANCES WERE DENIED PROCEDURAL DUE PROCESS.**

59.    JUDGE THRASH has no authority to deny acquaintances of

17

WINDSOR the right to file their own legal actions. These nice people have their own legal issues, and they are doing nothing in consort with WINDSOR to file things for him. These people are being unlawfully enjoined. There is no legal basis for what JUDGE THRASH is doing.

60.    There was no basis for issuing INJUNCTIONS because the only evidence and the only facts before JUDGE THRASH were from WINDSOR. There wasn't a single affidavit or word of testimony from the DEFENDANTS. The INJUNCTION fails to set forth any valid reasons (as there are none). There was no notice or an opportunity to be heard. There is no legal basis for a federal judge to interfere with a state guardianship effort. Statutes and case law firmly establish that federal judges have no jurisdiction over state court matters and may not deny a party the right to appeal.

> The requirements for a valid injunction are found in Rule 65(d) of the Federal Rules of Civil Procedure, which provides, so far as pertinent here, that "every order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." *(International Longshoremen's Ass 'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 74-76 (1967); *Schmidt v. Lessard,* 414 U.S. 473 (1974) (per curiam); *PMC, Inc. v. Sherwin-Williams Co.,* 151 F.3d 610, 619-20 (7th Cir. 1998); *Project B.A.S.J.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir.1991); *Imageware, Inc. v. US. West Communications,* 219 F.3d 793 (8th Cir. 07/25/2000); *Sanders v. Air Line Pilots Ass 'n, Int'l,* 473 F.2d 244,247 (2d Cir. 1972); *EFS Marketing, Inc. v. Russ Berrie & Co.,* 76 F.3d 487,493 (2d Cir. 1996) (internal quotation marks omitted).)

Amendment V of the U.S. Constitution provides: "No person shall be ... deprived of life, liberty, or property, without due process of law .... "Article 1 of the Georgia Constitution provides: "No person shall be deprived of life, liberty, or property except by due process of law."

61.    JUDGE THRASH improperly foreclosed WINDSOR's access to courts and the access of people with whom he is acquainted.  JUDGE THRASH issued an injunction without giving WINDSOR the opportunity to be heard at a hearing.  Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property or liberty interest. *(Zipperer v. City of Fort Myers,* 41 F.3d 619,623 (11th Cir. 1995).)

62.    Meaningful access to the courts is a Constitutional right that has been denied by JUDGE THRASH, and his ORDERS deny significant rights.

  (See *Procup v. Strickland,* 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc); *Christopher v. Harbury,* 536 U.S. 403,415 & n.12, 122 S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002).)

63.    There was no Show Cause order issued to WINDSOR or his acquaintances as required by Eleventh Circuit law.  Neither WINDSOR nor his acquaintances had proper notice.

Upon these findings and **consistent with Eleventh Circuit law, this Court required Plaintiff to show cause within ten days ... why a Martin Trigona injunction should not be entered.** (See *Procup v. Strickland,* 792 F.2d 1069 (11th Cir. 1986); *Torres v. McCoun,* No. 8:08-cv-1605-T-33MSS (M.D.Fla. 09/10/2008); *Western Water Management, Inc. v. Brown,* 40 F.3d 105, 109 (5th Cir. 1994).) **[emphasis added.]**

64.    WINDSOR will suffer irreparable harm if the ORDERS [EXHIBITS-11-026 and 11-048] are allowed to stand and WINDSOR and his acquaintances lose legal rights.

65.    The courthouse doors have been closed to WINDSOR and his acquaintances in violation of extensive case law.  WINDSOR and his acquaintances have been denied the right to petition the government for redress of grievances.  WINDSOR and his acquaintances have been denied rights pursuant to the Constitution and Bill of Rights.

66.    JUDGE THRASH issued an ORDER that had immediate and irreparable impact on WINDSOR and his acquaintances.

## CONCLUSION

67.    The APPELLEE'S BRIEF must be disregarded, and WINDSOR's APPEAL must be granted.

This 21st day of August, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorinSouthDakota@yahoo.com

20

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 14 pages.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared by a proportionally spaced typeface using Microsoft Word software in Times New Roman 14-point font, one of the font and point selections approved by this Court.

This 21st day of August, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorinSouthDakota@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing APPELLANT'S REPLY BRIEF by email and addressed as follows:

RYAN K. BUCHANAN – GABRIEL A. MENDEL
UNITED STATES ATTORNEY -- ASSISTANT U.S. ATTORNEY

.21

600 United States Courthouse
75 Ted Turner Drive, S.W., Atlanta, Georgia 30303
404-581-6000 -- Fax: 404-581-6181 -- gabriel.mendel@usdoj.gov

This 21st day of August, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorinSouthDakota@yahoo.com

APPEAL NO. 22-12038 and 22-12411

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

**APPELLANT'S PETITION FOR REHEARING**

**AND EN BANC DETERMINATION**

# APPENDIX 146

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

APPEAL NO. 22-12038-J AND 22-12411-J

RECEIVED
U.S. COURT OF APPEALS
CLERK
JUN 07 2023
ATLANTA, GA

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## WILLIAM M. WINDSOR, Plaintiff and Appellant

v.

James N. Hatten, Anniva Sanders, J. White, B. Gutting, Margaret Callier, B. Grutby, Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey, Judge Orinda D. Evans, Judge Julie E. Carnes, John Ley, Judge Joel F. Dubina, Judge Ed Carnes, Judge Rosemary Barkett, Judge Frank M. Hull,
### Defendants and Appellees

Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
Civil Action No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash

## APPELLANT'S BRIEF

### William M. Windsor, Pro Se
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

APPEAL NO. 22-12038-J AND 22-12411-J

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## WILLIAM M. WINDSOR, Plaintiff and Appellant

v.

James N. Hatten, Anniva Sanders, J. White, B. Gutting, Margaret Callier, B. Grutby,
Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey, Judge Orinda D.
Evans, Judge Julie E. Carnes, John Ley, Judge Joel F. Dubina, Judge Ed Carnes,
Judge Rosemary Barkett, Judge Frank M. Hull,
**Defendants and Appellees**

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
Civil Action No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S BRIEF

**William M. Windsor, Pro Se**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

- 20/20.

- 60 Minutes.

- ABC News.

- Adams, Sigmund R., Esq.

- Administrative Offices of the United States Courts.

- Alcatraz Media, Inc., and Alcatraz Media, LLC, (jointly "Alcatraz").

- American Civil Liberties Union.

- Anderson, Judge R. Lanier, United States Appellate Judge.

- Anderson, Jr., Carl Hugo ("Mr. Anderson"), Counsel for Maid of the Mist Corp. and Maid of the Mist Steamboat Company, Ltd.

- Ash, Carol, Commissioner of New York State Office of Parks Recreation and Historic Preservation.

- Ashton, Judge Jeffrey L.

- Atlanta Journal & Constitution.

- Baldwin, Congresswoman Tammy.

- Barkett, Judge Rosemary, United States Appellate Judge.

- Batten, Timothy C., United States District Judge.

- Baverman, Alan J.

- Brill, Gerrilyn G.

i

- Ben-David, Neeli.

- Betts, Deputy Sheriff

- Berry, Judith L. ("Berry"), customer of Alcatraz and Maid.

- Berman, Congressman Howard.

- Birch, Judge Stanley F., United States Appellate Judge.

- Birnbaum, Jessica

- Black, Judge Susan H., United States Appellate Judge.

- Blackburn, Judge, United States District Judge.

- Boucher, Congressman Rick.

- Bright, Sarah Louise ("Ms. Bright"), Counsel for Maid of the Mist Corp. and Maid of the Mist Steamboat Company, Ltd.

- Brown, Marc W. ("Mr. Brown"), Counsel for Maid of the Mist Corp. and Maid of the Mist Steamboat Company, Ltd.

- Buchanan, Ryan K., United States Attorney.

- Callier, Margaret.

- Carlson, Sandra ("Carlson"), Assistant Controller of Maid.

- Camp, Jack T., United States District Judge.

- Cardin, Senator Benjamin L.

- Carnes, Judge Ed, United States Appellate Judge.

- Carnes, Judge, United States District Judge.

- Castro, Bernadette.

- CBS News.

- Chaffetz, Congressman Jason.

- Chambliss, Senator Saxby.

- Chu, Congresswoman Judy.

- Coble, Congressman Howard.

- Cohen, Congressman Steve.

- Cole, Susan S.

- Committee on the Judiciary of the United States House of Representatives.

- Conway, Judge, United States District Judge.

- Conyers, Jr., Chairman John.

- Cooper, Clarence, United States District Judge.

- Cornyn, Senator John.

- Coty, Darcy.

- Cox, Judge Emmett Ripley, United States Appellate Judge.

- Cuomo, Andrew, New York State Attorney General.

- Cutter, Cory.

- Darnell, Emma I.

- Dateline NBC.

- Deivanayagam, Judge Vikram.

- Delahunt, Congressman Bill.

- DiNapoli, Thomas, New York State Comptroller.

- Dubina, Judge Joel F., United States Appellate Judge.

- Duffey, Hon. William S. ("Judge Duffey"), United States District Judge.

- Durbin, Senator Dick J.

- Dutschmann, Doug

- Dutschmann, Michael

- Dutschmann, Wanda

- Eaves, John.

- Edmondson, Judge J.L., United States Appellate Judge.

- Edwards, William "Bill."

- English, Deputy Sheriff.

- Evans, Hon. Orinda D. ("Judge Evans"), United States District Judge.

- Everybody Loves Travel, LLC, company owned by the owners of Alcatraz Media, Inc., and Alcatraz Media, LLC.

- Fay, Judge Peter T., United States Appellate Judge.

- Federal Bureau of Investigation ("FBI").

- Federal Bureau of Investigation – Atlanta Office – Morning Watch Commander.

- Feingold, Senator Russ D.

- Feinstein, Senator Dianne.

- The Fifth Estate.

- Forbes, Congressman J. Randy.

- Forrester, J. Owen, United States District Judge.

- Franken, Senator Al.

- Franks, Congressman Trent.

- Fudge, Naomi.

- Fuller, Judge, United States District Judge.

- Gallegly, Congressman Elton.

- Garner, Joan P.

- Georgia Athletic and Entertainment Commission ("GAEC").

- Gerstenlauer, James.

- Glynn, Christopher ("Glynn"), President of Maid.

- Godbold, Judge John C., United States Appellate Judge.

- Gohmert, Congressman Louie.

- Graham, Senator Lindsey.

- Gonzalez, Congressman Charles A.

- Granade, Judge, United States District Judge.

- Grassley, Senator Chuck.

- Grutby, B.

- Gutierrez, Congressman Luis V.

v

- Gutting, Beverly.

- Hagy, C. Christopher

- Hanna, Vicki.

- Harper, Congressman Gregg.

- Hatch, Senator Orrin G.

- Hatten, James N.

- Hausmann, Liz.

- Hawkins & Parnell ("H&P"), Counsel for Maid of the Mist Corp. and Maid of the Mist Steamboat Company, Ltd.

- Hill, Judge James C., United States Appellate Judge.

- Holder, Eric H.

- Horn, John A.

- Howard, Paul, Jr.,

- Huber, Christopher J, United States Attorney.

- Hull, Judge Frank M., United States Appellate Judge.

- Huber, Christopher J, United States Attorney.

- Hunt, Willis B., Jr., United States District Judge.

- Isakson, Senator Johnny.

- Issa, Congressman Darrell.

- Jackson, Ted.

- Jackson Lee, Congresswoman Sheila.

- Johnson, Congressman Hank.

- Johnson, Walter E.

- Jones, Judge Jack

- Jones, Special Agent Gregory.

- Jones, Steve C.

- Jordan, Congressman Jim.

- Judicial Conference of the United States.

- Judicial Council of the Eleventh Circuit.

- Kahn, Thomas K,

- Katzman, Archie, Acting Chairman of Niagara Parks Commission.

- Kaufman, Senator Ted.

- Keel, Rebecca.

- Kerwin, Adrienne, Esq.

- King, Congressman Steve.

- King, Janet F.

- Klobucher, Senator Amy.

- Kohl, Senator Herb.

- Kravitch, Judge Phyllis A., United States Appellate Judge.

- Kyl, Senator Jon.

- Leahy, Senator Patrick J.

- Leighty, Christopher.

- Leon, Richard J., United States District Court Judge

- Lofgren, Congresswoman Zoe.

- Lowe, Tom.

- Maffei, Congressman Dan.

- Maid of the Mist Corporation ("Corporation"), and Maid of the Mist Steamboat Company, Ltd. ("Steamboat"), (jointly "Maid").

- Mansker, Jonathan Blake.

- Marcus, Judge Stanley, United States Appellate Judge.

- Martin, Beverly B., United States District Judge.

- McCall, Carl.

- McGuinty, Dalton, Premier of Ontario.

- Menard, Judge Vicki.

- Mendel, Gabriel D., Assistant United States Attorney.

- Mendell, Brett A. ("Mr. Mendell"), Former Counsel for Maid of the Mist Corp. and Maid of the Mist Steamboat Company, Ltd.

- Mickle, Judge, United States District Judge.

- Mincher, Douglas J.

- Moore, Judge, United States District Judge.

- Moye, Charles A., United States District Judge.

- Murphy, Harold., United States District Judge.

- Nadler, Congressman Jerrold.

- National Association of Ticket Brokers.

- NBC News.

- New York State Bar Association.

- New York State Office of Parks, Recreation and Historic Preservation

- New York State Comptroller's Office.

- New York State Supreme Court.

- New York Times.

- Niagara County New York District Attorney.

- Niagara Falls Cruise Lines.

- Niagara Falls Reporter.

- Niagara Parks Commission.

- Noye, Deputy Sheriff.

- Nwokocha, Cynthia.

- O'Kelley, William C., United States District Judge.

- Obama, President Barrack.

- Palin, Sarah.

- Pannell, Charles A., United States District Judge.

- Parker, Tim.

- Parlato, Frank.

- Pataki, George.

- Paterson, David, Governor of the State of New York.

- Penland, James W. ("Mr. Penland"), Former Counsel for William M. Windsor, Petitioner.

- Phillips Lytle ("Phillips"), Counsel for Respondents, Maid of the Mist Corp. and Maid of the Mist Steamboat Company, Ltd.

- Poe, Congressman Ted.

- Potts, Robb.

- Pryor, Judge William H., United States Appellate Judge.

- Pushkarsh, Christopher.

- Quillen, Henry.

- Quillian Yates, Sally.

- Raley, G. Brian ("Mr. Raley"), Former Counsel for Alcatraz Media, Inc., and Alcatraz Media, LLC.

- Reserve 123, Inc., a company owned by the owners of Alcatraz Media, Inc., and Alcatraz Media, LLC.

- Reserve XL, Inc., a company owned by the owners of Alcatraz Media, Inc., and Alcatraz Media LLC.

- Ripley's Entertainment.

- Rojas Rafter, Carmen, Esq.

- Romney, Mitt.

- Rooney, Congressman Thomas J.

- Round America, LLC

- Royal, Judge, United States District Judge.

- Ruddy, Timothy P. ("Ruddy"), Vice-President of Maid.

- Russ, Arthur ("Mr. Russ"), Counsel for Maid of the Mist Corp. and Maid of the Mist Steamboat Company, Ltd.

- Russell, Constance.

- Rutkowski, Edward J.

- Sanchez, Congresswoman Linda.

- Sanders, Anniva.

- Schiff, Congressman Adam.

- Schreck, Marcie.

- Schul, Robert J. ("Schul"), Controller of Maid.

- Schumer, Senator Chuck.

- Schwall, Craig.

- Scofield, E. Clayton.

- Sensenbrenner, Jr., Congressman Jim.

- Sessions, Senator Jeff.

- Shelnutt, Gentry, Esq.

- Shoob, Marvin H., United States District Judge.

xi

- Smith, Congressman Lamar.

- Smith, Monique, Ontario Minister of Tourism.

- Specter, Senator Arlen.

- Spitzer, Eliot L.

- State Bar of Georgia.

- Story, Richard W., United States District Judge.

- Sullivan, Kathleen E. ("Ms. Sullivan"), Former Counsel for Alcatraz
  Media, Inc., and Alcatraz Media, LLC.

- Take 5 Tours, Inc., a company owned by the owners of Alcatraz
  Media, Inc., and Alcatraz Media, LLC.

- Thrash, Thomas W., United States District Judge ("JUDGE
  THRASH").

- Tidwell, G. Ernest, United States District Judge.

- Tjoflat, Judge Gerald Bard, United States Appellate Judge.

- Totenberg, Amy.

- United States Attorney General.

- United States Attorney's Office.

- United States Court of Appeals for the Eleventh Circuit (11TH
  CIRCUIT").

- United States District Court for the Northern District of Georgia
  ("DISTRICT COURT").

- United States Department of Justice.

- United States Senate Committee on the Judiciary.

- United States Supreme Court.

- Vining, Robert L, Jr., United States District Judge.

- Walker, Linda T.

- Wall Street Journal.

- Ward, Horace T., United States District Judge.

- Washington Post.

- Wasserman Schultz, Congresswoman Debbie.

- Waters, Congresswoman Maxine.

- Weiner, Congressman Anthony.

- Wexler, Congressman Robert.

- White, Joyce.

- Whitehouse, Senator Sheldon.

- Wilson, Judge Charles R., United States Appellate Judge.

- Windsor, Barbara G.

- Windsor, William M. ("Windsor" or "Plaintiff" or "Appellant")

- Wright, Cynthia.

- Yates, Sally Quillian, Esq.

- ZZ Tours, Inc.

The undersigned further certifies that the following is a full and complete list

of all persons alleging to be serving as attorneys for the parties in this proceeding:

RYAN K. BUCHANAN – GABRIEL A. MENDEL
UNITED STATES ATTORNEY -- ASSISTANT U.S. ATTORNEY
600 United States Courthouse
75 Ted Turner Drive, S.W., Atlanta, Georgia 30303
Telephone: 404-581-6000 -- Facsimile: 404-581-6181
Email: gabriel.mendel@usdoj.gov

None of the parties are corporations.

This 3rd day of June, 2023,

_William M. Windsor_
**William M. Windsor**

## STATEMENT REGARDING ORAL ARGUMENT

As much as WINDSOR would love to make an oral argument, he must

waive oral argument. He is in Florida awaiting surgery, and travel to Atlanta is not

possible. If oral argument can be made by Zoom or a similar service, WINDSOR

would welcome that opportunity.

This 3rd day of June, 2023,

_William M. Windsor_
**William M. Windsor**

xiv

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
  DISCLOSURE STATEMENT…..……………..……...........................i

STATEMENT REGARDING ORAL ARGUMENT….,………………….…..xiv

TABLE OF CONTENTS....................................................................xv

TABLE OF AUTHORITIES CITED...................................................xvii

JURISDICTIONAL STATEMENT……..........................................xxv
  JURISDICTION OF APPELLATE COURT............................................xxv
  FILING DATES ESTABLISHING TIMELINESS OF APPEAL...........xxvi
  APPEAL FROM A FINAL ORDER OR JUDGMENT.........................xxviii
  JURISDICTION OF DISTRICT COURT.............................................xxviii

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................... 1

STATEMENT OF THE CASE...............................................................1

SUMMARY OF THE ARGUMENT…………………………………………… 14

ARGUMENT……....................................................................15

  I.  A FEDERAL COURT JUDGE DOES NOT HAVE JURISDICTION
    TO PLACE RESTRICTIONS ON THE OPERATION OF STATE
    COURTS, SO ALL OF THE APPEALS MUST BE GRANTED....15

  II.  ALL ORDERS OF JUDGE THRASH MUST BE DECLARED VOID
    BECAUSE FEDERAL COURT ORDERS ARE VOID WHEN
    JURISDICTION IS NEVER DETERMINED………………………17

  III.  JUDGE THRASH'S FEDERAL COURT ORDERS PLACING
    RESTRICTIONS ON THE OPERATION OF STATE COURTS

ARE VOID ORDERS……………………………………………...18

V.    IN GEORGIA, A PARTY APPLYING FOR IN FORMA
        PAUPERIS IS NOT REQUIRED TO MAKE FINANCIAL
        DISCLOSURES OF THE SEPARATE PROPERTY OF A
        SPOUSE, SO DENIAL OF IN FORMA PAUPERIS STATUS
        TO WINDSOR WAS UNLAWFUL……………………………..22

V.    WINDSOR'S CONSTITUTIONAL DUE PROCESS RIGHTS
        HAVE BEEN VIOLATED, SO THE APPEALS MUST BE
        GRANTED…………………………………………………….23

CONCLUSION AND STATEMENT OF RELIEF SOUGHT…………………….30

CERTIFICATE OF COMPLIANCE……………………….............................31

PROOF OF SERVICE…………….…………………………..........................31

VERIFICATION…………….……….…………………….............................33

INDEX TO APPENDICES…..……….…………………..............................34

# TABLE OF AUTHORITIES CITED

CASES                                              PAGE NUMBER

*Abdel-Fakhara v. State*, 5:21-cv-198, 9 (D. Vt. Sep. 6, 2022)......................18

*Adams v. State*, No. 1:07-cv-2924-WSD-CCH (N.D.Ga. 03/05/2008).......18, 22

*Armstrong v. Manzo*, 380 U. S. 545, 552 (1962)....................................21

*Bass v. Hoagland*, 172 F. 2d 205, 209 (1949)...................................... 21

*Baum v. Blue Moon Ventures, LLC,* 513 F .3d 181, 191-192
    (5th Cir. 2008)..............................................................12, 16

*Bradley v. Fisher*, 13 Wall 335, 20 L. Ed. 646 (1872)..........................xxvii

*Concrete Pipe & Prods. V. Constr. Laborers Pension*, 508 U.S. 602, 617
    (1993)....................................................................27, 28

*Davidson Chevrolet v. City and County of Denver*, 330 P.2d 1116, certiorari
    denied 79 S.Ct. 609, 359 U.S. 926..................................................19

*Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed. 2d 660
    (1979)......................................................................26

*Dickey v. United States,* No. 20-12025 (11th Cir. 2021)..........................16

*Dinardo v. Palm Beach Judge*, 199 Fed.Appx. 731 (11th Cir. 07/18/2006).....31

*Earle v. McVeigh*, 91 US 503, 23 L Ed 398........................................19

*Ex parte Rowland* (1882) 104 U.S. 604, 26 L.Ed. 861..............................20

*Goldberg v. Kelly*, 397 U.S. 254, 267 (1970)......................................24

*I.A.M Nat'l Pension Fund Benefit Plan Av. Cooper Indus., Inc.,* 789 F.2d 21,
    23-24 (D.C. Cir. 1986).......................................................xxviii

*In re: William M. Windsor*, Case # 6-21-bk-04061 in the U.S. Bankruptcy
    Court for the Middle District of Florida...............................................2

*In re Murchison*, 349 U.S. 133 (1955)..................................................28

*In re United States of America*, 441 F.3d at 66.....................................28

*Jean Dean v. Wells Fargo Home Mortgage*, No. 2:10-cv-564-FtM-29SPC
    (M.D.Fla. 04/21/2011).....................................................................18

*Johnson v. Mississippi*, 403 U.S. 212, 216 (1971)..............................27, 28

*Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974) ..........................20

*Julie Baker Zalloum v. River Oaks Community Services Association, Inc.,
    et al*, No. 20-11483 (11th Cir. 2021)................................................23

*Klay v. United*, 376 F.3d 1092, 1099-1102 (11th Cir. 2004)...................17

*Klugh v. U.S., D.C.S.C.*, 610 F.Supp. 892, 901....................................21

*Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960).................28

*Liteky v U.S.*, 510 US 540 (1994)......................................................27

*Littleton v. Berbling*, 468 F.2d 389, 412 (7th Cir. 1972)......................29

*Lubben v. Selective Service*, 453 F.2d 645 (1972) (1st Cir. 1972) .........20

*Lyons v. Litton Loan Servicing LP*, 158 F.Supp.3d 211, 218 (S.D.N.Y. 2016)....18

*Maid of the Mist v. Alcatraz Media*, Case No. 1:06-CV-00714-ODE..........1, 2

*Makarov v. U.S.*, 201 F.3D 110, 113 (2d Cir. 2002)...............................18

*Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961)...........26

*Marshall v. Barlow's*, 436 U.S. 307, 312, 98 S.Ct. 1816, 1820, 56 L.Ed.

2d 305 (1978)................................................................26

*Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 1613
   (1980)............................................................................24, 28

*Martin-Trigona v. Lavien*, 737 F.2d 1254, 1263 (2d Cir. 1984).................16

*Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993)...............17

*Mathews v. Eldridge*, 424 U.S. 319, 344 (1976)..............................28

*McDonald v. Mabee* (1917) 243 US 90, 37 Set 343, 61 Led 608...................20

*Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).........................29

*Millken v. Meyer*, 311 U.S. 457, 61 S. CT. 339,85 L. Ed. 2d 278 (1940).........19

*Offutt v. United States*, 348 U.S. 11, 14 (1954)................................27, 28

*Orner v. Shalala*, 30 F.3d 1307, 1308 (C.A.10 (Colo.),1994......................22

*Osborn v. Bank of the United States*, 9 Wheat (22 U.S.) 738, 866, 6 L.Ed
   204 (1824)...............................................................................29

*Palko v. Connecticut*, 302 U.S. 319 (1937)......................................24

*Pennoyer v. Neff*(1877) 95 US 714, 24 Led 565                          20

*People v. Greene*, 71 Cal. 100 [16 Pac. 197, 5 Am. St. Rep. 448]..............20

*Peters v. Kiff*, 407 U.S. 493, 502 (1972).........................................27, 28

*Piper v. Pearson*, 2 Gray 120....................................................xxvii

*Procup v. Strickland*, 760 F.2d 1107 (11th Cir. 05/20/1985)...................... 16

*Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam)
   (en banc)....................................................................17, 29, 30

*Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App.,* 80 S.W.2d 1087, 1092............................................................................21

*Riccard v. Prudential,* 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)...............17

*Rose v. Himely* (1808) 4 Cranch 241, 2 Led 608 **20**

*Sabariego v Maverick,* 124 US 261, 31 L Ed 430, 8 S Ct 461......................20

*Schweiker v. McClure,* 456 U.S. 188, 195 (1982)...............................24

*Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1344 (10th Cir. 2006)............16

*Snyder v. Massachusetts,* 291 U.S. 97, 105 (1934)...............................24, 25

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)....................18

*Stone v Powell,* 428 US 465, 483 n. 35, 96 S. Ct. 3037...............................27

*Superior Court of Gwinnett County Georgia,* Case No. 05A-10097-3............1, 2

*Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994)............................18

*Thompson v. Whitman* (1873) 18 Wall 457, 211 ED 897 **20**

*Tube City Mining v. Otterson,* 16 Ariz. 305, 146 P 203 (1914)......................18

*U.S. v. Simpson,* 927 F.2d 1088 (9th Cir. 1990)........................................29

*University of S. Ala. v. The Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999)..........................................................................18

*V.T.A., Inv. v. Airco, Inc.* 597 F. 2d 220 (10th Cir. 1979)............................21

*Wahl v. Round Valley Bank* 38 Ariz, 411, 300 P. 955 (1931)........................18

*Williams v. Chatman,* 510 F.3d 1290, 1293 (11th Cir. 2007).......................16

*Windsor v. Hatten, et al*, Case No. 2011-CV-200971 in the Superior
Court of Fulton County Georgia.................................................xxx, 3

*Windsor v. Hatten, et al*, Civil Action No. 1:11-CV-01923-TWT,
   United States District Court for the Northern District of Georgia,
   Atlanta Division ("01923").................................xxx, 1, 2, 3, 9, 14

*Windsor v. Hatten, et al*, APPEAL NO. 11-13214 (11th Cir. 2011).................8

*Windsor v. Hatten, et al*, APPEAL NO. 11-13244 (11th Cir. 2011)............5, 7

*Windsor v. Hatten, et al*, APPEAL NO. 11-13363 (11th Cir. 2011)............5, 7

*Windsor v. Hatten, et al*, APPEAL NO. 11-13391 (11th Cir. 2011)................7

*Windsor v. Hatten, et al*, APPEAL NO. 11-14021 (11th Cir. 2011)..............10

*Windsor v. Hatten, et al*, APPEAL NO. 11-14124 (11th Cir. 2011)................9

*Windsor v. Hatten, et al*, APPEAL NO. 11-14202 (11th Cir. 2011)................9

*Windsor v. Hatten, et al*, APPEAL NO. 11-14502 (11th Cir. 2011)................

*Windsor v. Hatten, et al*, APPEAL NO. 11-14847 (11th Cir. 2011)................9

*Windsor v. Hatten, et al*, APPEAL NO. 11-15275 (11th Cir. 2011)..............10

*Windsor v. Hatten, et al*, APPEAL NO. 12-10157 (11th Cir. 2012)..............10

*Windsor v. Hatten, et al*, APPEAL NO. 18-11067 (11th Cir. 2018).  ..............11

*Windsor v. Hatten, et al*, Appeal No. 20-11483 (11th Cir. 2021)..................23

*Windsor v. Hatten, et al*, APPEAL NO. 22-12038-J (11th Cir. 2022)......1, 3, 14

*Windsor v. Hatten, et al*, APPEAL NO. 22-12411-J (11th Cir. 2022).........1, 14

*Windsor v. Longest and Boise Cascade*, 2018-CA-010270 in Ninth Judicial
   Circuit in Orange County Florida)..................................................20

*Windsor v. McVeigh* (1876) 93 US 274, 23 Led 914

*Wolf v. People of State of Colorado*, 338 U.S. 25, 27--28, 69 S.Ct. 1359,
1361, 93 L.Ed. 1782 (1949)................................................................26

## STATUTES

28 U.S.C. § 1292(a)(l)..........................................................xxvii, xxviii

28 U.S.C. §1651................................................................................xxv

28 U.S.C. § 1746..........................................................................31, 33

28 U.S.C. § 1915(a)(1).........................................................................22

Amendment IV of the United States Constitution.............................26

Amendment V of the United States Constitution............xxv, 23, 27, 28

Amendment VI of the United States Constitution......................xxv, 29

Amendment XIV of the United States Constitution..............23, 27, 28

Article I of the Georgia Constitution I Section I - RIGHTS OF PERSONS -
Paragraph I. Life, liberty, and property..........................................xxv

Article I of the Georgia Constitution I Section I - RIGHTS OF PERSONS -
Paragraph XXVII. Spouse's separate property......................xxvi, 22

Article III of the United States Constitution..........................xxvi, 15

Georgia Code -- Title 19 - Domestic Relations -- Chapter 3 – Marriage
Generally -- Article 1 - General Provisions -- § 19-3-9. Each Spouse's
Property Separate.................................................................xxvi, 22

Georgia Constitution....................................................................1, 5, 28

## OTHER

1 Freeman on Judgments, 120c…………………………………………..20

30A Am Jur Judgments''…………………………………………………..19

All Writs Act 28 U.S.C. § 1651…………………………………………..xxv

Black's Law Dictionary 784 (6th ed. 1990)…………………………………...21

Code of Judicial Procedure………………………………………………26

Georgia Code § 19-3-9……….………………………………………22

Law Dictionary…………………………………………………………..19

State Bar of Georgia Code of Professional Conduct……………………………26

United States Constitution………………………………………....24, 27

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

**28 U.S.C. § 1651:**

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

**All Writs Act**

> The All Writs Act is a United States federal statute, codified at 28 U.S.C. § 1651, which authorizes the United States federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.""

**Amendment V of the United States Constitution**

xxiii

"No person shall be...deprived of life, liberty, or property, without due process of law..."ʺ

## Amendment VI of the United States Constitution

The Sixth Amendment provides the Constitutional right to self-representation. That right should be enjoyed without fear of harassment or judicial prejudice. Furthermore, no law, regulation, or policy should exist to abridge or surreptitiously extinguish that right. Pro Se Litigants have no less of a right to effective due process as those who utilize an attorney.

Section I - RIGHTS OF PERSONS - Paragraph I. Life, liberty, and property. No person shall be deprived of life, liberty, or property except by due process of law.

Section I - RIGHTS OF PERSONS - Paragraph XXVII. Spouse's separate property. The separate property of each spouse shall remain the separate property of that spouse except as otherwise provided by law.

## Article III of the United States Constitution

Section 1. The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.

`` The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority....

## Georgia Code -- Title 19 - Domestic Relations -- Chapter 3 - Marriage Generally -- Article 1 - General Provisions -- § 19-3-9. Each Spouse's Property Separate

The separate property of each spouse shall remain the separate property of that spouse, except as provided in Chapters 5 and 6 of this title and except as otherwise provided by law.

# JURISDICTIONAL STATEMENT

## A.   JURISDICTION OF APPELLATE COURT

1.   This Court has already determined it has jurisdiction. [APPENDIX 26.] This was determined from the Appellant's Response to Jurisdictional Question. [APPENDIX 22, PP. 2 – 7, 25 - 30.]

2.   This Court is in error regarding jurisdiction over all orders providing injunctions. [APPENDIX 22, PP. 30 - 33.]

3.   There is no legal authority, and these orders deprive WINDSOR of fundamental Constitutional rights. This Court always has jurisdiction to deal with Constitutional violations and void judgments.

4.   See *Piper v. Pearson*, 2 Gray 120, cited in *Bradley v. Fisher*, 13 Wall 335, 20 L. Ed. 646 (1872).

5.   This Court has jurisdiction because the Orders in question are VOID ORDERS. The orders of the DISTRICT COURT placing restrictions on state court actions are unlawful and unconstitutional. The orders of the 11TH CIRCUIT allowing the DISTRICT COURT to order restrictions on state court actions are unlawful and unconstitutional.

6.   The 11TH CIRCUIT had jurisdiction pursuant to 28 U.S.C. § 1292(a)(l) because the DISTRICT COURT's orders (1) imposed an injunction; or (2) had the practical effect of an injunction; or (3) worked a modification of an

xxv

injunction. The most recent orders (APPENDICES 14 and 107) deny rights to WINDSOR and as many as 1,000,000 of his acquaintances and implicitly enjoins WINDSOR and others. The orders are not allowed under the terms of APPENDICES 4 and 9.

7.    Injunctions are appealable pursuant to 28 U.S.C. § 1292(a).

See Black's Law Dictionary 784 (6th ed. 1990) (defining "injunction" as "[a] court order prohibiting someone from doing some specified act or commanding someone to undo some wrong or injury").

8.    28 U.S.C. § Under 28 U.S.C. § 1292(a)(l), district courts have jurisdiction to review "[i]nterlocutory orders ... granting, continuing, modifying, refusing or dissolving injunctions." 1292(a)(l) applies to any order that has "the practical effect of granting or denying an injunction," so long as it also "might have a serious, perhaps irreparable, consequence, and ... can be effectually challenged only by immediate appeal." *I.A.M Nat'l Pension Fund  v. Cooper Indus.*, 789 F.2d 21, 23-24 (D.C. Cir. 1986) (internal quotation marks omitted).

## B.    FILING DATES ESTABLISHING TIMELINESS OF APPEAL

9.    On 03/08/2022, a Request for Leave to File a Complaint was filed. [APPENDIX 97.] On 03/09/2022, WINDSOR's Request was denied. [APPENDIX 14.] The denial of the right to file lawsuits in Texas as a next friend or as an attorney-in-fact constitutes an injunction, and there was neither notice nor an opportunity to be heard.

10.     On 05/24/2022, a Request for Leave to File Guardianship Actions and Appeals in Texas was filed. [APPENDIX 48.] On 05/26/2022, WINDSOR's Request was DENIED. [APPENDIX 1.] On 06/06/2022, WINDSOR filed a Notice of Appeal of this denial in 01923. [APPENDIX 16.]

11.     On 06/08/2022, WINDSOR filed three Requests for Leave to File in Texas. [APPENDICES 27, 28, 29.] On 06/30/2022, the DISTRICT COURT denied the Motion for Leave to File theses Requests with false and malicious claims by JUDGE THRASH [APPENDIX 2.] On 07/18/2022, a Notice of Appeal to the 11TH CIRCUIT was timely filed regarding these denials. [APPENDIX 17.]

12.     The 07/15/2011 ORDER [APPENDIX 4] is a purported injunction. The 02/12/2018 ORDER [APPENDIX 9] is a slight modification to the purported injunction. The 02/12/2018 Order and the 07/15/2011 Order do not provide anything that would cause the 05/26/2022 ORDER to be denied. [APPENDIX 1.]

13.     On 07/18/2022, a Notice of Appeal to the 11TH CIRCUIT was timely filed. [APPENDIX 25.]

14.     The terms of the 07/15/2011 permanent injunction are very clear "...**filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding....**" APPENDICES 4 and 9 do not apply.

15.     On 07/18/2022, WINDSOR filed a Notice of Appeal as to the 06/30/2022 Order on Motion for Leave to File. [APPENDIX 17.]

16.    On 12/09/2022, the 11TH CIRCUIT granted WINDSOR's Motion for

Leave to File Out of Time Jurisdictional Question Response on Notice of Appeal

[APPENDIX 49.] [APPENDIX 50.]

## C.    APPEAL FROM A FINAL ORDER OR JUDGMENT

17.    On 11/16/2011, the DISTRICT COURT issued an Order declaring

that Case 1-11-CV-01923-TWT was dismissed with prejudice. [APPENDIX 8.]

18.    All subsequent orders are appealable as they apply to injunctions.

## D.    JURISDICTION OF DISTRICT COURT

19.    The DISTRICT COURT has never had jurisdiction.

20.    On 05/20/2011, WINDSOR filed *Windsor v. Hatten, et al*, Civil

Action No. 2011CV200971 in the Superior Court of Fulton County Georgia.

21.    On 06/13/2011, a Notice of Removal of Civil Action No.

2011CV200971 was filed by the DEFENDANTS. [APPENDIX 30.]  The case

became *Windsor v. Hatten, et al*, Civil Action No. 1:11-CV-01923-TWT, U.S.

District Court for the Northern District of Georgia, Atlanta ("01923"").

22.    On 06/13/2011, the DEFENDANTS filed a Motion for Protective

Order regarding discovery. [APPENDIX 18.]  On 06/14/2011, WINDSOR filed a

Motion to Deny Removal. [APPENDIX 19.]

23.     **Neither the motion to deny removal nor jurisdiction were ever**

**addressed by the DISTRICT COURT in 01923.  This can be seen on the 01923**

**Docket - APPENDIX 10.**

The first Injunction Order of the United States District Court for the

Northern District of Georgia appears at APPENDIX 3 and is unpublished and is a

void order. [APPENDIX 3 – 06/17/2011.]

The second Injunction Order of the United States District Court for the

Northern District of Georgia appears at APPENDIX 4 and is unpublished.

[APPENDIX 4 - 07/15/2011.

The third Injunction Order of the United States District Court for the

Northern District of Georgia appears at APPENDIX 5 and is Unpublished.

[APPENDIX 5 - 07/22/2011.]

The fourth Injunction Order of the United States District Court for the

Northern District of Georgia appears at APPENDIX 6 and is Unpublished.  It

charges $5,950,000 - $50,000 per Summons -. [APPENDIX 6 - 10/26/2011.]

The fifth Injunction Order of the United States District Court for the

Northern District of Georgia appears at APPENDIX 8 and is Reported on Fastcase.

[APPENDIX 8 - 02/12/2018.]

The sixth Injunction Order of the United States District Court for the

Northern District of Georgia appears at APPENDIX 14 and is Unpublished.  It

enjoins WINDSOR from acting as a Next Friend or Attorney-in-Fact in Texas. 03/09/2022.

A recent opinion of the United States Court of Appeals for the 11TH CIRCUIT appears at APPENDIX 26 and is pending and unpublished.

xxx

## ISSUES PRESENTED FOR REVIEW

24.    This APPEAL regards the U.S. District Court for The Northern District of Georgia Civil Action No. 1:11-CV-01923-TWT ("01923") and Appeal Nos. 22-12038-J and 22-12411-J ("22-12038-22-12411-APPEALS"), which were consolidated by the U.S. Court of Appeals for the 11TH CIRCUIT.  Seven (7) DISTRICT COURT orders were appealed on June 6, 2022 and July 18, 2022 (APPENDICES 49 and 17).

25.    The relief requested herein is primarily due to the failure of the DISTRICT COURT to establish jurisdiction; due process violations galore; no authority for a federal judge to issue an injunction to be applied to state court matters; and violation of the Constitution of the State of Georgia and abuse of discretion in denying In Forma Pauperis status with the 11TH CIRCUIT.

26.    WINDSOR has been denied his legal rights for 12 years.

## STATEMENT OF THE CASE

27.    In 2005 at the age of 56, WINDSOR thought judges were honest and court was where justice is done.

28.    On 08/29/2005, WINDSOR, who was retired, was sued in the Superior Court of Gwinnett County Georgia, *Maid of the Mist v. Alcatraz, et al*, No. 05A-10097-3. The sworn complaint was false as was proven by depositions.

1

29.    On 03/28/2006, Case No. 05A-10097-3 was removed to federal court where it became Case No. 1:06-CV-00714-ODE with Judge Orinda D. Evans. WINDSOR quickly discovered that Judge Orinda D. Evans was corrupt. He then experienced corruption with other federal judges, including JUDGE THRASH.

30.    WINDSOR had been President of a Goldman Sachs company and CEO of a Mitt Romney Bain Capital Company, and he was shocked to find out how naïve he was about judges.

31.    The actions of Judge Orinda D. Evans, JUDGE THRASH, and the 11TH CIRCUIT cost WINDSOR millions and wiped out his finances. He has struggled financially ever since and at age 74 is in Chapter 13 Bankruptcy (Case # 6-21-bk-04061 in the U.S. Bankruptcy Court for the Middle District of Florida).

32.    WINDSOR was brought up by wonderful parents who never lied, and they taught him this important lesson. WINDSOR has never lied in a legal matter, and he became committed to trying to make a difference in the legal system with those, like himself, who could not afford attorneys.

33.    WINDSOR studied paralegal work and began helping people (at no charge) who could not afford attorneys or paralegals (63% of the parties in civil courts today). 13 years later, he has helped several thousand people.

34.    In 2008, WINDSOR began publishing articles online about pro se issues, followed by an online radio show, and an online video conference. This led

2

to WINDSOR driving to all 50 states and DC in 2012 and 2013 to film a documentary about judicial and law enforcement corruption. The plan was to film 51 people, but 2,500 showed up. He managed to film 1,500 in a year. Constituents of members Congress personally delivered the Documentary to their legislators.

35.    Because of his work, WINDSOR received hundreds of threats from people on the other side of stories he shared. Corrupt judges, like JUDGE THRASH, established a prejudice against and hatred of WINDSOR.

36.    On 05/20/2011, WINDSOR filed *Windsor v. Hatten, et al*, Civil Action No. 2011CV200971 in the Superior Court of Fulton County Georgia.

37.    On 06/13/2011, a Notice of Removal of Civil Action No. 2011CV200971 was filed by the DEFENDANTS. [APPENDIX 30.] The case became *Windsor v. Hatten, et al*, Civil Action No. 1:11-CV-01923-TWT, U.S. District Court for the Northern District of Georgia, Atlanta ("01923").

38.    On 06/13/2011, the DEFENDANTS filed a Motion for Protective Order regarding discovery. [APPENDIX 18.] On 06/14/2011, WINDSOR filed a Motion to Deny Removal. [APPENDIX 19.] **Neither the motion to deny removal nor jurisdiction were ever addressed by the DISTRICT COURT in 01923. This can be seen on the 01923 Docket - APPENDIX 10.**

39.    On 06/17/2011, an Order granted the DEFENDANTS' Motion for Protective Order. [APPENDIX 3.] While not addressed or requested as relief by

3

the DEFENDANTS, the DISTRICT COURT ordered:

> "No party need respond to any filing by the Plaintiff absent an Order to do so by this Court. The Plaintiff is ordered to post a cash bond or corporate surety bond acceptable to the Clerk in the amount of $50,000.00 to satisfy any award of Rule 11 sanctions before filing any additional papers in this case without the consent of the Court."

40.    The DISTRICT COURT did not have jurisdiction and violated due process as there was neither notice nor an opportunity to be heard.

41.    On 06/22/2011, an Emergency Motion *Seeking Modification of Protective Order* was filed by the DEFENDANTS.  The U.S. Attorney asked the DISTRICT COURT "…to include barring filing in any court, including any state court…." [APPENDIX 31.]  There is no legal basis for such an order.  This Motion contains a false, unsubstantiated claim.

42.    On 07/12/2011, JUDGE THRASH of the DISTRICT COURT issued an order regarding the hearing scheduled for 07/15/2011 [APPENDIX 32.]  It provided an evidentiary hearing with evidence and due process denied.

43.    On 07/14/2011, WINDSOR filed a Notice of Appeal as to six orders. [APPENDIX 13.]

44.    On 07/15/2011, a so-called hearing was held and a permanent injunction order was issued that says WINDSOR may not file lawsuits or administrative proceedings "in any court (state or federal)."  A Transcript of Proceedings was issued. [APPENDIX 51.]  It shows the Order [APPENDIX 4, P.2]

4

was prepared prior to the hearing and arguments were heard.  (See APPENDIX 51,
P7, LL.23-25, P.8, LL.1-3; P.22, LL.24-25. PP.23-24.]

45.    This permanent injunction order was issued after denying rights to due
process and without legal authority.

46.    On 07/18/2011, WINDSOR filed an Amended Notice of Appeal as
to Order on Motion for Protective Order (APPENDIX 52) and (APPENDIX 53,
APPENDIX 54, and APPENDIX 55). [APPENDIX 56.]  It was assigned Case
Number 11-13244-B.

47.    On 07/19/2011, WINDSOR filed a Second Amended Notice of
Appeal (01923 Docket 70, 75, 83, and 74).  [APPENDIX 57.]

48.    On 07/22/2011, JUDGE THRASH sua sponte entered an Order that
any future United States mail received from WINDSOR or a person acting on his
behalf will not be delivered to the employees. [APPENDIX 58.]

49.    On 07/25/2011, WINDSOR filed a Third Amended Notice of Appeal
as to the 07/22/2011 Order. [APPENDIX 59.]  It was 11-13363-B.

50.    On 08/10/2011, an Application to Appeal In Forma Pauperis was filed
as to the 07/18/2011 Amended Notice of Appeal. [APPENDIX 60.]  On
08/11/2011, JUDGE THRASH denied WINDSOR's Application. [APPENDIX
61.]  Cases cited in support of this order were from New York, Maryland, and
Alabama, which are not relevant.  The Georgia Constitution and Georgia law

dictate that the separate property of each individual in a marriage shall remain the separate property of that person. [APPENDIX 12, P.3, Paragraph 27.] There is no law that makes Georgia separate property joint for In Forma Pauperis.

51.    On 08/11/2011, WINDSOR's Request to file in the state court was delivered to Judge Charles A. Pannell, Jr. Permission to file was denied by JUDGE THRASH. [APPENDIX 62.] In his Requests, WINDSOR stated that the INJUNCTION ORDER was void, and he stated that the DISTRICT COURT did not have jurisdiction over state court matters. (See APPENDIX 11 for an example.)

52.    On 08/19/2011, WINDSOR was invited to appear before the Fulton County Grand Jury as a Presentment of criminal charges against Judge Orinda D. Evans, JUDGE THRASH, and others. The Grand Jury instructed WINDSOR to return on 08/23/2011 to continue his testimony. [APPENDIX 63, P.2.]

53.    On 08/22/2011, an Order was issued by JUDGE THRASH denying Windsor's right to file in state court. [APPENDIX 64.]

54.    On 08/23/2011, WINDSOR returned to the Fulton County Courthouse as scheduled to appear before the Grand Jury. He was denied the continuation of his testimony by Fulton County Assistant District Attorney Waverly Settles. When he returned to try again on 08/30/2011 at the Grand Jury's next session, he was removed from the courthouse and issued a Criminal Trespass Warning.

55.    On 08/24/2011, the 11TH CIRCUIT dismissed WINDSOR's

Amended Notice of Appeal of the 07/15/2011 injunction order in 11-13363-B
claiming the appeal fee had not been paid, but it had. [APPENDIX 65.]
APPENDIX 13 shows the appeal fee was paid, and subsequent filings show they
were amendments to that appeal.

56.    On 08/29/011, WINDSOR filed his Fourth Amended Appeal as to
eight orders. [APPENDIX 66.]

57.    WINDSOR knew the "INJUNCTION ORDER"" was void. Despite
that fact, WINDSOR made requests before filing to avoid contempt.

58.    On 09/15/2011, the 11TH CIRCUIT issued an Order dismissing
WINDSOR's Amended appeal in Case Number 11-13244-BB for failure to pay the
filing fee. [APPENDIX 67.] On 09/20/2011, the 11TH CIRCUIT issued an Order
dismissing his Amended Appeal in Case Number 11-13391-B for failure to pay the
filing fee. [APPENDIX 68.] As indicated above, the appeal fee had been paid.
WINDSOR's Applications showed a negative net worth over $1,000,000.

59.    On 09/22/2011, JUDGE THRASH of the DISTRICT COURT issued
an Order denying permission to file a Superior Court of Fulton County complaint.
JUDGE THRASH was one of the people WINDSOR was seeking to have charged
criminally. [APPENDIX 69.]

60.    On 09/27/2011, WINDSOR filed a Notice of Appeal as to four orders,
including the Order on the Motion for Protective Order. [APPENDIX 70.]

61.    On 09/27/2011, WINDSOR filed a verified Application to Appeal In Forma Pauperis. [APPENDIX 71.] It showed a negative net worth of $1,254,574, total monthly expenses of $11,450 and income of $4,000.

62.    On 09/28/2011, the 11TH CIRCUIT issued an Order dismissing the Appeal in Case Number 11-13214-BB for lack of jurisdiction. [APPENDIX 72.]

63.    On 09/28/2011, the DISTRICT COURT issued an Order denying WINDSOR permission to file attachments with the Notice of Appeal delivered to the Clerk on 09/27/11, and any Notice of Appeal filed thereafter. [APPENDIX 73.]

64.    On 09/29/2011, the DISTRICT COURT issued an Order denying the 09/27/2011 Application to Appeal In Forma Pauperis. All pending Applications to Proceed In Forma Pauperis were DENIED. [APPENDIX 74.]

65.    On 10/18/2011, an Amended Notice of Appeal was filed. [APPENDIX 75.]

66.    On 10/26/2011, the DISTRICT COURT issued an Order requiring WINDSOR to post a $50,000.00 cash bond or corporate surety for a summons for each federal judge or employee. [APPENDIX 6.] Due process was ignored.

67.    On 11/08/2011, a Second Amended Notice of Appeal was filed. [APPENDIX 76.]

68.    On 11/08/2011, WINDSOR filed a verified Application to Appeal In Forma Pauperis. [APPENDIX 7.] He explained his financial position, and it proves

8

JUDGE THRASH had made false and malicious statements. [APPENDIX 77.]

69.    On 11/09/2011, the DISTRICT COURT issued an Order denying the

11/08/2011 Application to Appeal In Forma Pauperis. [APPENDIX 78.]

70.    On 11/15/2011, the DISTRICT COURT issued an Order denying

the Motion for Issuance of Subpoenas. [APPENDIX 79.]

71.    **On 11/16/2011, the DISTRICT COURT issued an Order declaring**

**that Case 1-11-CV-01923-TWT was dismissed with prejudice.** [APPENDIX 8.]

72.    On 11/23/2011, the 11TH CIRCUIT denied WINDSOR's motion to

proceed In Forma Pauperis. [APPENDIX 80.]

73.    On 12/14/2011, the 11TH CIRCUIT dismissed WINDSOR's appeal

in Case Number 11-14202-B. [APPENDIX 81.]  On 12/22/2011, the 11TH

CIRCUIT dismissed WINDSOR's appeal in Case Number 11-14847-B.

[APPENDIX 82.]  Both were sua sponte for lack of jurisdiction and ignored

injunctions.

74.    On 12/29/2011, the 11TH CIRCUIT notified WINDSOR that upon

expiration of 14 days from the date of the order, the Petition for Mandamus would

be dismissed by the clerk unless fees ($450) was paid in 11-14124-B. [APPENDIX

83.]  An Application for In Forma Pauperis was filed 09/08/2011.

75.    On 01/06/2012, a Notice of Appeal was filed. [APPENDIX 84.]

76.    On 01/17/2012, the 11TH CIRCUIT received Appeal Fees $455 -

9

receipt number GAN100042471 in Case Number11-14021-B. [APPENDIX 85.]

77.    On 01/20/2012, JUDGE THRASH of the DISTRICT COURT sua

sponte issued an order that all pending motions were denied. [APPENDIX 86.]

78.    On 01/23/2012, the 11TH CIRCUIT dismissed the appeal regarding

the Petition for Writ of Mandamus to the DISTRICT COURT claiming WINDSOR

had failed to pay the filing and docketing fees. [APPENDIX 87.] His Application

for In Forma Pauperis was wrongly denied.

79.    On 01/25/2012, the 11TH CIRCUIT dismissed the appeal sua sponte

in Case Number 11-15275-B claiming non-final orders. [APPENDIX 88.]

80.    On 01/31/2012, the 11TH CIRCUIT dismissed the appeal in Case

Number 11-14021-B. [APPENDIX 89.]

81.    On 04/15/2013, the 11TH CIRCUIT dismissed WINDSOR's appeals

in Case No. 12-10157-B for failure to adequately prosecute. [APPENDIX 90.]

82.    In 2013 an attempt was made by Sean Boushie to murder WINDSOR.

83.    On 05/05/2017, WINDSOR was hit at 75 miles-per-hour by an 18-

wheeler. His car was lifted off all four wheels and turned 180-degrees before he

was dropped to the Florida Turnpike in eight high-speed spins. He narrowly

escaped death twice and is now disabled. He is in constant pain. He can no longer

walk, has lost the use of his left hand, has herniated discs and/or bulging discs on

every disc in his neck and back. He also has a Diastasis Recti abdominal injury.

10

Some believe this was attempted murder because Sean Boushie was involved according to an eyewitness who called 911 that day.

84.   On 02/05/2018, WINDSOR filed a Motion to Modify Injunction. [APPENDIX 91.] On 02/12/2018, the DISTRICT COURT issued an Order granting in part and denying in part the MOTION to Modify Injunction. [APPENDIX 9.]  The ONLY difference between this order and the July 15, 2011 order is the addition of these words: **"The above restrictions do not apply to appeals in actions already in existence on July 15, 2011, criminal complaints, or petitions for protective orders the Plaintiff feels necessary to protect his personal safety."**  This Order ignored three of the four issues presented, including the issue of lack of jurisdiction over state court matters.

85.   On 03/19/2018, a Notice of Appeal was filed. [APPENDIX 92.]  It was assigned Case Number18-11067-H. [APPENDIX 93.] The Filing Fee was paid - $505.00; Receipt number GAN100101518.

86.   On 01/03/2019, the 11TH CIRCUIT issued a "Do Not Publish" Opinion in Case Number18-11067-HH.) [APPENDIX 94.]  This Opinion ignored the fact that the 07/15/2011 injunction order was unlawful and void.  The 11TH CIRCUIT denied the Appeal because there had been no change in the law.  This ignored the valid laws that pre-existed that required the grant of the Appeal.

87.   On 10/04/2019, a Motion for Leave to File Bankruptcy was filed by

WINDSOR. [APPENDIX 95.] On 10/28/2019, the DISTRICT COURT granted

the Motion. [APPENDIX 96.]

88.    On 03/08/2022, a Request for Leave to File a Complaint was filed.

[APPENDIX 97.] On 03/09/2022, WINDSOR's Request was denied. [APPENDIX

14.] The denial of the right to file lawsuits in Texas constitutes an injunction, and

there was neither notice nor an opportunity to be heard.

89.    On 05/24/2022, a Request for Leave to File Guardianship Actions and

Appeals in Texas was filed. [APPENDIX 98.] On 05/26/2022, WINDSOR's

Request was DENIED. [APPENDIX 99.]

90.    On 6/06/2022, WINDSOR filed a Notice of Appeal. [APPENDIX 49.]

91.    On 06/08/2022, WINDSOR filed three Requests for Leave to File in

Texas. [APPENDICES 100, 101, 102 .] On 06/30/2022, the DISTRICT COURT

denied the requests. [APPENDIX 2.]

92.    On 07/18/2022, a Notice of Appeal to the 11TH CIRCUIT was timely

filed. [APPENDIX 17.] It was docketed on 07/19/2022. [APPENDIX 103.]

93.    On 09/07/2022, an order was entered by the 11TH CIRCUIT on the

consolidated appeals. [APPENDIX 15.] It stated:

> "…the Court finds that Appellant has raised a non-frivolous issue,
> specifically whether a pre-filing injunction may be extended to filings in
> state court. *See, e.g., Baum v. Blue Moon Ventures, LLC,* 513 F .3d 181, 192
> (5th Cir. 2008)."

12

94.    On 10/28/2022, WINDSOR responded to the jurisdictional questions raised by the Clerk of the Court in APPEAL NO. 22-12038-J. [APPENDIX 22.]

95.    This regards the Notice of Appeal of 4 orders [APPENDIX 16] filed on 06/06/2022 in DISTRICT COURT in 01923 Docket #265.

96.    The 07/15/2011 ORDER [APPENDIX 4] is a purported injunction. The 02/12/2018 ORDER [APPENDIX 9] is a slight modification to the purported injunction. The 02/12/2018 Order and the 07/15/2011 Order do not provide anything that would cause the 05/26/2022 ORDER to be denied. [APPENDIX 1.]

97.    On 06/09/2022, WINDSOR filed Requests for Leave by Wanda Dutschmann to File Motions for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim; for Acquaintances to File; and to File a Civil Rights Complaint. [APPENDICES 104, 105, 106.]

98.    On 06/30/2022, the DISTRICT COURT denied the Motion for Leave with false and malicious claims by JUDGE THRASH [APPENDIX 107.]

99.    The terms of the 07/15/2011 permanent injunction are very clear "…**filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding….**"" APPENDICES 1 and 2 do not apply.

100.   On 07/18/2022, a Notice of Appeal to the 11TH CIRCUIT was timely filed. [APPENDIX 25.] [01923 Docket #278 – 07/18/2022.]

101.   On 10/11/2022, WINDSOR received a letter dated 09/22/2022 from

13

the District Court Clerk's Office questioning jurisdiction. [APPENDIX 23.] It included an 09/07/2022 order that was not sent to WINDSOR. [APPENDIX 15.]

102.   On 10/24/2022, WINDSOR responded to the jurisdictional questions raised by the Clerk of the Court in APPEAL NO. 22-12411-J. [APPENDIX 24.]

103.   On 12/09/2022, the 11TH CIRCUIT granted WINDSOR's Motion for Leave to File Out of Time Jurisdictional Question Response. [APPENDIX 50.]

104.   On 01/06/2023, an 11TH CIRCUIT Order granted WINDSOR's Motion for Leave to File Jurisdictional Question Response Out of Time in Case Number 22-12411-J. [APPENDIX 108.]

105.   On 04/13/2023, 11TH CIRCUIT issued an order in Case No. 22-12038 and 22-12411. [APPENDIX 26.] .

106.   On 05/16/2023, an 11TH CIRCUIT Order granted WINDSOR's Motion for Extension of Time in Case Number 22-12411-J. [APPENDIX 109.]

## SUMMARY OF THE ARGUMENT

107.   The DISTRICT COURT never established jurisdiction and has acted as if there is no such thing as a right to due process.

108.   Federal case law establishes that a federal judge has no jurisdiction over state courts, and the federal orders for filing restrictions in Case 01923 unlawfully apply to state courts.

14

109.   The DISTRICT COURT has blocked WINDSOR's rights to In Forma Pauperis in the 11TH CIRCUIT despite undeniable evidence of inability to pay.

110.   WINDSOR has been the victim of unlawful orders and judgments for 12 years.  Litigants and state and federal courts have used the would-be injunctions of JUDGE THRASH and 11TH CIRCUIT opinions to damage WINDSOR and deny his rights.  He has even been denied the right to seek to save the life of an elderly Texas woman who asked him to be her Guardian and save her.

111.   The 11TH CIRCUIT is the only court in America to allow a federal judge to issue injunctions denying the right to file legal actions in state courts.  They allowed this in spite of their numerous precedents to the contrary.

## ARGUMENT

## I.   A FEDERAL COURT JUDGE DOES NOT HAVE JURISDICTION TO PLACE RESTRICTIONS ON THE OPERATION OF STATE COURTS, SO ALL OF THE APPEALS MUST BE GRANTED.

112.   The six appealed orders are APPENDICES 16 and 17.  Each purports to place restrictions on state courts, so the Appeals must be granted.

113.   Article Three of the United States Constitution empowers the courts to handle cases or controversies arising under federal law.  Article 3 grants no powers over state courts; a federal order for filing restrictions cannot apply to states.

114.   WINDSOR has researched "filing restrictions"" referencing the three key federal precedents and has filed the information with the DISTRICT COURT.

15

115.   The decisions in all eleven Circuits appear to be unanimous in providing that federal courts are unable to approve federal courts issuing orders that apply to state courts.

116.   **BUT, there is one and only one circuit that has allowed a federal judge to approve federal courts issuing orders that apply to state courts. It's the 11TH CIRCUIT, but only in appeals involving WINDSOR.**

117.   WINDSOR could find NO OTHER CASE to support the actions of JUDGE THRASH.  There has never been another appellate decision that disagrees with *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1263 (2d Cir. 1984).  See also *Procup v. Strickland*, 760 F.2d 1107 (11th Cir. 05/20/1985).  APPENDIX 21 is a Memorandum of Law on 137 applicable federal cases as of 08/08/2020.

118.   The DISTRICT COURT's decisions to impose a filing injunction or restriction are an abuse of discretion. See *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). Questions of constitutional law must be reviewed de novo. *Id.*

119.   Issues of subject matter jurisdiction must be reviewed de novo. (*Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). (*Dickey v. United States*, No. 20-12025.)

120.   The DISTRICT COURT's decisions to impose a filing injunction or

16

restriction is Clear Error.  Federal case law establishes that a federal judge has no

jurisdiction over state courts, and a federal order for filing restrictions cannot apply

to state courts.  This is Clear Error.  There are many 11TH CIRCUIT precedents.

(*Riccard v. Prudential,* 307 F.3d 1277, 1295 n.15 (11th Cir. 2002); *Procup v.

Strickland*, 792 F.2d 1069, 1079 (11th Cir. 1986) (en banc)); *Klay v. United*, 376

F.3d 1092, 1099-1102 (11th Cir. 2004); *Dinardo v. Palm Beach Judge*, 199

Fed.Appx. 731 (11th Cir. 07/18/2006); *Martin-Trigona v. Shaw*, 986 F.2d 1384,

1387-88 (11th Cir. 1993).)

    121.  The 02/12/2018 order (APPENDIX 9) slightly changes the

07/15/2011 injunction. The 11TH CIRCUIT accepted the appeal but ignored the

law that says a federal judge has no authority over state courts or jurisdiction.

[APPENDIX 21.]  Clear Error repeatedly ignored by the DISTRICT COURT.

    122.  As WINDSOR stated in APPENDICES 27, 28, 29 - 01923-Docket

#269, #270, and #271:

> "There is no legal authority whatsoever for a federal court to have
> jurisdiction over state court matters, and there is no legal authority for a state
> court to deny legal and Constitutional rights based on a void order by a
> federal judge."

## II.  ALL ORDERS OF JUDGE THRASH MUST BE DECLARED VOID BECAUSE FEDERAL COURT ORDERS ARE VOID WHEN JURISDICTION IS NEVER DETERMINED.

17

123.   It is clear and well-established law that a judge <u>must</u> first determine

whether the judge has jurisdiction before hearing and ruling in any case.  The

DISTRICT COURT failed to do so, and his so-called orders are void. (*Adams v.*

*State,* No. 1:07-cv-2924-WSD-CCH (N.D.Ga. 03/05/2008).)  (*See Steel Co. v.*

*Citizens for a Better Env't,* 523 U.S. 83, 94 (1998); see also *University of S. Ala. v.*

*The Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999); and others. (*Jean Dean*

*v. Wells Fargo Home Mortgage,* No. 2:10-cv-564-FtM-29SPC (M.D.Fla.

04/21/2011).) (*Taylor v. Appleton,* 30 F.3d 1365, 1366 (11th Cir. 1994).)

> "A case is properly dismissed for lack of subject matter jurisdiction under
> Rule 12(b)(1) when the district court lacks the statutory or constitutional
> power to adjudicate it."" *Lyons v. Litton Loan Servicing LP,* 158 F.Supp.3d
> 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. U.S., 201 F.3d 110, 113 (2d
> Cir. 2000)) (Abdel-Fakhara v. State,* 5:21-cv-198, 9 (D. Vt. Sep. 6, 2022).)

124.   Page xxix is referenced and incorporated here.

## III.   <u>JUDGE THRASH'S FEDERAL COURT ORDERS PLACING RESTRICTIONS ON THE OPERATION OF STATE COURTS ARE VOID ORDERS.</u>

125.   All orders in Case 01923 must be declared void.

126.   Void judgments are those rendered by a court which lacked

jurisdiction, either of the subject matter or the parties.  The DISTRICT COURT

and the 11TH CIRCUIT had no power to deal with the state court issue.  See: *Tube*

*City Mining v. Otterson,* 16 Ariz. 305, 146 P 203 (1914); *Wahl v. Round Valley*

*Bank* 38 Ariz, 411, 300 P. 955 (1931); *and Millken v. Meyer*, 311 U.S. 457, 61 S.

CT. 339, 85 L. Ed. 2d 278 (1940).

127.   Void Orders and Void Judgments have no legal force or effect.

128.   <u>Law Dictionary</u> defines Void JUDGMENTS as "referring to a statute,

contract, ruling or anything which is null and of no effect. **<u>A law or judgment</u>**

**<u>found by an appeals court to be unconstitutional is void</u>.**" **[emphasis added**.]

> A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted. (*Davidson Chevrolet v. Denver*, 330 P.2d 1116, certiorari denied 79 S.Ct. 609, 359 U.S. 926.)

129.   A judgment may not be rendered in violation of Constitutional

protections.  The validity of a judgment may be affected by a failure to give the

constitutionally required due process notice and an opportunity to be heard. (*Earle*

*v. McVeigh*, 91 US 503, 23 L Ed 398.)  A void judgment is not entitled to the

respect accorded a valid adjudication, but may be entirely disregarded, or declared

inoperative by any tribunal in which effect is sought to be given to it. All

proceedings founded on the void judgment are themselves regarded as invalid.

(30A Am Jur Judgments''.) Every person is entitled to an opportunity to be heard

in a court of law upon every question involving his rights or interests, before he is

affected by any judicial decision on the question. *Earle v McVeigh*, supra.  A

judgment of a court without hearing the party or giving him an opportunity to be

heard is not a judicial determination of his rights. *Sabariego v Maverick*, 124 US

261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal.

130.    Federal decisions addressing void state court judgments include *Kalb*

*v. Feuerstein* (1940) 308 US 433; *Ex parte Rowland* (1882) 104 U.S. 604, 26 L.Ed.

861; "If a court grants relief, which under the circumstances it hasn't any authority

to grant, its judgment is to that extent void." *People v. Greene*, 71 Cal. 100 [16

Pac. 197, 5 Am. St. Rep. 448]. "An illegal order is forever void. An order that

exceeds the jurisdiction of the court is void, and can be attacked in any proceeding

in any court where the validity of the judgment comes into issue." (1Freeman on

Judgments, 120c.)   (See also *Rose v. Himely* (1808) 4 Cranch 241, 2 L ed 608;

*Pennoyer v. Neff* (1877) 95 US 714, 24 L ed 565; *Thompson v. Whitman* (1873) 18

Wall 457, 21 1 ED 897; *Windsor v. McVeigh* (1876) 93 US 274, 23 L ed 914;

*McDonald v. Mabee* (1917) 243 US 90, 37 Sct 343, 61 L ed 608. "If a court grants

relief, which under the circumstances it hasn't any authority to grant, its judgment

is to that extent void." (1 Freeman on Judgments, 120c.) "A void judgment is no

judgment at all and is without legal effect." (*Jordon v. Gilligan*, 500 F.2d 701, 710

(6th Cir. 1974) "a court must vacate any judgment entered in excess of its

jurisdiction." (*Lubben v. Selective Service; US v. Holtzman*, 762 F.2d 720 (9th Cir.

1985) ("Portion of judgment directing defendant not to import vehicles without

first obtaining approval ... was not appropriately limited in duration and, thus,

district court abused its discretion by not vacating it as being prospectively

inequitable." Id at 722.

131.    Black's Law Dictionary, Sixth Edition, page 1574:

"Void judgment. **One which has no legal force or effect, invalidity of
which may be asserted by any person whose rights are affected at any
time and at any place directly or collaterally**. *Reynolds v. Volunteer State
Life Ins. Co., Tex.Civ.App.*, 80 S.W.2d 1087, 1092. **One which from its
inception is and forever continues to be absolutely null, without legal
efficacy, ineffectual to bind parties or support a right, of no legal force
and effect whatever, and incapable of confirmation, ratification, or
enforcement in any manner or to any degree**. Judgment is a "void
judgment"" if court that rendered judgment lacked jurisdiction of the subject
matter, or of the parties, or acted in a manner inconsistent with due process.
(*Klugh v. U.S., D.C.S.C.,* 610 F.Supp. 892, 901.) **[emphasis added**.]

132.    Void judgments are those rendered by a court that lacked jurisdiction,

either of the subject matter or the parties.  The DISTRICT COURT has never had

jurisdiction over state court matters, over guardianship, or over anyone acquainted

with WINDSOR simply because they are acquainted.

133.    No Statute of limitations applies.  If a judgment is void, the slate must

be wiped clean, *Armstrong v. Manzo*, 380 U. S. 545, 552 (1962).

134.    A judgment is void if it not consistent with Due Process of law.

(*Orner v. Shalala*, 30 F.3d 1307, 1308 (C.A.10 (Colo.),1994); *V.T.A., Inc. v. Airco,
Inc.*, 597 F.2d 220, 221 (1979).)  A judgment reached without due process of law is

without jurisdiction and thus void. (*Bass v. Hoagland*, 172 F. 2d 205, 209 (1949).)

135.    The orders of the DISTRICT COURT must be disregarded.

## IV.    IN GEORGIA, A PARTY APPLYING FOR IN FORMA PAUPERIS IS NOT REQUIRED TO MAKE FINANCIAL DISCLOSURES OF THE SEPARATE PROPERTY OF A SPOUSE, SO DENIAL OF IN FORMA PAUPERIS STATUS TO WINDSOR WAS UNLAWFUL.

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1), which states that an individual may proceed without prepayment of fees upon submission of "an affidavit that includes a statement of all assets such (person) possesses that the person is unable to pay such fees or give security therefor." (28 U.S.C. § 1915(a)(1).

*Adams v. State*, 1:07-cv-2924-WSD-CCH, 3 (N.D. Ga. Mar. 5, 2008)

136.    WINDSOR filed required Affidavits and proved inability to pay.

137.    The DISTRICT COURT and the 11TH CIRCUIT repeatedly denied WINDSOR's applications for In Forma Pauperis because WINDSOR did not report his wife's separate assets. The DISTRICT COURT cited case law from states other than Georgia. [APPENDIX 20, P.3.] 08/11/2011.

138.    But Georgia is a separate property state. A Georgia husband has no rights to his spouse's separate property. Paragraph XXVII of the Georgia Constitution Bill of Rights provides: "Spouse's separate property. The separate property of each spouse shall remain the separate property of that spouse except as otherwise provided by law." Georgia Code "§ 19-3-9 also establishes that the separate property of each spouse shall remain the separate property of that spouse.

139.    WINDSOR's first four <u>amended</u> notices of appeal were timely and properly filed. The Clerk of the 11TH CIRCUIT committed Clear Error and noted

22

them incorrectly on the Docket; WINDSOR did not owe additional fees. (See *Julie Baker Zalloum v. River Oaks Community Services Association, Inc., et al.*, No. 20-11483 (11th Cir. 2021).)

140.    WINDSOR's applications for In Forma Pauperis should not have been denied, and he should not have had his legal right to file appeals stolen.

## V.    **WINDSOR'S CONSTITUTIONAL DUE PROCESS RIGHTS HAVE BEEN VIOLATED, SO THE APPEALS MUST BE GRANTED.**

141.    Due Process requires that citizens receive fair notice of what sort of conduct to avoid.  And the Order of 05/26/2022 violated due process as there was no notice and no hearing. [APPENDIX 1]  The 05/26/2022 ORDER [APPENDIX 1] has nothing to do with filing a complaint, a new lawsuit, or an administrative proceeding.  These are matters over which the DISTRICT COURT has no jurisdiction.  No one has ever acted in concert with WINDSOR or at his behest.

142.    The 07/15/2011 and 02/12/2018 orders are void orders.  They aren't voidable; they are VOID. [APPENDICES 4 and 9.]

143.    The Fifth and Fourteenth Amendments say that no one shall be "deprived of life, liberty or property without due process of law."  WINDSOR has.

144.    Due process requires that the government respect all of the legal rights that are owed to a person according to the law.  JUDGE THRASH and other federal judges in Georgia have not shown respect for WINDSOR's legal rights.

23

They have ignored the law and the facts. De Novo Review is required.

145.   Procedural due process guarantees protection to everyone so that statutes, regulations, and enforcement actions ensure that no one is deprived of "life, liberty, or property" without a fair opportunity to affect the judgment or result. JUDGE THRASH and federal judges in Georgia have ignored the law and the rules. This is not abuse of discretion; they violated the Constitution and laws intentionally. (*Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934); *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); *Palko v. Connecticut*, 302 U.S. 319 (1937).)

146.   Judges are required to be impartial. JUDGE THRASH and federal judges in Georgia have demonstrated pervasive bias against WINDSOR. JUDGE THRASH and federal judges in Georgia haven't shown an ounce of impartiality.

147.   Judges are required to be neutral. (*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980); *Schweiker v. McClure*, 456 U.S. 188, 195 (1982).) There is no neutrality. JUDGE THRASH and federal judges in Georgia have deprived WINDSOR of his interests and rights.

148.   Due process is "an established course for judicial proceedings or other governmental activities designed to safeguard the legal rights of the individual." Action denying the process that is "due" is unconstitutional. In this civil action, JUDGE THRASH and federal judges in Georgia have denied the process that is due. Their actions are unconstitutional.

24

149.   JUDGE THRASH and federal judges in Georgia have no supportable reason for infringing on WINDSOR's fundamental rights.  (*Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934).)

150.   Litigants allegedly have the right to protections expressly created in statute and case law precedent.  Statutes have been violated and overwhelming case law has been ignored by JUDGE THRASH and federal judges in Georgia.

151.   Litigants have the right to equal protection of the law regardless of race, creed, color, religion, ethnic origin, age, handicaps, or sex.  WINDSOR is handicapped and a minority; he has not received equal protection as a pro se party.

152.   Litigants have the right to a remedy, by recourse to the laws, for injuries or wrongs that they may receive.  WINDSOR has been denied recourse.

153.   Litigants have the right to justice, without being obliged to purchase it; completely, and without any denial; promptly, and without undue delay; in conformance with the laws. JUDGE THRASH and federal judges in Georgia have denied justice and have not conformed with the laws.

154.   Due process refers to the requirement that the actions of government be conducted according to the rule of law.  The principle of due process of law is one of the most important protections against arbitrary rule.  JUDGE THRASH and federal judges in Georgia have denied this fundamental right.

155.   An inherent right is the honesty of the judge.  JUDGE THRASH and

25

federal judges in Georgia have committed perjury and obstruction of justice; they have violated many canons of the Code of Judicial Procedure as well as rules in the State Bar of Georgia Code of Professional Conduct. Inherent in due process is the expectation that the judge will not violate criminal statutes, but JUDGE THRASH and federal judges in Georgia have violated criminal statutes.

156.    JUDGE THRASH and federal judges in Georgia have violated Windsor's Fourth Amendment rights.

> See *Wolf v. People of State of Colorado*, 338 U.S. 25, 27--28, 69 S.Ct. 1359, 1361, 93 L.Ed. 1782 (1949), overruled on other grounds by *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961); (*Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed. 2d 660 (1979); *Marshall v. Barlow's*, 436 U.S. 307, 312, 98 S.Ct. 1816, 1820, 56 L.Ed. 2d 305 (1978).)

157.    JUDGE THRASH has violated Windsor's Constitutional rights. His 06/17/2011 Protective Order obliterates WINDSOR's legal rights. [APPENDIX 3.]

158.    JUDGE THRASH and federal judges in Georgia have violated WINDSOR's rights by using their power to inflict their bias.

159.    For due process, WINDSOR has the right to protections expressly created in statute and case law. Due process allegedly ensures that the government will respect all of a person's legal rights and guarantee fundamental fairness and justice. Due process holds the government subservient to the law of the land, protecting individual persons from the state.

160.    Due process requires an established course for judicial proceedings

26

designed to safeguard the legal rights of the individual.  Action denying the

process that is "due" is unconstitutional.  Inherent in the expectation of due process

is that the judge will abide by the rules.  JUDGE THRASH and federal judges in

Georgia have violated rules for the purpose of damaging WINDSOR.

161.  An inherent Constitutional right is the honesty of the judge.  JUDGE

THRASH and federal judges in Georgia have not been honest.

162.  The Constitution guarantees WINDSOR a fair and impartial judge.

JUDGE THRASH and federal judges in Georgia denied WINDSOR's guarantee to

inflict their extra-judicial bias.

> Every person "has a constitutional and statutory right to an impartial and fair
> judge at all stages of the proceeding." (*Liteky v U.S.*, 510 US 540 (1994).
> (See *Stone v Powell*, 428 US 465, 483 n. 35, 96 S. Ct. 3037; *Johnson v.
> Mississippi*, 403 U.S. 212, 216 (1971); accord *Concrete Pipe & Prods. V.
> Constr. Laborers Pension*, 508 U.S. 602, 617 (1993) (citation omitted).)

163.  Due process is supposed to guarantee basic fairness and to make

people feel that they have been treated fairly.

> "justice must give the appearance of justice" (*Levine v. United States*, 362
> U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11,
> 14, 75 S. Ct. 11, 13 (1954).)  (*Peters v. Kiff*, 407, U.S. 493, 502 (1972).)

164.  The 5th Amendment protects against abuse of government authority

in a legal procedure.  The 5th Amendment guarantee of due process is applicable

only to actions of the federal government. The 14th Amendment contains virtually

the same phrase, but expressly applied to the states.

27

165.   At a basic level, procedural due process is essentially based on the concept of "fundamental fairness." In 1934, the Supreme Court held that due process is violated "if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."

166.   Where an individual is facing a (1) deprivation of (2) life, liberty, or property, (3) procedural due process mandates that he or she is entitled to adequate notice, a hearing, and a neutral judge. Substantive due process refers to the rights granted in the first eight amendments to the Constitution. The Supreme Court has consistently held that 5th and 14th Amendment due process means the same.

167.   JUDGE THRASH and federal judges in Georgia have breached their Constitutional duties through action and inaction. They have violated Windsor's civil and Constitutional rights under color of law.

> "[t]rial before an 'unbiased judge' is essential to due process." *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971); accord *Concrete Pipe & Prods. V. Constr. Laborers Pension*, 508 U.S. 602, 617 (1993) (citation omitted). (*Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14 (1954); *Mathews v. Eldridge*, 424 U.S. 319, 344 (1976); *Peters v. Kiff*, 407 U.S. 493, 502 (1972)

168.   The due process clauses of both the Georgia and the United States Constitutions guarantee a party an impartial and disinterested tribunal in civil cases. (*Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 1613 (1980).)

> Partiality in favor of the government may raise a defendant's due process concerns." *In re United States of America*, 441 F.3d at 66 (citing *In re Murchison*, 349 U.S. 133 (1955).

28

169.   JUDGE THRASH and federal judges in Georgia have effectively denied WINDSOR's rights of the equal protection under the law in Article VI of the Constitution. 'Their actions prove that they have exercised their power in this and other actions for their own personal purposes rather than the will of the law.

> *Littleton v. Berbling*, 468 F.2d 389, 412 (7th Cir. 1972), citing *Osborn v. Bank of the United States*, 9 Wheat (22 U.S.) 738, 866, 6 L.Ed 204 (1824); *U.S. v. Simpson*, 927 F.2d 1088 (9th Cir. 1990).

170.   The orders issued by JUDGE THRASH and federal judges in Georgia suggest the appearance of animosity towards WINDSOR.

171.   These latest purported orders from the DISTRICT COURT deny WINDSOR his fundamental Constitutional right of access to the courts, "...unquestionably a right of considerable constitutional significance." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).) **Meaningful access to the courts is a constitutional right**. (*Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc).) **[emphasis added**.]

172.   The 02/12/2018 order is a void order as it fails to comply with the All Writs Act, "[t]he Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." [APPENDIX 9.] There is absolutely nothing about a Texas state court guardianship matter that aids federal jurisdiction in Georgia or anywhere else.

173.   In *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (en banc), this Court held that the district court's injunction was overbroad and violated a prisoner's right to access courts because it barred him from filing any case in the district court without an attorney, which, given the facts of his case, effectively prevented him from filing any future suit. 792 F.2d at 1070-71.

## **CONCLUSION AND STATEMENT OF RELIEF SOUGHT**

174.   The issues in these Appeals are absolutely clear. The Appeals must be granted because the orders have no legal authority, violated well-established law, violated WINDSOR's Constitutional rights, and made a mockery of due process.

175.   WINDSOR prays that this Court do the following:

a.  Grant the Appeals.

b.  Order the DISTRICT COURT to vacate all orders in *Windsor v. Hatten, et al*, Civil Action No. 1:11-CV-01923-TWT.

c.  Vacate all orders and actions in response to Civil Action No. 1:11-CV-01923-TWT by the 11TH CIRCUIT.

d.  Prohibit the exercise of unlawful jurisdiction by federal courts over state court matters with which it is not vested by law.

e.  Require all Georgia federal courts to comply with the Georgia Constitution on applications for In Forma Pauperis.

Respectfully submitted on June 1, 2023,

William M. Windsor

30

## CERTIFICATE OF COMPLIANCE

As required by the Rules, I hereby certify that this pleading has been

prepared in Times New Roman 14-point font, one of the font and point selections

approved by this Court.

This 3rd day of June, 2023,

**William M. Windsor**

## PROOF OF SERVICE

I, William M. Windsor, do swear that on this date, ~~May 31~~ June 3, 2023, I have

served the enclosed on each party to the above proceeding through that party's

counsel by depositing an envelope containing the above documents in the United

States mail properly addressed and with first-class postage prepaid, or by delivery

to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

RYAN K. BUCHANAN – GABRIEL A. MENDEL
UNITED STATES ATTORNEY -- ASSISTANT U.S. ATTORNEY
600 United States Courthouse
75 Ted Turner Drive, S.W., Atlanta, Georgia 30303
Telephone: 404-581-6000 -- Facsimile: 404-581-6181
Email: gabriel.mendel@usdoj.gov

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that

the foregoing is true and correct.

31

Executed on the 3rd day of June, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

32

## VERIFICATION OF WILLIAM M. WINDSOR

I, William M. Windsor, swear that I am authorized to make this verification and that the facts alleged in the foregoing MOTION are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

This 1st day of June, 2023,

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
WindsorInSouthDakota@yahoo.com

33

APPEAL NO. 22-12038 and 22-12411

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**WILLIAM M. WINDSOR,**
Plaintiff – Appellant,

versus

**JAMES N. HATTEN, et al,**
Defendants

---

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
D.C. Docket No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

---

## APPELLANT'S PETITION FOR REHEARING

## AND EN BANC DETERMINATION

# APPENDIX 147

---

William M. Windsor
5013 S Louise Avenue PMB 1134, Sioux Falls, South Dakota 57108
Phone: 352-661-8472, Email: windsorinsouthdakota@yahoo.com

**PRO SE FOR PLAINTIFF/ APPELLANT, WILLIAM M. WINDSOR**

1



U.S. COURT OF APPEALS
RECEIVED
CLERK

JUL 26 2022

ATLANTA, GA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 1 8 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA -- ATLANTA DIVISION

WILLIAM M. WINDSOR,           )
      Plaintiff            )
                           )
v.                            )       CIVIL ACTION NO.
                           )
James N. Hatten, Anniva Sanders, J. White,   )       1:11-CV-01923-TWT
B. Gutting, Margaret Callier, B. Grutby,     )
Douglas J. Mincher, Jessica Birnbaum,        )
Judge William S. Duffey, Judge Orinda D.     )
Evans, Judge Julie E. Carnes, John Ley       )
Judge Joel F. Dubina, Judge Ed Carnes,       )
Judge Rosemary Barkett, Judge Frank M.       )
Hull.                         )
      Defendants.          )
_____ )

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

    The undersigned certifies that the following is a full and complete list of all

parties in this action, including any parent corporation and any publicly held

corporation that owns 10% or more of the stock of a party: WILLIAM M.

WINDSOR, James N. Hatten, Anniva Sanders, J. White, B. Gutting, Margaret

Callier, B. Grutby, Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey,

Judge Orinda D. Evans, Judge Julie E. Carnes, John Ley, Judge Joel F. Dubina,

Judge Ed Carnes, Judge Rosemary Barkett, Judge Frank M. Hull.

    To the best of the undersigned's knowledge, there are no publicly held

corporations that own 10% or more of the stock of a party.

The undersigned further certifies that the following is a full and complete list

of all other persons, associations, firms, partnerships, or corporations having either

a financial interest in or other interest which could be substantially affected by the

outcome of this particular case:

- Deivanayagam, Judge Vikram.

- Evans, Orinda D. ("Judge Evans"), United States District Judge.

- Hatten, James N.

- Huber, Christopher J, United States Attorney.

- Menard, Judge Vicki.

- Schreck, Marcie.

- Thrash, Thomas W., United States District Judge.

- United States Court of Appeals for the Eleventh Circuit.

- United States District Court for the Northern District of Georgia.

- Windsor, William M. ("Windsor" or "Plaintiff")

The undersigned further certifies that the following is a full and complete list

of all persons alleging to be serving as attorneys for the parties in this proceeding:

CHRISTOPHER J. HUBER
ASSISTANT U.S. ATTORNEY -- Georgia Bar No. 545627
600 Richard B. Russell Federal Bldg.

2

75 Spring Street, S.W. -- Atlanta, Georgia 30303
Telephone: (404) 581-6292 -- Facsimile: (404) 581-6181
Email: chris.huber@usdoj.gov

Respectfully submitted this 14th day of July, 2022.

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

## VERIFICATION OF WILLIAM M. WINDSOR

I, William M. Windsor, swear that I am authorized to make this verification and that the facts alleged in the foregoing CERTIFICATE are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

This 14th day of July, 2022.

**William M. Windsor**

3

5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this pleading
has been prepared in Times New Roman 14-point font, one of the font and point
selections approved by this Court in Local Rule 5.1B, N.D. Ga.

This 14th day of July, 2022.

**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing CERTIFICATE to each
Defendant by email to:

CHRISTOPHER J. HUBER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 545627

4

600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W. -- Atlanta, Georgia 30303
Telephone: (404) 581-6292 -- Facsimile: (404) 581-6181
Email: chris.huber@usdoj.gov

This 14th day of July, 2022.


**William M. Windsor**
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

5

APPEAL NO. _____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### In re: WILLIAM M. WINDSOR, Plaintiff and Appellant

James N. Hatten, Anniva Sanders, J. White, _B. Gutting, Margaret Callier, B.
Grutby, Douglas J. Mincher, Jessica Birnbaum, Judge William S. Duffey,
Judge Orinda D. Evans, Judge Julie E. Carnes, John Ley, Judge Joel F.
Dubina, Judge Ed Carnes, Judge Rosemary Barkett, Judge Frank M. Hull,
**Defendants and Appellees,**

**Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
Civil Action No. 1:11-CV-01923-TWT
Judge Thomas Woodrow Thrash**

### STATEMENT REGARDING APPEAL

William M. Windsor
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Email: bill@billwindsor.com

**PRO SE FOR PLAINTIFF/ APPELLANT,
WILLIAM M. WINDSOR**

1

1.      William M. Windsor ("Windsor" or "Plaintiff") in Civil Action No. 1-11-CV-01923-TWT hereby files this Frivolity and Jurisdictional Screening Statement required by an order of this Court.

2.      This STATEMENT REGARDING APPEAL complies with this Court's December 21, 2011 order.

## THE DATE AND THE DISTRICT COURT DOCKET NUMBER OF EACH ORDER THAT IS THE SUBJECT OF THE APPEAL

3.      The order appealed is the ORDER issued by JUDGE THOMAS W. THRASH on 6/30/2022 in Civil Action No. 1:11-CV-01923-TWT ("ORDER"). [EXHIBIT 2293.]

## CONCISE SUMMARY OF ISSUES WINDSOR INTENDS TO RAISE

4.      **JUDGE THOMAS W. THRASH'S ORDER IS VOID AND INVALID.**

5.      The issues are unlawful sua sponte modification of an injunction, violation of hundreds of court precedents, violation of Constitutional rights, denial of due process, jurisdiction, failure to have the ORDER signed and/or sealed by the clerk, extreme bias, and more.

6.      **FEDERAL COURTS HAVE NO JURISDICTION OVER STATE**

2

**COURT MATTERS.**

7. Federal courts have no jurisdiction over state court matters. *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien,* 737 F.2d 1254, 1263 (2d Cir. 1984).

8. **WINDSOR WAS DENIED PROCEDURAL DUE PROCESS.**

9. The only facts before the district court were from WINDSOR. There wasn't a single affidavit or word of testimony from the Defendants. The ORDER fails to set forth any valid reasons for it (as there are none).

10. JUDGE THOMAS W. THRASH foreclosed WINDSOR's access to federal courts and Texas state courts. JUDGE THOMAS W. THRASH issued an injunction without giving WINDSOR the opportunity to be heard at a hearing. There was no Show Cause order issued to WINDSOR. He did not have proper notice.

11. **THERE WAS NO FACTUAL BASIS FOR THE ORDER.**

12. The basis for the ORDER was alleged "abuse of the federal judicial system" by "repeatedly filing frivolous, malicious and vexatious lawsuits the judges assigned to his many cases ...." But there was no evidence presented in the matter to support such a statement in the ORDER.

3

**13. THIS COURT MUST MAKE IT CLEAR THAT JUDGE THOMAS W. THRASH DOES NOT HAVE THE AUTHORITY TO ISSUE ORDERS OR INJUNCTIONS THAT RESTRICT STATE COURT MATTERS.**

14. Meaningful access to the courts is the issue. Federal courts have no authority to limit state court filings. There are three key federal precedents that are routinely cited on this issue by every federal circuit court -- *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 191-92 (5th Cir. 2008); *Sieverding v. Colo. Bar Ass'n,* 469 F .3d 1340, 1344 (10th Cir. 2006); and *Martin-Trigona v. Lavien,* 737 F.2d 1254, 1263 (2d Cir. 1984). WINDSOR has researched "filing restrictions" referencing the three key federal precedents in every federal circuit court. There has never been one single appellate decision that disagrees with the three cases. WINDSOR has reviewed and reported on over 150 federal appellate decision regarding filing restrictions.

**15. JUDGE THOMAS W. THRASH HAD NO RIGHT TO DENY ACQUAINTANCES OF WINDSOR FROM PURSUING THEIR LEGAL MATTERS.**

16. The courthouse doors have been closed to WINDSOR and his acquaintances in violation of extensive case law. WINDSOR and his

4

acquaintances have been denied rights pursuant to the Constitution and Bill of Rights.

**17. JUDGE THOMAS W. THRASH HAS EXTREME BIAS AGAINST WINDSOR. HE WILL DO ANYTHING TO DAMAGE WINDSOR.**

## CONCISE SUMMARY OF THE BASIS OF
## THIS COURT'S JURISDICTION

18. The Court of Appeals has jurisdiction pursuant to 28 U.S.C. § 1292(a)(l) because one of the district court's rulings (1) imposed an injunction; or (2) had the practical effect of an injunction; or (3) worked a modification of an injunction.

19. Injunctions are appealable pursuant to 28 U.S.C. § 1292(a).

## LIST OF ALL PENDING APPEALS, PETITIONS, AND ORIGINAL
## PROCEEDINGS IN THIS COURT AND THE STATUS OF EACH

20. There is one appeal pending in this Court – 22-12038. Status = new.

## LIST OF ALLL OUTSTANDING INJUNCTIONS OR ORDERS,
## WHETHER ISSUED BY THIS COURT OR BY ANY FEDERAL COURT
## THAT RESTRICT WINDSOR'S FEDERAL COURT FILINGS

21. Order dated December 21, 2011 in Case Numbers 11-12176-E, 11-13996-E, 11-14073-A, 11-14501-E, 11-14021-B, 11-14023-A, 11-14124-B, 11-

5

14125-B, 11-14126-B, and 11-14127-B.

Submitted, this 14th day of July, 2022.

William M. Windsor
5013 S Louise Ave #1134
Sioux Falls, South Dakota 57108
352-661-8472
Bill@BillWindsor.com

6

# EXHIBIT
# 2293

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM M. WINDSOR,

    Plaintiff,

       v.

B. GRUTBY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-1923-TWT

## ORDER

This is a pro se civil action. It is before the Court on the Motion for Leave to File Motions [Doc. 269], Motion for Leave to File [Doc. 270] and Motion for Leave to File Civil Rights Complaint [Doc. 271] which are DENIED based upon the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system.

SO ORDERED, this ___30th___ day of June, 2022.

THOMAS W. THRASH, JR.
United States District Judge



Align top of



```
ORIGIN ID:GIFA  (352) 661-8472          SHIP DATE: 07FEB24
WILLIAM MICHAEL WINDSOR                  ACTWGT: 5.25 LB
                                         CAD: 6994168/SSFE2460
5013 S LOUISE AVE PMB 1134
SIOUX FALLS, SD 57108                    BILL CREDIT CARD
UNITED STATES US
```

TO  **US COURT OF APP.11TH CIRCUIT**
**ELBERT PARR TUTTLE CT.OF APP. BLDG**
**56 FORSYTH ST, N.W.**

**ATLANTA GA 30303**

(111) 111-1111                    REF:
INV:
PO:                                      DEPT:



FedEx
Express

**E**

TRK#
0201  **2707 2157 7839**

THU – 08 FEB 5:00P
**STANDARD OVERNIGHT**

**XS QFEA**

**30303**
GA-US  **ATL**





RT **529**  1  **B**
     17:00
         7839
FZ         02.08